-FILED-
MAY 05 2022
At ____________M
GARY T. BELL, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BRIAN VUKADINOVICH, )
)
Plaintiff, )
)
vs. ) CASE NO. 2:22CV0118
)
RICHARD A. POSNER, )
)
Defendant. )

**VERIFIED COMPLAINT FOR BREACH OF CONTRACT**

Plaintiff Brian Vukadinovich, Pro Se, states the following as his Verified Complaint for Breach of Contract against Defendant Richard A. Posner.

**PARTIES AND JURISDICTION**

1. Brian Vukadinovich is an adult residing in Wheatfield, Indiana.

2. Richard A. Posner is an adult who upon information and belief resides in Chicago, Illinois.

3. Jurisdiction and venue are vested in this court pursuant to 28 U.S.C. Sec. 1332(a)(1) and is proper jurisdiction in that it arises under subject matter jurisdiction under diversity of citizenship as the action involves a matter in controversy that exceeds $75,000.00, exclusive of interest and costs, and is between citizens from different states.

4. This is a pro se complaint entitled to a liberal reading and less stringent standards as this complaint was prepared without the assistance of legal counsel. *Haines v. Kerner*, et al., 401 U.S. 519; 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## FACTUAL BACKGROUND

5. On February 25, 2018, Defendant Richard A. Posner made a job offer to Plaintiff Brian Vukadinovich to serve as Defendant Richard A. Posner's executive director of the Posner Center of Justice for Pro Se's for a yearly compensation of at least $80,000.00 and possibly more for which Plaintiff Brian Vukadinovich would be allowed to work from his Indiana home in performing services to Defendant Richard A. Posner, as is evidenced by the email chain between Defendant Richard A. Posner and Plaintiff Brian Vukadinovich attached hereto and made a part hereof as **Plaintiff's Exhibit "1"**.

6. On February 25, 2018, Plaintiff Brian Vukadinovich accepted the job offer from Defendant Richard A. Posner and agreed to work for Defendant Richard A. Posner, of which offer, acceptance of offer, and acknowledgment of acceptance of offer, is evidenced by the email chain between Defendant Richard A. Posner and Plaintiff Brian Vukadinovich attached hereto and made a part hereof as **Plaintiff's Exhibit "1"**.

7. On March 19, 2018, Plaintiff Brian Vukadinovich and Defendant Richard A. Posner further discussed the terms of the amount of money that Defendant Richard A. Posner would pay to Plaintiff Brian Vukadinovich for his services to Defendant Richard A. Posner and by oral agreement mutually agreed to amend the previous amount of $80,000.00 to $120,000.00 as the amount of money that Defendant Richard A. Posner would pay to Plaintiff Brian Vukadinovich for his services to Defendant Richard A. Posner, which was to be paid by Defendant Richard A. Posner to Plaintiff Brian Vukadinovich in a lump sum payment after a year of service has been provided according to the oral agreement between Plaintiff Brian Vukadinovich and Defendant Richard A.

Posner on March 19, 2018.

8. On March 19, 2018, Defendant Richard A. Posner told Plaintiff Brian Vukadinovich at which time the original agreement was amended that Plaintiff was not to worry about being paid his $120,000.00 a year compensation for his services to Defendant Richard A. Posner as the responsibility for payment of Plaintiff's services to Defendant Richard A. Posner, according to Defendant Richard A. Posner, would be the responsibility of Defendant Richard A. Posner to pay irrespective of whatever financial condition that the Posner Center would find itself in, and that Defendant Richard A. Posner guaranteed that he would personally pay for Plaintiff's services to him and such personal guarantee by Defendant Richard A. Posner that he would personally pay the $120,000.00 per year compensation was part of the oral agreement that amended the original agreement of February 25, 2018.

9. Plaintiff Brian Vukadinovich provided Defendant Richard A. Posner with a variety of services at the request of Defendant Richard A. Posner from February 25, 2018 through July 23, 2019.

10. Plaintiff Brian Vukadinovich has demanded payment for the services provided to Defendant Richard A. Posner.

11. Defendant Richard A. Posner has failed to remit payment to Plaintiff Brian Vukadinovich for the services provided to Defendant Richard A. Posner.

**COUNT I: BREACH OF CONTRACT**

12. Plaintiff Brian Vukadinovich incorporates the preceding paragraphs as if fully set forth herein.

13. The oral agreement between Defendant Richard A. Posner and Plaintiff Brian Vukadinovich is a valid and enforceable contract between Defendant Richard A. Posner and Plaintiff Brian Vukadinovich.

14. As a result of Defendant Richard A. Posner's failure to pay Plaintiff Brian Vukadinovich, Defendant Richard A. Posner has breached his agreement with Plaintiff Brian Vukadinovich.

15. As a direct and proximate result of Defendant Richard A. Posner's breach of the agreement, Plaintiff Brian Vukadinovich has been damaged.

16. Plaintiff Brian Vukadinovich declares the full amount payable for all services provided to be due.

17. As of July 23, 2019, Plaintiff Brian Vukadinovich is owed from Defendant Richard A. Posner at least the sum of One Hundred and Seventy Thousand Dollars ($170,000.00).

18. The damages are immediately due and payable, plus any and all costs and expenses incurred by Plaintiff Brian Vukadinovich in enforcing the agreement.

19. Plaintiff Brian Vukadinovich has performed his obligations under the agreement and Defendant Richard A. Posner's breach of the agreement has not been waived or excused by Plaintiff Brian Vukadinovich. Therefore, Plaintiff Brian Vukadinovich has the right to recover the damages from Defendant Richard A. Posner as heretofore stated and also an award of prejudgment interest.

WHEREFORE, Plaintiff Brian Vukadinovich prays for judgement in his favor and against Defendant Richard A. Posner, in the sum of One Hundred and Seventy Thousand Dollars ($170,000.00), all costs, fees, and expenses incurred by Plaintiff Brian Vukadinovich associated in the prosecution of this cause of action, plus an award of prejudgment interest, and for such other relief as is just and proper.

Brian Vukadinovich
Brian Vukadinovich
Plaintiff/Pro Se

**VERIFICATION**

I SWEAR OR AFFIRM UNDER THE PENALTIES FOR PERJURY THAT THE FOREGOING FACTUAL REPRESENTATIONS ARE TRUE AND ACCURATE.

Dated: 5-5-2022

Brian Vukadinovich
Brian Vukadinovich
Plaintiff/Pro Se

**JURY DEMAND**

Plaintiff demands trial by jury on all issues.

Brian Vukadinovich
Brian Vukadinovich
Plaintiff/Pro Se

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. 219-956-2462