IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BRIAN VUKADINOVICH, )
)
Plaintiff, )
)
v. ) CAUSE NO. 2:22-CV-118
)
RICHARD A. POSNER, )
)
Defendant. )

-FILED-
MAY 26 2022
At _____ M
GARY T. BELL, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

**MOTION FOR COURT TO CEASE AND DESIST CONDUCT
OF DISCRIMINATING AGAINST PLAINTIFF IN DISCOVERY
PROCESS DUE TO PLAINTIFF'S PRO SE STATUS**

Comes now the Plaintiff, Brian Vukadinovich, pro se, and submits his motion for the court to cease and desist the conduct of discriminating against Plaintiff in the discovery process in this litigation due to Plaintiff's pro se status in particular as to the procedure for issuance of subpoenas. A memorandum of law in support of this motion is contemporaneously filed with this motion. Plaintiff states as follows in support of his motion:

1. At the time that Plaintiff filed this cause of action in the Clerk's Office of the United States District Court for the Northern District of Indiana, Hammond Division, Plaintiff requested that the clerk provide to him subpoenas that Plaintiff could serve in order to obtain information necessary to prosecute his case.

2. The clerk refused to provide Plaintiff with the requested subpoenas stating that there is a rule in place that forbids the clerk from issuing subpoenas to pro se litigants without an order from the court, and that Plaintiff would have to file a motion with the court for an order directing the clerk to issue subpoenas to the pro se Plaintiff.

3. Plaintiff has conducted an extensive review of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Indiana, and the rules published on the court websites of Judge Theresa Springmann and Magistrate Joshua Kolar to locate and review such a rule, and no such rule was shown on any of those webpages.

4. Because Plaintiff has been unable to locate any such rule, on May 12, 2022, Plaintiff sent an email to Chief Judge Jon DeGuilio asking Judge DeGuilio to direct Plaintiff to where he can review such a published rule and its source of implementation, if in fact there is such a published and implemented rule, in order for Plaintiff to be able to address the propriety and constitutionality of such a rule inasmuch as federal courts are charged with the responsibility of ensuring that judicial proceedings are conducted in a fair and legal manner, for which such a purported rule would not comply as such a rule would violate the principles of the Fourteenth Amendment of the United States Constitution as such a rule impermissibly targets a class of people, pro se litigants, in a discriminatory manner as such a rule, custom, policy or practice requiring pro se litigants

to first file a formal motion with the court before the clerk will issue subpoenas to pro se litigants, while attorneys for represented parties do not have to do the same, effectively violates the Fourteenth Amendment as such a rule arbitrarily denies the pro se litigants "the equal protection of the laws" and constitutes an unlawful systemic form of discrimination against a class of people, i.e., unrepresented litigants, a copy of which email is attached hereto and made a part hereof as "**Plaintiff's Exhibit 1**". Chief Judge DeGuilio did not provide answers as to the questions regarding this purported rule or otherwise respond to the email.

5. If the point of such a rule, custom, policy or practice is in place to safeguard against pro se abuses of subpoenas, such a rule, custom, policy or practice is unnecessary as there are already safeguards properly in place to address abuses of subpoenas set forth in Rule 45(d) of the Federal Rules of Civil Procedure of which safeguards apply to all litigants, whether represented or pro se.

6. Such an arbitrary rule targeting pro se's —if such a rule in fact actually exists— undermines any principle of fairness and justice as such a rule creates an unfair situation where the pro se Plaintiff, who is up in the years, retired, and living on a fixed income, would be subjected to the time and energy of preparing the motions and then undertaking the expenses associated with the printing and mailing costs or transportation costs involved in the actual filing of the motions with the court. Furthermore, such

an arbitrary process would also prejudice Plaintiff's case as Plaintiff would have to wait for a response to the motion by the represented defendant's attorneys, file his reply, and then wait for a ruling by the court, all while at the same time the represented defendant is able to freely receive subpoenas from the clerk and obtain information without any such encumbrance. Such an arbitrary rule, custom, policy or practice is therefore discriminatory in nature and violates the principles of the Fourteenth Amendment.

7. Plaintiff therefore request that the court make known to Plaintiff where such a rule is published and where Plaintiff can review the source and manner of implementation of such a purported rule, and direct the clerk's office going forward to provide Plaintiff with requested subpoenas without the need for Plaintiff to file formal motions beforehand with the court for requested subpoenas that Plaintiff needs to prosecute this cause of action.

WHEREFORE, Plaintiff prays that the court will grant his motion and cease and desist such arbitrary and discriminatory conduct regarding the issuance of subpoenas as heretofore addressed, and make known to Plaintiff where such a rule requiring pro se litigants to first file a formal motion with the court for the issuance of subpoenas is published, and where Plaintiff can review the source and manner of implementation of such a purported rule, and direct the clerk's office going forward to provide subpoenas to the pro se Plaintiff in the same unencumbered manner as the clerk would provide

-4-

subpoenas to the represented party in this litigation without the need for the filing of

formal motions.

                                                         Respectfully submitted,

                                                         */s/ Brian Vukadinovich*

                                                         Brian Vukadinovich, Pro Se
                                                         Plaintiff

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
(219) 956-2462