IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

~FILED~

MAY 26 2022

At _____ M
GARY T. BELL, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

BRIAN VUKADINOVICH,              )
                                 )
          Plaintiff,             )
                                 )
     v.                          )          CASE NO. 2:22-CV-118
                                 )
RICHARD A. POSNER,               )
                                 )
          Defendant.             )

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR COURT TO CEASE AND DESIST CONDUCT
OF DISCRIMINATING AGAINST PLAINTIFF IN DISCOVERY
PROCESS DUE TO PLAINTIFF'S PRO SE STATUS**

### I. Factual History

On May 5, 2022 Plaintiff filed his cause of action and asked the clerk for

subpoenas in order that he could subpoena for information that he needs to prosecute his

case.  The clerk declined to give Plaintiff the subpoenas stating that there is a rule in

place that forbids the clerk from issuing subpoenas to pro se litigants without an order

from the Court and that pro se litigants must first file a motion with the court for any

requested subpoenas and obtain an order from the court.  Plaintiff asked the clerk if

attorneys were also required to file a motion with the court for requested subpoenas, and

the clerk told Plaintiff that attorneys didn't have to file any such motions, that the motion

rule applied only to pro se's.

Plaintiff has conducted an extensive review of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Indiana, and the rules published on the court websites of Judge Theresa Springmann and Magistrate Joshua Kolar —the judges assigned to this cause of action— to locate and review such a rule, and no such rule is shown on any of those webpages.

On May 12, 2022, Plaintiff sent an email to Chief Judge Jon DeGuilio asking Judge Deguilio to direct Plaintiff to where he can review such a rule and its source of implementation —if in fact there is such a rule— in order for Plaintiff to be able to address the propriety and constitutionality of such a rule as federal courts are charged with the responsibility of ensuring that judicial proceedings are conducted in a fair and lawful manner, of which such a purported rule it does not seem would comply, as such a rule would seemingly violate the principles of the Fourteenth Amendment of the United States Constitution as such rule impermissibly targets a class of people, pro se litigants, in a discriminatory manner as such a rule, custom, policy or practice, requiring pro se litigants to first file a motion with the court before the clerk will issue subpoenas to pro se litigants, while attorneys for represented parties do not have to do the same, effectively violates the Fourteenth Amendment as such a rule arbitrarily denies the pro se litigants "the equal protection of the laws" and constitutes an unlawful systemic form of discrimination against a class of people, i.e., pro se litigants, a copy of which email is

-2-

attached hereto and made a part hereof as "**Plaintiff's Exhibit 1**".  Chief Judge DeGuilio did not provide answers as to the questions regarding this purported rule or otherwise respond to the email.

### II. The Conduct of Requiring the Pro Se Party to Undertake Steps in the Discovery Process Not Required of the Represented Party Violates the Principles of the Fourteenth Amendment of the United States Constitution

A rule, custom, policy, or practice requiring pro se litigants to first file a motion with the court before the clerk will issue subpoenas to pro se litigants, while represented litigants do not have to do the same, effectively violates the Fourteenth Amendment as such a rule arbitrarily denies the pro se litigants "the equal protection of the laws" and constitutes an unlawful systemic form of discrimination against a class of people, i.e., pro se litigants, as pro se litigants should have the same right to access to subpoenas as represented litigants.  The Fourteenth Amendment, Section 1, of our federal constitution states:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The Supreme Court established long ago that the law of the land is such that the use of the phrase "within its jurisdiction" confirms the understanding that the Fourteenth

Amendment's protection extends to anyone, citizen or stranger, who is subject to the laws

of a State, and reaches into every corner of a State's territory. *Plyler v. Doe*, 457 U.S.

202 (1982). Certainly, a citizen litigant within the jurisdiction of the United States Courts

is entitled to the Fourteenth Amendment's protection against discrimination including

against discrimination effectuated by an incongruous court process. Just as the Supreme

Court made clear in *Plyler*, *supra*, that public education has a pivotal role in maintaining

the fabric of our society, so too does the judiciary have a pivotal role in maintaining the

fabric of our society, but to maintain the fabric of our society, the judiciary should not,

and must not, incorporate unfair processes against unrepresented litigants simply because

they are exercising their entitled rights to represent themselves without an attorney in

accordance with the right to do so under the Judiciary Act of 1789. While the central

issue in *Plyler i*nvolved issues of equal protection and due process in the education

sector, and the issues here involve the judiciary, the fundamental principles of fairness

should be, and must be, applied here.

The pro se Plaintiff paid his filing fee of $402 and it is blatantly unfair for this

court to refuse Plaintiff the same process to obtain subpoenas from the clerk as is

afforded to represented litigants. This is a blatant impermissible form of systemic

discrimination based on class. Having two sets of rules regarding obtaining subpoenas

-4-

where the clerk arbitrarily declines to provide subpoenas to pro se litigants without the pro se filing a motion with the court beforehand while at the same time handing out subpoenas to attorneys for represented litigants without being required to similarly go through such an encumbrance is discriminatory, patently unfair, and unacceptable as a matter of public policy, and furthermore violates the principles of the Fourteenth Amendment, Section 1, as such conduct wrongfully and unlawfully systemically targets a certain class of people because of their pro se status, a protected status afforded to pro se litigants under the Judiciary Act of 1789.

### III. **There Is No Such Rule Published**

If there is in fact such a per se rule by the United States District Court for the Northern District of Indiana requiring pro se litigants to first file a motion with the court before the clerk will issue subpoenas to pro se litigants, while attorneys for represented parties do not have to do the same, the rule is not published either in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Indiana, or on the rules published on the court websites of Judge Theresa Springmann and Magistrate Joshua Kolar —the judges assigned to this cause of action.

Because there is no such rule published, there consequently is a substantial question as to whether there actually is an existing rule forbidding the clerk from giving subpoenas to pro se litigants in the absence of a motion to the court by the pro se litigant.

-5-

If there is no such existing rule, then there is a serious credibility problem with misinformation coming from the clerk's office which needs to be dealt with. In point of fact there is no such rule published either in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Indiana, or on the rules published on the court websites of Judge Theresa Springmann and Magistrate Joshua Kolar —the judges assigned to this cause of action, and when taken in context with the apparent decision of Chief Judge Jon DeGuilio to lay low and not respond to Plaintiff's inquiry to him about such a rule, such a scenario creates a very understandable suspicion that such conduct of the clerk declining to give subpoenas to pro se litigants under the purported guise of a non-existent rule is being done in the absence of any such purported rule. It stands to reason that if there were such a rule that it would be published and Chief Judge Jon DeGuilio would have no problem in pointing to such a rule. Accordingly, there is a substantial question of integrity here that needs to be addressed and rectified as this court is obligated to proceed with its business in an ethical and honest manner and certainly cannot operate by allowing the clerk to be declining the pro se Plaintiff's request for subpoenas based on a falsehood of a non-existent rule. The process should be guided by actual published rules, not fictional rules that do not exist. Plaintiff will leave it up to this court to step up to the plate and do the right thing here. *"Life is never easy. There is work to be done and obligations to be met – obligations to truth, to*

-6-

*justice, and to liberty."* ~ John F. Kennedy.

### IV.  Litigants Have the Right to Represent Themselves Under the Judiciary Act of 1789 Without Being Discriminated Against

It is axiomatic that in the United States of America people have the right to represent themselves if they so choose which is actually a right embodied in Section 35 of the Judiciary Act of 1789 providing that "in all the courts of the United States, the parties may plead and manage their own causes personally or by the assistance of counsel." It should be noted that there is nothing in the "Act" that allows for preconditions in litigation processes where people are exercising their right to represent themselves without an attorney, of which right has been afforded to the people by an Act of Congress —of which right must remain inviolate without precondition.

In point of fact, Seventh Circuit Pattern Jury Instruction 1.03 states in relevant part "**All parties are equal before the law**". [emphasis added]. Thus, it stands to reason that since this circuit makes an explicit point to admonish jurors that "all" parties are "equal" before the law, then the courts of this circuit should be following the same principles of equalness of parties in the underlying judicial proceedings as treating "**all parties**" which includes "**pro se**" parties, as parties "**equal before the law**". [emphasis added]. Therefore, the pro se Plaintiff here should be treated as "equal before the law" in discovery proceedings with respect to obtaining subpoenas from the clerk just the same

-7-

as the represented parties are treated.  As the Rev. Martin Luther King, Jr. once famously said *"The time is always right to do what is right."*  And the time is certainly right for this court to do what is right here.

### V.  There Are Safeguards Already In Place Against Litigants' Abuses Against Subpoenas

If the point of such a rule, custom, policy or practice, against pro se's is in place to safeguard against abuses of subpoenas, such a rule, custom, policy or practice is unnecessary as there are already safeguards properly in place to address abuses of subpoenas set forth in Rule 45(d) of the Federal Rules of Civil Procedure.

Because there are already safeguards in place against abuses of subpoenas, there is no need for a discriminatory layer calling for pro se's to have to file a motion with the court to obtain subpoenas from the clerk that are otherwise routinely given by clerks as a matter of necessary litigation business.

### VI.   Requiring the Pro Se Plaintiff to File a Motion for Subpoenas Is Prejudicial and an Undue Hardship

Requiring the pro se Plaintiff to file a motion with the court for the issuance of subpoenas causes a substantial prejudice against his case and also creates an undue hardship to the Plaintiff as such a rule, custom, policy, or practice requiring Plaintiff, simply because he is a pro se litigant, to first file a motion with the court before the clerk will issue subpoenas, creates an unfair situation where the Plaintiff would be unfairly and

-8-

arbitrarily subjected to expending inordinate amounts of time and energy in preparing the motions and forced to pay for copying and postage expenses that would necessarily be involved in order to file the motions with the court, then have to wait for a response to the motion by the defendant's attorneys, then file his reply, and then have to wait for a ruling by the court, all while at the same time the represented defendant is allowed by the court to receive subpoenas and obtain information without any such encumbrances, of which arbitrariness consequently results in an unfair advantage to the represented Defendant, and is therefore  discriminatory in nature and violates the principles of the Fourteenth Amendment.

The Plaintiff is up in the years, retired, and lives on a fixed income, and it would be a substantial hardship for him to have to undertake the expenses of making copies and paying for postage costs every time he needs a subpoena.  In this time period in our country with prices escalating at every front, and according to Postmaster General Louis DeJoy, he expects the Postal Service to continue to raise prices "at an uncomfortable rate" until the agency becomes self-sufficient.  USPS wants to hike stamp prices in July. It's just the beginning of a plan to raise prices at 'an uncomfortable rate.' (msn.com) . Because the Plaintiff does not have access to Pacer for electronic filing purposes, he must file his pleadings by mail or in person —either of which would be an expensive venture in terms of postage costs or travel expenses for the filing of the motions.  In essence, such

-9-

an arbitrary requirement would amount to a form of taxation against Plaintiff solely for the reason that he is proceeding pro se, which he has a right to do under the law of the Judiciary Act of 1789, inviolate and without penalty of additionally imposed encumbrances.

Ironically, it was Judge Richard A. Posner, Defendant here, who publicly revealed in interviews upon his retirement as a federal court of appeals judge how pro se litigants are being regarded as a kind of "trash" when Judge Posner publicly enunciated "The basic thing is that most judges regard these people as kind of trash not worth the time of a federal judge." Posner: Most judges regard pro se litigants as 'kind of trash not worth the time' (abajournal.com), An Exit Interview With Richard Posner, Judicial Provocateur - The New York Times (nytimes.com).

There should be no predisposed notion against this pro se litigant as Plaintiff was a pro se litigant in a civil rights case before Judge Philip Simon that went to a full-blown five day jury trial in March 2016 —a trial that he won — and was never required to file any such motions with the court before the clerk would issue subpoenas to him, nor were there any instances of abuses of subpoenas at issue in the litigation. *Vukadinovich v. Hanover Community School Corporation, et al.*, Cause No. 2:13-CV-144-PPS. Judge Simon treated the pro se Plaintiff respectfully and did not force any such unfair and unwarranted encumbrances against him and allowed this pro se Plaintiff to prosecute his

-10-

case without any discriminatory practices and without utilizing any non-existent rules.

This Court should now dispel with the nonsense and allow Plaintiff to proceed in this litigation without any discriminatory practices against his right to access to subpoenas and without the utilization of non-existent rules arbitrarily calculated to make Plaintiff file motions with the court to obtain subpoenas for which there are no published rules. The process should be governed by published rules and not by fiction.

### VII. Conclusion

The court should order the clerk's office to cease and desist its conduct of declining to provide subpoenas to the pro se Plaintiff in the absence of a formal motion to the court for subpoenas and direct the clerk to provide subpoenas to the pro se Plaintiff in the same unencumbered manner as the clerk would provide subpoenas to the represented party in this litigation.

Respectfully submitted,

Brian Vukadinovich, Pro Se
Plaintiff

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
(219) 956-2462

-11-