# Exhibit 1



*Email from Brian Vukadinovich to Chief Judge Jon DeGuilio*

Concern About Purported Rule as to Subpoenas Requested by Pro Se's

Brian Vukadinovich <bvukadinovich@hotmail.com>

To: deguilio_chambers@innd.uscourts.gov <deguilio_chambers@innd.uscourts.gov>

Dear Chief Judge DeGuilio,
I am writing to you as a litigant and also as a concerned citizen about a purported rule involving pro se litigants in the United States District Court for the Northern District of Indiana. On May 5, 2022 I filed a pro se complaint in the Hammond Division docketed as Brian Vukadinovich v. Richard A. Posner, Cause No. 2:22-CV-118. I asked the clerk for subpoenas in order that I could subpoena for information that I need to prosecute my case. The clerk declined to give me the subpoenas stating that there is a rule that pro se litigants must first file a motion with the court for any requested subpoenas. I asked if attorneys were also required to file a motion with the court for requested subpoenas, and the clerk told me that attorneys didn't have to file any such motions, that the motion rule applied only to pro se's.

I have conducted a comprehensive search to locate such a purported rule, but have not located any such rule. I researched the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Indiana, and the rules published on the court websites of Judge Theresa Springmann and Magistrate Joshua Kolar who are assigned to my case, and there is no such rule published anywhere that I could locate. Accordingly, I would respectfully ask that you direct me to where I can review such a published rule that has been implemented and published, if in fact there is such a published rule. If there is in fact such a rule implemented and published, I would like to address the propriety and constitutionality of such a rule as federal courts are charged with the responsibility of ensuring that judicial proceedings are conducted in a fair and legal manner. It is my position as a litigant and as a concerned citizen that such a rule requiring that pro se litigants must first file a motion with the court to receive subpoenas from the court before the clerk issues requested subpoenas but that attorneys do not have to file such a motion with the court beforehand to receive requested subpoenas from the clerk is a blatantly unfair, discriminatory, and unlawful rule against unrepresented litigants who should have the same right to access to subpoenas as represented litigants do, if it is in fact a rule as purported by the clerk. The Fourteenth Amendment, Section 1, of our federal constitution states "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." If there is in fact such a rule by the United States District Court for the Northern District of Indiana requiring pro se litigants to first file a motion with the court before the clerk will issue subpoenas to pro se litigants while attorneys do not have to do the same, then such rule effectively violates the Fourteenth Amendment as such a rule arbitrarily denies the pro se litigants "the equal protection of the laws" and constitutes an unlawful systemic form of discrimination against a class of people, i.e., unrepresented litigants which I strongly object to. I therefore submit my concern to you in this regard and respectfully request that you direct me to where I may find this purported rule and its source of implementation.

I paid the $402 filing fee and should not be treated in a discriminatory manner where I am required to proceed with time consuming and expensive steps to prosecute my case that the attorney for the represented party does not have to likewise do simply because of the class status of unrepresented vs. represented. This is very unfair and very discriminatory, and quite frankly, unnecessary as there are already safeguards properly in place to address abuses of subpoenas set forth in Rule 45(d) of the Federal Rules of Civil Procedure.

I was a pro se litigant in a case before Judge Philip Simon that went to a full blown five day jury trial in March 2016 and I was not required to file any such motions with the court before the clerk would issue

Plaintiff's Exhibit "7"

subpoenas to me, nor were there any instances of abuses of subpoenas at issue in the litigation. This so called purported rule undermines any principle of fairness and justice as such a rule creates an unfair situation where I must go to the time and expense of filing a motion with the court, wait for a response to the motion by the defendant's attorney, file my reply, and then wait for a ruling by the court, all while at the same time the defendant is able to receive subpoenas and obtaining information without any such encumbrance. This cannot and should not be. I therefore must insist that you direct me to where I may find such a purported rule and the source of such purported rule and its implementation. I also request that you direct the clerk's office in Hammond to provide me with requested subpoenas without the need for me to file motions beforehand with the court for requested subpoenas I need to prosecute this cause of action. Thank you for your attention to this very serious matter.
Brian Vukadinovich