IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>RICHARD A. POSNER,<br><br>　　　　　　　　　Defendant. | Cause No. 22 Civ. 118<br><br>Judge Theresa L. Springmann<br>Magistrate Judge Joshua P. Kolar |

**JUDGE POSNER'S RESPONSE TO PLAINTIFF'S MOTION
TO "CEASE AND DESIST"**

Hon. Richard A. Posner, through his counsel, respectfully responds as follows to Plaintiff's "Motion to Cease and Desist Conduct of Discriminating Against Plaintiff in Discovery Process Due To Plaintiff's Pro Se Status" (Dkt. 10).

1.　　In his motion, Plaintiff asserts that the Clerk of Court has "refused to provide [him]" with signed subpoenas because "there is a rule in place that forbids the clerk from issuing subpoenas to pro se litigants without an order from the court." Mot. at 1. On May 25, 2022, counsel for Judge Posner contacted the Clerk's office, who stated that the Clerk is willing to issue Plaintiff subpoenas, but only if he completes the subpoena forms first.

2.　　Judge Posner does not object to Plaintiff's obtaining signed blank subpoenas from the Clerk. Like any party, Plaintiff is entitled to such subpoenas under the Federal Rules. Fed. R. Civ. P. 45(a)(3) ("The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it."); *see also Hawpetoss v. Escalante*, No. 21 Civ. 320, 2022 WL 494143, at *1 (E.D. Wis. Jan. 14, 2022) (describing how *pro se*

litigants may obtain blank subpoenas under Rule 45(a)(3) without a motion); *Ryburn v. Westerman,* No. 07 Civ. 11, 2009 WL 2031776, at *1 (S.D. Ill. July 13, 2009) (similar).

3. That said, Plaintiff's motion may be unripe. While Plaintiff has a right to receive signed subpoenas, *serving* any subpoenas at this stage of the litigation would be premature. Under the Federal Rules, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d). The parties have not conferred yet under Rule 26(f), this case is not exempted from initial disclosure, and no rule, stipulation, or order authorizes Plaintiff to serve third-party subpoenas now. As a result, Plaintiff may not yet serve any subpoenas he may obtain from the Clerk.

4. In fact, the parties have stipulated not to pursue discovery at this stage of the litigation. Judge Posner intends to move to dismiss Plaintiff's complaint and believes that any discovery, including discovery on third parties, would be inappropriate until that motion is decided. Counsel understands that Plaintiff does not object to a stay of discovery pending a motion to dismiss. Thus, once Plaintiff notified Judge Posner of this motion, the parties agreed via email not to conduct any discovery "until such time that [Judge Posner's] anticipated motion to dismiss is decided." A true and correct copy of the parties' email exchange is attached to this response as Exhibit A.

5. Thus, given the text of Rule 26(d) and the parties' stipulation, there may be no need to resolve whether Plaintiff may obtain subpoenas for use in this case. Unless Judge Posner's forthcoming motion to dismiss is denied, Plaintiff will not serve any subpoenas, making the need to resolve his motion to obtain subpoenas hypothetical. *See*

*Wis. Cent., Ltd. v. Shannon*, 539 F.3d 751, 759 (7th Cir. 2008) ("Courts should not render decisions absent a genuine need to resolve a real dispute," such as "when the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts."). If his motion to dismiss is denied, however, Judge Posner stands ready to confer with Plaintiff under Rule 26(f) at an appropriate time, including about the issues raised in this motion.

Dated:  June 9, 2022                               Respectfully submitted,

/s/ Justin M. Ellis
Steven F. Molo (*pro hac vice* pending)
Allison M. Gorsuch (*pro hac vice* pending)
MoloLamken LLP
300 N. LaSalle Street
Chicago, IL 60654
(312) 450-6700
smolo@mololamken.com
agorsuch@mololamken.com

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY 10016
(212) 607-8160
jellis@mololamken.com

David Beach
Eichhorn & Eichhorn LLP
200 Russell Street
Hammond, Indiana 46320
dbeach@eichhorn-law.com

*Attorneys for Hon. Richard A. Posner*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 9, 2022, the foregoing response was electronically filed with the Clerk of the Court via CM/ECF and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on *pro se* Plaintiff Brian Vukadinovich per his agreement to receive such papers via email.

/s/ Justin M. Ellis
Justin M. Ellis