-FILED-

JUN 13 2022

At _____ M
GARY T. BELL, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BRIAN VUKADINOVICH,            )
                               )
        Plaintiff,             )
                               )
    v.                         )    CAUSE NO. 2:22-CV-118-TLS-JPK
                               )
RICHARD A. POSNER,             )
                               )
        Defendant.             )

**REPLY TO JUDGE POSNER'S RESPONSE TO
PLAINTIFF'S MOTION TO "CEASE AND DESIST"**

Comes now the Plaintiff, Brian Vukadinovich, pro se, and submits his reply to the Defendant Judge Posner's Response to Plaintiff's Motion to "Cease and Desist".

### I. Defendant's Attorney Mischaracterizes the Actual Issue of the Motion

#### A. The Issue is the Clerk's Refusal to Provide the Pro Se Plaintiff with Requested Blank Subpoena Forms Without Plaintiff First Filing a Motion Because He is Pro Se

The Defendant's attorney starts out by stating that 'Plaintiff asserts that the Clerk of Court has "refused to provide [him]" with signed subpoenas because "there is a rule in place that forbids the clerk from issuing subpoenas to pro se litigants without an order from the court."' —which is precisely the issue— and then goes on a diatribe as to a non-issue as to "serving" subpoenas which is not an issue of the motion.

This Court should easily see right through the balderdash of opposing counsel's statements that opposing counsel is attempting to deflect from the actual issue before this Court, and the issue of Plaintiff's motion is very straightforward and to the point in addressing the clerk's conduct of refusing to provide Plaintiff with the requested subpoenas stating that there is a rule in place that forbids the clerk from issuing subpoenas to pro se litigants without an order from the court, and that Plaintiff would have to file a motion with the court for an order directing the clerk to issue subpoenas to the pro se Plaintiff. (Plaintiff's Motion, no. 2).

The Plaintiff's motion advised this Court that Plaintiff conducted an extensive review of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Indiana, and the rules published on the court websites of Judge Theresa Springmann and Magistrate Joshua Kolar to locate and review such a rule, and that no such rule was shown on any of those webpages. (Plaintiff's Motion, no. 3).

The Plaintiff further advised this Court that because Plaintiff has been unable to locate any such rule, that on May 12, 2022, he sent an email to Chief Judge Jon DeGuilio asking Judge DeGuilio to direct Plaintiff to where he can review such a published rule and its source of implementation, if in fact there is such a published and implemented rule, in order for Plaintiff to be able to address the propriety and constitutionality of such

-2-

a rule inasmuch as federal courts are charged with the responsibility of ensuring that judicial proceedings are conducted in a fair and legal manner, for which such a purported rule would not comply as such a rule would violate the principles of the Fourteenth Amendment of the United States Constitution as such a rule impermissibly targets a class of people, pro se litigants, in a discriminatory manner as such a rule, custom, policy or practice requiring pro se litigants to first file a formal motion with the court before the clerk will issue subpoenas to pro se litigants, while attorneys for represented parties do not have to do the same, effectively violates the Fourteenth Amendment as such a rule arbitrarily denies the pro se litigants "the equal protection of the laws" and constitutes an unlawful systemic form of discrimination against a class of people, i.e., unrepresented litigants. Plaintiff attached a copy of that email to the motion as "Plaintiff's Exhibit 1". And Plaintiff advised this Court that Chief Judge DeGuilio did not provide answers as to the questions regarding the purported rule or otherwise respond to the email. (Plaintiff's Motion, no. 4).

And Plaintiff requested that the court make known to Plaintiff where such a rule is published and where Plaintiff can review the source and manner of implementation of such a purported rule, and requested the Court to direct the clerk's office going forward to provide Plaintiff with requested subpoenas without the need for Plaintiff to file formal motions beforehand with the court for requested subpoenas that Plaintiff needs to

-3-

prosecute this cause of action. (Plaintiff's Motion, no. 7).

And Plaintiff prayed in his Wherefore paragraph that the court grant his motion that the court cease and desist such arbitrary and discriminatory conduct regarding the issuance of subpoenas, and make known to Plaintiff where such a rule requiring pro se litigants to first file a formal motion with the court for the issuance of subpoenas is published, and where Plaintiff can review the source and manner of implementation of such a purported rule, and direct the clerk's office going forward to provide subpoenas to the pro se Plaintiff in the same unencumbered manner as the clerk would provide subpoenas to the represented party in this litigation without the need for the filing of formal motions. (Plaintiff's Motion, "Wherefore" paragraph).

      **B. The Clerk's Conduct of Refusing to Provide the Pro Se Plaintiff With Requested Subpoenas Without Plaintiff First Filing a Motion With the Court is Impermissible under Rule 45(a)(3)**

Rule 45(a)(3) of the Federal Rules of Civil Procedure explicitly states:

> A person wishing to issue a subpoena must ask the Clerk of Court
> To provide him with a subpoena form; the Clerk of Court will sign
> a blank subpoena form and deliver it to the requesting party.
> Fed.R.Civ.P. 45(a)(3). The requesting party must then complete
> the form and make arrangements and pay to serve the subpoena
> on the individuals from whom he wants to obtain the documents.
> Fed.R.Civ.P. 45(b).

Thus, by the governing rule of Fed.R.Civ.P. 45(a)(3) the Clerk was required to

-4-

provide the pro se Plaintiff—the requesting "party" — the blank subpoena forms he requested. Under the governing rule of Fed.R.Civ.P. 45(a)(3) the Clerk was not permitted to require Plaintiff to first file a motion for the Court to obtain the requested blank subpoena forms —which is exactly what the Clerk did. ("The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it."); see *Hawpetoss v. Escalante*, No. 21 Civ. 320, 2022 WL 494143, at *1 (E.D. Wis. Jan. 14, 2022)

### C. Opposing Counsel's Contacting of the Clerk's Office Regarding the Pro Se's Request for Subpoenas

Opposing counsel states in his response that on May 25, 2022, he "...contacted the Clerk's office, who stated that the Clerk is willing to issue Plaintiff's subpoenas, but only if he completes the subpoena forms first." Opposing counsel does not identify "who" he spoke with at the Clerk's office. This is problematic as we need to know the identity of the "who", as that information —if truly purported to opposing counsel by someone in the Clerk's office— contradicts the information purported to the pro se Plaintiff when the clerk refused to provide the requested subpoenas without the pro se Plaintiff first filing a motion with the Court.

Furthermore, opposing counsel failed to state in his response any information about the apparent bogus rule that was purported to Plaintiff that supposedly disallowed the Clerk from providing requested subpoenas to the pro se Plaintiff without the pro se

-5-

Plaintiff first filing a motion with the Court. Did the "who" that opposing counsel spoke with at the Clerk's office have anything to say about that?

Quite frankly it was inappropriate for opposing counsel to jump in in ex parte fashion and have a conversation with the Clerk's office on the matter without notifying Plaintiff of his intent to do so as Plaintiff should have been a party to such a conversation under the circumstances. It was not for opposing counsel to inappropriately solicit information in ex parte fashion from a third-party source in the Clerk's office that opposing counsel does not even identify in his response as the purported statements made by the unidentified source cannot be verified in such manner, and quite frankly in the absence of identification of the third party that purportedly made the statements raises a question as to whether such a communication actually occurred. Who was the person?

### D. Plaintiff's Motion is Ripe for Ruling

Opposing counsel goes on to state in his response that "Plaintiff's motion may be unripe" stating that "…the serving any subpoenas at this stage of the litigation would be premature." Serving of subpoenas is a non-issue of the motion, the issue of the motion is the Clerk's refusal to provide the blank subpoena forms he requested without the pro se Plaintiff first filing a motion with the Court. Opposing counsel's interjection of a non-issue calculated to deflect from the actual issue should not be well taken by this Court. Furthermore, there is an issue of the Clerk's office purporting of a rule that the Clerk said

forbade her from providing the requested blank subpoena forms to the pro se Plaintiff without the Plaintiff first filing a motion with the Court. As this Court knows, the Plaintiff pointed out to this Court in his motion that he reviewed the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Indiana, and the rules published on the court websites of Judge Theresa Springmann and Magistrate Joshua Kolar to locate and review such a rule, and that no such rule was shown on any of those webpages. And as Plaintiff pointed out to this Court in his motion, he even asked Chief Judge Jon DeGuilio in an email on May 12, 2022, to direct Plaintiff to where he can review such a published rule and its source of implementation, if in fact there is such a published and implemented rule, in order for Plaintiff to be able to address the propriety and constitutionality of such a rule, for which Chief Judge DeGuilio did not provide answers as to the questions regarding the purported rule or otherwise respond to the email. And because the Clerk refused to comply with the explicit dictates of Fed.R.Civ.P. 45(a)(3) purporting that there was a rule forbidding the Clerk from providing the requested blank subpoena forms to the pro se Plaintiff without the Plaintiff first filing a motion with the Court, it is incumbent for this Court to grant Plaintiff's motion and identify the rule and its source since such a rule has been purported to Plaintiff by the Clerk. It certainly appears that there is no such rule, and if that is indeed the case, which it appears to be, it is entirely inappropriate for the Clerk's office to

make such a representation as to a bogus rule simply to make things more difficult because Plaintiff is pro se. This cannot, and should not be, as such a false representation stands in the way of fairness and justice, and clearly violates public policy. And the creative interjections by opposing counsel in adding in an extraneous issue of "service" of subpoenas — which is not an issue of the motion— simply adds fuel to an already burning fire. The motion has nothing to do with "service" of subpoenas, the issue is the "obtaining" of the subpoenas —nothing more and nothing less.

### E. <u>Opposing Counsel's Response Has No Merit Whatsoever</u>

The response by opposing counsel to Plaintiff's motion has zero merit. Stating that he spoke with somebody in the Clerk's office without identifying who that person was is suspect in and of itself as there is no way to confirm the actual substance of the purported conversation without the identification of the person. And bringing in a non-existent "service" issue to deflect the actual issue of "obtaining" the requested subpoenas should not be well taken by this Court. This Court should make short work of opposing counsel's less than credible response. It is not for opposing counsel to dictate to Plaintiff what the procedure is to obtain requested subpoenas, it is for the Clerk's office to follow the governing rules and issue the requested subpoenas to the pro se Plaintiff in accordance with Fed.R.Civ.P. 45(a)(3). Opposing counsel is not legal counsel

-8-

for the Clerk's office and as such he cannot and should not be acting in a quasi representative manner speaking on behalf of the Clerk's office which he has in effect done by stepping in with his ex parte communication with an employee of the Clerk's office and then gratuitously counseling the Plaintiff as to the situation, all while completely sidestepping the misinformation by the Clerk regarding the issue of refusing to provide the blank subpoena forms to the pro se Plaintiff without the pro se Plaintiff first filing a motion with the Court due to some purported rule which appears to be a non-exist rule —which is the issue of the motion— an issue that opposing counsel is completely silent on in his response to Plaintiff's motion.

## II. The Rules Must Be Followed and There Can Be No Bogus Rules Put in Play Due to Plaintiff's Pro Se Status

The fact that opposing counsel's response is completely silent as to the issue of the quite apparent bogus rule purported to the pro se Plaintiff by the Clerk in the Clerk's refusal to provide blank subpoena forms to the pro se Plaintiff without the pro se Plaintiff first filing a motion with the Court is very telling. The fact that opposing counsel took it upon himself to contact the Clerk's office in ex parte fashion and yet not include any information to this Court in his response about the issue of the purported rule that was used as a basis to refuse to provide blank subpoena forms to the pro se Plaintiff without the pro se Plaintiff first filing a motion with the Court is very telling.

-9-

This pro se Plaintiff will not in any way allow himself to be railroaded in any way, shape, or form, and that is exactly what has already begun to happen here with the Clerk's conduct of utilizing a most obvious bogus rule in refusing to provide blank subpoena forms to the pro se Plaintiff without the pro se Plaintiff first filing a motion with the Court — a bogus rule that even the Chief Judge chooses to not address. And then opposing counsel cavalierly tries to come running to the Clerk's rescue in making representations in his response that cannot even be verified as opposing counsel has failed to identify the employee in the Clerk's office that he said he communicated with. There is substantial cause for alarm here.

It is no secret that courts and lawyers are hostile to pro se litigants, and that is truly sad and unfortunate. We know that this is the case because ironically it was opposing counsel's own client, Richard A. Posner, who told us so when he sounded the alarm in publicly stating *"The basic thing is that most judges regard these people a kind of trash not worth the time of a federal judge."* (New York Times "An Exit Interview with Richard Posner, Judicial Provocateur – September 11, 2017). It is sad and unfortunate that there is so much hostility against pro se litigants because people have a right to represent themselves in court, a right that was given to the people by an Act of Congress. A relevant provision of the Judiciary Act of 1789 admonishes that "Congress authorized all people to either represent themselves or to be represented by another

-10-

person". It has been written that "The right of a party to a legal action to represent his or her own cause has long been recognized in the United States, and even predates the ratification of the Constitution. The Supreme Court has noted that "[i]n the federal courts, the right of self-representation has been protected by statute since the beginnings of our Nation. Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own causes personally or by the assistance of counsel."

Indeed the pro se Plaintiff here will vigorously prosecute his case and will vigorously insist that the governing rules be followed and will vigorously not allow bogus rules to be utilized as a basis to deny him his entitled rights. And indeed this pro se Plaintiff will insist that the Court provide an answer to the question of the purported rule that the Clerk is somehow allowed to refuse to provide blank subpoena forms to the pro se Plaintiff without the pro se plaintiff first filing a motion with the Court. This is a question that needs to be and must be answered, and this pro se Plaintiff will not allow for an opposing counsel to get in the way of addressing this issue by way of interjection of some ex parte communication he said he had with the Clerk's office to which opposing counsel fails to even identify the person that he said he communicated with. Utilizing bogus rules that are not in existence as a way to deprive a pro se litigant of his entitled

-11-

rights is a very serious matter and contrary to public policy, and no lawyers, in New York, or anywhere else in the country for that matter, will be allowed to stand in the way of the truth and justice by attempting to downplay the serious nature of misinformation given by a federal court office, and that is exactly what is happening here. Opposing counsel refers to the defendant as "Hon. Richard A. Posner" and "Judge Posner" in this litigation, but the fact is, Richard A. Posner is no longer a judge and is simply a citizen defendant and any casual references obviously calculated to curry favor to the defendant due to his previous position as a judge should be disfavored. While the Plaintiff has the utmost respect for Richard A. Posner, he is naturally disappointed that Mr. Posner breached his contract with Plaintiff. Richard A. Posner should be regarded as a defendant just as any other defendant would be. The fact that he was previously a judge should bring no favoritism towards him as to the claims in this lawsuit for his breach of contract which was done in his personal capacity and not his capacity as a judge.

This is a very important case and will be closely watched on a national level as national news agencies have already begun to report on it. (After Posner retired from 7th Circuit, a grim diagnosis and a brewing battle | Reuters, Retired 7th Circuit judge Posner sued for wages at short-lived pro bono center | Reuters, Posner Stiffed Ex-Pro Se Project Exec, $170K Suit Says - Law360). If games are going to be played in any aspects of this litigation, such shenanigans will be made public. That is a given.

-12-

### III. Conclusion

Because of the foregoing facts and governing authorities, this court should not take well to the Defendant's response to Plaintiff's motion and should summary reject the Defendants response in its entirety and grant Plaintiff's motion in every respect and cease and desist the arbitrary and discriminatory conduct regarding the issuance of subpoenas as heretofore addressed, and make known to Plaintiff where such a rule requiring pro se litigants to first file a formal motion with the court for the issuance of subpoenas is published, and where Plaintiff can review the source and manner of implementation of such a purported rule, and direct the clerk's office going forward to provide subpoenas to the pro se Plaintiff in the same unencumbered manner as the clerk would provide subpoenas to the represented party in this litigation without the need for the filing of formal motions.

Respectfully submitted,

*Brian Vukadinovich*
Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. 219-956-2462

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
(219) 956-2462

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 10, 2022, the foregoing was sent to the Clerk of the United States District Court for the Northern District of Indiana, Hammond Division, via U.S. Postal Service and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the Defendant's below listed counsel of record per agreement to receive such papers via email.

>Justin M. Ellis
>jellis@mololamken.com
>
>Steven F. Molo
>smolo@mololamken.com
>
>Allison M. Gorsuch
>agorsuch@mololamken.com
>
>David Beach
>dbeach@eichhorn-law.com

*/s/ Brian Vukadinovich*
Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, IN 46392
Tel. (219) 956-2462