IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

-FILED-

SEP 12 2022

At _____ M
GARY T. BELL, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

BRIAN VUKADINOVICH,    )
                       )
      Plaintiff,       )
                       )
v.                     )   CASE NO. 2:22-CV-0118 TLS-JPK
                       )
RICHARD A. POSNER,     )
                       )
      Defendant.       )

## MOTION FOR JUDICIAL NOTICE

The Plaintiff, pro se, files this motion to request that this Court take judicial notice of select documents filed by the Defendant in this cause of action.

The Federal Rules of Evidence apply to this Court, Fed. R. Evid 1101(a), and they allow for judicial notice "at any stage of the proceeding." Fed. R. Evid. 201 (d). Federal Rule of Evidence 201)b)(2) permits judicial notice of a fact "that is not subject to reasonable dispute because…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court is required to take judicial notice "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d).

Here the judicially noticeable documents filed in this cause of action specifically, Plaintiff requests judicial notice of are IRS 990 EZ Form for 2018 signed by Brian Crush showing no date of signature (**Document 34-1, pages 4-10**) and IRS 990 EZ Form for 2019 signed by Charlene H. Posner as POA for Richard A. Posner bearing date of July 15, 2019 (**Document 34-1, Pages 15-25**).

Under Federal Rule of Evidence 201, "[t"he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the court's territorial

jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Courts may take judicial notice of undisputed matters of public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) including documents on file in federal or state courts. *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n. 2 (9th Cir. 2002). Documents not attached to a complaint may be considered if no party questions their authenticity and the complaint relies on those documents. *Lee*, 250 F.3d at 688.

This Court should take judicial notice of these documents as the Defendant, Richard A. Posner, by and through his attorneys, have relied on these documents and submitted these documents to this Court in submitting false arguments that the Center "never paid any employee a salary" (Document 34, page 8) and furthermore stated in an earlier Memorandum of Law filed in this Court (Document 22) at page 3 (in speaking as to tax information filed with the IRS) that "Those returns state that the Center paid $0 in salaries to employees and staff in either year."

The Defendant's statements, made to this Court, and the information submitted to the IRS, were false and fraudulent statements because the Posner Center paid Joyce Hutchens a salary of several thousands of dollars a month as the Posner Center's research director.

The falsehood of Defendant's misrepresentations to this Court and to the IRS is demonstrated in Defendant's "Exhibit C" of their memorandum of which document explicitly shows that a "A settlement of $8,020.00 was paid to a former employee of the Center." (Document 34-1, page 24). The "former employee" was Joyce Hutchens, who was in fact a paid employee who earned several thousand dollars a month as the Posner Center's research director. The $8,020.00 stated in the document was for back wages after Ms. Hutchens threatened to sue Defendant Posner for unpaid back wages.

Because this evidence contradicts the statements made by Defendant regarding the issues of Plaintiff's cause of action and because this evidence potentially involves tax evasion issues with the IRS regarding the submission of false information by the Defendant, this Court should take judicial notice of these facts.

Wherefore, for the foregoing reasons and authorities Plaintiff respectfully requests that the Court take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the facts presented in this motion and that these adjudicative facts be considered in motions filed in this case, and for all other relief as is just and proper in the premises that the Court may deem as appropriate.

Respectfully submitted,

*Brian Vukadinovich*
Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. (219) 956-2462

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 9, 2022, the foregoing was sent to the Clerk of the United States District Court for the Northern District of Indiana, Hammond Division, via U.S. Postal Service and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the Defendant's below listed counsel of record per agreement to receive such papers via email.

>Justin M. Ellis
>jellis@mololamken.com
>
>Steven F. Molo
>smolo@mololamken.com
>
>Kenneth Notter
>knotter@mololamken.com
>
>David Beach
>dbeach@eichhorn-law.com

*/s/ Brian Vukadinovich*
Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, IN 46392
Tel. (219) 956-2462