IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH, <br><br>           Plaintiff, <br> v. <br> RICHARD A. POSNER, <br><br>           Defendant. | Cause No. 22 Civ. 118 <br><br> Judge Theresa L. Springmann <br> Magistrate Judge Joshua P. Kolar |

# JUDGE POSNER'S REPLY IN SUPPORT OF HIS
# MOTION TO DISMISS THE AMENDED COMPLAINT

Steven F. Molo (admitted *pro hac vice*)
Kenneth E. Notter III (admitted *pro hac vice*)
MoloLamken LLP
300 N. LaSalle Street
Chicago, IL  60654
(312) 450-6700
smolo@mololamken.com
knotter@mololamken.com

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY  10022
(212) 607-8160
jellis@mololamken.com

David Beach
Eichhorn & Eichhorn LLP
2929 Carlson Drive, Suite 100
Hammond, IN  46323
dbeach@eichhorn-law.com

*Attorneys for Hon. Richard A. Posner*

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................................ 1

ARGUMENT ....................................................................................................................................... 1

I.  Mr. Vukadinovich's Contract Claim Must Be Dismissed ................................................... 1

    A.  Indiana Law Governs Mr. Vukadinovich's Contract Claim .................................. 1

    B.  Mr. Vukadinovich's Contract Claim Is Time Barred ............................................ 3

    C.  Mr. Vukadinovich Fails To Allege Judge Posner Is Personally Liable for the Alleged Contract ....................................................................................................... 5

    D.  The Parties Never Formed a Binding Contract ...................................................... 6

II. Mr. Vukadinovich's Fraud Claim Must Be Dismissed ........................................................ 7

    A.  The Fraud Claim Is Duplicative of the Contract Claim ......................................... 7

    B.  Mr. Vukadinovich Fails To State a Fraud Claim .................................................... 9

III. Mr. Vukadinovich's Unjust Enrichment Claim Must Be Dismissed ............................... 10

    A.  Indiana's Statute of Limitations Bars the Unjust Enrichment Claim ................... 10

    B.  Mr. Vukadinovich Fails To State a Claim for Unjust Enrichment ...................... 11

IV. The Amended Complaint Should Be Dismissed with Prejudice ..................................... 12

CONCLUSION ................................................................................................................................. 13

# **TABLE OF AUTHORITIES**

### CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................6, 9, 11

*Atlas IP, LLC v. Exelon Corp.*,
    189 F. Supp. 3d 768 (N.D. Ill. 2016) .......................................................................... 13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................................... 8

*Block v. Lake Mortg. Co.*,
    601 N.E.2d 449 (Ind. Ct. App. 1992) ......................................................................... 10

*Bonte v. U.S. Bank, N.A.*,
    624 F.3d 461 (7th Cir. 2010) .................................................................................... 1, 3

*Brown v. Budz*,
    398 F.3d 904 (7th Cir. 2005) ........................................................................................ 6

*Buell v. Experian Info. Sols., Inc.*,
    No. 22-cv-14, 2022 WL 1166713 (N.D. Ind. Apr. 20, 2022) ...................................... 8

*Cancer Found., Inc. v. Cerberus Cap. Mgmt., L.P.*,
    559 F.3d 671 (7th Cir. 2009) ........................................................................................ 4

*Car Carriers, Inc. v. Ford Motor Co.*,
    745 F.2d 1101 (7th Cir. 1984) ...................................................................................... 8

*Circle Block Partners LLC v. Fireman's Fund Ins. Co.*,
    44 F.4th 1014 (7th Cir. 2022) ............................................................................... 12, 13

*Conley v. Gibson*,
    355 U.S. 41 (1957) ........................................................................................................ 9

*Eby v. York-Div., Borg-Warner*,
    455 N.E.2d 623 (Ind. Ct. App. 1983) ........................................................................... 2

*Emery v. Am. Gen. Fin., Inc.*,
    134 F.3d 1321 (7th Cir. 1998) .................................................................................... 12

*Ennenga v. Starns*,
    677 F.3d 766 (7th Cir. 2012) ........................................................................................ 4

*Grace Vill. Health Care Facilities, Inc. v. Lancaster Pollard & Co.*,
    896 F. Supp. 2d 757 (N.D. Ind. 2012) ........................................................................ 10

*Guy v. Schuldt*,
    138 N.E.2d 891 (Ind. 1956) ...................................................................................................4

*U.S. ex rel. Hanna v. City of Chicago*,
    834 F.3d 775 (7th Cir. 2016) .................................................................................................8

*Howard Dodge & Sons, Inc. v. Finn*,
    391 N.E.2d 638 (Ind. Ct. App. 1979) ....................................................................................5

*Huon v. Denton*,
    841 F.3d 733 (7th Cir. 2016) ...............................................................................................12

*Kenworth of Indianapolis, Inc. v. Seventy-Seven Ltd.*,
    134 N.E.3d 370 (Ind. 2019) ..................................................................................................4

*Lawyers Title Ins. Corp. v. Pokraka*,
    595 N.E.2d 244 (Ind. 1992) ..................................................................................................9

*Limestone Dev. Corp. v. Vill. of Lemont*,
    520 F.3d 797 (7th Cir. 2008) .................................................................................................6

*Litsinger v. Forest River, Inc.*,
    536 F. Supp. 3d 334 (N.D. Ind. 2021) ..................................................................................1

*Marcum v. Richmond Auto Parts Co.*,
    270 N.E.2d 884 (Ind. Ct. App. 1971) ....................................................................................4

*Mauger v. Metro Life Ins. Co.*,
    No. 21-cv-190, 2022 WL 673109 (S.D. Ind. Mar. 7, 2022) ...............................................4, 5

*McKee v. Pope Ballard Shepard & Fowle, Ltd.*,
    604 F. Supp. 927 (N.D. Ill. 1985) .........................................................................................6

*Meisenhelder v. Zipp Exp., Inc.*,
    788 N.E.2d 924 (Ind. Ct. App. 2003) ....................................................................................3

*Midwest Com. Banking Co. v. Elkhart City Ctr.*,
    4 F.3d 521 (7th Cir. 1993) .....................................................................................................9

*Nat'l Acceptance Co. v. Pintura Corp.*,
    418 N.E.2d 1114 (Ill. Ct. App. 1981) ....................................................................................5

*Nelson v. Sandoz Pharm. Corp.*,
    288 F.3d 954 (7th Cir. 2002) .................................................................................................2

*Russell v. Zimmer*,
    No. 20-cv-200, 2022 WL 3359343 (N.D. Ind. Aug. 15, 2022) .......................................12, 13

*Safeway Ins. Co. v. Daddono*,
    777 N.E.2d 693 (Ill. Ct. App. 2002) ...................................................................................5

*Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*,
    782 F.3d 922 (7th Cir. 2015) ..............................................................................................5

*Spears v. Metro. Life Ins. Co.*,
    No. 2:07-cv-88, 2009 WL 2408928 (N.D. Ind. Aug. 4, 2009) .........................................11

*Tobin v. Ruman*,
    819 N.E.2d 78 (Ind. Ct. App. 2004) ...................................................................................7

*Tolliver v. Mathas*,
    538 N.E.2d 971 (Ind. Ct. App. 1989) .................................................................................5

*United States v. Zabka*,
    No. 10-cv-1078, 2011 WL 13217342 (C.D. Ill. July 14, 2011) .........................................7

*Zimmer, Inc. v. Sharpe*,
    651 F. Supp. 2d 840 (N.D. Ind. 2009) ................................................................................2

### STATUTES AND RULES

Fed. R. Civ. P. 7(b)(1) ..............................................................................................................13

Fed. R. Civ. P. 8 ..................................................................................................................8, 9

Fed. R. Civ. P. 9 ..................................................................................................................8, 9

Fed. R. Civ. P. 12(b)(6) ..............................................................................................................4

Fed. R. Civ. P. 12(e) ...................................................................................................................6

Fed. R. Evid. 201(b) ....................................................................................................................7

Ind. Code § 34-11-2-1 ..................................................................................................................3

### OTHER AUTHORITIES

10 Kaplan & Sadock's Comprehensive Textbook of Psychiatry (10th ed. 2017) ..........................8

Restatement (2d) of Conflict of Laws (1971) ...............................................................................2

5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure
    (3d ed. rev. 2022). ............................................................................................................6

## INTRODUCTION

Mr. Vukadinovich's amended complaint does not state a plausible cause of action any more than his original complaint. His contract claim is both time barred and contradicted by the documents he has incorporated into his pleadings. His fraud claim is duplicative of his contract claim and implausible. And his unjust enrichment claim is untimely and meritless. While Mr. Vukadinovich adds yet more allegations in his brief, he does not show that these problems with his claims can be cured. They cannot. Now that Mr. Vukadinovich has had three opportunities to state a claim in his pleadings and his briefs, this case should come to an end. The Court should dismiss Mr. Vukadinovich's amended complaint with prejudice.

## ARGUMENT

### I.  MR. VUKADINOVICH'S CONTRACT CLAIM MUST BE DISMISSED

#### A.  Indiana Law Governs Mr. Vukadinovich's Contract Claim

Indiana law governs Mr. Vukadinovich's contract claim because Indiana has the strongest connection to this case about an Indiana resident seeking wages for work allegedly performed in Indiana. Dkt. 34 (Opening Br.) 7-9. Mr. Vukadinovich argues that Illinois law applies instead. Dkt. 36 (Pl. Br.) 4-5. But he does not show that his argument would make any practical difference. He concedes that, even if Illinois law governed the merits of his claims, Indiana law would still govern the statute of limitations. *See* Opening Br. 9 n.6; *Litsinger v. Forest River, Inc.*, 536 F. Supp. 3d 334, 347 (N.D. Ind. 2021) (Indiana statutes of limitations are "procedural" and thus apply even if another state's substantive law applies); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (failing to respond to an argument raised in motion to dismiss concedes that argument). And Mr. Vukadinovich also does not argue that his claims would fail on the merits

under Indiana law but succeed under Illinois law.¹ Because he has identified no relevant conflict between Indiana and Illinois law, Indiana law applies regardless of his arguments. *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d 954, 963 (7th Cir. 2002) ("If the difference between [two] state[s]' laws is illusory and no conflict exists, our inquiry ends and we apply the law of the forum state.").

In any event, Mr. Vukadinovich fails to show that Illinois has a stronger relationship to this case than Indiana. He protests that he "also worked in Illinois." Pl. Br. 4 (citing Am. Compl. ¶ 8). But as Mr. Vukadinovich admitted in his complaint, and as Exhibit 1 to his complaint describes, Mr. Vukadinovich mainly worked from home in Indiana. Am. Compl. ¶ 8 (describing how he worked from home but was "on call" to come to Chicago); *see also id.* Ex. 1. Indiana law applies because the bulk of Mr. Vukadinovich's alleged services were performed in Indiana. *See* Restatement (2d) of Conflict of Laws § 196 (1971) (law of forum where "major portion of the services" to be performed applies).

Mr. Vukadinovich also argues that Illinois law applies because the alleged March 2018 oral contract took place in Illinois. Pl. Br. 4. But that shows, at most, that a contract originally formed in Indiana and to be performed in Indiana was amended in Illinois. That one of two alleged places of contracting was in Illinois is not dispositive. *See Zimmer, Inc. v. Sharpe*, 651 F. Supp. 2d 840, 849 (N.D. Ind. 2009) (where employment contracts were executed in both Louisiana and Indiana, Louisiana law applied because the suit concerned Louisiana residents' work in Louisiana). And to the extent that Mr. Vukadinovich's fraud allegations are relevant, fraud claims are, as Mr. Vukadinovich notes, governed by the law of the "state where the loss occurred." Pl. Br. 5; *see Eby v. York-Div., Borg-Warner*, 455 N.E.2d 623, 626 (Ind. Ct. App. 1983). Any loss here took

---

¹ While Mr. Vukadinovich objects to Judge Posner's characterization of Illinois law about a corporate officer's liability for the corporation's debts, Pl. Br. 9, he concedes that the same principles apply under Indiana law, *id.* at 10.

place in Indiana where Mr. Vukadinovich lives and allegedly should have been paid. *See* Am. Compl. ¶¶ 1, 8.[2]  Indiana law thus applies.

### B. Mr. Vukadinovich's Contract Claim Is Time Barred

Mr. Vukadinovich also concedes that, without tolling, his contract claim is barred by Indiana's two-year statute of limitations. *See* Pl. Br. 5-8; *Bonte*, 624 F.3d at 466. He admits that the two-year statute of limitations for oral employment contracts applies. *See* Opening Br. 9. And he admits that he knew no later than July 2019 that the $170,000 he says he was owed had not been paid when due. *See id.* at 9-10. Because Mr. Vukadinovich could have brought his contract claim by July 2021 had he exercised ordinary diligence, but did not, that claim is barred. Ind. Code § 34-11-2-1; *Meisenhelder v. Zipp Exp., Inc.*, 788 N.E.2d 924, 930 (Ind. Ct. App. 2003) (a contract claim accrues when a plaintiff "know[s], or in the exercise of ordinary diligence, could have discovered that the contract had been breached").

Mr. Vukadinovich argues that Judge Posner's alleged "fraudulent concealment" of his Alzheimer's diagnosis tolled the statute of limitations until 2022, when Mr. Vukadinovich purportedly first learned of that diagnosis. Pl. Br. 5-7. But as Judge Posner explained in his opening brief, fraud tolls a statute of limitations only if it prevents the plaintiff from learning that he has a cause of action. Opening Br. 10-11; *Meisenhelder*, 788 N.E.2d at 931 (if a plaintiff has "knowledge necessary to pursue a claim," fraudulent concealment does not apply). Mr. Vukadinovich does not argue that he needed to know whether Judge Posner had Alzheimer's to bring his contract claim. Any "fraudulent concealment" of that diagnosis thus could not have tolled the statute of limitations.

---

[2] While Mr. Vukadinovich now alleges that Judge Posner caused him "headaches" and emotional distress, *see* p. 8 & n.8, *infra*, those "headaches" also apparently occurred at his home in Indiana.

3

For the same reason, Mr. Vukadinovich is wrong to invoke equitable estoppel. *Cf.* Pl. Br. 6-7. Like fraudulent concealment, equitable estoppel applies only where a defendant "prevent[s] another party from obtaining the requisite knowledge to pursue a claim." *Kenworth of Indianapolis, Inc. v. Seventy-Seven Ltd.*, 134 N.E.3d 370, 383 (Ind. 2019).[3] But Mr. Vukadinovich does not allege that Judge Posner did anything to prevent him from discovering the alleged basis for his breach-of-contract claim. *See* p. 3, *supra*; Opening Br. 10-11. Because Mr. Vukadinovich does not show Judge Posner stopped him from suing earlier, neither equitable estoppel nor fraudulent concealment tolls the statute of limitations.

Mr. Vukadinovich also protests that "'[n]ormally, statute of limitations arguments are not appropriate for motions to dismiss.'" Pl. Br. 17 (quoting *Mauger v. Metro Life Ins. Co.*, No. 21-cv-190, 2022 WL 673109 (S.D. Ind. Mar. 7, 2022)). But dismissal on statute of limitations grounds "is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Found., Inc. v. Cerberus Cap. Mgmt., L.P.*, 559 F.3d 671, 674-75 (7th Cir. 2009); *see Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (rejecting equitable estoppel theory and affirming dismissal on statute of limitations grounds under Rule 12(b)(6) based "on the allegations in the complaint and a few undisputable facts"). Mr. Vukadinovich's complaint establishes that he missed the deadline to sue by making clear he knew he had not been paid as agreed no later than July 2019.[4] Because Mr. Vukadinovich has pleaded his contract claim out of court, the Court should apply Indiana's statute of limitations and dismiss that claim.

---

[3] The cases Mr. Vukadinovich cites make the same point. *See Guy v. Schuldt*, 138 N.E.2d 891, 894 (Ind. 1956) (equitable estoppel requires the defendant "to prevent inquiry, or to elude investigation, or to mislead the party who claims the cause of action"); *Marcum v. Richmond Auto Parts Co.*, 270 N.E.2d 884, 886 (Ind. Ct. App. 1971) (equitable estoppel requires that the defendant induce the plaintiff to "delay[ ] commencement" of suit).

[4] By contrast, in Mr. Vukadinovich's cited cases, fact-intensive questions about the plaintiff's knowledge and diligence prevented resolving statute of limitations arguments on the pleadings.

4

### C. Mr. Vukadinovich Fails To Allege Judge Posner Is Personally Liable for the Alleged Contract

Mr. Vukadinovich's contract claim also fails because he does not plausibly allege that Judge Posner is personally liable for the alleged contract. Opening Br. 11-14. The February 2018 email allegedly offered Mr. Vukadinovich a job with the Center, not with Judge Posner personally, and Mr. Vukadinovich's new allegations that Judge Posner hired him personally in March 2018 are contradicted by the materials Mr. Vukadinovich attached to or incorporated in his complaint. *Id.* As a result, even if Mr. Vukadinovich had a timely contract claim, that claim would be against the Center and not Judge Posner personally. *Id.*

Mr. Vukadinovich concedes this point. In his brief, he does not claim that his new allegations can be squared with statements in the February 2018 email and his pre-suit demand letter showing that he worked for the Center, not Judge Posner. And while Mr. Vukadinovich cites cases holding that corporate officers and agents may be personally liable if they actively participate in the corporation's torts, Pl. Br. 9-10, those cases do not hold that a corporate officer can be liable for the corporation's contracts. *See, e.g.*, *Nat'l Acceptance Co. v. Pintura Corp.*, 418 N.E.2d 1114, 1117 (Ill. Ct. App. 1981) (cited in Pl. Br. 9-10) (distinguishing contract actions from torts, for which corporate officers might be personally liable).[5] In any event, because Mr. Vukadinovich

---

*Mauger*, 2022 WL 673109, at *3 (where insurer breached contract by failing to cancel policy on demand, it was plausible that insured could not have "reasonably discovered the failure to cancel the policy when he was not paid the cash surrender value of the policy"); *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (reversing dismissal of civil RICO claim against pharmaceutical manufacturer because of factual dispute about "when a reasonable benefit fund should have known about its injuries from off-label marketing").

[5] *See also Safeway Ins. Co. v. Daddono*, 777 N.E.2d 693, 697 (Ill. Ct. App. 2002) (exception for personal liability for agent's torts did not apply); *Tolliver v. Mathas*, 538 N.E.2d 971, 976 (Ind. Ct. App. 1989) ("An agent who commits a ***tortious*** act is equally liable with the principal." (emphasis added)); *Howard Dodge & Sons, Inc. v. Finn*, 391 N.E.2d 638, 641 (Ind. Ct. App. 1979) (applying exception for "personal liability of an agent for a ***tortious*** act" (emphasis added)).

5

admits "[t]here was no contract between [him] and the Center," Pl. Br. 8, there is no basis for Judge Posner to be liable as the Center's agent, *see id.* at 9-10 (discussing liability of agent for principal's obligations). Mr. Vukadinovich's admission that he cannot sue Judge Posner personally on the contract is another reason to dismiss his contract claim.

### D. The Parties Never Formed a Binding Contract

The contract claim also fails because the parties never agreed on the terms of Mr. Vukadinovich's compensation or the scope of his duties. Opening Br. 14-16. Mr. Vukadinovich's only response is to argue that the existence of a "binding contract" will come out in discovery, including in his deposition.[6] Pl. Br. 11-12. A complaint, however, is not "a pretext for discovery." *McKee v. Pope Ballard Shepard & Fowle, Ltd.*, 604 F. Supp. 927, 932 (N.D. Ill. 1985). Nor can "discovery . . . cure the evils of an impermissibly vague complaint." *Id.* In fact, absent a well-pleaded claim, a plaintiff "is not entitled to discovery" at all. *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). That rule ensures that a defendant will "not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 802-03 (7th Cir. 2008). And it makes no sense for Mr. Vukadinovich to say, as plaintiff, that details about what work he did should await discovery when he has those details now and could provide them in his pleading. *Cf. Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005) (allowing "conclusory pleading on 'information and belief' " where "pleadings concern matters peculiarly within the knowledge of the defendants"). Because Mr. Vukadinovich does not plead a plausible contract claim, there is

---

[6] Mr. Vukadinovich also incorrectly suggests that Judge Posner should have moved "for a more definite statement under Rule 12(e)." Pl. Br. 11. Mr. Vukadinovich's amended complaint fails to state a claim, and Rule 12(e) "should ordinarily not be directed at a pleading that does not contain a claim for relief." 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (3d ed. rev. 2022).

6

no good reason to impose the cost and delay of discovery about that claim on Judge Posner. The contract claim should be dismissed.[7]

## II.  MR. VUKADINOVICH'S FRAUD CLAIM MUST BE DISMISSED

### A.  The Fraud Claim Is Duplicative of the Contract Claim

Mr. Vukadinovich's fraud claim is "merely a repackaged version of his breach of contract claim." *Tobin v. Ruman*, 819 N.E.2d 78, 86 (Ind. Ct. App. 2004); Opening Br. 16-18. That claim is based on the same events as the contract claim and seeks precisely the same damages – the salary Mr. Vukadinovich claims he is owed. Opening Br. 16-18. Because Indiana law does not allow Mr. Vukadinovich to pursue parallel contract and fraud claims in that way, the fraud claim must be dismissed as duplicative. *Id.*

Mr. Vukadinovich concedes that his fraud claim, as pleaded, is duplicative. *See* Pl. Br. 12-14. His only argument against dismissing that claim is to make yet more new allegations against Judge Posner and his family. *Id.* In his brief, Mr. Vukadinovich now claims that Judge Posner purportedly defrauded him about Mrs. Posner's level of control over the Center when it was being closed. *Id.* He relies on an email and an alleged phone call in July 2019 – more than a year after he claims Judge Posner suffered from Alzheimer's disease – in which Judge Posner purportedly claimed his wife was in "cahoots" with Jonathan Zell, another director of the Center. *Id.* & Ex. 5;

---

[7] Mr. Vukadinovich also moves for judicial notice of the Center's 2018 and 2019 tax returns. Dkt. 38. Judge Posner agrees that the returns are subject to judicial notice. Opening Br. 2 n.1. But Mr. Vukadinovich's characterization of the documents are not. *See* Fed. R. Evid. 201(b) (judicial notice is limited to "fact[s] that [are] not subject to reasonable dispute"); *United States v. Zabka*, No. 10-cv-1078, 2011 WL 13217342, at *2 (C.D. Ill. July 14, 2011) ("interpretation of evidence" is not subject to judicial notice). Specifically, Mr. Vukadinovich's claim (at 24) that the Center paid Ms. Hutchens a $8,020 salary is incorrect. As the 2019 return shows, the Center paid her a settlement, not a salary. Dkt. 34-1 at 24; *see also id.* at 15 (reporting "0" in salaries). In any event, Mr. Vukadinovich's allegations are irrelevant because whether the Center paid Ms. Hutchens a salary (and it did not) says nothing about whether **Mr. Vukadinovich** and Judge Posner had a contract or whether Judge Posner defrauded Mr. Vukadinovich.

*see also* Dkt. 37 ¶¶15-16. Mr. Vukadinovich alleges that Judge Posner "defrauded" him by claiming that Mrs. Posner lacked authority over the Center, when, in fact, she had a power of attorney for Judge Posner. Pl. Br. 12-14. Mr. Vukadinovich's alleged injury from that "fraud" is "emotional distress and headaches" from fielding questions about the Center's closure. *Id.* at 13.

Those allegations do not save the fraud claim from dismissal. They do not make the fraud claim Mr. Vukadinovich pleaded in his complaint any less duplicative, because his alleged "headaches" were not caused by Judge Posner's purported fraud in March 2018 about his Alzheimer's diagnosis.[8] Nor can Mr. Vukadinovich allege a new theory of fraud for the first time in his briefs. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (a "complaint may not be amended by the briefs in opposition to a motion to dismiss"); *Buell v. Experian Info. Sols., Inc.*, No. 22-cv-14, 2022 WL 1166713, at *1 (N.D. Ind. Apr. 20, 2022) (briefing may not add "new facts or theories" (quotation omitted)).[9] And in any event, Judge Posner's alleged statements do not support a fraud claim given the obvious alternative explanation – that Judge Posner was suffering from Alzheimer's, not that he intended to defraud Mr. Vukadinovich. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567 (2007) (allegations do not imply unlawful conduct if there is an "obvious alternative explanation").[10] The Court should disregard

---

[8] While the alleged "headaches" also have nothing to do with the second purported fraud in the complaint – Judge Posner's alleged 2018 statements about his finances – Mr. Vukadinovich abandons that theory in his opposition brief. *See* p. 9, *infra*.

[9] In addition, while Mr. Vukadinovich notes that a plaintiff may make new allegations in briefing consistent with the complaint for claims governed by Federal Rule of Civil Procedure 8, the Seventh Circuit has held that such new allegations are ***not*** permitted for claims, like the fraud claim, that are governed by Rule 9. *U.S. ex rel. Hanna v. City of Chicago*, 834 F.3d 775, 779 (7th Cir. 2016) (unlike under Rule 8, because "[f]raud and mistake must be pleaded with particularity," under Rule 9 "the pleader is not free to hold back and add facts via affidavit or brief").

[10] The Court can take judicial notice of the fact that common symptoms of dementia disorders, including Alzheimer's disease, include paranoia, irritability, confusion, and agitation. *See* 10 Kaplan & Sadock's Comprehensive Textbook of Psychiatry (10th ed. 2017).

these new allegations and dismiss the fraud claim as duplicative of the contract claim.

### B. Mr. Vukadinovich Fails To State a Fraud Claim

In his complaint, Mr. Vukadinovich alleged two theories of fraud: (1) that Judge Posner falsely claimed at their March 2018 meeting that he was in "general good health" and hid his Alzheimer's diagnosis; and (2) at the same meeting, Judge Posner falsely told Mr. Vukadinovich that, because his personal investments were "tied up," Mr. Vukadinovich would have to wait at least a year to be paid. Am. Compl. ¶¶ 12-13. As Judge Posner explained, both theories fail to state a claim for fraud. Opening Br. 18-20. Mr. Vukadinovich now abandons the second theory about Judge Posner's finances by not addressing it in his brief. While he does argue that the first theory about Judge Posner's health states a claim, Pl. Br. 14-16, he is incorrect.

To avoid dismissal of that theory, Mr. Vukadinovich relies on cases holding that Rule 9 does not require a plaintiff to allege each element of fraud with particularity. Pl. Br. 15 (citing, among others, *Midwest Com. Banking Co. v. Elkhart City Ctr.*, 4 F.3d 521, 524 (7th Cir. 1993)). But even under Rule 8, Mr. Vukadinovich's claims must at least be plausible to survive a motion to dismiss. *Iqbal*, 556 U.S. at 679.[11] Mr. Vukadinovich cannot meet that standard. He does not plausibly allege that Judge Posner's failure in a March 2018 conversation to mention his Alzheimer's diagnosis was false when that diagnosis came "'*after* [the] conversation.'" Am. Compl. ¶29 (quoting *id.* Ex. 2) (emphasis added); *see Lawyers Title Ins. Corp. v. Pokraka*, 595 N.E.2d 244, 249 (Ind. 1992) (fraud requires "misrepresentation of past or existing fact"). And while Mr. Vukadinovich protests that Judge Posner's wife said via email that Judge Posner had been "referred" to a neurologist "during the time" of the alleged contract, Pl. Br. 16 (citing Am.

---

[11] Thus, Mr. Vukadinovich's repeated citations to the old pleading standard of *Conley v. Gibson*, 355 U.S. 41 (1957), are incorrect.

9

Compl. Ex. 3), that email does not say that Judge Posner had in fact been diagnosed before the March 2018 conversation.

Mr. Vukadinovich also cannot get around the other reasons Judge Posner gave why the fraud claim fails. Opening Br. 16-19. Judge Posner's alleged statement that he "was in general good health" and had "no concerns" about honoring the contract was, at most, a statement of opinion that cannot support a fraud claim. Am. Compl. ¶13; *see Block v. Lake Mortg. Co.*, 601 N.E.2d 449, 451 (Ind. Ct. App. 1992) ("opinion[s]" are "not actionable under a theory of fraud"). Mr. Vukadinovich asserts that statement is a factual "statement . . . in the context of things" but does not explain why. Pl. Br. 16. And it is not plausible that Judge Posner intended to deceive Mr. Vukadinovich, given that he could not have known his condition would ***later*** prevent him from performing the alleged contract. *See Grace Vill. Health Care Facilities, Inc. v. Lancaster Pollard & Co.*, 896 F. Supp. 2d 757, 763 (N.D. Ind. 2012) ("'There is no fraud by hindsight.'"). Mr. Vukadinovich does not meaningfully address these arguments. Because the fraud claim is not plausible even if it is not duplicative, it must be dismissed.

### III. MR. VUKADINOVICH'S UNJUST ENRICHMENT CLAIM MUST BE DISMISSED

#### A. Indiana's Statute of Limitations Bars the Unjust Enrichment Claim

Mr. Vukadinovich admits that the two-year statute of limitations for oral employment contracts also governs his unjust enrichment claim. *See* Opening Br. 20-21; Pl. Br. 16-17. He likewise concedes that, if his contract claim is time barred, the unjust enrichment claim is time barred as well. *See* Pl. Br. 16. And while he argues that statutes of limitations cannot be enforced on a motion to dismiss, that is wrong. *See* p. 4, *supra*. The unjust enrichment claim should be dismissed for the same reasons as the contract claim.

### B. Mr. Vukadinovich Fails To State a Claim for Unjust Enrichment

The unjust enrichment claim also fails on the merits, for two reasons. Opening Br. 22-23. First, Mr. Vukadinovich's conclusory allegation that he did "work on the computer and telephone and email correspondence" does not plausibly show that he provided Judge Posner any tangible benefit. Opening Br. 22; Am. Compl. ¶8; *Spears v. Metro. Life Ins. Co.*, No. 2:07-cv-88, 2009 WL 2408928, at *15 (N.D. Ind. Aug. 4, 2009) (dismissing unjust enrichment claim where plaintiffs "d[id] not articulate what wrongful benefit the Defendants received").[12] Such a "[t]hreadbare recital[]" of a cause of action cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. While Mr. Vukadinovich attacks this rule as "preposterous (and immoral)," he does not argue that his claims comply with it. Pl. Br. 18.

Second, laches bars Mr. Vukadinovich's claim. Opening Br. 22-23. In his brief, Mr. Vukadinovich does not dispute that his three-year delay in bringing suit has impaired Judge Posner's ability to defend against these claims or to even testify in his own defense. *See* Pl. Br. 22-23.[13] Nor does he offer any excuse for his delay other than to repeat his meritless fraudulent-concealment arguments. *See* pp. 3-4, *supra*; Opening Br. 10-11. And while Mr. Vukadinovich accuses Judge Posner (and his counsel) of "arguing for free labor," Pl. Br. 19, the real question is whether equity supports forcing Judge Posner's family to contest Mr. Vukadinovich's years-old, one-sided account of a purported oral contract with a person now suffering from Alzheimer's disease. It does not. The unjust enrichment claim should be dismissed.

---

[12] Mr. Vukadinovich incorrectly claims that *Spears* is irrelevant because **other** claims in that case arose under the PSLRA. *See* Pl. Br. 18; *Spears*, 2009 WL 2408928, at *14 (dismissing unjust enrichment claim arising under Indiana common law without applying the PSLRA).

[13] While Mr. Vukadinovich now suggests that Judge Posner's Alzheimer's diagnosis is a "sham," Pl. Br. 20 & n.10, he earlier conceded that Judge Posner has been moved to a nursing facility. Dkt. 5. And while Mr. Vukadinovich argues whether Judge Posner had capacity to enter into the alleged 2018 contract, any capacity defense would be too fact-intensive to decide on a motion to dismiss.

11

## IV. THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

Finally, the Court should dismiss Mr. Vukadinovich's complaint with prejudice. While a plaintiff should usually have "at least one opportunity to try to amend," *Circle Block Partners LLC v. Fireman's Fund Ins. Co.*, 44 F.4th 1014, 1023 (7th Cir. 2022) (quotation omitted), courts have "broad discretion" to dismiss with prejudice where there is "undue delay," "repeated failure to cure deficiencies," "undue prejudice to the defendants," or "where the amendment would be futile," *Huon v. Denton*, 841 F.3d 733, 745 (7th Cir. 2016); *see also Russell v. Zimmer*, No. 20-cv-200, 2022 WL 3359343, at *8 (N.D. Ind. Aug. 15, 2022) (dismissal with prejudice is warranted where the plaintiff has "not shown that [he] can state a plausible claim for relief").

Mr. Vukadinovich has now had three chances to state a claim. He filed his original complaint; he amended that complaint to add new allegations after Judge Posner first moved to dismiss; and after Judge Posner moved to dismiss the amended complaint, he has taken full advantage of his right to make even more new allegations in his opposition brief. *See* Pl. Br. 22. None of those new allegations has cured the flaws in his claims. *See* pp. 1-11, *supra.* In fact, no new allegations ***could*** cure the fact that Mr. Vukadinovich's contract and unjust enrichment claims are time barred and that his fraud claim is duplicative. Leave to amend again should be denied because it would be futile and because it would prejudice Judge Posner by forcing him to move to dismiss for a third time. *See Russell*, 2022 WL 3359343, at *8 (denying leave to amend where plaintiffs had "not shown why an amendment would not be futile" and, since plaintiffs had already amended once, the defendant "would be prejudiced by having to defend against another complaint given the time and resources already spent in filing two motions to dismiss"); *see also Emery v. Am. Gen. Fin., Inc.*, 134 F.3d 1321, 1322-23 (7th Cir. 1998) (where plaintiff had three chances to state a claim, further amendments were correctly denied as futile).

12

In his brief, Mr. Vukadinovich only asks to amend the fraud claim to add his theory that Judge Posner misrepresented his wife's control over the Center. Pl. Br. 14. That request fails because Mr. Vukadinovich has not moved for leave to amend. *See* Fed. R. Civ. P. 7(b)(1) (requests for court orders "must be made by motion").[14] In addition, any motion to add that new theory should be denied as futile because it neither states a claim for relief nor fixes the problem with his original theory. *See* pp. 7-10, *supra*; *Circle Block*, 44 F.4th at 1023 (leave to amend should be denied where the plaintiff "has not proposed any new allegations that would address the problems identified" with the old allegations); *see also Russell*, 2022 WL 3359343, at *8 (similar). And even if Mr. Vukadinovich's allegations were not futile, Mr. Vukadinovich has changed his story of the case twice already. Opening Br. 13 & n.12. The Court should not grant him leave to change that story yet again. *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 779 (N.D. Ill. 2016) (Rule 15(a)(2) "does not permit a plaintiff to alter the factual basis of its suit in response to why its suit lacks merit"), *aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017). The Court should bring this case to an end and dismiss the amended complaint with prejudice.

## CONCLUSION

The Court should dismiss the amended complaint with prejudice.

---

[14] Mr. Vukadinovich's request is also premature because he has not submitted a proposed amended complaint. *See* L.R. 15-1(a).

13

Chicago, Illinois
September 26, 2022

  /s/ Steven F. Molo

Steven F. Molo (admitted *pro hac vice*)
Kenneth E. Notter III (admitted *pro hac vice*)
MoloLamken LLP
300 N. LaSalle Street
Chicago, IL  60654
(312) 450-6700
smolo@mololamken.com
knotter@mololamken.com

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY  10016
(212) 607-8160
jellis@mololamken.com

David Beach
Eichhorn & Eichhorn LLP
2929 Carlson Drive, Suite 100
Hammond, IN  46323
dbeach@eichhorn-law.com

*Attorneys for Hon. Richard A. Posner*

14

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 26, 2022, the foregoing was electronically filed with the Clerk of the Court via CM/ECF and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on *pro se* Plaintiff Brian Vukadinovich per his agreement to receive such papers via email.

/s/ Steven F. Molo
Steven F. Molo