IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH, | |
| Plaintiff, | Cause No. 22 Civ. 118 |
| v. | Judge Theresa L. Springmann |
| RICHARD A. POSNER, | Magistrate Judge Joshua P. Kolar |
| Defendant. | |

**JUDGE POSNER'S RESPONSE IN OPPOSITION TO
MR. VUKADINOVICH'S MOTION FOR JUDICIAL NOTICE**

Hon. Richard A. Posner, through his counsel, respectfully responds as follows to Mr. Vukadinovich's "Motion for Judicial Notice," Dkt. 40 (Mot.).

1.  Mr. Vukadinovich's motion should be denied as procedurally improper. Though styled as a "motion," that filing is, in practice, a surreply in opposition to Judge Posner's motion to dismiss. Mot. 1-2. In particular, Mr. Vukadinovich's filing responds to Judge Posner's arguments in his reply about whether the Posner Center paid Joyce Hutchens a salary. *See id.* But the Court's local rules only "provide[] for the filing of responses and replies, but no surreply." *SEC v. Miller*, No. 15-cv-519, 2019 WL 4316733, at *3 (N.D. Ind. Sept. 12, 2019) (citing N.D. Ind. L.R. 7-1(d)). "Courts in this district generally allow a surreply only if it raises or responds to some new issue or development in the law." *Id.* (quotation omitted). Because Mr. Vukadinovich's "motion" only argues the merits of his complaint, and does not raise any new issue or legal development, the Court should disregard it. *Id.* (disregarding surreply that "simply argues the merits of Plaintiff's complaint").[1]

---

[1] For the same reason, Mr. Vukadinovich's "Objection to Defendant's Request for Judicial Notice" should also be disregarded. *See* Dkt. 41. That "objection" is, in practice, another surreply that

2. Mr. Vukadinovich's motion should also be denied because the relief it seeks is irrelevant. Under Rule 201, courts only take judicial notice of facts if they are relevant to the case. *See, e.g.*, *Liberty Mut. Ins. Co. v. Dometic Corp.*, 371 F. Supp. 3d 472, 474 (N.D. Ind. 2019) (on motion under Rule 12, declining to take judicial notice of document that was "irrelevant to the motions before the court"). As Judge Posner noted in his reply, whether the Center paid Ms. Hutchens a salary has nothing to do with whether Judge Posner and Mr. Vukadinovich had a contract, whether Judge Posner breached that contract, or whether Judge Posner defrauded Mr. Vukadinovich. Dkt. 39 at 7 n.7. Mr. Vukadinovich concedes as much, since he never explains how Ms. Hutchens's purported salary would be relevant to his claims against Judge Posner.

3. Finally, Mr. Vukadinovich's "motion" fails on its merits. Judicial notice is only proper for facts "not subject to reasonable dispute." Fed. R. Evid. 201(b). Mr. Vukadinovich asks the Court to "take judicial notice of a specific statement of continuing fraud upon this Court." Mot. 1. But the purported "fraud" is simply that he and Judge Posner disagree about the facts. Mr. Vukadinovich alleges that Ms. Hutchens was paid a salary by the Center; Judge Posner believes that allegation is inaccurate (based on, among other things, IRS tax returns reporting that the Center paid "0" in salaries, *see* Dkt. 34-1 at 4, 24).[2] That factual dispute is not a "fraud on the Court," let alone the sort of indisputable statement of which the Court should take judicial notice. The Court should deny Mr. Vukadinovich's motion.

---

argues the merits of Mr. Vukadinovich's fraud allegations – specifically, whether Judge Posner's Alzheimer's symptoms are an obvious alternative explanation for his July 2019 statements that Mr. Vukadinovich claims are fraudulent. *See id.* at 2; *see also* Dkt. 39 at 8 & n.10 (discussing this issue in Judge Posner's reply).

[2] Mr. Vukadinovich offers zero support for his claim that there was any "submission of false information to the Internal Revenue Service," Mot. 3. However, Mr. Vukadinovich does not contest that the tax returns are themselves subject to judicial notice.

Chicago, Illinois
October 12, 2022

/s/ Steven F. Molo

Steven F. Molo (admitted *pro hac vice*)
Kenneth E. Notter III (admitted *pro hac vice*)
MoloLamken LLP
300 N. LaSalle Street
Chicago, IL  60654
(312) 450-6700
smolo@mololamken.com
knotter@mololamken.com

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY  10016
(212) 607-8160
jellis@mololamken.com

David Beach
Eichhorn & Eichhorn LLP
2929 Carlson Drive, Suite 100
Hammond, IN  46323
dbeach@eichhorn-law.com

*Attorneys for Hon. Richard A. Posner*

3

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 12, 2022, the foregoing was electronically filed with the Clerk of the Court via CM/ECF and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on *pro se* Plaintiff Brian Vukadinovich per his agreement to receive such papers via email.

/s/ Steven F. Molo
Steven F. Molo