IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

⚬FILED⚬

OCT 17 2022

At _____M
GARY T. BELL, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

BRIAN VUKADINOVICH,            )
                               )
            Plaintiff,         )
                               )
      v.                       )     CASE NO. 2:22-CV-00118 TLS-JPK
                               )
RICHARD A. POSNER,             )
                               )
            Defendant.         )

**REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR JUDICIAL NOTICE**

The Plaintiff, Brian Vukadinovich, pro se, files this reply to the Defendant's response in

opposition to Plaintiff's motion for judicial notice.

## I. PLAINTIFF'S MOTION FOR JUDICIAL NOTICE IS PROCEDURALLY PROPER

The Defendant incorrectly argues that Plaintiff's motion for judicial notice is procedurally

improper. The Federal Rules of Evidence expressly states that "The court may take judicial

notice **at any stage of the proceeding**." Fed. R. Evid. 201 (d). [emphasis added]. The fact that

Plaintiff filed his motion for judicial notice after Defendant filed his reply to Plaintiff's motion

for judicial notice regarding the Defendant's fraud upon this Court surrounding the issue about

whether the Posner Center paid Joyce Hutchens a salary is of no moment, as the governing rule

makes it crystal clear that "The court may take judicial notice **at any stage of the proceeding**."

Fed. R. Evid. 201 (d). Furthermore, A court **is required** to take judicial notice "**if requested by

a party and supplied with the necessary information**." Fed. R. Evid. 201(d). [emphasis

added]. Because the court may take judicial notice at any stage of the proceeding, and because

the Plaintiff has requested that this Court take judicial notice as to the Defendant's fraud

1

pertaining to the false statements made to this Court regarding the misrepresentations that the Posner Center never paid a salary to any employees, when in fact it paid a salary to Joyce Hutchens, and because Plaintiff has supplied the necessary information to this Court, this Court should now take judicial notice of the facts presented in his motion for judicial notice.

### A.    Plaintiff's Motion for Judicial Notice Is Not a "Surreply"

The Defendant mischaracterizes Plaintiff's motion for judicial notice as a "surreply". The Plaintiff's motion is an independent motion filed under the Federal Rules of Evidence. The Defendant's citing of *SEC v. Miller*, No. 15-cv-519, 2019 WL 4316733, at *3 (N.D. Ind. Sept. 12, 2019) (citing N.D. Ind. L.R. 7-1(d) is misplaced. N.D. Ind. L.R. 7-1(d) cannot preclude a party from filing a motion for judicial notice done under the province of the Federal Rules of Evidence which may be done **at any stage of the proceeding**." Fed. R. Evid. 201 (d).

*SEC v. Miller, Id.*, involved a "surreply" per se, which is distinguishable from the motion for judicial notice in the instant matter. In *SEC* the court stated "Local Rule 7-1(d) provided for the filing of responses and replies, but no surreply." Because Plaintiff's motion is a motion for judicial notice, filed under the Federal Rules of Evidence, *SEC v. Miller* is inapplicable to the facts and circumstances as to the instant issue because a motion for judicial notice does not fall under Local Rule 7-1(d), of which local rule addresses filing issues as to summary judgement motions and motions filed under the "Federal Rules of Civil Procedure". Local Rule 7-1(d) does not at all address in any way the "Federal Rules of Evidence", and as such, the Defendant's citing of Local Rule 7-1(d) is woefully misplaced here.

### A.    Plaintiff's Motion Should Not Be Denied Because the Relief It Seeks is Relevant

The Defendant Amazingly states to this Court that "Mr. Vukadinovich's motion should also be denied because the relief it seeks is irrelevant." How could the relief that Plaintiff's

motion seeks be irrelevant when it was the Defendant who explicitly raised the issue, and thereby made it relevant? The Defendant and his lawyers have conveniently forgotten that it was they who [falsely] stated to this Court in a Memorandum of Law filed in this Court on July 11, 2022, (Document 22, page 10) (in speaking as to tax information filed with the IRS) that "Those returns state that the Center paid $0 in salaries to employees and staff in either year." The Defendant yet again reiterated this falsehood in another filing to this Court on August 8, 2022, (Document 34, page 12). In Defendant's August 8, 2022 filing, the Defendant falsely stated to this Court that the Center "never paid any employee a salary" (Document 34, page 8). And if those false representations in two separate filings to this Court weren't enough, the Defendant and his lawyers continued their fraud upon this Court in yet another filing on September 26, 2022, this time even going further by falsely stating that "the Center paid Ms. Hutchens a $8,020 salary is incorrect." (Document 39, page 12). The Defendant's statement that it was "incorrect" that the Center paid Ms. Hutchens an $8,020 salary was false because the $8,020 figure was a salary that Ms. Hutchens recouped in a settlement after threatening to sue Richard A. Posner for failing to pay her wages. And the Defendant and his lawyers brazenly embarked on a very dangerous game of word play by going on to state to this Court "As the 2019 return shows, the Center paid her a settlement, not a salary…" which was another false statement as the "settlement" was payment for her (Joyce Hutchens) lost wages.[1] And the Defendant and his lawyers went on to further falsely state to this Court that "In any event, Mr. Vukadinovich's

---

[1] Stating that the Posner Center "paid $0 in salaries to employees" and "did not" pay Joyce Hutchens a salary, while submitting IRS income tax records to perpetuate these fraudulent statements, constitutes a fraud upon this Court and raises questions about potential tax evasion and tax fraud violations. In light of the Defendant's continual fraud upon this Court in arguing that Joyce Hutchens was not paid a salary to wrongfully bolster his false argument that the Posner Center "never paid any employee a salary", Plaintiff would respectfully suggest that this Court hold an evidentiary hearing and order Joyce Hutchens to appear and testify about her salary arrangement with the Posner Center, of which testimony would demonstrate evidence of the Defendant's fraud upon this Court which is being perpetuated by his lawyers.

allegations are irrelevant because whether the Center paid Ms. Hutchens a salary (and it did

not)...." is a false statement in stating that the Center "did not" pay Ms. Hutchens a salary as the

Center did indeed pay Ms. Hutchens a salary.  (Document 39, page 12).

It is preposterous for the Defendant and his lawyers to argue that Plaintiff "...never

explains how Ms. Hutchens's purported salary would be relevant to his claims against Judge

Posner."  It was the **Defendant,** not Plaintiff, who raised the issue of Ms. Hutchens's salary issue.

Plaintiff never raised the issue, the **Defendant** raised the issue and thereby made it relevant to

the claims against the Defendant.  Since the **Defendant** falsely asserted to this Court that the

Center "never paid any employee a salary" and that "Those [IRS] returns state that the Center

paid $0 in salaries to employees and staff in either year." the issue now is very relevant in several

different ways.  For one thing, the false statements demonstrate that the Defendant, through his

lawyers, has no problem in submitting false statements to this Court, and for another thing, the

issue of the Defendant trying to not pay an employee's salary demonstrates a modus operandi of

hiring people to work for him with the intention of stiffing them, as Defendant previously did

with Joyce Hutchens who had to threaten the Defendant with a lawsuit for her entitled wages —

which resulted in the $8,020 "settlement"— which of course is evidence of Defendant's illicit

manner of doing things in persuading people to work for him, and then try to stiff them, which is

exactly what the Defendant did to Plaintiff.  It demonstrates a pattern of illicit behavior of the

Defendant.  Indeed the fact of the Defendant's attempt to stiff Ms. Hutchens from her wages is

quite relevant to Plaintiff's claims against the Defendant as it is proof of the Defendant's illicit

way of doing things when it comes to stiffing people that he hires to work for him.  And the fact

that the Defendant through his lawyers are lying about the Hutchens salary issue in falsely

stating to this Court that she never received a salary, is evidence that the Defendant has no

problem in utilizing false arguments to try to win a legal point, and for that, the issue he himself created with his falsehoods as heretofore discussed on this issue makes the issue very relevant.

These false statements are a continuation of the fraud upon this Court in connection to the earlier false statements to this Court when the Defendant and his lawyers submitted documents to this Court falsely stating that the Center "never paid any employee a salary" (Document 34, page 8) and falsely stated to this Court in an earlier Memorandum of Law filed in this Court (Document 22) at page 3 (in speaking as to tax information filed with the IRS) that "Those returns state that the Center paid $0 in salaries to employees and staff in either year." Thus, the aggregated false statements to this Court constitute a fraud upon this Court and the submission of false information to the Internal Revenue Service (IRS) in connection to the aforementioned false statements constitute a fraud upon the Internal Revenue Service (IRS). This Court should accordingly take judicial notice of the heretofore stated false statements pursuant to Rule 201 of the Federal Rules of Evidence.

The Defendant can hardly argue that the issue of whether the Posner Center paid any employees is "irrelevant" when it was the Defendant who brought the issue into this litigation, which made it relevant. The conundrum that the Defendant and his lawyers are in now are the makings of the Defendant and his lawyers. The Defendant and his lawyers spun a web of deceit, and now have been caught in it. They made their bed and now they must lie in it, as uncomfortable as it might be for them.

Defendant is correct in arguing that under Rule 201, courts only take judicial notice of facts if they are relevant to the case, and that is exactly why this Court should take judicial notice of the facts presented in Plaintiff's motion for judicial notice. The Defendant's reliance on *Liberty Mut. Ins. Co. v. Dometic Corp.* 371 F. Supp. 3d 472, 474 (N.D. Ind. 2019) is completely

5

misplaced as the case involved a new consolidated class action complaint to which Liberty

Mutual asked the court to take judicial notice of, and then Liberty Mutual subsequently agreed

that the court needn't take notice of the consolidated class action complaint to resolve the issues

relevant to the motions for judgment on the pleading.  Because the parties agreed that the

consolidated class action complaint was irrelevant to the dispositive motions before the court, the

court declined to take judicial notice.  Here, the facts and circumstances are patently dissimilar to

*Liberty Mutual* as this case a) does not involve a consolidated class action complaint, b) there is

no agreement between the parties that the information in the motion for judicial notice is

irrelevant to the issues in this case, and c) the information in the motion for judicial notice is

indeed relevant to the issues in this case.

## II.  PLAINTIFF'S OBJECTION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE SHOULD NOT BE DISREGARDED

The Defendant again inappropriately mischaracterizes Plaintiff's "objection" to

Defendant's request for judicial notice as a "surreply".  However, in point of fact, it is not a

"surreply", it is an "objection" per se.  To put things in proper perspective, the Defendant, made a

request to this Court in footnote number 10 on page 8 of Defendant's reply (Document 39, page

13), for this Court to take judicial notice "of the fact that common symptoms of dementia

disorders, including Alzheimer's disease, include paranoia, irritability, confusion, and agitation

with reference to Kaplan & Sadock's Comprehensive Textbook of Psychiatry (10th ed. 2017)",

which was the first time in this litigation that the Defendant and his lawyers have averred to

"paranoia, irritability, confusion, and agitation." —and have done so without providing any

medical evidence whatsoever in this litigation to demonstrate that these illnesses are even in play

in any way with respect to the contract between Plaintiff and Defendant.  It is interesting that

while the Plaintiff's objection is squarely about the Defendant's references to "paranoia,

irritability, confusion, and agitation with reference to Kaplan & Sadock's Comprehensive Textbook of Psychiatry (10th ed. 2017)", the Defendant's reply in opposition to Plaintiff's objection does not so much as mention "paranoia, irritability, confusion, and agitation with reference to Kaplan & Sadock's Comprehensive Textbook of Psychiatry (10th ed. 2017)" which is the central issue of the objection. [2]

### III.  PLAINTIFF'S MOTION HAS SIGNIFICANT MERIT

The Defendant very incorrectly states that Plaintiff's motion fails on the merits. Au contraire. It is preposterous for the Defendant to state that there is a reasonable dispute about the issue of the fraud upon this Court by the Defendant that is being advanced by his team of lawyers. The Defendant and his team of lawyers are operating on a very slippery slope and the fact that the Defendant chooses to maintain that the Center paid "0" in salaries to employees (Document 22, page 10, Document 34, page 12), and that the Center "never paid any employee a salary" (Document 34, page 8) and that "the Center paid Ms. Hutchens a $8,020 salary is incorrect." (Document 39, page 12) even though the Defendant knows that the $8,020 figure shown on the 2019 IRS tax form as a "settlement" that the Defendant submitted into these proceedings was a salary that Ms. Hutchens recouped in a settlement after threatening to sue the Defendant for failing to pay her wages. This Court should not be impressed with the cuteness of the Defendant and his lawyers' word game when they stated to this Court "As the 2019 return shows, the Center paid her a settlement, not a salary…" The evidence of these false statements

---

[2] The Defendant has provided no medical evidence whatsoever or so much as a verifiable statement from any medical specialists certifying that "paranoia, irritability, confusion, and agitation" had any bearing on the contract between Plaintiff and Defendant. All that has been presented are conclusory and questionable unsupported statements by lawyers, and that is not evidence. "A lawyer's unsupported statements are not evidence." *U.S. Sec. & Exch. Comm'n v. Miller*, Case No. 3:15-cv-519 JVB citing *Cf United States v. Adriatico-Fernandez*, 498 Fed. Appx. 596, 599 (7th Cir. 2012).

and gamesmanship shenanigans will be borne out should this Court decide to accept Plaintiff's suggestion to hold an evidentiary hearing and order Ms. Joyce Hutchens to appear and testify about the salary she was being paid and the $8,020 so called "settlement" that the Defendant and his lawyers refer to as to the 2019 IRS tax return document, which was salary that Ms. Hutchens recouped after threatening to sue the Defendant for non-payment of wages. Any dispute about this by the Defendant and his lawyers are done at the peril of fraud. A "reasonable" dispute is a dispute that is genuinely contradicted by fact, not fiction, and make no mistake about it, the so called dispute by Defendant and his lawyers is based on fiction ——which this Court will easily see if it decides to hold an evidentiary hearing and order Ms. Hutchens to appear and testify.

Yes, without question, as this Court will see in due time, the dispute is indeed a "fraud on the Court" by the Defendant and his team of lawyers of which this Court should take judicial notice. Once the truth actually comes out rather than the spewing of falsehoods by the Defendant and his team of lawyers, this Court will easily see that the Defendant and his team of lawyers have been operating in bad faith in a fraudulent manner. And in addition to the fraud upon this Court, there is an issue of fraud upon the IRS since the Defendant and/or his representative(s) provided false information to the IRS in submitting that the Center paid "0" in salaries to employees.

And then there is the cavalierness of the Defendant and his lawyers stating 'Mr. Vukadinovich offers zero support for his claim that there was any "submission of false information to the Internal Revenue Service."' Such a gallant statement gives new meaning to the old saying "be careful what you wish for". The Defendant argues that Plaintiff offers "zero support" for his claim that there was a submission of false information to the Internal Revenue Service, but this is not at all true as Plaintiff filed an affidavit with the Court attesting to the

8

information regarding the submission of false information to the Internal Revenue Service.  See

Affidavit of Brian Vukadinovich filed on September 12, 2022, page 7, no. 20.  (Document 37).

It is interesting that the Defendant, who controls custody of the information related to the

Posner Center, and the information pertaining to papers filed with the Internal Revenue Service,

and records of payment disbursements, would attempt to put the Plaintiff on the defensive

regarding submission of evidence issues, and yet the Defendant insisted that discovery be stayed

pending the resolution of the motion to dismiss.  In other words, Defendant prefers that

discovery be curtailed while at the same time he insists that Plaintiff provide certain forms of

information that is currently being held back from Plaintiff because of the stay of

discovery.   Once discovery commences, Plaintiff will conduct extensive discovery and

undoubtedly will unearth evidence that will demonstrate the fraudulent information that the

Defendant and/or his representative(s) provided to the IRS.  In the meantime, if this Court

decides to hold an evidentiary hearing, such evidence will quickly become a matter of record.[3]

The Defendant argues that the 'purported "fraud" is simply that he and Judge Posner

disagree about the facts.  Mr. Vukadinovich alleges that Ms. Hutchens was paid a salary by the

Center, **Judge Posner believes** that allegation is inaccurate (based on, among other things, IRS

tax returns reporting that the Center paid "0" in Salaries,…That factual dispute is not a "fraud on

the Court," let alone the sort of indisputable statement of which the Court should take judicial

notice.'  [emphasis added].  And yet while underscoring in his pleading that the Defendant

"believes" that the allegation regarding the issue of Ms. Hutchens being paid a salary is

---

[3] The Defendant's cavalier challenge that Plaintiff provide information that Defendant knows is in the control of the Defendant and/or Defendant's representative(s) and currently out of Plaintiff's reach due to the stay of discovery demonstrates the urgency for discovery. *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 821 (7th Circ. 2019).

inaccurate, the Defendant's lawyers have been spewing that the Defendant has lost his mental faculties due to Alzheimer's disease, paranoia, irritability, confusion, and agitation.[4]

Having the resources to hire a battery of lawyers from multiple states does not give a defendant, even a defendant who is a former federal judge, a license to submit false and fraudulent information in a federal court proceeding by submitting fraudulent misrepresentations as to the facts in order to avoid legal responsibility for his wrongful actions. While this Defendant publicly boasted that as a federal court of appeals judge he paid very little attention to legal rules, statutes, constitution provisions, and found it easy to get around Supreme Court precedent, this Defendant should not expect this Court to do the same. Unfortunately, the Defendant's actions in this litigation mirror his public professing of ignoring the integrity of how the judicial process is actually supposed to work.[5] A former federal judge who becomes a defendant in his personal capacity due to his wrongful actions is not entitled to any special

---

[4] It is interesting that throughout this litigation the Defendant's lawyers have been bringing up what started out as Alzheimer's, and have recently added in paranoia, irritability, confusion and agitation when it was time to come up for defenses against the breach of contract allegations against the Defendant, but yet, here in October 2022 the Defendant apparently has no problem with memory as his lawyers have stated to this Court when it comes to the issues of salary being paid to Ms. Hutchens that "**Judge Posner believes** that allegation is inaccurate (based on, among other things, IRS tax returns reporting that the Center paid "0" in Salaries". The question at this point is, how could the Defendant at this much later point in time be able to formulate such a belief if he doesn't have his mental faculties? So which is it, is the Defendant mentally impaired or not? The Defendant should hardly be claiming as a defense that he didn't have his mental faculties when it is time to defend against the breach of contract allegations, but then when it comes time to score legal points, he suddenly miraculously has his mental faculties. Something is very wrong with this picture. This certainly raises substantial questions about the integrity of the Defendant's legal arguments. Defendant cannot have it both ways, i.e., convenient dementia when defending against the breach of contract allegations, but miraculous memory resurgence when it comes time to score legal points.

[5] The Defendant in an interview with the New York Times stated "I pay very little attention to legal rules, statutes, constitutional provisions," and "When you have a Supreme Court case or something similar, they're often extremely easy to get around." An Exit Interview With Richard Posner, Judicial Provocateur - The New York Times (nytimes.com).

courtesies allowing him to skirt the rules. This Court should do the right thing in this litigation.

## IV. CONCLUSION

For all of the foregoing reasons, this Court should summarily overrule Defendant's

response in opposition to Plaintiff's motion for judicial notice and grant Plaintiff's motion.

Respectfully submitted,

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
(219) 956-2462

11

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 14, 2022, the foregoing was sent to the Clerk of the United States District Court for the Northern District of Indiana, Hammond Division, via U.S. Postal Service and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the Defendant's below listed counsel of record per agreement to receive such papers via email.

Justin M. Ellis
jellis@mololamken.com

Steven F. Molo
smolo@mololamken.com

Kenneth Notter
knotter@mololamken.com

David Beach
dbeach@eichhorn-law.com

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, IN 46392
Tel. (219) 956-2462