IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

-FILED-

FEB 17 2023

At _____ M
Chanda J. Berta, Acting Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

BRIAN VUKADINOVICH,        )
                           )
        Plaintiff,         )
                           )
v.                         )   CASE NO. 2:22-CV-0118-TLS-JPK
                           )
RICHARD A. POSNER,         )
                           )
        Defendant.         )

## MOTION FOR JUDICIAL NOTICE

The Plaintiff, pro se, files this motion to request that this Court take judicial notice of certain information contained within select documents filed by the Defendant in this cause of action.

The Federal Rules of Evidence apply to this Court, Fed. R. Evid 1101(a), and they allow for judicial notice "at any stage of the proceeding." Fed. R. Evid. 201(d). Federal Rule of Evidence 201(b)(2) permits judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court is required to take judicial notice "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Here the judicially noticeable information is contained within documents filed in this cause of action specifically, in Exhibits A and C to the "Declaration of Justin M. Ellis in Support of Judge Posner's Motion to Dismiss the Amended Complaint" wherein Mr. Ellis states each document to be a "true and accurate copy of the Form 990-EZ 2018 Short Form Return of the Posner Center of Justice for Pro Se's" of which documents were submitted to the United States Department of the Treasury/Internal Revenue Service. Plaintiff requests that the Court take

judicial notice of certain information stated on each particular form. The particular information necessitating judicial notice on Defendant's "Exhibit A" is located on "Part IV" of IRS 990 EZ Form for 2018 (**Document 34-1, page 5 of 27**) under the statement "List of Officers, Directors, Trustees and Key Employees (list each one even if not compensated...)" the following individuals are listed:

>Richard A. Posner, President
>Brian Crush, Director & Secretary
>Jona Goldschmidt, Director
>David Zarfes, Director
>Joshua Avratin, Director
>Dennis Rendelman, Director
>Matthew Dowd, Director

The particular information necessitating judicial notice on Defendant's "Exhibit C" is located on "Part IV" of IRS 990 EZ Form for 2018 (**Document 34-1, page 16 of 27**) under the statement "List of Officers, Directors, Trustees and Key Employees (list each one even if not compensated...)" the following individuals are listed:

>Richard A. Posner, President

Noticeably absent from both of these listings is Plaintiff's name as executive director of the Posner Center of Justice for Pro Se's, of which fact of omission should be judicially noticed by the Court as such omission of Plaintiff's name, which should have been included in this list, serves as admissible evidence of Defendant's fraud against Plaintiff when Defendant hired him in order to entice Plaintiff to work for him based on false representations in order that Defendant could unjustly enrich himself by receiving free services from Plaintiff. Because Plaintiff did not learn of this fraud until the Defendant submitted this document into evidence in this case on August 22, 2022, under the discovery rule, any statute of limitations did not begin to run until

August 22, 2022.

Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Courts may take judicial notice of undisputed matters of public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) including documents on file in federal or state courts. *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n. 2 (9th Cir. 2002).

This Court should take judicial notice of the fact that the Defendant did not list the Plaintiff's name in the "List of Officers, Directors, Trustees and Key Employees (list each one even if not compensated…)" notwithstanding that the Defendant led the Plaintiff to believe that he was employed as the executive director of the Posner Center of Justice for Pro Se's. This is revealing evidence not only of Defendant's scheme to convince Plaintiff to work for him as executive director of the Posner Center of Justice for Pro Se's in Defendant's scheme to receive free labor from Plaintiff, but also part of Defendant's scheme to entice Plaintiff to additionally provide advisory services to the Defendant in his personal matters in order to unjustly enrichen himself through free services provided by Plaintiff due to Defendant's fraud.

The Defendant's omission of Plaintiff's name as executive director of the Posner Center of Justice for Pro Se's is relevant evidence of Defendant's fraud in this matter and this Court should take appropriate judicial notice pursuant to Federal Rule of Evidence 201 of such fact of omission of Plaintiff's name as executive director of the Posner Center of Justice for Pro Se's from the Internal Revenue Service forms as such information was required to be disclosed by the

Defendant, but wasn't.

Wherefore, for the foregoing reasons Plaintiff respectfully requests that the Court take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the facts presented in this motion and that these adjudicative facts be considered in motions filed in this case, and for all other relief as is just and proper in the premises that the Court may deem as appropriate.

Respectfully submitted,

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. 219-956-2462

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 14, 2023, the foregoing was sent to the Clerk of the United States District Court for the Northern District of Indiana, Hammond Division, via U.S. Postal Service and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the Defendant's below listed counsel of record per agreement to receive such papers via email.

>Justin M. Ellis
>jellis@mololamken.com

>Steven F. Molo
>smolo@mololamken.com

>Kenneth Notter
>knotter@mololamken.com

>David Beach
>dbeach@eichhorn-law.com

*Brian Vukadinovich*

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, IN 46392
Tel. (219) 956-2462