IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

**-FILED-**
APR 19 2023
Chanda J. Berta, Acting Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

BRIAN VUKADINOVICH,    )
                      )
    Plaintiff,         )
                      )
    v.                 )   CASE NO. 2:22-CV-0118-TLS
                      )
RICHARD A. POSNER,     )
                      )
    Defendant.         )

### PLAINTIFF'S MEMORANDUM TO COURT REGARDING INORDINATE TIME PERIOD FOR RULING

#### I. FACTUAL HISTORY

This cause of action was filed on May 5, 2022 (Docket #1) to which Defendant Posner filed a motion to dismiss on July 11, 2022 (Docket #21). Plaintiff filed an amended complaint on August 1, 2022 (Docket #30) and the Court denied Defendant's motion to dismiss on August 8, 2022 as moot in light of the filing of the amended complaint (Docket #32). The Defendant then filed a motion to dismiss the Plaintiff's amended complaint on August 22, 2022 (Docket #33) and Plaintiff filed his response to the motion to dismiss on September 12, 2022 (Docket #36) to which the Defendant filed a reply on September 26, 2022 (Docket #39).[1]

#### II. THE INORDINATE TIME PERIOD FOR LACK OF RULING

In just a few days it will be eight months since the Defendant filed his motion to

---

[1] There are two other motions which remain unruled upon, i.e., Plaintiff's Motion for Judicial Notice filed on September 30, 2022 (Docket #40) and a Motion for Judicial Notice filed on February 17, 2023 (Docket #44).

1

dismiss and there has been no ruling.[2] A motion to dismiss is a much less complicated motion to deal with than a motion such as a motion for summary judgment of which motions are routinely ruled upon in much less than eight month's time. It is somewhat perplexing to understand what is taking so long for a ruling here? The inordinate time period of this ruling is causing substantial prejudice against Plaintiff's rights to discovery in this matter and thereby has prevented him from obtaining information that will help him prove his case.[3] Furthermore, given the age of the Defendant and his purported illness, time is of the essence in this litigation. If the Defendant should unfortunately pass away, then any judgment Plaintiff would receive after that would in all likelihood be worthless as the Defendant's wife, who has purported to be the Defendant's power of attorney, would have undoubtedly shielded the Defendant's assets in some way, shape or form to make the assets judgement proof. The axiom *"Justice delayed is justice denied."* famously stated by William E. Gladstone is an understatement here.

The Defendant here, Richard A. Posner, as a judge, was highly critical of a district judge who held motions for summary judgment under advisement for **eight months** of which motions were then referred to a magistrate where they remained for another seven months to which the district judge took another four and a half months to rule. The very Defendant here, as a judge, admonished that "There is no justification for such delay. It is time that the district judge took firm control of this case and guided it to a swift conclusion. The governing principles are clear,..." *Nelson, Jr. v. Streeter*, 16 F.3d 145 (7th Cir. 1994).

---

[2] The Defendant's motion to dismiss the amended complaint was filed on August 22, 2022 (Docket #33).

2

### III. CONCERN THAT THE DEFENDANT IS RECEIVING "SPECIAL STATUS" BECAUSE HE IS A FORMER FEDERAL JUDGE

At the outset of this litigation the Defendant's lawyers made sure that this Court understood that the Defendant here, Richard A. Posner, is a former federal court of appeals judge. In the Defendant's very first sentence of Defendant's memorandum in support of his motion to dismiss, his attorneys stated to this Court "Following a distinguished thirty-six-year judicial career, Judge Posner retired from the U.S. Court of Appeals for the Seventh Circuit in September 2017. See Fed. Jud. Ctr., "Posner, Richard USDC IN/ND case 2:22-cv-00118-TLS-JPK". (Docket # 34).[4]

The Defendant here is a Defendant in his personal capacity, not in any judicial capacity. As such, the reference to the Defendant's former position as a federal court of appeals judge and the reference to the Federal Judicial Center (FJC) as to Defendant Posner's judicial career containing information about his political appointments and so forth have absolutely no relevance to this case, and it was inappropriate for the Defendant and his attorneys to remind this Court that the Defendant was a former federal court of appeals judge; this was very obviously done to curry favor from this Court.

There are concerns here in light of the inordinate time period for a ruling when taken in context with the Defendant's and his attorneys' explicitly stated reminder to this Court that the Defendant is a former federal court of appeals judge. There is already a

---

[3] Discovery has been stayed until the ruling on Defendant's motion to dismiss. (Docket #24)
[4] Plaintiff appropriately addressed many less than "distinguished" things attributed to the Defendant, Richard A. Posner, as to his conduct from his 36 year judicial career as a federal court of appeals judge for the U.S. Court of Appeals for the Seventh Circuit, such as his public denouncements for legal rules, statutes, constitutional provision, and Supreme Court precedent, and a host of other issues attributed to the Defendant as a federal court of appeals judge. (see Plaintiff's memorandum response in opposition to Defendant's motion to dismiss. Docket #36).

3

very low opinion level by the general public of the federal judiciary and Supreme Court as according to a recently released Gallup poll, only 25% of respondents have confidence in the federal judiciary and U.S. Supreme Court. <u>A record low 25 percent of Americans have confidence in the Supreme Court: poll (msn.com)</u>. The public is even furthermore at a tipping point with the ongoing Clarence Thomas fiasco, and there most certainly will be a public uproar if this Court chooses to allow itself to be walked into the Defendant's subliminal invitation to afford favoritism to this Defendant because of this Defendant's former position as a federal court of appeals judge. For if any such favoritisms are afforded to Defendant Richard A. Posner because of his former position as a federal court of appeals judge, there is will be a consequential public uproar, that is a given.

The inordinate time period of the ruling is quite concerning, and has already caused substantial prejudice to Plaintiff's preparation of his case as he has not been able to conduct needed and necessary discovery that will indeed serve as evidence to help prove his case. This Court has information before it regarding fraud upon this Court, and also, fraud upon the IRS, and it should not allow itself to be played by this Defendant and his team of lawyers. If this Court is harboring a pressure of any kind to afford favoritism to this Defendant, Richard A. Posner, and his team of lawyers, because of the Defendant's former position as a federal court of appeals judge, then this Court should recuse itself. There is a reason that the Defendant's lawyers interjected into the pleadings the fact of the Defendant's former position as a federal court of appeals judge, and we all know why. The question is, has this Court been influenced by the fact that the Defendant Richard A. Posner was a former federal court of appeals judge, and is this why this Court is sitting on

the ruling on the motion to dismiss for almost eight months now, all while the Plaintiff is prevented from conducting discovery, and all while the Defendant's life span shortens, and if so, then this Court should recuse itself. The Defendant's motion should be clearly denied and this matter should be placed on this Court's calendar for a jury trial at the Court's earliest available date.

                                  Respectfully submitted,

                                  *Brian Vukadinovich*

                                  Brian Vukadinovich, Pro Se
                                  1129 E. 1300 N.
                                  Wheatfield, Indiana 46392
                                  (219) 956-2462

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 17, 2023, the foregoing was sent to the Clerk of the United States District Court for the Northern District of Indiana, Hammond Division, via U.S. Postal Service and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the Defendant's below listed counsel of record per agreement to receive such papers via email.

> Justin M. Ellis
> jellis@mololamken.com
>
> Steven F. Molo
> smolo@mololamken.com
>
> Kenneth Notter
> knotter@mololamken.com
>
> David Beach
> dbeach@eichhorn-law.com

*Brian Vukadinovich*

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, IN 46392
Tel. (219) 956-2462