**-FILED-**

MAY 08 2023

At
Chanda J. Bela, Acting Clerk M
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BRIAN VUKADINOVICH,                )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        CASE NO. 2:22-CV-0118-TLS
                                   )
RICHARD A. POSNER,                 )
                                   )
            Defendant.             )

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AUDIT AND FREEZING OF DEFENDANT'S ASSETS

### I. FACTUAL HISTORY

This is a cause of action that was filed on May 5, 2022 (Docket #1) against Defendant

Richard A. Posner for breach of contract arising from Defendant's failure/refusal to pay for

services provided by Plaintiff to Defendant, to which Defendant Posner filed a motion to dismiss

on July 11, 2022 (Docket #21). To date, the matter remains unruled upon.

The record of Defendant's fraud and fraudulent arguments by Defendant's lawyers in this

litigation is replete with fraud. During the course of this litigation the Defendant's lawyers have

submitted fraudulent arguments falsely stating to this Court in a Memorandum of Law filed on

July 11, 2022, (Docket #22, page 10) (in speaking as to tax information filed with the IRS) that

"Those returns state that the Center paid $0 in salaries to employees and staff in either year."

And further reiterated this falsehood in another filing to this Court on August 8, 2022, (Docket

#34, page 12) that the Center "never paid any employee a salary" (Docket #34, page 8) and even

further continued their fraud upon this Court in yet another filing on September 26, 2022, when

1

the Defendant and his lawyers continued their falsehoods by falsely stating that "the Center paid

Ms. Hutchens a $8,020 salary is incorrect." (Docket #39, page 12). [1]

The record of Defendant's fraud is further demonstrated in an Internal Revenue Service

(IRS) document appearing on Defendant's "Exhibit A" which was attached to Defendant's motion

to dismiss (**Document 34-1, page 5 of 27**) located on "Part IV" of IRS 990 EZ Form for 2018

under the statement "List of Officers, Directors, Trustees and Key Employees (list each one even

if not compensated…)" where the following individuals are listed:

> Richard A. Posner, President
> Brian Crush, Director & Secretary
> Jona Goldschmidt, Director
> David Zarfes, Director
> Joshua Avratin, Director
> Dennis Rendelman, Director
> Matthew Dowd, Director

And of which fraud is also demonstrated on Defendant's "Exhibit C" (**Document 34-1, page 16**

**of 27**) located on "Part IV" of IRS 990 EZ Form for 2018 under the statement "List of Officers,

Directors, Trustees and Key Employees (list each one even if not compensated…)" the following

individuals are listed:

> Richard A. Posner, President

This Court can readily see that noticeably absent from both of these listings is Plaintiff's

name as executive director of the Posner Center of Justice for Pro Se's, of which omissions of

Plaintiff's name demonstrates evidence of Defendant's fraud in enticing Plaintiff to work for him

under fraudulent misrepresentations in order to obtain free services obtained by way of

Defendant's fraud, and further evidences Defendant's fraud upon the IRS since Defendant was

---

[1] Plaintiff addressed these fraudulent arguments in detail in a Motion for Judicial Notice filed on September 12, 2022 (Docket #38) and a Motion for Judicial Notice filed on September 30, 2022 (Docket #40) both of which motions remains unruled upon to date.

obligated to state Plaintiff's name on the Internal Revenue Service (IRS) form as an "Officer/Director" of the Posner Center.[2]

The record in this litigation demonstrates that the Defendant's wife, Charlene H. Posner, signed an Internal Revenue Service (IRS) document of which IRS document contained false information as heretofore stated, i.e., IRS 990 EZ Form for 2019 signed by Charlene H. Posner as POA for Richard A. Posner bearing date of July 15, 2019 (**Document 34-1, Pages 15-25**).[3] Because the Defendant's wife, Charlene H. Posner, became directly involved in signing onto false and fraudulent information to the Internal Revenue Service (IRS), of which false and fraudulent information was unwittingly submitted to this Court by Defendant and his lawyers, there is a substantial concern as to the likelihood that the Defendant's wife, Charlene H. Posner, will undertake, if not already undertaken, action to wrongfully shield Defendant's assets in order to insulate Defendant from paying his debt to Plaintiff.

## II.  **LEGAL ARGUMENT**

Under Indiana law, in the decision of, *Hoesman v. Sheffler*, 886 N.E.2d 622 (Ind. Ct. App. 2008) this Court has a legal basis to take appropriate action against the wrongful transfer of Defendant Posner's assets under the Fraudulent Transfers Act pursuant to Indiana Code section 32-18-2-14. Further Indiana authority is vested in the decision of *Lee's Ready Mix & Trucking v. Creech*, 660 N.E.2d 1033 (Ind. Ct. App. 1996) where the Indiana Court of Appeals made clear that fraudulent intent can be inferred from certain indicia called "badges of fraud" which includes among several thing "**the transfer of property by a debtor during the pendency of a suit**"

---

[2] Plaintiff addressed the fraud upon the Internal Revenue Service (IRS) in detail in a Motion for Judicial Notice filed on February 17, 2023 (Docket #44) also of which motion remains unruled upon to date.

[3] Plaintiff addressed the action of Charlene H. Posner signing the Internal Revenue Service document in detail in a Motion for Judicial Notice filed on September 12, 2022 (Docket #38)

[emphasis added] citing *U.S. Marketing Concepts, Inc. v. Don Jacobs Buick-Subaru, Inc.*, 547 N.E.2d 892,894 (Ind. Ct. App. 1989). Thus, with the evidence of the Defendant's fraudulent conduct by way of fraudulent arguments to this Court and fraudulent information submitted to the Internal Revenue Service (IRS) to which the Defendant's wife, Charlene H. Posner, signed onto on official Internal Revenue (IRS) documents, in light of the demonstrated fraud shown in this litigation this court has a substantial basis under fact and law to grant Plaintiff's motion for an audit of Defendant's assets and an order freezing said assets including all assets that may have already been transferred to the Defendant's wife, Charlene H. Posner, or any other relatives or persons or entities.

### III. <u>CONCLUSION</u>

The Plaintiff's motion is well grounded in fact and law and this Court should grant Plaintiff's motion and conduct an audit of Defendant's assets and issue an order freezing said assets including all assets that may have been transferred to the Defendant's wife, Charlene H. Posner, or any other relatives or persons or entities.

Respectfully submitted,

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. 219-956-2462

4

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 5, 2023, the foregoing was sent to the Clerk of the United States District Court for the Northern District of Indiana, Hammond Division, via U.S. Postal Service and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the Defendant's below listed counsel of record per agreement to receive such papers via email.

Justin M. Ellis
jellis@mololamken.com

Steven F. Molo
smolo@mololamken.com

Kenneth Notter
knotter@mololamken.com

David Beach
dbeach@eichhorn-law.com

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. 219-956-2462

5