

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BRIAN VUKADINOVICH,       )
                          )
      Plaintiff,          )
                          )
v.                        )   CASE NO. 2:22-CV-0118-TLS
                          )
RICHARD A. POSNER,        )
                          )
      Defendant.          )

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
DISQUALIFICATION AND RECUSAL OF JUDGE
THERESA L. SPRINGMANN**

### I. FACTUAL HISTORY

This cause of action was filed on May 5, 2022 (Docket #1) to which Defendant Posner filed a motion to dismiss on July 11, 2022 (Docket #21). Plaintiff filed an amended complaint on August 1, 2022 (Docket #30) and the Court denied Defendant's motion to dismiss on August 8, 2022 as moot in light of the filing of the amended complaint (Docket #32). The Defendant then filed a motion to dismiss the Plaintiff's amended complaint on August 22, 2022 (Docket #33) and Plaintiff filed his response to the motion to dismiss on September 12, 2022 (Docket #36) to which the Defendant filed a reply on September 26, 2022 (Docket #39).

On May 8, 2023, Plaintiff filed a Motion for Audit and Freezing of Defendant's Assets (Docket #48) and Memorandum of Law in Support of Motion for Audit and Freezing of Defendant's Assets (Docket #49). On May 10, 2023, Judge Theresa L. Springmann issued an order referring the Defendant's motion to dismiss and three

1

motions for judicial notice by Plaintiff to Magistrate Joshua P. Kolar for report and recommendation and also for any dispositive matters that may arise in the motion to dismiss. (Docket #50). The order by Judge Springmann did not explain why she sat on the motion to dismiss and motions for judicial notice for such an inordinate time period, for well over eight months.

## II. THE RECORD STONGLY SUGGESTS THAT JUDGE THERESA L. SPRINGMANN IS BIASED IN FAVOR OF DEFENDANT RICHARD A. POSNER BECAUSE OF HIS FORMER POSITION AS A FEDERAL COURT OF APPEALS JUDGE

To put things in context as to this motion for disqualification and recusal, it should be noted that the Defendant quickly reminded this Court in the very first sentence of his memorandum in support of his motion to dismiss filed on August 22, 2022, of his previous status as a federal court of appeals judge when his attorneys wasted no time in stating to this Court "Following a distinguished thirty-six-year judicial career, Judge Posner retired from the U.S. Court of Appeals for the Seventh Circuit in September 2017. See Fed. Jud. Ctr., "Posner, Richard Allen," https://bit.ly/3QAMLEo. (Docket #34).[1] This statement was made to this Court notwithstanding that the Defendant here is a Defendant in his **personal** capacity, **not** in any **judicial** capacity. [emphasis added]. The Defendant's reference to the "Fed. Jud. Ctr., "Posner, Richard Allen," https://bit.ly/3QAMLEo" as to Defendant Posner's judicial career containing information

---

[1] Plaintiff appropriately addressed many less than "distinguished" things attributed to the Defendant, Richard A. Posner, as to his conduct from his 36 year judicial career as a federal court of appeals judge for the U.S. Court of Appeals for the Seventh Circuit, such as his public denouncements for legal rules, statutes, constitutional provision, and Supreme Court precedent, and a host of other issues attributed to the Defendant as a federal court of appeals judge. (see Plaintiff's memorandum response in opposition to Defendant's motion to dismiss, Docket #36).

2

about his political appointments and so forth have absolutely no relevance to this case, and such reference was clearly made to obviously curry favor from this Court because of the Defendant's career in the judiciary —and it clearly worked. The message was loud and clear, only the naïve would believe otherwise.

The record very clearly demonstrates that Judge Springmann sat on the motion to dismiss, and related motions, for well over eight months with no issuance of a ruling, and there is no rhyme or reason for it —at least none enunciated by the Court. A motion to dismiss is a much less complicated motion to deal with than a motion such as a motion for summary judgment of which motions are routinely ruled upon in much less than eight months time, and it is perplexing to understand why Judge Springmann didn't issue a ruling on the motion(s) during the well over eight month inordinate time period? The only rational conclusion is that Judge Springmann was influenced by the message sublimely stated to the Court when the Defendant explicitly reminded the Court that he (Defendant Posner) was a former federal court of appeals judge and pointed to the "Fed. Jud. Ctr., "Posner, Richard Allen," https://bit.ly/3QAMLEo" in making the point.

This Court's inordinate time period for the ruling has caused, and continues to cause, substantial prejudice against Plaintiff's rights to discovery in this matter and thereby has prevented him from obtaining information that will help him prove his case. Furthermore, as this Court well knows, given the age of the Defendant and his purported illness, time is of the essence in this litigation. If the Defendant should unfortunately pass away, then any judgment Plaintiff would receive after that would in all likelihood be worthless as the Defendant's wife, who has purported to be the Defendant's power of

attorney, would have undoubtedly shielded the Defendant's assets in some way, shape or form, to make the assets judgement proof. And even furthermore, this Court well knows that it has information before it regarding fraud upon this Court, perpetrated by the Defendant Richard A. Posner and his lawyers, and also, fraud upon the IRS. by Defendant and his wife, Charlene Posner, who has purported to be Defendant's power of attorney.[2] This Court should not be providing any protectionism to the Defendant and his lawyers in the face of the demonstrated and documented fraud upon this court and fraud upon the IRS. Such complicity would render this Court as a criminal enterprise should it choose to play along and protect this Defendant and his lawyers from the demonstrated frauds as heretofore and previously addressed and documented to this Court. *U.S. v. Murphy*, 768 F.2d 1518, 1531 (7th Cir. 1985).

The United States Court of Appeals for the Seventh Circuit was highly critical of a district judge who held motions for summary judgment under advisement for **eight months** of which motions were then referred to a magistrate where they remained for another seven months to which the district judge took another four and a half months to rule in admonishing that "There is no justification for such delay. It is time that the district judge took firm control of this case and guided it to a swift conclusion. The governing principles are clear,..." *Nelson, Jr. v. Streeter*, 16 F.3d 145 (7th Cir. 1994).[3] What the Seventh Circuit criticized in *Nelson v. Streeter* is precisely what is taking place

---

[2] See "Motion for Judicial Notice" filed on September 12, 2022 (Docket #38), "Motion for Judicial Notice" filed on September 30, 2022 (Docket #40) and Motion for Judicial Notice filed on February 17, 2023 (Docket #44).

[3] It should be noted that the author of the opinion in *Nelson, Jr. v. Streeter*, 16 F.3d 145 (7th Circ. 1994)

4

here with the lack of ruling in over **eight months** and then referring to a magistrate for further delay. [emphasis added].

### A. JUDGE SPRINGMANN HAS VIOLATED THE CODE OF CONDUCT FOR UNITED STATES JUDGES AND THERBY MUST BE DISQUALIFIED AND RECUSED FROM THIS CASE

Canon 1 of the Code of Conduct for United States Judges explicitly states "An independent and honorable judiciary is indispensable to justice in our society. A judge should maintain and enforce high standards of conduct and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective." It is written under "Commentary" to Canon 1 of the Code of Conduct for United States judges that "Deference to the judgements and rulings of courts depends on public confidence in the integrity and independence of judges. The integrity and independence of judges depends in turn on their acting without fear or favor. Although judges should be independent, they must comply with the law and should comply with this Code. Adherence to this responsibility helps to maintain public confidence in the impartiality of the judiciary. Conversely, violation of this Code diminishes public confidence in the judiciary and injures our system of government under law."[4]

---

was none other than the Defendant here, Richard A. Posner.

[4] In light of the message submitted to this Court by Defendant and his lawyers reminding this Court that this Defendant is a retired federal court of appeals judge, coupled with the fact that this Court has remained silent as to the frauds committed upon this Court and the frauds committed upon the IRS by this Defendant and his lawyers, and with this Court's failure to issue a ruling on the motion to dismiss and relevant motions thereto, which in effect prejudices Plaintiff's case as such failure to timely rule serves to prevent Plaintiff from conducting important discovery, clearly requires disqualification and recusal by Judge Theresa L. Springmann based upon the appearance of her favoritism toward the Defendant.

5

Canon 2(A) of the Code of Conduct for United States judges explicitly states "A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Commentary under Canon 2(A) explicitly states that "An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired. Because it is not practical to list all prohibited acts, the prohibition is necessarily cast in general terms that extend to conduct by judges that is harmful although not specifically mentioned in the Code. Actual improprieties under this standard include violations of law, court rules, or other specific provisions of this Code."[5]

It should be noted that Canon 3 of the Code of Conduct for United States Judges is titled "A Judge Should Perform the Duties of the Office Fairly, Impartially and **Diligently**" [emphasis added]. And it should be noted that Canon 3(A)(5) explicitly states "**A judge should dispose promptly of the business of the court**." [emphasis added].[6] While Canon 3(A)(5) requires a judge to "promptly" dispose of the business of

---

[5] The fact that Judge Springmann sat on the motion to dismiss and related motions for well more than eight months which prevented Plaintiff from conducting crucial discovery, and then simply referred the issue to the magistrate shortly after Plaintiff filed a memorandum regarding the Court's dilatory conduct in failing to issue a timely ruling, and shortly after Plaintiff filed a motion for an audit and freezing of Defendant's assets, demonstrates a clear concern for integrity and impartiality and appearance of impropriety requiring recusal of Judge Theresa L. Springmann.

[6] Under "Commentary" it is written with respect to Canon 3(A)(3) "The duty to hear all proceedings fairly and with patience is not inconsistent with the duty to dispose **promptly** of the business of the court..." [emphasis added].

6

the court, Judge Springmann most certainly did not do so as the record clearly demonstrates that she sat on the motion to dismiss and related motions for well over eight months and did nothing until Plaintiff filed his "Memorandum to Court Regarding Inordinate Time for Ruling" on April 19, 2023 (Docket #47), and his "Motion for Audit and Freezing of Defendant's Assets" (Docket # 48) and accompanying "Memorandum of Law in Support of Motion for Audit and Freezing of Defendant's Assets" (Docket #49) on May 8, 2023, at which time Judge Springmann entered an order referring the matter to Magistrate Kolar on May 10, 2023. (Docket #50).[7] Judge Springmann could have easily referred the motion to dismiss issue to Magistrate Kolar at the time if was filed on May 8, 2023, for prompt resolution as is required under Canon 3(A)(5), but she didn't, because of her partiality to the Defendant, a former federal court of appeals judge, to which she was explicitly reminded by the Defendant and his lawyers in in the very first sentence of their memorandum in support of his motion to dismiss filed on August 22, 2022. (Docket #34).[8]

Canon 3(C)(1) explicitly states "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:

---

[7] The United States Court of Appeals for the Seventh Circuit has established that "There is no justification for such delay" when a judge sits on a motion for eight months and then refers the motion to a magistrate. *Nelson, Jr. v. Streeter*, 16 F.3d 145 (7th Cir. 1994).

[8] Under "Commentary" it is written with respect to Canon 3(A)(5) "In disposing of matters **promptly, efficiently, and fairly**, a judge must demonstrate due regard for the rights of the parties to be heard and to have issues resolved without unnecessary cost or delay. [emphasis added]. A judge should monitor and supervise cases to reduce or eliminate dilatory practices, avoidable delays, and unnecessary costs."

7

(a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings".

It is very clear that Judge Springmann has a personal bias against Plaintiff and is favorably biased toward Defendant Richard A. Posner, a former federal court of appeals judge, to which she reacted in kind to the Defendant's reminder to her that he was a former federal court of appeals judge, when she sat on the motion to dismiss and related motions for well over eight months, during which time period Plaintiff was prevented from crucial discovery, and in all likelihood during which time period the Defendant's wife, Charlene Posner, shielded his assets.

### B. JUDGE SPRINGMANN SHOULD BE DISQUALIFIED FROM THIS CASE PURSUANT TO 28 U.S. CODE § 455

28 U.S. Code § 455(a) explicitly states "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his partiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge or disputed evidentiary facts concerning the proceeding;.."

It is clear that Judge Springmann's conduct of sitting on the motion to dismiss and related motions for well over eight months is violative conduct of 3(A)(5) of which cannon explicitly states "A judge should dispose **promptly** of the business of the court." [emphasis added]. The U.S. Court of Appeals for the Seventh Circuit has made crystal clear that "There is no justification for such delay..." for failure to rule on a dispositive

motion for eight months and then referring it to a magistrate-judge which results in even further delay. In speaking to this issue, the Seventh Circuit admonished that "The governing principles are clear,..." *Nelson, Jr. v. Streeter*, 16 F.3d 145 (7th Cir. 1994).

According to the Cornell Law School / Legal Information Institute, the Due Process clauses of the United States Constitution require judges to recuse themselves in two situations"

1. Where the judge has a financial interest in the case's outcome,

2. Where there is otherwise a strong possibility that the judge's decision will be biased.

According to the Cornell article, in either case, it does not matter whether or not the judge is actually biased. What matters is that even if the judge is not biased, the high probability of bias still damages the integrity of the judicial system. Any party in a lawsuit may request that a judge recuse him or herself. Recuse | Wex | US Law | LII / Legal Information Institute (cornell.edu). The Supreme Court addressed recusal in the 2009 case *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) when it identified circumstances which, as an objective matter, require recusal where "in which experience teaches that the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable," citing *Withrow v. Larkin*, 421 U.S., at 47. The *Caperton* decision made clear that the objective standards implementing the Due Process Clause do not require proof of actual bias, but rather, the question is whether, "under a realistic appraisal of psychological tendencies and human weakness," the interest "poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented." citing *Withrow*, 421 U.S., at

9

427. Thus, there can be no question that Plaintiff need not show proof of actual bias, but rather show a "realistic appraisal of psychological tendencies and human weaknesses on the part of Judge Theresa L. Springmann in terms of how she handled things in sitting on the motion to dismiss and related motions for well over eight months —in clear violation of the canons of the Code of Conduct for United States Judges. The record very clearly demonstrates that the Defendant, through his lawyers, explicitly reminded this Court in the very first sentence of Defendant's memorandum of law as to his motion to dismiss that the Defendant was a former federal court of appeals judge for the U.S. Court of Appeals for the Seventh Circuit, and cited directly into evidence the link, htttps://bit.ly/3QAMLEo, to the official webpage of the Federal Judicial Center (FJC) showing Richard A. Posner's political appointment information as a federal judge. (Docket #34). And then what followed was very troubling. Rather than promptly issuing a ruling on the motion to dismiss and related motions, which Judge Springmann was required to do under the canons of the Code of Conduct for United States Judges, Judge Springmann instead sat on the motion to dismiss and related motions for well over eight months, and then after Plaintiff filed a "Memorandum to Court Regarding Inordinate Time for Ruling" on April 19, 2023 (Docket #47), and a "Motion for Audit and Freezing of Defendant's Assets" (Docket # 48) with accompanying "Memorandum of Law in Support of Motion for Audit and Freezing of Defendant's Assets" (Docket #49) on May 8, 2023, Judge Springmann then proceeded to delay the ruling for even yet a longer period of time by kicking the can down the road even further by entering an order referring the matter to Magistrate Kolar on May 10, 2023. (Docket #50). This clearly

10

demonstrates evidence of a "realistic appraisal of psychological tendencies and human weaknesses" on the part of Judge Theresa L. Springmann as she obviously was influenced by the message by the Defendant and Defendant's lawyers that the person she will be making rulings over is a former federal court of appeals judge, plain and simple, end of story.  Furthermore, Judge Springmann has information before her demonstrating fraud upon the court and fraud upon the IRS by Defendant and his lawyers and yet Judge Springmann to date has turned a blind eye to it, and this cannot be.  Canon 3 (C)(1) makes it clear that "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned"; Judge Springmann's actions as heretofore discussed in terms of impartiality not only rise to the level of being "reasonably" questioned", but rise to the level of being "substantially" questioned, and she must forthwith disqualify herself and forthwith recuse herself from this case pursuant to the governing canons of the Code of Conduct for United States Judges as heretofore cited.  The axiom *"Justice delayed is justice denied."* famously stated by William E. Gladstone is an understatement here.

      Wherefore, Judge Theresa L. Springmann should disqualify and recuse herself and vacate the order referring the matter to Magistrate Kolar and this cause should be submitted to a judge who will abide by the Code of Conduct for United States Judges and not be influenced by the fact that the Defendant is a former federal court of appeals judge, who will not look the other was as to the fraud upon the court and fraud upon the IRS that the Defendant and his lawyers have committed, and who will be fair and diligent in issuing rulings in this matter.

Respectfully submitted,

*/s/ Brian Vukadinovich*

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. 219-956-2462

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 15, 2023, the foregoing was sent to the Clerk of the United States District Court for the Northern District of Indiana, Hammond Division, via U.S. Postal Service and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the Defendant's below listed counsel of record per agreement to receive such papers via email.

>   Justin M. Ellis
>   jellis@mololamken.com
>
>   Steven F. Molo
>   smolo@mololamken.com
>
>   Kenneth Notter
>   knotter@mololamken.com
>
>   David Beach
>   dbeach@eichhorn-law.com

>   */s/ Brian Vukadinovich*
>   Brian Vukadinovich, Pro Se
>   1129 E. 1300 N.
>   Wheatfield, Indiana 46392
>   Tel. 219-956-2462