IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH, <br><br> Plaintiff, <br> v. <br> RICHARD A. POSNER, <br><br> Defendant. | Cause No. 22 Civ. 118 <br><br> Judge Theresa L. Springmann <br> Magistrate Judge Joshua P. Kolar |

**JUDGE POSNER'S RESPONSE IN OPPOSITION TO MR. VUKADINOVICH'S MOTION FOR AUDIT AND FREEZING OF DEFENDANT'S ASSETS**

Hon. Richard A. Posner respectfully responds as follows to Mr. Vukadinovich's "Motion for Audit and Freezing of Defendant's Assets," Dkt. 48 (Mot.); Dkt. 49 (Mem.).

Mr. Vukadinovich asks to "audit" and "freeze" all of Judge Posner's assets in this $170,000 contract case. Mot. 2. But Mr. Vukadinovich cites no authority permitting his proposed "audit," and he does not meet the strict requirements of Indiana law for prejudgment attachments. *See* Ind. Code §§ 34-25-2-1, 34-25-2-4; *Wayne Mfg. LLC v. Cold Headed Fasteners & Assemblies Inc.*, No. 21 Civ. 290, 2022 WL 2704478, at *2 (N.D. Ind. July 12, 2022) (Indiana "strictly construes" its attachment statute); Fed. R. Civ. P. 64(a) (state law governs prejudgment remedies). He has not identified any statutory basis for an attachment. Ind. Code § 34-25-2-1(b). He has not filed the required affidavit showing that his claims have merit and that an attachment is warranted. *Id.* § 34-25-2-4. He has not executed an undertaking large enough to cover the damages Judge Posner would incur if the attachment is "wrongful and oppressive," *id.* § 34-25-2-5 – and could not possibly do so, given that he wants to freeze ***all*** assets Judge Posner and his wife rely on to live. And he has not identified any property in Indiana that could be attached. Because Indiana statutes do not apply outside the State, Indiana's prejudgment attachment laws do not reach property in

other states. *Wayne Mfg.*, 2022 WL 2704478, at *4 n.4 (quoting *Wright-Moore Corp. v. Ricoh Corp.*, 794 F. Supp. 844, 860 (N.D. Ind. 1991)).

Mr. Vukadinovich cites Indiana's fraudulent-transfer statute. Mem. 2-3 (citing Ind. Code § 32-18-2-14). But Mr. Vukadinovich has not alleged a fraudulent-transfer claim. Dkt. 30. Even if he had, that statute does not provide prejudgment remedies beyond what Indiana's general attachment statute provides. *See* Ind. Code § 32-18-2-17(a)(2). And the fraudulent-transfer statute does not apply because Judge Posner is not a "debtor" – *i.e.*, a "person that is liable on a claim." Ind. Code § 32-18-2-2(5); *see* Dkt. 34 at 7-23; *Underwood v. Fulford*, 128 N.E.3d 519, 524 (Ind. Ct. App. 2019) (the fraudulent-transfer statute does not apply to non-debtors). As Judge Posner's motion to dismiss explains, Mr. Vukadinovich is not entitled to any judgment against Judge Posner at all. *See* Dkt. 34. He is thus not entitled to prejudgment attachment to secure that judgment. *See Schwedland v. Bachman*, 512 N.E.2d 445, 447 (Ind. Ct. App. 1987) (whether plaintiff states a claim for relief is relevant to prejudgment attachment); *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002) (a freezing order should not issue where the plaintiff has "no chance of success on the merits").

Nor has Mr. Vukadinovich shown any "fraud" that would supposedly merit an attachment. He claims – for the fourth time – that certain arguments in Judge Posner's motion-to-dismiss briefing are "fraudulent." *See* Mem.; Dkt. 38, Dkt. 40, Dkt. 44. But as Judge Posner has repeatedly explained, the purported "fraud" is simply that the parties disagree about how to interpret the record. *See, e.g.*, Dkt. 42 at 2; Dkt. 45 at 1. Those factual disputes are not proof of any "action to wrongfully shield [Judge Posner's] assets," as Mr. Vukadinovich claims. Mem. 3. There is no basis for "freezing" or "auditing" Judge Posner's assets. The motion should be denied.

Chicago, Illinois
May 19, 2023

/s/ Steven F. Molo
Steven F. Molo (admitted *pro hac vice*)
Kenneth E. Notter III (admitted *pro hac vice*)
MoloLamken LLP
300 N. LaSalle Street
Chicago, IL  60654
(312) 450-6700
smolo@mololamken.com
knotter@mololamken.com

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY  10016
(212) 607-8160
jellis@mololamken.com

David Beach
Eichhorn & Eichhorn LLP
2929 Carlson Drive, Suite 100
Hammond, IN  46323
dbeach@eichhorn-law.com

*Attorneys for Hon. Richard A. Posner*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on May 19, 2023, the foregoing was electronically filed with the Clerk of the Court via CM/ECF and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on *pro se* Plaintiff Brian Vukadinovich per his agreement to receive such papers via email.

                                                      /s/ Steven F. Molo
                                                      Steven F. Molo