IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

-FILED-

MAY 31 2023

At _____ M
Chanda J. Berta, Acting Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

BRIAN VUKADINOVICH, )
)
Plaintiff, )
)
v. ) CASE NO. 2:22-CV-0118 TLS
)
RICHARD A. POSNER, )
)
Defendant. )

## AFFIDAVIT OF BRIAN VUKADINOVICH

1. I am the Plaintiff in this cause of action.

2. On February 25, 2018, Defendant Richard A. Posner made a job offer to me to serve as executive director of the Posner Center of Justice for Pro Se's, a company he founded, to which job offer I accepted, and in a meeting in Chicago on March 19, 2018, the Defendant, Richard A. Posner, asked me to also provide advisory services to him in his personal capacity to which I agreed to do and to which we ultimately agreed upon a yearly compensation of $120,000.00 which we agreed upon and shook hands.

3. During the meeting in Chicago, the Defendant Richard A. Posner told me that because I would be working for him in his personal capacity regarding his personal affairs in addition to my work as executive director of the Posner Center, that the responsibility for payment of my services to Defendant Richard A. Posner would be his responsibility and not a responsibility of the Posner Center of Justice for Pro Se's.

4. I fulfilled my obligations under the agreement and provided Defendant Richard A. Posner with a variety of services some of which involved the Posner Center and separate advisory services to Defendant Richard A. Posner pertaining to Defendant

Richard A. Posner's personal affairs from February 25, 2018 through July 23, 2019.

5. In the March 19, 2018 meeting in Chicago, Defendant Richard A. Posner told me that he had a significant amount of money tied up in personal investments that he would use to pay my compensation, but that because the monies of his personal investments were tied up for an extended period of time, that I would have to wait at least a year before he could pay my compensation in a lump sum. I relied upon the representation of Defendant Richard A. Posner.

6. I provided Defendant Richard A. Posner with a variety of services some of which involved the Posner Center and separate advisory services to Defendant Richard A. Posner as to Defendant Posner's personal ventures from February 25, 2018 through July 23, 2019 to which Defendant Richard A. Posner owes me $170,000.00, but has failed to pay.

7. I received an email on May 8, 2022, from the Defendant Richard A. Posner's wife, Charlene Posner, who told me that she has been in charge of all financial dealings involving Defendant Richard A. Posner, and she offered me $10,000 which I declined as Defendant Richard A. Posner owes me $170,000.00 for the services I provided to him.

8. In July 2019 I learned that Defendant Richard A. Posner's wife, Charlene Posner, was acting as Richard A. Posner's attorney in fact with decision making authority and instructed that the Posner Center be dissolved.

9. During the course of this litigation information has surfaced in the form of Internal Revenue Service ("IRS") documents submitted to the IRS on behalf of Defendant Richard A. Posner as president of the Posner Center of Justice for Pro Se's demonstrating

fraud by Defendant Richard A. Posner and also fraud by his wife, Charlene Posner, acting on Defendant Richard A. Posner's behalf as his power of attorney. In referring to certain IRS documents, Defendant's lawyers stated to this Court in a memorandum of law in support of Defendant Richard A. Posner's motion to dismiss the amended complaint that the Center "never paid any employee a salary" and stated in another memorandum of law filed in this Court, in speaking as to tax information filed with the IRS, that "Those returns state that the Center paid $0 in salaries to employees and staff in either year." which were false and fraudulent statements because the Posner Center paid Joyce Hutchens a salary of several thousands of dollars a month as the Posner Center's research director.

10. The aforementioned IRS documents asked for "List of Officers, Directors, Trustees, and Key Employees" and my name was not listed on any of the IRS documents notwithstanding that I was the executive director of the Posner Center of Justice for Pro Se's. The Defendant's wife, Charlene Posner, signed one of the IRS documents as "POA" of Richard A. Posner and listed Defendant Richard A. Posner's title as "Chairman of the Board" when she signed said IRS document on March 15, 2019, of which document did not contain my name as an officer of the Posner Center notwithstanding that I was the executive director.

11. The aforementioned IRS tax documents are proof that Defendant Richard A. Posner defrauded me when he hired me and used me for free labor under the guise of hiring me as the executive director of the Posner Center of Justice for Pro Se's in order that Defendant Richard A. Posner would be able to unjustly enrich himself by

receiving free labor from me while deceiving me in a fraudulent manner. I did not know about this fraud until I saw the IRS tax documents that Defendant Richard A. Posner filed in this Court on August 22, 2022.

12. The fact that Defendant's wife, Charlene Posner, acting as Richard A. Posner's power of attorney with decision making authority, signed her name on an IRS document on behalf of Defendant Richard A. Posner, while omitting my name as an official of the Posner Center when the IRS document asked for "List of Officers, Directors, Trustees, and Key Employees" demonstrates evidence of fraudulent conduct by Defendant's wife, Charlene Posner, on behalf of her husband, Defendant Richard A. Posner, and thereby raises a serious question about concerns of transfer of Defendant Posner's assets in order to wrongfully shield his assets from Plaintiff in this litigation as Defendant's wife, Charlene Posner, on May 8, 2022, told me that she has been in charge of all financial dealings involving Defendant Richard A. Posner when she offered me $10,000 which I declined.

13. My claim is just.

14. The amount I am seeking to recover is $170,000.00.

15. That one of the grounds for attachment enumerated in IC 34-25-2-1 is present as it is my belief that the Defendant Richard A. Posner is about to sell, convey, or otherwise dispose of his assets subject to execution with the fraudulent intent to cheat, hinder, or delay me

I attest that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Date: May 26, 2023

*Brian Vukadinovich*
Brian Vukadinovich
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. 219-956-2462

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 26, 2023, the foregoing was sent to the Clerk of the United States District Court for the Northern District of Indiana, Hammond Division, via U.S. Postal Service and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the Defendant's below listed counsel of record per agreement to receive such papers via email.

>Justin M. Ellis
>jellis@mololamken.com
>
>Steven F. Molo
>smolo@mololamken.com
>
>Kenneth Notter
>knotter@mololamken.com
>
>David Beach
>dbeach@eichhorn-law.com

*/s/ Brian Vukadinovich*
Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. 219-956-2462