IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BRIAN VUKADINOVICH,  )
                                  )
      Plaintiff,  )
                                  )
v.  )    CASE NO. 2:22-CV-0118-TLS-JPK
                                  )
RICHARD A. POSNER,  )
                                  )
      Defendant.  )

-FILED-
JUN 20 2023
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Comes now the Plaintiff, Brian Vukadinovich, pro se, and pursuant to Fed. R. Civ. P. 15(a) moves the Court for leave to file a second amended complaint. Plaintiff contemporaneously tenders to the Court his Second Amended Complaint together with this motion. Plaintiff states as follows in support of his motion:

1. Plaintiff filed this cause of action on May 5, 2022 (Docket #1) and an amended complaint was filed on August 1, 2022 (Docket #30). Since the filing of Plaintiff's amended complaint information has surfaced demonstrating fraud on the part of the Defendant which necessitates the filing of a second amended complaint in light of the subsequently surfaced information of Defendant's fraud.

2. Defendant filed a memorandum of law in support of motion to dismiss with exhibits on August 22, 2022 (Docket # 34) and there were exhibits demonstrating evidence of fraud on the part of the Defendant which are relevant to the issues in this litigation of which issues of fraud are actionable which bring rise to the need for an amendment of the complaint in order that all of the relevant issues are properly before the Court for an ultimate determination by a jury.

3. In Defendant's memorandum of law in support of motion to dismiss filed on August 22, 2022, Defendant explicitly stated "Those returns state that the Center paid $0 in salaries to employees and staff in either year. (**Docket #34, page 12**), and that such fraud upon this Court was further perpetrated by filing with this Court official IRS documents containing said fraudulent statements (**Document 34-1, pages 4-10, 15-25**) of which fraudulent statements made to this Court together with the fraudulent information as submitted to the IRS is belied by the fact that the Posner Center paid Joyce Hutchens a monthly salary of several thousand dollars to serve as research director of the Center.

4. In the exhibits within Defendant's memorandum of law in support of motion to dismiss filed on August 22, 2022, there are IRS documents showing the requirement of Defendant to list the "Officers, Directors, Trustees and Key Employees" of the Posner Center of which IRS documents show that the Defendant did not list Plaintiff notwithstanding that Plaintiff was the executive director of the Posner Center. (See Defendant's "Exhibit A" located on "Part IV" of IRS 990 EZ Form for 2018 (**Document 34-1, page 5 of 27**) (See also Defendant's "Exhibit C" located on "Part IV" of IRS 990 EZ Form for 2018 (**Document 34-1, page 16 of 27**).

5. The evidence which surfaced in the exhibits within Defendant's memorandum of law in support of motion to dismiss filed on August 22, 2022, demonstrating that Defendant did not list Plaintiff within the required listing of "Officers, Directors, Trustees and Key Employees" of the Posner Center demonstrates evidence of fraud by Defendant regarding his actions of inducing Plaintiff to work for him as executive director of the Posner Center for pay under false pretenses, of which evidence in the IRS documents demonstrates evidence of fraud on the part of the Defendant of which fraud should be adjudicated in this litigation and thereby the second

amended complaint is necessary and should be granted under Fed. R. Civ. P. 15(a).

      6. In addition to Defendant's fraud of which fraud is demonstrated in the aforementioned **IRS documents**, the second amended complaint demonstrates information that on July 21, 2019, Defendant misrepresented to Plaintiff that his wife, Charlene Posner, had no authority over the Center, and couldn't have it closed, of which statement Plaintiff relied upon, but later learned that the Defendant's statement was false as information subsequently surfaced that Defendant's wife, Charlene Posner, was Defendant's attorney in fact with decision making authority and gave instructions to close the Posner Center, and the Center was in fact closed on July 23, 2019, of which fraudulent statement made by Defendant to Plaintiff are contradicted by an official Internal Revenue Service ("IRS") document signed by Defendant's wife, Charlene Posner, as "POA" on July 15, 2019, in signing the Defendant's name as "Chairman of the Board" which surfaced on August 22, 2022 in the exhibits to Defendant's memorandum of law in support of motion to dismiss. **(Document 34-1, page 18)** of which fraud should be adjudicated in this litigation with consideration for punitive damages and thereby the second amended complaint is necessary and should be granted under Fed. R. Civ. P. 15(a).

      7. The Plaintiff's motion for leave to file a second amended complaint is well grounded and the statements in this motion are supported by evidence, and this motion is brought in good faith in the interest that justice will be served. Leave to amend the complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

-3-

Wherefore, Plaintiff prays that this Court will grant his motion for leave to file a second amendment complaint pursuant to Fed. R. Civ. P. 15(a) in the interest of justice.

Respectfully submitted,

*Brian Vukadinovich*
Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. 219-956-2462

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 16, 2023, the foregoing was sent to the Clerk of the United States District Court for the Northern District of Indiana, Hammond Division, via U.S. Postal Service and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the Defendant's below listed counsel of record per agreement to receive such papers via email.

Justin M. Ellis
jellis@mololamken.com

Steven F. Molo
smolo@mololamken.com

Kenneth Notter
knotter@mololamken.com

David Beach
dbeach@eichhorn-law.com

_/s/ Brian Vukadinovich_
Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. 219-956-2462