IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH, <br><br> Plaintiff, <br> v. <br> RICHARD A. POSNER, <br><br> Defendant. | Cause No. 22 Civ. 118 <br><br> Judge Theresa L. Springmann <br> Magistrate Judge Joshua P. Kolar |

**JUDGE POSNER'S RESPONSE IN OPPOSITION TO MR. VUKADINOVICH'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Judge Posner respectfully responds as follows to Mr. Vukadinovich's motion for leave to file a second amended complaint, Dkt. 61.

**INTRODUCTION**

Though leave to amend should be freely given, it is "not to be automatically granted," not even for *pro se* plaintiffs. *Johnson v. Cypress Hill*, 641 F.3d 867, 871-72 (7th Cir. 2011) (quoting Fed. R. Civ. P. 15(a)). District courts have "'broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'" *Id.* at 872.

The Court should deny Mr. Vukadinovich's motion to amend. The motion is premature because the parties are still litigating Judge Posner's motion to dismiss. Trying to resolve now what new claims Mr. Vukadinovich may allege would be a waste of time when Mr. Vukadinovich may well bring another motion to amend after the motion to dismiss is finally decided. In addition, Magistrate Judge Kolar's recent report and recommendation on the motion to dismiss, Dkt. 62 (R&R), has already found that nearly all the new allegations Mr. Vukadinovich seeks to add are not viable. The remaining new allegations also fail. The proposed amendment should thus be

denied as futile if the Court considers it on the merits.

## I. THE PROPOSED AMENDMENT IS PREMATURE

In his motion to dismiss briefing, Mr. Vukadinovich requested leave to amend his complaint if his fraud claim was dismissed. Dkt. 36 at 21. Magistrate Judge Kolar recommended that the fraud claim be dismissed, but reserved decision on the request to amend until Mr. Vukadinovich files a formal motion for that relief. R&R 54-57. Mr. Vukadinovich thus may file another motion to amend his fraud claim no matter how the Court rules on this motion. In addition, Judge Posner will object to Magistrate Judge Kolar's recommendation that the contract and unjust enrichment claims should go forward. If those claims are ultimately dismissed, Mr. Vukadinovich may well file a motion to amend those claims as well.

Ruling on Mr. Vukadinovich's motion to amend would thus be premature. This Court has inherent power to manage its docket, including the power to put off premature proceedings. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *see, e.g.*, *Wilson v. Kautex, Inc.*, No. 07-cv-60, 2009 WL 799537, at *1 (N.D. Ind. Mar. 24, 2009) (denying requests for pretrial conference that would be premature given pending summary-judgment motion). It would be more efficient for the parties to brief and the Court to resolve one motion to amend instead of two. Mr. Vukadinovich's current motion to amend should thus be denied without prejudice to his moving again after the final ruling on Judge Posner's motion to dismiss.[1]

## II. THE PROPOSED AMENDMENT IS FUTILE

If the Court decides to consider Mr. Vukadinovich's motion on the merits, it should deny that motion as futile. A proposed amendment is futile if it would not survive a motion to dismiss.

---

[1] Prior to filing this brief, counsel for Judge Posner asked Mr. Vukadinovich via email and telephone conference to withdraw his motion without prejudice to filing it after a final decision on

2

*McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014). The same standards under Rule 12(b)(6) apply to a motion to amend as to a motion to dismiss. *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 529 (7th Cir. 2022). Though a court must read *pro se* complaints liberally and forgive technical errors, it is "'not to become an advocate'" by "seeking out legal 'issues lurking within the confines' of the *pro se* litigant's pleadings." *Kiebala v. Boris*, 928 F.3d 680, 684-85 (7th Cir. 2019).

Mr. Vukadinovich's proposed amendment adds three claims: (1) a claim for fraud based on two of the Posner Center's tax filings, Dkt. 61-2 (Proposed Compl.) ¶¶ 36-37; (2) another claim for fraud based on an alleged July 2019 phone call in which Judge Posner supposedly lied about how much control his wife had over the decision to close the Center, *id.* ¶¶ 38-41; and (3) a count seeking punitive damages, *id.* ¶¶ 46-47. *See also* Ellis Decl. Ex. A (email from Mr. Vukadinovich listing these changes).[2] None of these new allegations would survive a motion to dismiss.

### A. The IRS-Filings Fraud Claim Would Be Futile

In his proposed amended complaint, Mr. Vukadinovich makes allegations about the Center's tax filings that he has raised repeatedly before in his motion to dismiss briefing and in multiple motions for "judicial notice." Proposed Compl. ¶¶ 36-37. Mr. Vukadinovich asserts that Judge Posner somehow defrauded him because the tax returns state that the Center paid $0 in salaries during its existence, that one employee received an $8,020 settlement, and that that Mr.

---

a motion to dismiss. Mr. Vukadinovich declined, electing to stand on his current motion. Ellis Decl. Ex. A.

[2] In a prior motion to "freeze" and audit Judge Posner's assets, Mr. Vukadinovich promised that his second amended complaint would also include a claim for fraudulent transfer. Dkt. 59 at 4 n.4. By choosing not to allege such a claim here, Mr. Vukadinovich apparently (and correctly) concedes that he cannot do so. *See* Dkt. 55 at 2 (noting lack of a claim for fraudulent transfer in the amended complaint and explaining why any such claim would fail if asserted). That is more reason why Mr. Vukadinovich's "freezing" motion should be denied. *See id.*

Vukadinovich was not an officer, director, trustee, or key employee of the Center. *Id.* And Mr. Vukadinovich also asserts that Judge Posner defrauded him by having counsel cite those tax filings in Judge Posner's motion to dismiss. *Id.*

Judge Kolar has already rejected this theory in his report and recommendation. R&R 55. As Judge Kolar explained, Mr. Vukadinovich's existing fraud claim must be dismissed because it is duplicative of his contract claim. *Id.* While Indiana law requires a plaintiff bringing both fraud and contract claims to show that the fraud caused injury distinct from the breach of contract, the damages Mr. Vukadinovich claims for his contract and fraud claims are the same – the wages he is supposedly owed for his work at the Center. *Id.* at 49 (citing *Mauger v. Metro. Life Ins. Co.*, 589 F. Supp. 3d 954, 962 (N.D. Ind. 2022)). His new theory of fraud suffers from the same defect. Mr. Vukadinovich does not allege any injury from the tax returns separate from his claim for wages. *Id.* He thus cannot pursue a fraud claim based on the tax returns separate from his contract claim.

Mr. Vukadinovich also cannot allege the reliance element of fraud. *See* R&R 52 (quoting *Kesling v. Hubler Nissan, Inc.*, 997 N.E.2d 327, 335 (Ind. 2013)) (fraud requires that a false statement was "rightfully relied upon by the complaining party"). The allegedly false tax returns were filed in 2019, after Mr. Vukadinovich had already joined and worked for the Center. He thus could not have relied on those returns to come work for the Center. Dkt. 22-1 at 4. And Mr. Vukadinovich does not allege that he did anything else in reliance on the tax returns, let alone that his reliance caused him any loss.[3] Mr. Vukadinovich's inability to allege either reliance or damages connected to the tax returns means any claim based on those returns would be futile.

---

[3] The use of the tax returns in Judge Posner's motion to dismiss also did not cause Mr. Vukadinovich to do anything in reliance – since, after all, he promptly filed several motions accusing Judge Posner of using those filings to perpetrate a fraud on the Court.

4

### B. The Fraud Claim About Control over the Center Would Be Futile

Mr. Vukadinovich also alleges that, on July 21, 2019 – two days before the Center was closed – Judge Posner lied to him in a phone call about how much control Judge Posner's wife had over the Center. Proposed Compl. ¶¶38-39. But that theory fails for similar reasons as the tax-returns theory. As Judge Kolar already noted, Mr. Vukadinovich cannot allege any reliance on this supposed fraud, either. R&R 55. Because the supposed misrepresentation was made when the Center was being closed, it cannot have affected Mr. Vukadinovich's decision to work for the Center up to that point. *Id.* And while Mr. Vukadinovich alleges that he "relied upon" that statement, Proposed Compl. ¶38, he does not actually claim that he did (or refrained from doing) anything because of it. Mr. Vukadinovich thus cannot state a claim for fraud even if Judge Posner's supposed statements about his wife's involvement in the Center were false.

Mr. Vukadinovich also cannot allege damages for this theory of fraud. Since the Center closed two days after the alleged statement, Mr. Vukadinovich could claim at most that he was "defrauded" of two days' worth of his salary. A claim for even that amount, however, would be duplicative of his contract claim. R&R 55; pp. 3-4, *supra*. In addition, Mr. Vukadinovich has abandoned his earlier claims in his motion to dismiss briefing that he had suffered emotional distress and "headaches" from this fraud because he got phone calls asking about the Center's closure. *See* Dkt. 36 at 13-14.[4] He thus does not allege any damages for this claim independent of his contract claim. And, as Judge Kolar has noted, Mr. Vukadinovich may not use his briefing

---

[4] That claim would be futile even if Mr. Vukadinovich had pled it. The supposed headaches and emotional distress were caused by his receiving inquiries about the Center's closure, not the supposed lie about Mrs. Posner's involvement. Dkt. 36 at 13-14. Those inquiries – and the supposed resulting distress – would have resulted whether or not Judge Posner lied about his wife's role in the closure. Nor did Mr. Vukadinovich do (or not do) anything in reliance on that supposed lie that later led to his supposed emotional distress.

5

to add that allegation or add other new theories of damages. R&R 51-52; *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984); *see also United States ex rel. Hanna v. City of Chicago,* 834 F.3d 775, 779 (7th Cir. 2016).[5]  This theory of fraud, too, would be futile.

### C. The Punitive Damages Claim Is Futile

The new Count IV seeking punitive damages is equally futile.  Indiana does not allow standalone counts for punitive damages; that relief cannot be awarded unless the plaintiff prevails on a substantive cause of action.  *Crabtree ex rel. Kemp v. Estate of Crabtree*, 837 N.E.2d 135, 137-38 (Ind. 2005).  But Mr. Vukadinovich cannot allege any claim justifying punitive damages.

Under Judge Kolar's report and recommendation, the fraud claim should be dismissed.  *See DirectBuy, Inc. v. Giacchi*, No. 2:09-cv-110, 2012 WL 2407698, at *4 (N.D. Ind. June 25, 2012) (no punitive damages where "underlying cause of action" was dismissed).  If Judge Posner's motion to dismiss the contract and unjust enrichment claims ultimately succeeds, those claims also cannot support a punitive damages award.  But even if the contract and unjust enrichment claims survive, punitive damages are not available for those claims.  *Sheaff Brock Inv. Advisors, LLC v. Morton*, 7 N.E.3d 278, 288 (Ind. Ct. App. 2014) ("It is well settled that a breach of contract claim may not lead to an award of punitive damages."); *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 520 (7th Cir. 2011) ("Unjust enrichment is not a mode of imposing punitive damages; it is a means of recovering something that the defendant is not entitled to but is unfairly possessing to the plaintiff's detriment." (citing Restatement (3d) of Restitution and Unjust Enrichment §§ 49, 51)).

Moreover, Mr. Vukadinovich cannot meet the standard for punitive damages.  Under Indiana law, punitive damages require "clear and convincing evidence that the defendant acted

---

[5] If Mr. Vukadinovich seeks to file yet another amended complaint to include the "headaches" theory of fraud, that is yet more reason why his current motion is premature.  *See* p. 2, *supra*.

with malice, fraud, gross negligence or oppressiveness" tantamount to a "quasi-criminal state of mind." *Juarez v. Menard, Inc.*, 366 F.3d 479, 482 (7th Cir. 2004). The proposed amended complaint alleges nothing of the kind. At worst, Mr. Vukadinovich alleges that Judge Posner promised him a salary that he then did not pay. That comes nowhere near the sorts of shocking, quasi-criminal acts that Indiana law has found to justify punitive damages in the past. *See Juarez*, 366 F.3d at 482-83 (collecting cases). Because Mr. Vukadinovich cannot obtain punitive damages, adding that claim would be futile.

## CONCLUSION

The motion for leave to file a second amended complaint should be denied.

Chicago, Illinois
June 30, 2023

/s/ Steven F. Molo
Steven F. Molo (admitted *pro hac vice*)
Kenneth E. Notter III (admitted *pro hac vice*)
MoloLamken LLP
300 N. LaSalle Street
Chicago, IL 60654
(312) 450-6700
smolo@mololamken.com
knotter@mololamken.com

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY 10016
(212) 607-8160
jellis@mololamken.com

David Beach
Eichhorn & Eichhorn LLP
2929 Carlson Drive, Suite 100
Hammond, IN 46323
dbeach@eichhorn-law.com

*Attorneys for Hon. Richard A. Posner*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 30, 2023, the foregoing was electronically filed with the Clerk of the Court via CM/ECF and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on *pro se* Plaintiff Brian Vukadinovich per his agreement to receive such papers via email.

/s/ Steven F. Molo
Steven F. Molo