

-FILED-

JUL 19 2023

At _____
Chanda J. Berta, Clerk   M
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BRIAN VUKADINOVICH, )
)
Plaintiff, )
)
v. )    CASE NO. 2:22-CV-0118-TLS-JPK
)
RICHARD A. POSNER, )
)
Defendant. )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S PARTIAL OBJECTION TO MAGISTRATE JUDGE KOLAR'S REPORT AND RECOMMENDATION

The Plaintiff, Brian Vukadinovich, pro se, pursuant to Rule 72(b)(2) of the

Federal Rules of Civil Procedure, files this response to Defendants partial objection to

Magistrate Judge Kolar's Report and Recommendation.

### I. THE COURT SHOULD NOT REJECT THE REPORT'S STATUTE OF LIMITATIONS ANALYSIS AND SHOULD INSTEAD REJECT THE DEFENDANT'S ARGUMENTS

The Court should not take well to the Defendant's request to dismiss Plaintiff's

contract and unjust enrichment claims as untimely.  Magistrate Judge Kolar correctly

applied the facts and the law in his analysis leading to his recommendation to deny

Defendant's motion to dismiss the contract and unjust enrichment claims, and as such,

because the magistrate judge's recommendation was soundly supported by the facts and

laws, those claims should not be dismissed.[1]

---

[1] In Defendant's "Procedural History" section, in footnote #1, (Docket #65, pages 2-3) Defendant went out of his way to state "Mr. Vukadinovich is no stranger to litigation" and then listed cases that Plaintiff has been involved in during his lifetime, none of which have any relevance to the issues in this litigation, nor

1

The Defendant's assertion that the Report made three errors when recommending

that the Court deny Defendant's motion on statute of limitations grounds is a very

unsound assertion. When this Court reads the arguments and what the case laws really

state as to the particular issues, this Court will easily see that the Defendant's arguments

are generally baseless and border on the frivolous, and that Magistrate Judge Kolar's

analysis' were correct, and that his recommendation(s) should stand and be accepted. The

Defendant's assertion that the Report's interpretation of the parties' agreement, which

Defendant cavalierly labels as a "supposed" agreement, in arguing renders the agreement

invalid under the statute of frauds, has no merit. When this Court gets an opportunity to

read the briefs it will undoubtedly notice that the Defendant's legal positions are very

unsound, and so unsound, that Defendant resorted to cherry picking a few words out of

---

did Defendant state what relevancy the cases had to this litigation. It is hard to imagine what value such tactic would have other than attempting to create a prejudicial bias against Plaintiff by the Court. The citing of the cases was inappropriate and irrelevant to the Report and Recommendation and this Court should consider striking Defendant's pleading and issuing an appropriate sanction. Defendant simply cited the irrelevant cases with no discussion whatsoever of what the cases were about or their outcomes. For the record, in Vukadinovich v. Hanover Cmty. Sch. Corp., No. 2:13-cv-00144 (N.D. Ind.) there was a five day jury trial in March 2016 and the jury returned a verdict in favor of Plaintiff in the amount of $203,804.39 https://www.chicagotribune.com/suburbs/post-tribune/ct-ptb-hanover-school-lawsuit-st-0330-20160329-story.html. Vukadinovich v. Sch. City of Hammond, No. 2:10-cv-00257 (N.D. Ind.) and Vukadinovich v. Crown Point Cmty. Sch. Corp., No. 2:10-cv-00256 (N.D. Ind.) were bifurcated cases and the defendants paid $100,000 to settle the cases on the eve of trial after Plaintiff beat their summary judgment motions; Vukadinovich v. Gubbins, No. 3:95-cv-00751 (W.D. Wis.) resulted in a default judgment against Defendant in the amount of $30,000; Vukadinovich v. Gubbins, No. 3:95-cv-00036 (N.D. Ind.) was transferred to Wisconsin where the default judgment against Defendant was entered; Vukadinovich v. Rensselaer Monument Co., No. 75C01-0810-CC-000529 (Ind. Super. Ct. LaPorte Cty.) was settled in Plaintiff's favor; Vukadinovich v. O'Hara, No. 37C01-9502-CT000021 (Ind. Super. Ct. Jasper Cty.) was a several day jury trial in March 1996 and the jury returned a verdict in favor of Plaintiff in the amount of $1,100; Vukadinovich v. Paul, No. 2011-M6-004070 (Ill. Cir. Ct. Cook Cty.) was settled in Plaintiff's favor. Ironically, the inevitable trial in the instant case will take place in the same United States District Courthouse in Hammond where Plaintiff successfully represented himself against a team of corporate lawyers in a five day jury trial and was awarded $204,830.49. The Defendant can expect the same outcome when the jury considers the evidence against the Defendant Richard A. Posner.

2

most of the cases he cited rather than meaningfully discussing the actual text of the cases in order that he could somehow use sound bites, but in written form, to mislead this Court into thinking the cases he cited were something that they really were not, and that in many of the cases from which Defendant cherry picked a few words, the cases overwhelmingly favored Plaintiff's position when completely read and taken in context. Plaintiff respectfully urges the Court to not accept the cherry picked words at face value and to read the cases in order to appreciate what the courts actually decided in those particular cases. The Defendant's usage of cherry picked words in the absence of actual discussion of the cases is a red flag as this Court will see that Defendant's usage of cherry picked words in the absence of discussion of the cases was done to sidestep what the actual essence of the decisions were.

### A. It Was Ridiculous for Defendant to Argue that the Report Erred By "Salvaging "Claims Based on an Argument He Never Raised

In citing *Greenlaw v. United States*, 554 U.S. 237, 243 (2008), Defendant is relying on a criminal case involving sentencing issues as to multi-count indictments with strict time limits on notices of appeal and cross-appeal. The *Greenlaw* decision is essentially inapplicable to the facts and circumstances to the instant case and offers little to no value in terms of any assistance it can provide to Defendant's razor thin and essentially baseless argument. In further detriment to Defendant's argument, *Greenlaw* referred to the decision of *Castro v. United States*, 540 U.S. 375, 381-383 (2003) where the Supreme Court made clear that courts will sometimes relax formalities in order to avoid an unnecessary dismissal and to avoid inappropriately stringent application of

3

formal labeling requirements. See *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*), or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis. See *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (*per curiam*); *Andrews v. United States*, 373 U.S. 334 (1963).

In cherry picking a phrase from *Horne v. Elec. Eel Mfg. Co.*, 987 F.3d 704, 727 (7th Cir. 2021) the Defendant conveniently omitted the Supreme Court's explicit admonishment that as a "general rule" our system "is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief."[2] Thus, a complete reading of the *Horne* decision clearly guides that in cases where the party is represented by a competent lawyer that there possibly may be a waiver for issues not addressed in certain situations, but this doesn't apply in pro se cases, which is precisely how Magistrate Judge Kolar proceeded in correct fashion consistent with the requirements as set forth by the Supreme Court. *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (*per curiam*); *Andrews v. United States*, 373 U.S. 334 (1963).

In citing *United States v. Sineneng-Smith*, 140 S. Ct. 1575, the Defendant conveniently omitted a very important and crucial part of the decision where the court stated 'But as a general rule, our system "is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief."' And the Defendant

---

[2] Plaintiff in the instant case is not represented by competent counsel.

4

conveniently omitted what the court further went on to say when the court stated 'The party presentation principle is supple, not ironclad. There are no doubt circumstances in which a modest initiating role for the court is appropriate. See *e.g., Day v. McDonough*, 547 U.S. 198, 202, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006) (federal court had "authority, on its own initiative," to correct a party's evident miscalculation of the elapsed time under a statute of limitations" absent "intelligent waiver")'.

In citing *Kiebala v. Boris*, 928 F.3d 680, 684-85 (7th Cir. 2019), in stating 'Courts neither seek "out legal 'issues lurking within the confines' of the pro se litigant's pleadings,"', the Defendant yet again conveniently omits what the court went on to say when the court stated 'To be sure, we have held that "district courts have a special responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint when it appears that by doing so the *pro se* litigant would be able to state a meritorious claim. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). In addition to viewing a "*pro se* complaint with an understanding eye," a district court may point a *pro se* litigant toward the correct procedure or "take appropriate measures to permit the adjudication of *pro se* claims on the merits"'

In citing *Pliler v. Ford*, 542 U.S. 225, 231 (2004), the case involved an issue as to whether a federal court was obligated to provide two particular advisements as to a "mixed" habeas corpus petition that involved a 1-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The Supreme Court ultimately held that federal district courts must dismiss mixed habeas petitions, and that

5

in doing so, federal courts "may employ a stay-and-abeyance procedure" but are not "required" to give pro se litigants warnings as to two available options for the procedure. The central issue in *Pliler* as enunciated by that court was that federal district judges are not "required" to act as "counsel or paralegal" to pro se litigants. This is not at all the situation in the instant case; there is no issue of a "requirement" for the district court to provide advance particular advisements on a legal issue. Therefore, an application of *Pliler* would not be appropriate as the Plaintiff in the instant case never made any such "requirement" demand of the district court, which was the central issue in *Pliler*, but not an issue at all here.

Defendant then proceeds with a most unfortunate argument relative to the Seventh Circuit decision of *Marcure v. Lynn*, 992 F.3d 625 (7th Cir. 2021) where the Defendant casually cherry picks a few words out of the decision in his obvious hope that the Plaintiff and this Court will not actually read the decision and will take the cherry picked words for what they are worth, and they are worth nothing, in terms of Defendant's abuse of those cherry picked words when taken in context as to what the decision actually said. Defendant stated "Marcure explains that a party's opposition on some grounds, but not others, acts "as waiver of the claims that he left unaddressed." 992 F.3d at 633." But this is a manufactured statement by Defendant, this is not what the court said. What the court actually said was 'Stanciel's choice could be understood as waiver of the claims that he left unaddressed. And the district court seemed to take this view, as it "deemed confessed" the unaddressed claims. More importantly, Stanciel, unlike Marcure, did not raise the issue of the local rule's compatibility with Rule 12(b)(6). Our holding does not

6

hold that local rules can supersede the directive of Rule 12(b)(6)."' The cherry picked quote by Defendant was a reference by the court as to what Stanciel might have understood as a waiver of claims, the cherry picked quote was not a statement of law by the court as Defendant tries to make it look. The Defendant's argument is shameful as it is totally misplaced. The cherry picked quote came from a case where the central issue was whether a court could dismiss a complaint because a party did not address a certain point in a response brief of which response was required under a court's particular local rule. The court held that the text of the local rule involved did not require or expressly authorize courts to grant a motion solely because there is no response filed. The court further noted that even if the local rule required the district court's application of it, the court held that pursuant to Rule 83(a)(1) that a local rule cannot abridge a Federal Rule of Civil Procedure. And when it was all said and done, the court ultimately determined that its decision was guided by an "overarching principle" that "We give the Federal Rules of Civil Procedure their plain meaning" citing *Bus. Guides, Inc.*, 498 U.S. at 540, 111 S.Ct. 922, and for that reason, the court held that "**Rule 12(b)(6) prevents courts from granting unopposed motions solely because there is no response**." and then proceeded to reverse the dismissal of Marcure's claims against the police officers. [emphasis added]. The Defendant's argument and misuse of this case borders on the frivolous.[3]

    To be sure, the Seventh Circuit made it crystal clear that every circuit to have

---

[3] There is no such local rule for the United States District Court for the Norther District of Indiana requiring dismissal of cases where no response to an issue has been filed, nor has the Defendant pointed to any such rule. Defendant's argument is frivolous and should not be well taken by this Court. Defendant's misguided notion that the Court is obligated to dismiss Plaintiff's case because of an alleged unopposed point flies directly in the face of Rule 12(b)(6), an issue that was rejected by the Seventh Circuit in *Marcure v. Lynn*,

addressed this issue, including the Seventh Circuit, has interpreted Rule 12(b)(6) as requiring the movant to show entitlement to dismissal. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) ("It is the defendant's burden to establish the complaint's insufficiency."); *see* Charles Alan Wright & Arthur R. Miller, *5A Federal Practice and Procedure* § 1357 (3d ed. 2019) ("All federal courts are in agreement that the burden is on the moving party to prove that no legally cognizable claim for relief exists."). The Seventh Circuit further made crystal clear that there is no affirmative obligation of a nonmovant to provide responsive arguments on a Rule 12(b)(6) motion. The Seventh Circuit put the question to rest when it answered the question in the affirmative in the analogous context of Rule 56 motions for summary judgment in citing *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). The Seventh Circuit gave a straightforward reasoning when it expressly stated "'The ultimate burden of persuasion remains with [the movant] to show that it is entitled to judgment as a matter of law." *Id.* Put another way, Rule 56 imposes an affirmative obligation on a movant that we cannot ignore merely because a nonmovant provides no responsive arguments. **The same logic applies to Rule 12(b)(6).**'" *Marcure v. Lynn*, 992 F.3d 625 (7th Cir. 2021). [emphasis added].

### B.   The Report's Statute-of-Limitations Analysis Is Correct

Defendant starts out by incorrectly arguing that the Report based its analysis on a "Mistake of Fact" and further incorrectly argued that the Report's statute-of-limitations analysis is also "wrong on the merits." The diatribe and legal wrangling is somewhat

---

992 F.3d 625 (7th Cir. 2021) where the Seventh Circuit made crystal clear that **"Rule 12(b)(6) prevents**

painful to have to deal with, but because Defendant's argument is so off base, it is important to note the incorrectness of the legal wrangling.

Defendant then goes on and argues that Plaintiff could not reasonably expect payment after May 2020, and that "regardless" the "Report's analysis fails on its own terms." And therein lies the problem with Defendant's criticism of Magistrate Judge Kolar's analysis as to "whether nine months was a reasonable time for Defendant to perform on the unwritten agreement." Defendant then interjects that Plaintiff waited more than twenty-six months for the performance he alleges was due, and according to Defendant, "That is unreasonable as a matter of law." Defendant then goes on and argues that in his opinion it is not reasonable for someone who has already gone seventeen months without payment to wait another nine months for payment. Defendant has misconstrued the time period which Magistrate Judge Kolar has ultimately determined to be nine months. (Docket #62, page 35). As for the issue of what is "reasonable", the Indiana Court of Appeals has made it clear that issues of "reasonable" time periods are up to the trier of fact to decide as the court wrote "**the question of reasonable time is one to be determined by the trier of fact.**" *Rees v. Heyser*, 404 N.E.2d 1183 (Ind. App. 1980). [emphasis added].

Defendant then goes on and primarily takes issue with Magistrate Judge Kolar's citing of *Lightle v. Harcourt Management Co.*, 634 N.E.2d 858 (Ind. Ct. App. 1994) where the question was whether a plaintiff could reasonably wait ten months for payment and where the court determined that it could not say as a matter of law that ten months

courts from granting unopposed motions solely because there is no response." [emphasis added].

was an unreasonable time to wait for payment.[4] Magistrate Judge Kolars Report cogently explained his legal justification for his statute of limitations legal analysis for which he went into great detail in discussing the factual matters of the dates and the relevant laws which led to his correct determination that the Defendant's motion to dismiss based on the two-year statute of limitations be denied citing *Sidney Hillman Health Ctr. of Rochester v. Abbott Laboratories, Inc.*, 782 F.3d 922,928 (7th Cir. 2015) (reversing a district court's dismissal on statute of limitation grounds because knowing when the cause of action accrued required "factual determinations not appropriately made at the pleadings stage"). *Mauger v. Metropolitan Life Ins. Co.*, 589 F.Supp. 3d 954, 959 (N.D. Ind. 2022) ("Because it is unclear before discovery when the statute of limitations began to toll in this case, the Court denies [the defendant's] motion to dismiss Count I.").

As for the issue of "reasonableness" as to length of time for payment, defense lawyers don't get to make this decision, issues of "reasonable" time periods are up to the trier of fact to decide. In determining when the statute of limitations begins to run on an unwritten promise to pay money where there is no definite time for payment, the Indiana

---

[4] In response to Magistrate Judge Kolar's comment at page 34 of the Report that "A potentially relevant case not cited by either of the parties is *Lightle v. Harcourt Management Co.*, 634 NE2d 858 (Ind. Ct. App. 1994) (Docket #62, page 34), Defendant stated "Neither party cited *Lightle*, because it is easily distinguished. (Docket #65, page 11). Defendant's statement is out of line as Defendant has no right to speak on behalf of Plaintiff and certainly no right to conjure up false statements to which he then inappropriately attributes to Plaintiff by proxy. Defendant's statement is entirely untrue as Plaintiff simply was unaware of the *Lightle* case; had Plaintiff been aware of *Lightle*, he certainly would have cited that case as it is indeed on point with the instant case, just as Magistrate Judge Kolar suggested. Plaintiff has no staff, no researchers, no paralegals, no lawyers assisting him, and he sometimes undoubtedly will miss some relevant cases that could be helpful, such as *Lightle*; that is a consequential drawback of not having the luxury of such unlimited resources, but Plaintiff shouldn't have to be subjected to such skullduggery by a Defendant who has unlimited resources and access to lawyers from New York, Chicago, and Indiana hired to battle a pro se plaintiff that he stiffed, but what could one expect from a high profile character who has publicly professed that he doesn't "really care what people think."?
https://abovethelaw.com/2017/09/judge-posner-uncensored-i-dont-really-care-what-people-think/.

Court of Appeals decided in *Rees v. Heyser*, 404 N.E.2d 1183 (Ind. App. 1980) in a similar situation as the instant case that "the question of reasonable time is one to be determined by the trier of fact." In *Lytle*, the question was whether ten months was a reasonable time for Harcourt Management to perform on the unwritten agreement, tolling the running of the statute of limitations for that time period. The court determined that it could not say as a matter of law that it was not and went on to rule "The question of reasonable time is one to be determined by the trier of fact" citing *Rees* at 1188. The court then reversed the trial courts erroneous entry of summary judgment in favor of Harcourt Management on the basis of Lightle's claim was time barred.[5]

Defendant then argues that the decision cited by Magistrate Judge Kolar of *Golsen-Dunlap v. Elan Motorsports Technologies, Inc.*, No. 1:04-cv-00104, 2012 WL 3027947 (S.D. Ind. July 24, 2012) was "off base". In *Golson*, the court determined that a finder of fact must be "responsible for determining whether an oral term exists and, if so, what its perimeters are." As Magistrate Judge Kolar duly noted in the Report, "When the contract includes payment provisions without a specified time for payment, the statute of

---

[5] Magistrate Judge Kolar has correctly determined that the issue in the instant case involves nine months and the question is whether nine months was a reasonable time for Defendant to perform on the unwritten agreement, tolling the running of the statute of limitations for that time period. (Docket #62, page 35). It stands to reason that since the court in *Lytle* determined that the question as to whether ten months was a reasonable time for performance on the unwritten agreement, tolling the running of the statute of limitations for that time period and that such question "is one to be determined by the trier of fact", that the lesser nine month time period in the instant case as determined by Magistrate Judge Kolar should likewise be determined by the trier of fact. *Lightle v. Harcourt Management Co.*, 634 NE2d 858 (Ind. Ct. App. 1994); *Rees v. Heyser*, 404 N.E.2d 1183 (Ind. App. 1980). The Indiana Court of appeals has held that it could not hold that an even longer time period of one year for a delay in rendering a bill for services is not an unreasonable time period. *Community State Bank Royal Center v. O'Neill*, 553 N.E.2d 174 (Ind. Ct. App. 1990).

11

limitations does not begin to run until a 'reasonable time for performance' has elapsed," and denying summary judgment where "the parties have introduced evidence about a previous course of payment and the parties' understanding of when payment would occur,..."' The Report noted that the law implies that a contract will be performed within a reasonable time if the time for performance is not specified in the contract, and concluding that a delay of one year in rendering a bill for legal services was not unreasonable as a matter of law." (Docket #62, page 35, footnote 22)   The Report noted that applying the rule in the same manner in which the *Lightle* court did, that Plaintiff knew he was owed a total of $170,000 on July 23, 2019, the date that the Center was dissolved of which date Plaintiff's employment ended, if the two-year statute of limitations began to run on that date, it would have expired two years later, on July 23, 2021.  The Report noted that the present action was filed on May 5, 2022, a little over nine months "after the statute of limitations would have expired without the rule of reasonable time announced in *Rees*." *Lightle*, 634 N.E.2d at 862.  The report noted that the question if the rule in *Lightle* applies "is whether nine months was a reasonable time for Defendant to perform on the unwritten agreement, tolling the running of the statute of limitations for that time period." (Docket #62, page 35).  And the Report noted at footnote #22 that the Indiana Court of Appeals determined in *Cmty. State Bank Royal Ctr.*, 553 N.E.2d at 177 that a delay of one year in rendering a bill for legal services was not unreasonable as a matter of law." (Docket # 62, page 35).[6]

---

[6] Defendant stated that Plaintiff alleged he did not expect payment for "at least a year" and that somehow Indiana's statutory limitations period bars his claims.  However, The Report correctly noted that Defendant does not challenge the plausibility of Plaintiff's allegation that the oral agreement was that Plaintiff would

Very importantly, Magistrate Judge Kolar wrote "...it appears that all the potentially applicable accrual rules lead to the same result, with accrual tied to the date on which Plaintiff's salary was *due* but not paid, because that is the date on which (1) Plaintiff sustained ascertainable damage; (2) the act or omission complained of (i.e., failure to pay salary) occurred; and (3) Plaintiff knew or should have known the oral employment contract was breached. (Docket #62, page 33).[7]

## C. The Report's Statute-of-Limitations Analysis Does Not Invalidate the Contract

Defendant continues his desperate argument stating that if the Report's statute-of-limitations analysis were adopted, that somehow it would require dismissal under the statute of frauds. That is a poppycock argument and this Court should make short work

---

have to wait "at least a year" to get paid. (Docket #62, page 35). Plaintiff's claims are not barred by Indiana's statutory limitations period.

[7] In discussing *Community State Bank Royal Center v. O'Neill*, 553 N.E.2d 174 (Ind. Ct. App. 1990), Defendant states that the court found only that it was not "unreasonable as a matter of law" for an attorney to send a client bill seven months after closing the file on a complex and protracted litigation. In discussing the statute the Court determine that the "act" to which O'Neill complained of is the bank's failure to pay him for his work. The court expressly found that "Logically, this failure could not have occurred until after O'Neill submitted a bill for payment. O'Neill was not due payment until he made his demand upon the bank, and until the bank refused payment, no breach of O'Neill's oral contract occurred. O'Neill did not submit a bill to the bank until February 26, 1986 and brought his claim for fees in May of 1987, less than two years after submitting his bill." The court found that the trial court did not err when it determined that O'Neill's claim was not barred by the statute of limitations which was tolled from the point that O'Neill submitted a bill for payment. The Plaintiff in the instant case submitted his bill for payment on February 22, 2022, and Defendant refused to pay; Plaintiff filed his case on May 5, 2022, which was well within the two-year statute of limitation period. Thus, Plaintiff's case was timely filed consistent with *Community State Bank Royal Center v. O'Neill*, 553 N.E.2d 174 (Ind. Ct. App. 1990). When an entire course of conduct combines to produce an injury, the conduct may constitute a continuing wrong so as to delay the running of the statute of limitations. *Frady v. Hedgcock*, 497 N.E.2d 620, 622 (Ind. Ct. App. 1986). In addressing the doctrine of continuing wrongs, the Indiana Supreme Court has made clear that the statute of limitations does not begin to run until the wrongdoer accomplishes an injury to another. If a continuous course of conduct is the cause of the injury, the statute does not begin to run until the injury has been produced. *Montgomery v. Crum*, 199 Ind. 660, 161 N.E. 251 (1928).

of it. Magistrate Judge Kolar made clear in section "C. Contract Terms" that the contract issues raised by Defendant should be summarily rejected. (Docket #62, pages 44-49).

The Report correctly stated that the analytical framework for an oral contract is the same as a written one. There must be an offer, acceptance, and consideration.[8] *Tolmie v. United Parcel Serv., Inc.* 930 F.2d 579, 581 (7th Cir. 1991).[9] "Under Indiana law, and in fact the law of every jurisdiction, a meeting of the minds on all essential terms must exist in order to form a binding contract." *Mays v. Trump Ind., Inc.*, 255 F.3d 351, 357 (7th Cir. 2001).[10] "Only essential terms need be included to render a contract enforceable." *Jernas v. Gumz*, 53 N.E.3d 434, 445 (Ind. Ct. App. 2016). (Docket #62, page 44). As for Defendant's reference to *Coca-Cola Co. v. Babyback's Int'l, Inc.*, 841 N.E.2d 557, 567 (Ind. 2006) where the court rejected argument that an agreement was enforceable because one party had performed within a year and it performance could be

---

[8] The Defendant does not dispute that in fact there was an offer, acceptance and consideration as to the underlying agreement between Plaintiff and Defendant.

[9] On February 25, 2018, Defendant made a job offer to Plaintiff to work for him and on February 25, 2018, Plaintiff accepted the job offer from Defendant and agreed to work for Defendant, of which offer, acceptance of offer, and acknowledgment of acceptance of offer, is evidenced in an email chain between Defendant and Plaintiff of which copy of email chain is attached to Plaintiff's amended complaint as Plaintiff's Exhibit "1". (Docket #30). On March 19, 2018, Plaintiff and Defendant met in person in Chicago, Illinois and Defendant Posner requested that the initial written agreement of February 25, 2018, be orally amended in order that Plaintiff would also provide advisory services to the Defendant in Defendant's personal capacity, in addition to serving as executive director of the Posner Center, and that Plaintiff would be paid $120,000 yearly for his services upon the condition that Plaintiff would be willing to wait at least a year for payment for his services, which would be paid out of Defendant's personal funds. Plaintiff agreed to the amended terms of the agreement and Plaintiff and Defendant shook hands over the oral agreement.

[10] The Defendant here, Richard A. Posner, wrote the opinion in *Market Street Associates Limited Partnership v. Frey*, 941 F.2d 588 (7th Cir. 1991) in a contract case and ultimately ruled "To decide what Orenstein believed, a trial is necessary. Thus, by Defendant's own precedential ruling, "a trial is necessary" here as well in this contract case. The Defendant who wrote the opinion in *Market Street Associate, Id.*, should certainly have no quarrel with this Court doing exactly what he said should be done in from his own ruling in *Market Street, Id.*

explained only by the existence of the oral agreement, Defendant's argument in the instance case holds no water as Magistrate Judge Kolar held in the Report that "there is sufficient information about the purported advisory services to *allege* an enforceable oral agreement, and that is all that is required at this point." (Docket #62, page 47). The Magistrate Judge rejected arguments brought by Defendant regarding enforceability issues regarding issues of salary, the demand letter, and even an additional argument on the "amount" of salary, and the scope of Plaintiff's advisory services, all of which arguments were rejected by the Magistrate Judge. (Docket #62, pages 46-48, 58). And to Defendant's doom the court in *Coca-Cola* recognized the possibility of relief for "injustice" in certain circumstances citing *Whiteco*, 514 N.E.2d at 845, of which circumstances under with estoppel may be so applied:

> In order to establish an estoppel to remove the case from the operation of the Statute of Frauds, the party must show that the other party's refusal to carry out the terms of the agreement has resulted not merely in a denial of the rights which the agreement was intended to confer, but the infliction of an unjust and unconscionable injury and loss.

It goes without saying that for a person to entice another person to work for him, and then for that person to reap the benefits of the work and then turn around and stiff the person by refusing to pay him for his services, clearly constitutes "injustice" of an unjust and unconscionable injury and loss. Plaintiff is a common person, a retiree, who relied on the representations made by Defendant and needed the income that was promised by Defendant. Defendant's action of duping Plaintiff into working tirelessly for him, to which Defendant benefited greatly, and then refusing to pay Plaintiff for his services,

resulted in an infliction of an unjust and unconscionable injury and loss to Plaintiff by Defendant's conduct of refusing to honor his end of the bargain, the terms of the agreement.[11]  Plaintiff has clearly shown an estoppel to remove the case from the operation of the Statute of Frauds. *Whiteco Industries, Inc. v. Kopani*, 514 N.E.2d 840 (Ind. Ct. App. 1987).

The oral agreement is a legally binding enforceable contract.  It is well settled that '[e]ven a contract providing that any modification thereof must be in writing may nevertheless be modified orally.'" *Gerdon Auto Sales, Inc.*, 98 N.E.3d at 80 (quoting *City of Indianapolis v. Twin Lakes Enters., Inc.*, 568 N.E.2d 1073, 1084-85 (Ind. Ct. App. 1991)). "Further, the modification of a contract can be implied from the conduct of the parties." *Id.* (quotation marks omitted). "The intent relevant in contract matters is not the parties' subjective intents but their outward manifestations of it." *Id.*  In order to determine a party's intent, "a court does not examine the hidden intentions secreted in the heart of a person but should examine the final expression of that intent found in conduct." *Id. SWL, L.L.C. v. NextGear Capital*, Inc., 131 N.E. 3d 746, 754 (Ind. Ct. App. 2019).

Under Indiana law, "[t]he terms of an oral contract are a matter to be interpreted by the jury." *Tuthill Corp., Fill-Rite Div. v. Wolfe,* 451 N.E.2d 72, 77 (Ind. Ct. App. 1983)  (citing *Annadall v. Union Cement & Lime Co.*, 165 Ind. 110, 74 N.E. 893, 894 (Ind. 1904)). *See also, Motor Transport Underwriters, Inc. v. Specialty Nat. Ins. Co.*, No. 1:06-cv-00219-LJM-WTL, 2006 WL 1843339, at \*3 (S.D. Ind. June 30, 2006)

---

[11] The Report acknowledges 'The "harm" suffered by Plaintiff was providing services to Defendant for which he was not paid. (Docket #62, page 29).  The Report further acknowledges that "Plaintiff has sufficiently alleged both a benefit to Defendant (Plaintiff's services) and detriment to him (the provision of

(quoting *Podolsky v. Alma Energy Corp.*, 143 F.3d 364, 369 (7th Cir. 1998)). A finder of fact must be "responsible for determining whether an oral term exists and, if so, what its perimeters are." *Golsen-Dunlap v. Elan Motorsports Tech., Inc.*, No. 1:04-cv-00104-LJM-DKL, 2012 WL 3027947, at *8 (S.D. Ind. July 24, 2012) (reconsidered on other grounds) (citing *Bump v. McGrannahan*, 61 Ind. App. 136, 111 N.E. 640, 642 (Ind. Ct. App. 1916)).

Defendant then goes on to rehash his previous baseless argument that failing to respond to an argument raised in motion to dismiss concedes that argument. Because the Defendant raised that identical issue earlier in his brief in section A, and because Plaintiff has already addressed that baseless argument earlier in this brief in section A, Plaintiff will not again rehash the same argument here in the interest of brevity.

## II. THE COURT SHOULD NOT REJECT THE REPORT'S PERSONAL-LIABILITY ANALYSIS

Defendant argues that this Court should reject the Report's conclusion that Plaintiff plausibly alleged that Defendant is personally liable for the contract. Defendant's diatribe on this issue should not be well taken. The Defendant has cited absolutely no authority in fact demonstrating that Magistrate Judge Kolar's determination was erroneous. Each and every case that Defendant cites alluded to documents that district courts "may" consider, or "can" consider, not a single case cited by Defendant dictated that Magistrate Judge Kolar was constrained to give a certain amount of absolute weight to any particular evidence. This Court can readily see in Defendant's own

---

services without compensation).

discussion of the cases that the operative words of the argument, from the beginning of the argument to the end of the argument, and everything in between, are that district courts "may" or "can" consider the documents, nowhere in Defendant's argument did Defendant point to any case where a court dictated that the district court "shall" consider certain documents on this issue. Defendant's argument is frivolous and should not be well taken.

Magistrate Judge Kolar's Report was well thought out and supported by the facts and authorities when he rejected Defendant's argument on this issue. In rejecting Defendant's argument, Magistrate Judge Kolar stated "The problem with Defendant's argument is that the amended complaint alleges the parties agreed in March 2018 to orally amend the February 25, 2018 agreement to give Plaintiff additional duties as Defendant's personal advisor with a promise that Defendant would personally pay for Plaintiff's entire salary out of his own funds (even though, according to the allegations, Plaintiff continued to be employed as executive director of the Center)." (Docket #62, page 42). Magistrate Judge Kolar went on to state in the Report "Moreover, the fact that Defendant was the President of the Center, see [DE 34-1 at 5] at the time he allegedly entered into the March 2018 agreement with Plaintiff does not by itself render implausible Plaintiff's new allegation that his contract was with Defendant, not the Center." (Docket #62, page 42). Magistrate Judge Kolar then discussed the decision of *Tolliver v. Mathas*, 538 N.E.2d 971 (Ind. App. Ct. 1989), a case where the plaintiff reached an agreement with the president of a company to purchase certain shares of stock for which the president promised the plaintiff would be reimbursed by the company. The

18

plaintiff testified that he knew the president was speaking on behalf of the company when he made the promise of reimbursement, but he also testified that the president told him "that he would pay me after the company became his..."[12] The Report pointed out that "The jury apparently interpreted the president's statements as a promise to personally pay the plaintiff, and the court held that the jury's view of the evidence was supported by the plaintiff's testimony. Id. ("Based upon all the evidence, we believe the jury could have concluded that Tolliver spoke on his own behalf."). (Docket #62, page 43). Magistrate Judge Kolar determined that the fact situation between Plaintiff's allegations and the facts in *Tolliver* is "close enough" to survive a motion to dismiss. (Docket #62, page 43). And in further rejecting Defendant's argument on Defendant's ridiculous notion that "there is no basis for [Defendant] to be liable as the Center's agent.", Magistrate Judge Kolar expressly indicated 'But that is the precise argument rejected in *Tolliver*, where the president argued that the company ratified the contract thereby terminating his liability as an agent, and the court responded: "Tolliver's personal liability flowed from his statements that *he* would pay [the plaintiff], not from his alleged status as an agent acting without authority" 538 N.E.2d at 976 (emphasis in original)."' (Docket #62, page 43).

And the Defendant closes his argument by stating the claim should be dismissed because "Judge Posner is not a party to the supposed contract here." The ridiculousness of that statement certainly deserves no response.

---

[12] It is undisputed that Defendant was sole owner of the Center at all times from its inception to its closing.

### III. **CONCLUSION**

The Court should accept the Report's recommendation on the breach of contract and unjust enrichment claims (Count I and Count III) and uphold the Magistrate Judge's recommendation to deny Defendant's motion to dismiss these counts.

Respectfully submitted,

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
(219) 956-2462

20

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 17, 2023, the foregoing was sent to the Clerk of the United States District Court for the Northern District of Indiana, Hammond Division, via U.S. Postal Service and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the Defendant's below listed counsel of record per agreement to receive such papers via email.

Justin M. Ellis
jellis@mololamken.com

Steven F. Molo
smolo@mololamken.com

Kenneth Notter
knotter@mololamken.com

David Beach
dbeach@eichhorn-law.com

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, IN 46392
Tel. (219) 956-2462

21