IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH,<br><br>      Plaintiff,<br>v.<br>RICHARD A. POSNER,<br>      Defendant. | Cause No. 22 Civ. 118<br><br>Judge Theresa L. Springmann<br>Magistrate Judge Joshua P. Kolar |

**DEFENDANT RICHARD A. POSNER'S RESPONSE TO
BRIAN VUKADINOVICH'S PARTIAL OBJECTION TO MAGISTRATE JUDGE
KOLAR'S REPORT AND RECOMMENDATION**

Defendant Hon. Richard A. Posner respectfully responds pursuant to Fed. R. Civ. P. 72(b)(2) to Brian Vukadinovich's partial objection to Judge Kolar's Report and Recommendation. Dkt. 62 ("R&R" or "Report"); Dkt. 67 ("Objection").

The Objection challenges Judge Kolar's recommendation that the Court dismiss Mr. Vukadinovich's fraud claim. But Judge Kolar correctly held that Mr. Vukadinovich's fraud claim is duplicative of his contract claim. Mr. Vukadinovich does not allege the sort of independent injury that Indiana law requires to maintain a fraud claim on top of a contract claim. His alternate theory of fraud is procedurally improper and meritless. And his other arguments are also incorrect. The Court should overrule the Objection.

**STANDARD OF REVIEW**

This Court reviews objections to the Report *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If neither party objects to any part of the Report, the Court reviews only for clear error. *Johnson*, 170 F.3d at 739.[1]

---

[1] The Report was issued on June 21, 2023. Dkt. 62. Mr. Vukadinovich's Objection was thus due

**ARGUMENT**

**I.    MR. VUKADINOVICH'S FRAUD CLAIM IS DUPLICATIVE OF HIS CONTRACT CLAIM**

Mr. Vukadinovich's operative amended complaint[2] alleges that, in March 2018, he and Judge Posner entered into an oral employment agreement. *See* Dkt. 30 ("Compl."). Count I of Mr. Vukadinovich's complaint alleges a breach of contract based on that supposed agreement. *Id.* ¶¶ 18-26. Count II alleges that, in that same conversation, Judge Posner also committed fraud by making misrepresentations that induced Mr. Vukadinovich to take the job. *Id.* ¶¶ 27-35; R&R 49-50.[3] The damages Mr. Vukadinovich claims for Count I and Count II are the same – the wages he says he was promised but never paid. R&R 50; Compl. ¶¶ 30, 33; *id.* at 11 (prayer for relief).

Because Mr. Vukadinovich does not seek any separate damages for his fraud claim, Judge Posner moved to dismiss it as duplicative of the contract claim. *See* R&R 49. Judge Kolar recommended that the motion be granted. As Judge Kolar noted, if a plaintiff brings both a contract claim and a fraud claim based on the same facts, a fraud claim cannot go forward under Indiana law unless the fraud "resulted in a distinct injury from the breach." *Id.* (quoting *Mauger v. Metropolitan Life Ins. Co.*, 589 F. Supp. 3d 954, 962 (N.D. Ind. 2022)). But the only supposed harm that came from Judge Posner's purported 2018 conversation with Mr. Vukadinovich was that Mr. Vukadinovich was not paid for his alleged services. *Id.* at 50.

---

fourteen days later, on July 5, 2023. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). However, Mr. Vukadinovich did not serve the Objection until nearly a week later, on July 10, 2023. Objection 19. Because the Objection is late, the Court may refuse to consider it in its discretion. *See Ammons-Lewis v. Metro. Water Reclamation Dist. of Greater Chi.*, 543 F. App'x 591, 594 (7th Cir. 2013) (court did not abuse its discretion in refusing to consider week-late objections). However, the Objection fails even if considered on the merits.

[2] Before the Report was issued, Mr. Vukadinovich filed a motion to amend his complaint again. Dkt. 61. That motion is fully briefed and pending.

[3] The Report has recommended that Judge Posner's motion to dismiss the contract claim be denied. R&R 59. Judge Posner timely filed objections to that recommendation on July 5. Dkt. 65.

In his Objection, Mr. Vukadinovich does not argue that the fraud claim in his complaint alleges a distinct injury. Instead, he relies on a new theory that he had raised solely in his motion to dismiss briefing. *See* R&R 50 (citing Dkt. 36 at 19). According to that new theory, around June 2019, when the Center was being closed, Judge Posner supposedly lied to Mr. Vukadinovich in a phone call about how much authority his wife had over the Center. *Id.* at 50-51 (citing Dkt. 36 at 19). Mr. Vukadinovich then claims that, when third parties "bombarded" him with questions about the Center's closure, he suffered "emotional distress and headaches." *Id.* at 55 (citing Dkt. 36 at 20). Because Judge Kolar noted that this theory does suggest a "new injury" compared to the pleaded fraud claim, Mr. Vukadinovich argues that his fraud claim in Count II can go forward. Objection 6-7. But that argument fails for two reasons.

First, Judge Kolar correctly found that Mr. Vukadinovich cannot raise his new fraud theory solely in his motion to dismiss briefing and not in his complaint. R&R 51. As the Seventh Circuit has held, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Id.* (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)); *see also United States ex rel. Hanna v. City of Chicago*, 834 F.3d 775, 779 (7th Cir. 2016) (Rule 9(b) does not allow plaintiffs to expand on fraud claims in briefing).[4] Mr. Vukadinovich's Objection does not address this defect.

Second, Mr. Vukadinovich's new theory would fail even if it had been properly alleged. A fraud claim is actionable only if the plaintiff's damages are caused by his reliance on the defendant's misrepresentations. *See* R&R 52 (quoting *Kesling v. Hubler Nissan, Inc.*, 997 N.E.2d 327, 355 (Ind. 2013)). But Mr. Vukadinovich does not allege that he did or did not do anything

---

[4] Mr. Vukadinovich's proposed second amended complaint does not raise this new theory. *See* Dkt. 61.

3

because of Judge Posner's supposed misrepresentations about his wife's authority over the Center. Nor does Mr. Vukadinovich allege that his supposed headaches and distress were caused by those misrepresentations. Instead, he claims only that he suffered distress from being "bombarded" by questions about the Center's closure – questions he would have received whether or not the July 2019 phone call ever happened.[5] Because Mr. Vukadinovich cannot allege any causal link between Judge Posner's supposed misrepresentation and any supposed damages, his new fraud claim would therefore be futile even if it had been pled in his complaint.

## II.    MR. VUKADINOVICH'S OTHER ARGUMENTS ARE MERITLESS

Mr. Vukadinovich's other arguments related to the fraud claim also fail. He repeatedly attacks the part of Judge Kolar's Report that addressed the "fraudulent concealment" doctrine. Objection 5-6, 7-11. Mr. Vukadinovich appears to argue that the statute of limitations for the fraud claim should have been tolled because Judge Posner supposedly hid the existence of that claim from him. *See, e.g.*, *id.* at 9 (arguing that "Plaintiff could not have known of the concealment of Defendant's alleged mental condition"). This argument misreads Judge Kolar's recommendation. Judge Posner did not argue, and Judge Kolar did not recommend that the fraud claim should be dismissed on statute of limitations grounds. Nor did Judge Kolar find that Mr. Vukadinovich had failed to state the elements of a claim for fraud. *See* R&R 52-54. Instead, while Judge Kolar addressed whether "fraudulent concealment" was available to toll the statute of limitations on the contract claim – and found that it was not – he did not base his recommendation on that finding. Instead, Judge Kolar found that Mr. Vukadinovich had filed within the statute of limitations and

---

[5] Judge Posner previously raised this point in briefing Mr. Vukadinovich's motion to amend, Dkt. 63 at 5 n.4, but Mr. Vukadinovich has not addressed it.

4

thus that tolling was not necessary.[6] In any event, Mr. Vukadinovich has not objected to the Report's recommendation on the contract claim. His arguments about "fraudulent concealment" have no bearing on whether the fraud claim should go forward.[7]

Mr. Vukadinovich alleges again that Judge Posner submitted false information in the Posner Center's tax returns and then committed a fraud on the Court by citing those tax returns in his motion to dismiss. Objection 12-17. Mr. Vukadinovich urges that, because of this "fraud," Judge Posner "should not receive favorable dismissal rulings." *Id.* at 17. As Judge Kolar recognized, the "fraud" is simply that Judge Posner and Mr. Vukadinovich disagree about how to characterize the tax returns. *See, e.g.*, R&R 16-19. In any event, that "fraud" is no basis to change Judge Kolar's ruling. The IRS tax forms do not make the fraud claim any less duplicative of the contract claim, since Mr. Vukadinovich does not claim to have suffered any separate injury from those tax forms. Nor does Mr. Vukadinovich claim that anything about the forms gives him a fraud claim independent for his claim for lost wages.[8] The Court should accept Judge Kolar's recommendation and dismiss the fraud claim with prejudice.

## CONCLUSION

The Objection should be overruled.

---

[6] As Judge Posner has explained in his partial objections, that finding is incorrect. *See* Dkt. 65. However, Mr. Vukadinovich is also incorrect to claim (at 6) that it "makes no sense" to find that fraudulent concealment is inapplicable but that no tolling is necessary.

[7] Mr. Vukadinovich also does not provide any reason why fraudulent concealment should apply to the contract claim. That doctrine applies only if the fraudulent concealment prevented the plaintiff from realizing that he had a claim. R&R 37; *Gittings v. Deal*, 109 N.E.3d 963, 972 (Ind. 2018); Ind. Code § 34-11-5-1. But as Judge Kolar correctly found, the purported lies about Judge Posner's mental health that Mr. Vukadinovich raises (at 9) did not prevent Mr. Vukadinovich from realizing that his alleged contract with Judge Posner had been breached or that his supposed wages went unpaid. R&R 38. Mr. Vukadinovich does not challenge this finding in his objections.

[8] No such claim could be possible. Among other issues, Mr. Vukadinovich does not allege to have done or not done anything in reliance on the supposedly false tax filings.

5

Chicago, Illinois
July 24, 2023

/s/ Steven F. Molo
Steven F. Molo (admitted *pro hac vice*)
Kenneth E. Notter III (admitted *pro hac vice*)
MoloLamken LLP
300 N. LaSalle Street
Chicago, IL  60654
(312) 450-6700
smolo@mololamken.com
knotter@mololamken.com

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY  10016
(212) 607-8160
jellis@mololamken.com

David Beach
Eichhorn & Eichhorn LLP
2929 Carlson Drive, Suite 100
Hammond, IN  46323
dbeach@eichhorn-law.com

*Attorneys for Hon. Richard A. Posner*

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 24, 2023, the foregoing was electronically filed with the Clerk of the Court via CM/ECF and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on *pro se* Plaintiff Brian Vukadinovich per his agreement to receive such papers via email.

/s/ Steven F. Molo
Steven F. Molo