IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BRIAN VUKADINOVICH, )
)
Plaintiff, )
)
v. ) CAUSE NO. 2:22-CV-0118-TLS-JPK
)
RICHARD A. POSNER, )
)
Defendant. )

-FILED-

JUL 28 2023

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO STRIKE
DEFENDANT'S INSUFFICENT DEFENSE IN MISCHARACTERIZING
THE GOVERNING STATUTE AND FEDERAL RULE OF PROCEDURE**

Plaintiff, Brian Vukadinovich, pro se, and pursuant to Local Rule 7-1, submits this brief in support of his motion to strike insufficient defense contained within Defendant's Response to Plaintiff's Partial Objection to Magistrate Judge's Report and Recommendation as such motion is premised under Fed. R. Civ. P. 12.

### I. FACTUAL HISTORY

This cause of action was filed on May 5, 2022 (Docket #1) and an amended complaint was filed on August 1, 2022 (Docket #30). A motion to dismiss by Defendant was filed on August 22, 2022 (Docket #33). The Honorable Theresa L. Springmann issued an order referring the motion to dismiss matter to the Honorable Magistrate Judge Joshua P. Kolar for a report and recommendation on May 10, 2023 (Docket #50). Magistrate Judge Kolar issued his Report and Recommendation on June 21, 2023 (Docket #62). Plaintiff received a copy of the mailed Report and Recommendation on

1

June 26, 2023. Plaintiff's Objection to the Report and Recommendation was due to be filed by July 10, 2023. Plaintiff sent his partial Objection to the clerk of court for filing via First Class Mail on July 10, 2023 via United States Postal Service, a copy of which postal receipt showing the mailing date to be July 10, 2023, is attached hereto and made a part hereof as Plaintiff's Exhibit "1". Plaintiff's Objection bears a file stamped date of July 12, 2023 (Docket #67). Plaintiff served a copy of the Objection that was sent for filing upon each of Defendant's counsel of record by email on July 10, 2023, pursuant to Fed. R. Civ. P. 5(b)(2)(E) per agreement between Plaintiff and Defendant's counsel of record to receive such papers via email, a copy of which email showing the sending date to each of Defendant's counsel of Record on July 10, 2023, is attached hereto and made a part hereof as Plaintiff's Exhibit "2". The Defendant filed his response to Plaintiff's partial Objection and in footnote 1, pages 1 and 2 of his response (Docket 69, pages 1, 2) mischaracterize s 28 U.S.C. §636(b)(1) in incorrectly arguing that Plaintiff's Objection was due fourteen days from the date of the Magistrate Judge's June 21, 2023 Report on July 5, 2023; as a complete reading of the statute demonstrates that the time period for filing of objection does not begin tolling "from the date of the Report", but begins to toll within fourteen days **"after being served with a copy"**. 28 U.S.C. §636(b)(1)(C). [emphasis added]. Defendant's response likewise mischaracterizes Fed. R. Civ. P. 72(b)(2) in incorrectly arguing that Plaintiff's Objection was due fourteen days from the date of the June 21, 2023 Report on July 5, 2023, as Fed. R. Civ. P. 72(b)(2) echoes 28 U.S.C. §636(b)(1)(C) in making crystal clear that the time period for filing of objection does not begin tolling "from the date of the Report", but begins to toll within fourteen

2

days "**after being served with a copy**". [emphasis added]. Because Plaintiff wasn't served with a copy of the mailed Report until June 26, 2023, the date for filing his Objections was July 10, 2023, which was fourteen days after being served with the Report.

## II. LEGAL STANDARD

### A. Rule 12(f) of the Federal Rules of Civil Procedure

Rule 12(f) of the Federal Rules of Civil Procedure states that in a motion to strike:

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

### B. Rule 72(b)(2) of the Federal Rules of Civil Procedure

Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.

### C. 28 U.S.C. §636(b)(1)(C)

The magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.......

## III. PLAINTIFF'S OBJECTION WAS NOT SERVED "LATE"

This Court should be concerned with Defendant's latest shenanigans in mischaracterizing the governing rules and statues in frivolously arguing that Plaintiff's

3

partial Objection to the Magistrate Judge's Report was "late". This Court should not take well to this skullduggery.

In bringing his baseless and frivolous argument in stating "Because the Objection is late, the Court may refuse to consider it in its discretion." The problem with Defendant's argument is, the Objection was not late. Defendant's preposterous argument should not be well taken by this Court. Defendant conveniently ignored the essence of the governing rules and governing statute in very incorrectly stating in his skullduggery that Plaintiff's Objection was "due fourteen days later" after the June 21, 2023, issuance date of the Report; The rules and the statute are crystal clear that a party's Objection is not due fourteen days after the date of the issuance of the Report, but is due within 14 days **after being served** with a copy of the recommended disposition. [emphasis added].[1]

## IV. CONCLUSION

The Court should strike the Defendant's insufficient defenses in frivolously and baselessly arguing that Plaintiff served his partial Objection to the Report as "late", when in fact Plaintiff's submission of his partial Objection was in fact timely served within the

---

[1] Defendant's citing of *Ammons-Lewis v. Metro. Water Reclamation Dist. of Greater Chi.*, 543 F. App'x 591, 594 (7th Cir. 2013) was an inappropriate citing. *Ammons* is not at all applicable to the instant case and doesn't warrant a waste of discussion time here due to its complete irrelevancy. The issues in *Ammons* involved dilatory conduct with respect to discovery matters such as missing several months of missed discovery deadlines after warnings were issued with still a failure to adequately respond to defendant's interrogatories, and the case was ultimately dismissed for want of prosecution after several warnings of sanctions. In *Ammons*, the district court did not accept and consider her week-late objections to the magistrate judge's report noting that a lawyer's busy caseload does not excuse late submissions. In the instant case, there was no late submission of Plaintiff's Objection, the partial Objection was timely filed in accordance with the governing rules and statute. Rule 72(b)(2) of the Federal Rules of Civil Procedure; 28 U.S.C. §636(b)(1)(C).

4

parameters of Rule 72(b)(2) of the Federal Rules of Civil Procedure and within the parameters of 28 U.S.C. §636(b)(1)(C) of which rule and statute was blatantly and egregiously mischaracterized by Defendant in his preposterous argument.[2] Because of Defendant's egregious mischaracterization of Rule 72(b)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. §636(b)(1)(C) in his skullduggery, this Court should impose an appropriate sanction(s) under Rule 11 of the Federal Rules of Civil Procedure.

Respectfully submitted,

*Brian Vukadinovich*

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
(219) 956-2462

---

[2] This Court should also strike the remaining baseless and frivolous arguments within Defendant's response in the interest of justice. With all due respect, Defendant's skullduggery should be and must be addressed.

5



```
                    WHEATFIELD
                  497 S BIERMA ST
              WHEATFIELD, IN 46392-6005
                   (800)275-8777
07/10/2023                              03:37 PM
_____
Product              Qty    Unit      Price
                            Price
_____
First-Class Mail®     1                $2.07
Large Envelope
   Hammond, IN 46320
   Weight: 0 lb 3.70 oz
   Estimated Delivery Date
     Wed 07/12/2023

_____
Grand Total:                           $2.07
_____
Credit Card Remit                      $2.07
   Card Name: MasterCard
   Account #: XXXXXXXXXXXX4103
   Approval #: 79654Z
   Transaction #: 725
   AID: A0000000041010        Chip
   AL: Mastercard
   PIN: Not Required      Mastercard
_____

              Preview your Mail
              Track your Packages
              Sign up for FREE @
         https://informeddelivery.usps.com

         All sales final on stamps and postage.
         Refunds for guaranteed services only.
              Thank you for your business.

              Tell us about your experience.
         Go to: https://postalexperience.com/Pos
         or scan this code with your mobile device,
```



```
              or call 1-800-410-7420.


_____

UFN: 179416-0392
Receipt #: 840-54600836-2-2014062-2
Clerk: 05
```

PLAINTIFF'S EXHIBIT "P"

## Service of Filing of Plaintiff's Partial Objection to Magistrate Judge's Report and Recommendation, Vukadinovich v. Posner

Brian Vukadinovich
Mon 7/10/2023 4:43 PM
To:Ellis, Justin <JEllis@mololamken.com>
Cc:Molo, Steven <smolo@mololamken.com>;Notter, Kenneth <knotter@mololamken.com>;dbeach@eichhorn-law.com <dbeach@eichhorn-law.com>

📎 1 attachments (356 KB)
Plaintiff's Partial Objection to Magistrate Judge Kolar's Report and Recommendation.pdf;

Hello Justin,
Here is a copy of my partial objection to the magistrate judge's report and recommendation which I sent for filing today. Have a great rest of the week!
Brian

PLAINTIFF'S EXHIBIT "2"

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 26, 2023, the foregoing was sent to the Clerk of the United States District Court for the Northern District of Indiana, Hammond Division, via U.S. Postal Service and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the Defendant's below listed counsel of record per agreement to receive such papers via email.

>Justin M. Ellis
>jellis@mololamken.com
>
>Steven F. Molo
>smolo@mololamken.com
>
>Kenneth Notter
>knotter@mololamken.com
>
>David Beach
>dbeach@eichhorn-law.com

*/s/ Brian Vukadinovich*
Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, IN 46392
Tel. (219) 956-2462