IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>RICHARD A. POSNER,<br><br>　　　　　　　　　Defendant. | Cause No. 22 Civ. 118<br><br>Judge Theresa L. Springmann<br>Magistrate Judge Joshua P. Kolar |

**JUDGE POSNER'S RESPONSE IN OPPOSITION
TO MR. VUKADINOVICH'S MOTION TO STRIKE**

Hon. Richard A. Posner respectfully responds to Mr. Vukadinovich's Motion to Strike Defendant's Insufficient Defense, Dkt. 70 (Mot.); Dkt. 71 (Mem.).

Judge Posner does not oppose having Mr. Vukadinovich's objections considered on their merits. In his response to those objections, Judge Posner merely pointed out that this Court "***may*** refuse in its discretion" to consider the untimely objections, but then explained that the Court can and should deny those objections on the merits. Dkt. 69 at 2 n.1 (emphasis added). Mr. Vukadinovich's motion is thus moot.[1]

Judge Posner has also conceded to Mr. Vukadinovich already that his counsel's response misstated why Mr. Vukadinovich's objections were untimely. While the response incorrectly stated that Mr. Vukadinovich had failed to timely ***serve*** the objections, in fact Mr. Vukadinovich had failed to timely ***file*** the objections. Counsel hereby corrects the record and apologizes to the Court and Mr. Vukadinovich for that mistake.

---

[1] On August 2, 2023, counsel for Judge Posner offered to stipulate that Mr. Vukadinovich's objections would be considered on their merits and that this motion would be withdrawn. Mr. Vukadinovich declined to do so.

However, Mr. Vukadinovich's motion also fails for at least three other reasons. First, Mr. Vukadinovich's motion is procedurally improper. Second, Mr. Vukadinovich's objections are still untimely under the correct analysis. And third, Mr. Vukadinovich's request for sanctions is frivolous. The Court should deny Mr. Vukadinovich's motion.

## ARGUMENT

### I.   THE MOTION IS PROCEDURALLY IMPROPER

Mr. Vukadinovich's motion is an impermissible reply brief in disguise. Neither the Federal Rules of Civil Procedure nor this Court's Local Rules permit replies in support of objections to a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2); L.R. 72-1. Yet that is exactly what the "motion to strike" is – a reply to a point Judge Posner raised in his response. Because Mr. Vukadinovich never sought leave to file such a reply, the "motion" is improper and may be denied on that ground alone.[2]

Mr. Vukadinovich's motion is also an improper use of Rule 12(f). That rule allows courts to strike materials only from "pleading[s]." Fed. R. Civ. P. 12(f); *see id.* 7(a)(1), (2) (defining "pleadings"). Motions, memoranda, and "[o]ther [p]apers" are not "pleadings." *Id.* 7(b). Judge Posner's response to Mr. Vukadinovich's objection is not a "pleading" and thus not subject to a motion to strike under Rule 12(f). *See Swoope v. Gary Cmty. Sch. Corp.*, No. 2:10-cv-423, 2015 WL 1443172, at *2 (N.D. Ind. 2015) (denying motion to strike brief as improper).

---

[2] This is not the first time Mr. Vukadinovich has filed improper replies in the guise of other motions. He previously filed three "motions" for judicial notice that were, in reality, unsanctioned sur-replies to Judge Posner's motion to dismiss. *See* Dkt. 38; Dkt. 40; Dkt. 44. As Magistrate Judge Kolar found, either the arguments in Mr. Vukadinovich's "motions" "should have been presented in [his] response in opposition to Defendant's motion to dismiss," or Mr. Vukadinovich "should have sought leave of court to file a surreply brief." Dkt. 62 at 22-23. While Magistrate Judge Kolar ultimately considered those arguments on the merits (and rejected them) "under the rule of leniency to *pro se* plaintiffs," *id.* at 23, there is no reason for yet more leniency now that Mr. Vukadinovich has been on notice that his strategy is improper.

2

**II.    THE MOTION FAILS ON THE MERITS**

Even if procedurally proper, the motion to strike fails on the merits. Motions to strike are "a drastic remedy, generally disfavored, [and] rarely granted." *LeSEA, Inc. v. LeSEA Broadcasting Corp.*, 379 F. Supp. 3d. 732, 742 (N.D. Ind. 2019). A motion to strike an insufficient defense must be denied unless the insufficiency is "clearly apparent on the face of the pleadings." *United States v. Walerko Tool & Eng'r Corp.*, 784 F. Supp. 1385, 1389 (N.D. Ind. 1992).

Contrary to Mr. Vukadinovich's suggestion, his objections were untimely. Mr. Vukadinovich was required to both file and serve his objections within fourteen days of being served with a copy. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* L.R. 7-1(d)(3)(A) (deadlines run from service to filing). Under Rule 5, service is complete on "mailing" of a document, not its receipt by the party being served. Fed. R. Civ. P. 5(b)(2)(C). However, filing is treated differently: "A paper not filed electronically is filed by ***delivering it*** . . . to the clerk." *Id.* 5(d)(A) (emphasis added); *see* L.R. 5-4(b)(4) ("[p]apers not filed electronically must be filed with the clerk"). Thus, merely mailing papers addressed to the clerk's office does not constitute "'filing;'" the papers are not "filed" until they actually arrive at the clerk's office. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 604 (7th Cir. 2006); *accord Boyd v. Virjee*, No. 21-3177, 2022 WL 1439395, at *2 (7th Cir. May 6, 2022).

While Mr. Vukadinovich protests that he properly served Judge Posner with his objections within 14 days of being served with the report and recommendation, Mr. Vukadinovich did not also timely file his objections with the Clerk. Judge Posner understands from the Clerk's Office that court orders such as the report and recommendation are typically mailed out to *pro se* litigants the day they are entered on the docket – here, June 21. *See* Dkt. 69 at 1-2 n.1. Mr. Vukadinovich's objections were thus due 14 days later, on July 5. *See id.*; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Under Rule 6(d)'s allowance for three additional days to respond to service by mail, the

3

objections had to be served and filed by July 8. And because the 8th was a Saturday, the objections could be filed in the Clerk's office as late as Monday, July 10. *See* Fed. R. Civ. P. 6(a)(3)(A). Mr. Vukadinovich, however, did not file his objections until July 12. *See* Mot. 1 (stamped "FILED" on "July 12, 2023"); Mem. 1 (same). The objections are therefore untimely.[3]

Judge Posner's initial response to Mr. Vukadinovich's objections did not account for the 3-day extension under Rule 6(a)(3)(A) for papers served by mail. Dkt. 69 at 1 n.1. Thus, the responses incorrectly said that Mr. Vukadinovich's ***service*** of the papers was untimely. As counsel conceded to Mr. Vukadinovich in an August 2 phone conversation, Mr. Vukadinovich's service of the papers on July 10, 2023, was timely. However, Judge Posner also advised Mr. Vukadinovich in that same conversation that his ***filing*** on July 10, 2023, was untimely.

Mr. Vukadinovich claims (with no support) that his papers were timely because he ***received*** the Report on June 26. Mem. 2. That claim is dubious. By the afternoon of June 22, Mr. Vukadinovich had already reviewed Judge Kolar's Report in sufficient detail to tell Reuters that he planned to "object to the recommendation that the fraud claim be dismissed." Jacqueline Thomsen, "Court says former Judge Posner should face some claims in wage fixing case," Reuters (June 22, 2023), bit.ly/3NLerHp. Regardless, when he received the Report is irrelevant; all that matters is when the Clerk ***mailed*** the Report. *See Khor Chin Lim v. Courtcall Inc.*, 683 F.3d 378, 380 (7th Cir. 2012) ("By saying that service is complete on mailing, Rule 5(b)(2)(C) tells us that the clerk's task is accomplished when the mail is turned over to the Postal Service.").

---

[3] This objection is also not the first time that Mr. Vukadinovich has filed motion papers late. *E.g.*, Dkt. 59 (filed 12 days after Judge Posner's response); Dkt. 66 (filed 11 days after Judge Posner's response); *see* L.R. 7-1(d)(3)(B) ("The moving party must file any reply brief within 7 days."). The Court also noted that Mr. Vukadinovich's reply in support of his motion to freeze Judge Posner's assets was arguably untimely after he mailed – but did not actually deliver – that reply to the clerk seven days after Judge Posner's opposition brief. Dkt. 64 at 1 n.1; *see* Dkt. 59-2. However, Judge Posner did not object to – or even note – those prior untimely rulings.

4

When Mr. Vukadinovich mailed his objections is equally irrelevant. *See* Mem. 3-4.[4] His objections had to be served ***and filed*** no later than July 10. *See* pp. 3-4, *supra*. A paper is "filed" when the Clerk receives it, not when a party mails it. *See* Fed. R. Civ. P. 5(d)(A); L.R. 5-4(b)(4); *Raymond*, 442 F.3d at 604. Even for pro se litigants, the "earliest filing date" is the date a paper is "stamped 'filed' by the Clerk." *Neal v. Kijakazi*, No. 3:21-cv-771, 2022 WL 683646, at *2 (N.D. Ind. Mar. 7, 2022); *see Boyd v. Jacobs Prop. Mgmt. Co.*, No. 1:19-cv-2804, 2021 WL 9455720, at *1 (S.D. Ind. Nov. 9, 2021) (similar). The Clerk did not receive and stamp Mr. Vukadinovich's objections "filed" until July 12, two days after the deadline. *See* Mot. 1; Mem. 1.

### III.  MR. VUKADINOVICH'S SANCTIONS REQUEST IS IMPROPER

Mr. Vukadinovich requests that the Court impose sanctions under Rule 11 in the form of a "financial sanction" on Judge Posner and his lawyers and an order entering judgment in his favor. Mot. at 3. That request is frivolous. Because Mr. Vukadinovich's filing was, in fact, untimely, the claims in Judge Posner's objections were warranted by existing law, even if there was an error in the legal analysis supporting those claims. Fed. R. Civ. P. 11(b)(2). But Mr. Vukadinovich has also blatantly ignored the procedural requirements for Rule 11 motions.

As counsel advised him in an August 2 phone call, Mr. Vukadinovich failed to comply with the requirement that Rule 11 sanctions requests "must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Further, as counsel advised Mr. Vukadinovich, he failed to comply with the requirement that Rule 11 motions must not be filed without first serving the motion and giving the supposed target of sanction 21 days to correct or withdraw the challenged paper. *Id.* Now that Judge Posner has corrected the record – and offered to stipulate with Mr.

---

[4] The "mailbox rule," which deems a paper filed upon mailing, applies only to incarcerated pro se litigants. "For all other litigants a paper is filed on the date it is delivered to the clerk of the court." *Trepanier v. City of Blue Island*, 364 F. App'x 260, 262 (7th Cir. 2010).

5

Vukadinovich that his objections were timely – any sanctions request is baseless. *See, e.g.*, *Dawson v. Great Lakes Educ. Loan Servs., Inc.*, No. 15-cv-475, 2021 WL 1174726, at *19 (W.D. Wis. Mar. 29, 2021) (when the record has been "already corrected," "there is no basis for a sanction"). And Mr. Vukadinovich's request is also improper because the sanctions he requests are wildly disproportionate to the dispute involved. Fed. R. Civ. P. 11(c)(4) (sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated"). Mr. Vukadinovich's abuses of Rule 11 are yet more reason to deny his motion.[5]

## CONCLUSION

Mr. Vukadinovich's motion to strike should be denied.

---

[5] This is the third time that Mr. Vukadinovich has baselessly invoked Rule 11 in this case. While Judge Posner does not seek relief at this time for Mr. Vukadinovich's conduct, frivolous sanctions motions can themselves be grounds for sanctions. *Jackson v. McKay-Davis Funeral Home*, No. 07-cv-1037, 2012 WL 5423739, at *4 (E.D. Wis. Nov. 6, 2012) (finding that a "motion for sanctions is sanctionable in and of itself").

6

Chicago, Illinois
August 9, 2023

/s/ Steven F. Molo
Steven F. Molo (admitted *pro hac vice*)
Kenneth E. Notter III (admitted *pro hac vice*)
MoloLamken LLP
300 N. LaSalle Street
Chicago, IL  60654
(312) 450-6700
smolo@mololamken.com
knotter@mololamken.com

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY  10016
(212) 607-8160
jellis@mololamken.com

David Beach
Eichhorn & Eichhorn LLP
2929 Carlson Drive, Suite 100
Hammond, IN  46323
dbeach@eichhorn-law.com

*Attorneys for Hon. Richard A. Posner*

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 9, 2023, the foregoing was electronically filed with the Clerk of the Court via CM/ECF and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on *pro se* Plaintiff Brian Vukadinovich per his agreement to receive such papers via email.

/s/ Steven F. Molo
Steven F. Molo