## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

BRIAN VUKADINOVICH,

  Plaintiff,

  v.                                                    CAUSE NO.: 2:22-CV-118-TLS-JPK

RICHARD A. POSNER,

  Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Richard A. Posner's Partial Objection to
Magistrate Judge Kolar's Report and Recommendation [ECF No. 65], Plaintiff's Partial
Objection to Magistrate Judge Kolar's Report and Recommendation [ECF No. 67] filed by pro
se Plaintiff Brian Vukadinovich, Defendant's Judge Posner's Motion to Dismiss the Amended
Complaint for Failure to State a Claim [ECF No. 33], Plaintiff's Motions for Judicial Notice
[ECF No. 38, 40, 44], Plaintiff's Motion for Leave to File Second Amended Complaint [ECF
No. 61], and Plaintiff's Motion to Strike Defendant's Insufficient Defense [ECF No. 70]. For the
reasons set forth below, the Court overrules the Objections and adopts the Findings, Report and
Recommendation of United States Magistrate Judge Pursuant to 28 U.S.C. § 636(b)(1)(B) & (C)
[ECF No. 62] with a modification. As a result, the Court grants in part and denies in part the
Motion to Dismiss, dismissing Count II (fraud claim) of the Plaintiff's Amended Complaint
without prejudice, and denies as moot the Motions for Judicial Notice. The Court also denies
without prejudice the Motion for Leave to File Second Amended Complaint and denies the
Motion to Strike.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 5, 2022, the Plaintiff, acting pro se, filed his Verified Complaint for Breach of Contract [ECF No. 1]. On July 11, 2022, the Defendant filed a Motion to Dismiss for Failure to State a Claim [ECF No. 21]. On August 1, 2022, the Plaintiff filed the operative Amended Complaint [ECF No. 30], alleging claims for a breach of contract (Count I), fraud (Count II), and unjust enrichment (Count III). On August 8, 2022, the Court entered an Order [ECF No. 32] denying the Defendant's first motion to dismiss as moot based on the Plaintiff's filing of the Amended Complaint.

The following factual allegations are taken from the Amended Complaint. The Plaintiff and the Defendant entered into an employment agreement through an exchange of emails later orally amended, and the Defendant has not paid the Plaintiff the $170,000 owed under the amended agreement. Am. Compl. ¶¶ 5–7, 10–12, 24, ECF No. 30. On February 25, 2018, by email, the Defendant offered the Plaintiff a job as the executive director of the Posner Center for Justice for Pro Ses ("the Center"). *Id*. ¶ 5. The Defendant offered the Plaintiff a salary of at least $80,000. *Id*. The Plaintiff accepted the offer and agreed to work for the Defendant. *Id*. ¶ 6.

On March 19, 2018, the Plaintiff and the Defendant met in person in Chicago, Illinois, and the Defendant requested that the February 25, 2018 agreement be amended to add that the Plaintiff would also provide advisory services to the Defendant in his personal capacity, regarding his personal ventures. *Id*. ¶ 7. These personal ventures would not involve the Center. *Id*.

Under the amended agreement, the salary was for $120,000 per year to be paid by the Defendant, and the salary would continue to roll over after a year's time unless either party rescinded the agreement. *Id*. ¶¶ 8, 10. At the same time, the Defendant told the Plaintiff that the Plaintiff would have to wait at least a year before the Defendant could pay his salary in one lump

2

sum. *Id*. ¶ 12. Then, the Defendant told the Plaintiff the following: (1) the Defendant would be personally responsible for the payment of the Plaintiff's salary, not the Center, *id*. ¶ 9; (2) the Defendant could not use money from his joint savings account to pay the Plaintiff's salary, *id*. ¶ 12; (3) the Defendant would use the money from his personal investments to pay the Plaintiff's salary, *id*.; and (4) the Defendant was in generally good health and alert with no concerns that would prevent him from honoring the agreement, *id*. ¶ 13. The Plaintiff agreed to the amendments, and the Plaintiff and the Defendant shook hands. *Id*. ¶¶ 9, 14.

From February 25, 2018, through July 23, 2019, the Plaintiff provided the Defendant with various services, including services to the Center and separate advisory services to the Defendant for his personal ventures. *Id*. ¶ 15. The Plaintiff demanded payment for these services. *Id*. ¶ 16. Still, the Defendant has not paid the Plaintiff. *Id*. ¶ 17. As of July 23, 2019, the Defendant owes the Plaintiff at least $170,000. *Id*. ¶ 24.

Later, the Plaintiff demanded payment for his services in a February 22, 2022 demand letter. *Id.* ¶ 29; Am. Compl. Ex. 2. On February 28, 2022, the Plaintiff received a letter from the Defendant's lawyer in response that included the statement: "What you clearly do not know is that, soon after your conversations with Judge Posner in early 2018, he received a confirmed diagnosis of Alzheimer's Disease." Am. Compl. ¶ 29; Am. Compl. Ex. 2. In an email from the Defendant's wife dated May 8, 2022, the Plaintiff also learned of the Defendant's condition, as the email stated, "During the time you say you entered into a contract with Dick his primary care physician discerned his mental condition and referred us to the University of Chicago Neurology Department, and you are aware of their conclusion." Am. Compl. ¶ 31. In that email, the Defendant's wife offered to pay the Plaintiff $10,000. *Id*. ¶ 32. The Defendant had never told the Plaintiff about the Alzheimer's diagnosis. *Id*. ¶ 30.

3

On May 5, 2022, the Plaintiff filed this lawsuit. On August 22, 2022, the Defendant filed the instant Motion to Dismiss the Amended Complaint for Failure to State a Claim [ECF No. 33] under Federal Rule of Civil Procedure 12(b)(6), arguing that the Plaintiff's breach of contract claim (Count I), fraud claim (Count II), and unjust enrichment (Count III) claim should be dismissed. The Plaintiff filed a response [ECF No. 36] on September 12, 2022, and the Defendant filed a reply [ECF No. 39] on September 26, 2022, which contains a request for judicial notice, among other arguments. The Plaintiff also filed three motions for judicial notice related to the motion to dismiss, ECF Nos. 38, 40, 44, which were fully briefed on February 27, 2023. ECF Nos. 42, 43, 45, 46.

On May 10, 2023, this Court entered an Order [ECF No. 50] referring the Defendant's motion to dismiss and the Plaintiff's three motions for judicial notice to Magistrate Judge Joshua Kolar pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b).

On June 20, 2023, the day before Judge Kolar issued his Report and Recommendation, the Plaintiff filed a Motion for Leave to File Second Amended Complaint [ECF No. 61]. The Defendant filed a response [ECF No. 63] on June 30, 2023, and the Plaintiff filed a reply [ECF No. 66] on July 11, 2023.

On June 21, 2023, Judge Kolar issued his Findings, Report and Recommendation of United States Magistrate Judge Pursuant to 28 U.S.C. § 636(b)(1)(B) & (C) [ECF No. 62], recommending that the Court grant in part and deny in part the Defendant's Motion to Dismiss and dismiss the Plaintiff's Count II fraud claim. Also, Judge Kolar recommended granting in part the Plaintiff's first and third motions for judicial notice [ECF Nos. 38, 44], recommending that the Court taking judicial notice of the documents of the Center's 2018 and 2019 tax returns [ECF No. 34-1 at 4–10, 15–25] and the information shown on them and that the Court deny the request

4

to take judicial notice of whether any information on the tax returns is accurate or false. As to the Plaintiff's second motion for judicial notice [ECF No. 40] and the Defendant's request for judicial notice embedded in his reply in support of the motion to dismiss [ECF No. 39], Judge Kolar recommended denying both. Further, Judge Kolar recommended reserving the decision on whether to grant the Plaintiff leave to amend his complaint until the Plaintiff files a renewed motion for leave to file an amended complaint with the proposed amended complaint attached.

On July 5, 2023, the Defendant filed his Partial Objection to Magistrate Judge Kolar's Report and Recommendation [ECF No. 65]. The Plaintiff filed a response [ECF No. 68] on July 19, 2023. On July 12, 2023, the Plaintiff filed his Partial Objection to Magistrate Judge Kolar's Report and Recommendation [ECF No. 67]. The Defendant filed a response [ECF No. 69] on July 24, 2023. On July 28, 2023, the Plaintiff filed a Motion to Strike Defendant's Insufficient Defense [ECF No. 70] contained in the Defendant's response to the Plaintiff's partial objection [ECF No. 69]. The Defendant filed a response to the motion to strike [ECF No. 72] on August 9, 2023, and the Plaintiff filed a reply [ECF No. 73] on August 14, 2023. These matters are now ripe for ruling.

### STANDARD OF REVIEW

The Court's review of Judge Kolar's Report and Recommendation is governed by 28 U.S.C. § 636(b)(1)(C), which provides as follows:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served

with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). Portions of a recommendation to which no party objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Judge Kolar gave the parties notice that they had fourteen days to file objections to his Report and Recommendation, and the Defendant filed a timely objection. Although the Plaintiff's objection was untimely by two days, in the interests of justice and because the Court prefers a ruling on the merits rather than a procedural default, the Court will consider the Plaintiff's objection on the merits.[1]

## MOTIONS FOR JUDICIAL NOTICE

Next, the Court addresses the requests for judicial notice. The Plaintiff's first Motion for Judicial Notice [ECF No. 38] requests that the Court take judicial notice of the two tax returns attached to the Defendant's motion to dismiss and of facts listed on the tax returns. Specifically, the Plaintiff requests that the Court take judicial notice of the Center's 2018 and 2019 IRS 900 EZ Forms. *See* ECF No. 38 at 1, 3 (citing Mem. in Supp. of Mot. to Dismiss, ECF No. 34-1 at 4–10, 15–25). The Plaintiff contends that the statement on the tax form that "[a] settlement of $8,020.00 was paid to a former employee of the Center" was false because the Center paid Joyce Hutchens a salary of several thousand dollars each month. *See id*. at 2 (citing ECF No. 34-1 at 24). For the same reason, the Plaintiff also contends that the Defendant's statement that the

---

[1] In a footnote in his response to the Plaintiff's objection, the Defendant argues that "[b]ecause the [Plaintiff's] Objection is late, the Court may refuse to consider it in its discretion. However, the Objection fails even if considered on the merits." ECF No. 69 at 2 n.1. In his Motion to Strike, the Plaintiff asks the Court to strike the Defendant's argument as frivolous and baseless. However, the Defendant is correct that the Plaintiff's July 12, 2023 objection was untimely by two days. Under Federal Rule of Civil Procedure 6, the Plaintiff's July 10, 2023 filing deadline is calculated as follows: fourteen days to file an objection after entry of the Report and Recommendation on June 21, 2023, was July 5, 2023; under Rule 6(d), three days are added because the Plaintiff was served with the Report and Recommendation by mail, making the deadline July 8, 2023; and because July 8, 2023, was a Saturday, under Rule 6(a)(1), the deadline became the following Monday, July 10, 2023. Accordingly, the Court denies the Plaintiff's Motion to Strike Defendant's Insufficient Defense [ECF No. 70].

Center "never paid any employee a salary" is false and fraudulent. *See id*. (citing ECF No. 34 at 8).

The Plaintiff's second Motion for Judicial Notice [ECF No. 40] requests that the Court take judicial notice of the Defendant's statement that the Plaintiff's claim that the Center paid Ms. Hutchins a salary is incorrect as a continuing fraud on the Court. ECF No. 40 (citing ECF No. 42 at 2). In response, the Defendant argues that the motion should be denied because whether the Center paid another employee a salary is irrelevant to the agreement between the Plaintiff and the Defendant. The Defendant also argues that judicial notice is improper because the Defendant disagrees with the Plaintiff's interpretation of the facts.

The Plaintiff's third Motion for Judicial Notice [ECF No. 44] requests that the Court take judicial notice of the "List of Officers, Directors, Trustees and Key Employee" and the following names listed on the Center's 2018 tax form. ECF No. 44 at 2 (citing ECF No. 34-1 at 5). The Plaintiff asserts that the fact that the Plaintiff's name is missing from the list serves as admissible evidence of the Defendant's fraud against the Plaintiff, showing the Defendant enticed the Plaintiff to work for free. In response, the Defendant argues that the Plaintiff's interpretation of the facts is ineligible for judicial notice because they are subject to reasonable dispute.

Also, in the Defendant's reply in support of his motion to dismiss, the Defendant asserts that "[t]he Court can take judicial notice of the fact that common symptoms of dementia disorders, including Alzheimer's disease, include paranoia, irritability, confusion, and agitation." ECF No. 39 at 13 n.10. In response, the Plaintiff argues that the symptoms of dementia are not subject to judicial notice because the text the Defendant cites does not list Alzheimer's disease as involving the symptoms the Defendant listed, among other arguments.

In the Report and Recommendation, Judge Kolar recommends granting the Plaintiff's request to take judicial notice of the tax returns and what they do and do not say and denying the

Plaintiff's requests to take judicial notice of whether information on the tax returns is accurate or false or whether the Defendant committed fraud. Judge Kolar also concluded that the Defendant's request for judicial notice was at least premature. Because in ruling on the motion to dismiss the Court does not rely on the materials pertaining to the parties' requests for judicial notice, the Court modifies Judge Kolar's recommendation and denies as moot the Plaintiff's first, second, and third Motion for Judicial Notice [ECF Nos. 38, 40, 44] and the Defendant's request for judicial notice [ECF No. 39].

<strong>MOTION TO DISMISS ANALYSIS</strong>

**A.     Legal Standard**

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (internal citation omitted). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

8

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

**B.     No Objections**

The parties did not object to the following findings in Judge Kolar's Report and

Recommendation: (1) Indiana law applies to the statute of limitations analysis, the Plaintiff's

breach of contract claim, and the Plaintiff's fraud claim; (2) the two-year statute of limitations

applies to the Plaintiff's breach of contract and unjust enrichment claims; (3) the Plaintiff has

plausibly alleged the contract terms for compensation and job duties; and (4) the Plaintiff has

plausibly alleged unjust enrichment. The Court has reviewed these findings and analyses in the

Report and Recommendation and does not find any clear error. Accordingly, the Court agrees

with Judge Kolar and adopts as its own Judge Kolar's findings and analysis as to each.

**C.     Defendant's Objections**

The Defendant objects to the Report and Recommendation on two grounds. First, he

argues that the Report and Recommendation improperly recommends denying the motion to

dismiss the Plaintiff's breach of contract and unjust enrichment claims because the claims are

barred by the statute of limitations. Second, the Defendant argues that the Report and

Recommendation improperly found that the Plaintiff plausibly alleged the Defendant's personal

liability. The Court addresses each objection in turn.

*1.     Statute of Limitations*

The Defendant's Motion to Dismiss argues that the Plaintiff's breach of contract and

unjust enrichment claims are barred by the statute of limitations. The Defendant contends that

the claim accrues "when the plaintiff can show all the elements of a contract cause of action,

including damages." *Id*. at 16 (citing *Franciscan All., Inc. v. Padgett*, 180 N.E.3d 944, 951 (Ind.

Ct. App. 2021)). Under this accrual rule, the Defendant asserts that the latest date that the

Plaintiff's claims began to accrue was when the Defendant owed the Plaintiff $170,000. *See* ECF No. 34 at 17 (citing ECF No. 30, ¶ 24).

Judge Kolar found that the accrual date of the Plaintiff's claims cannot be decided without factual development of the record because the Plaintiff's allegation that the Defendant said the payment would not be "for at least a year" is unclear as to when the Defendant's payment to the Plaintiff was due under the contract. In order to establish that the statute of limitations bars the Plaintiff's contract and unjust enrichment claims, the Defendant carries the burden of showing an allegation of the Amended Complaint that contains "the date of the act or omission complained of," which is when accrual begins. Ind. Code § 34-11-2-1 ("employment related actions"); *see Chi. Bldg. Design, P.C. v. Mongolian House, Inc*., 770 F.3d 610, 614 (7th Cir. 2014) (recognizing that the defendant carries the burden of showing that "the allegations of the complaint itself set forth everything necessary to satisfy the [statute of limitations]"). The cause of action accrues "when a wrongfully inflicted injury causes some ascertainable damage." *Franciscan All.*, 180 N.E.3d at 951 (citing *Est. of Spry v. Batey*, 804 N.E.2d 250, 252–53 (Ind. Ct. App. 2004)).

Here, the Plaintiff alleges that he was injured by the Defendant's failure to pay the $170,000 that the Defendant owed him as of July 23, 2019, which was due to be paid in "a lump sum" in "at least a year" after their oral agreement was made on March 19, 2018. ECF No. 30 at ¶ 12. Upon review of the Amended Complaint, the Plaintiff has not alleged the latest possible date that the Defendant's $170,000 payment was due, only the date the money was owed and the earliest possible date the payment was due. The Plaintiff has thus not sufficiently alleged the date when the injury of the Defendant's nonpayment caused ascertainable damage to the Plaintiff. As a result, because the Plaintiff's Amended Complaint does not contain the necessary facts to

establish the date of the injury, the Defendant cannot meet his burden on his statute of limitations affirmative defense on the instant motion, as Judge Kolar found.

The Defendant objects, arguing that it was improper for Judge Kolar to conduct the "payment due date" analysis because the Plaintiff did not raise this argument in his response brief. When the movant carries the burden of proof on an issue in a Rule 12(b)(6) motion to dismiss, as the Defendant does here, a nonmovant's failure to respond does not excuse the movant from meeting their burden. *See Marcure v. Lynn*, 992 F.3d 625, 633 (7th Cir. 2021) ("Rule 12(b)(6) prevents courts from granting unopposed motions solely because there is no response."). The *Marcure* court clarified that "[c]ourts remain free to rule on Rule 12(b)(6) motions even absent a response by looking to the complaint itself to determine the sufficiency of the pleadings." *Id*. at 633 n.5. Courts within the Seventh Circuit apply *Marcure* when the nonmovant's response to a motion to dismiss does not include an argument on an issue "the movant bears the burden on," by "the court analyz[ing] the issue." *Swanson v. Sw. Airlines Co*., No. 21-CV-05595, 2023 WL 5509357, at *4 (N.D. Ill. Aug. 26, 2023) (citing *Marcure*, 992 F.3d at 631–32)) (cleaned up); *see LeSure v. Walmart Inc*., No. 21-CV-472, 2022 WL 3647908, at *8 (E.D. Wis. Aug. 24, 2022) (concluding *Marcure* applies "[r]egardless of whether the plaintiff addressed the defendant's arguments"). As a result, it was proper for Judge Kolar to analyze whether the allegations of the Amended Complaint set forth the payment due date, even though the Plaintiff did not address this issue in his response brief. Therefore, the Court overrules the Defendant's objection.

The Court also finds that both cases the Defendant cites to support his argument that the claim accrued on the date the Plaintiff alleged the Defendant owed him the $170,000 in fact support Judge Kolar's finding that the accrual date is when the payment by the Defendant was due. First, the Defendant cites the Indiana Court of Appeals' ruling in *Franciscan Alliance, Inc.*

*v. Padgett*. There the defendant—as an employee of the medical facility plaintiff—accessed confidential information about a patient, resulting in the State of Indiana suing the plaintiff in another lawsuit in which the parties settled for $80,000 against the plaintiff. 180 N.E.3d at 946–47. The court concluded that the date of the plaintiff's injury with ascertainable damages was the date the lawsuit was filed by the State, not the date the defendant accessed the patient's confidential information. *Id*. at 951. Based on that court's determination, here the date of injury with ascertainable damages is not the date the Defendant owed the Plaintiff the $170,000 payment, as the Defendant argued, but is the date the payment was due and not paid by the Defendant.

The Defendant also cites *Williams v. U.S. Steel* to support his argument that the owed date in the Plaintiff's Amended Complaint is when accrual began. In *Williams*, the court concluded the claim accrued when the plaintiff "knew, or could have known, that he sustained the injury for which he now complains." 877 F. Supp. 1240, 1245 (N.D. Ind. 1995) (citing *INB Nat'l Bank v. Moran Elec. Serv., Inc.*, 608 N.E.2d 702, 708 (Ind. Ct. App. 1993)). There, the plaintiff's alleged injury was that he was not paid all he was owed under an arbitration award from the defendant—his employer. *See id*. at 1241–42. The court concluded that the accrual date was when the plaintiff received the check for the arbitration award from the defendant, not the date he was awarded the money in arbitration. *See id*. at 1245. Under *Williams*, like under *Franciscan Alliance*, here the date the Plaintiff knew he sustained an injury was the date the $170,000 payment was due and not paid, not the date the money was owed. As such, the Defendant has not identified a legal basis for the claim accruing on the date the payment was owed.

The Defendant's objection also sets out arguments related to the accrual date that he did not originally raise in the brief on his Motion to Dismiss: (1) the date the Defendant owed the

Plaintiff the $170,000 and the date that payment was due are synonymous; (2) there is no reasonable payment due date within the statute of limitations period; and (3) if the payment due date was more than one year after the contract began, the statute of frauds invalidates the contract. While the "synonymous" and "reasonable payment date" arguments were absent altogether from the Defendant's opening brief, he made passing reference to the "statute of frauds" by discussing it in a footnote in the context of his argument on personal liability. *See* ECF No. 34 at 19 n.11. The Defendant's "statute of frauds" argument as applied to the statute of limitations accrual date, however, is entirely new. Therefore, these three arguments were not raised before Judge Kolar. "[Seventh Circuit] cases . . . indicate that arguments not made before a magistrate judge are normally waived." *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000) (citing *Divane v. Krull Elec. Co.*, 194 F.3d 845, 849 (7th Cir. 1999)). The Court exercises its discretion and declines to consider the Defendant's statute of limitations arguments presented for the first time in his objection.

Accordingly, the Court agrees with Judge Kolar and adopts as its own Judge Kolar's findings and analysis that the Defendant has not met his burden to show the statute of limitations bars the Plaintiff's breach of contract and unjust enrichment claims. Thus, the Court denies in part the Defendant's Motion to Dismiss as to the Plaintiff's breach of contract claim (Count I) and unjust enrichment claim (Count III) on the statute of limitations grounds asserted in the motion.

2.   *Personal Liability*

The Defendant objects to Judge Kolar's finding that the Plaintiff plausibly alleged that the Defendant is personally liable for the March 2018 oral contract. The Defendant argues that the February 2018 email and the Plaintiff's allegation in his original Complaint, which was dropped in the Amended Complaint—that the Defendant provided a personal guarantee for the

February 2018 contract with the Center—show it is not plausible that the Defendant is personally

liable on the March 2018 oral contract. *See* Compl. ¶ 8. The Defendant also argues that the

Plaintiff's February 2022 demand letter contradicted the Plaintiff's allegations of the

Defendant's personal liability contained within the Amended Complaint. The Plaintiff responds

that the Defendant has cited no legal authority establishing that Judge Kolar's findings and

analysis on the Plaintiff's personal liability allegations were in error, asserting the findings were

within judicial discretion.

First, the Defendant argues that the alleged contract was between the Plaintiff and the

Center, and not with the Defendant personally, as shown by the allegations in the Plaintiff's

original Complaint that the Defendant provided a personal guarantee for the Plaintiff's February

2018 contract with the Center. As Judge Kolar discussed, the allegations in the Plaintiff's

Amended Complaint supersede the allegations in the Plaintiff's original Complaint. *See 188 LLC*

*v. Trinity Indus., Inc*., 300 F.3d 730, 736 (7th Cir. 2002) ("When a party has amended a pleading,

allegations and statements in earlier pleadings are not considered judicial admissions."); *see also*

*Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008). Also, in the Amended Complaint, the

Plaintiff plausibly alleges the Defendant's personal liability under the contract, even though the

February 2018 email showed the contract was with the Center. This is because the Plaintiff

alleges that the February 2018 email contract was amended by a March 2018 oral agreement to

give the Plaintiff additional duties providing personal advisory services to the Defendant. The

Plaintiff also alleges that the email contract was amended to provide that the Defendant would

pay the Plaintiff's salary personally. These allegations of the Defendant's personal liability are

assumed to be true on a motion to dismiss, as Judge Kolar found.

Judge Kolar also considered the Plaintiff's February 2022 demand letter, which the

Defendant attached to his motion to dismiss. While the Plaintiff did not attach the demand letter

to the Amended Complaint, the Court can consider the demand letter because it began the chain of communication that resulted in the attorney letter, which the Plaintiff attached to his Amended Complaint. *See L. Offs. of David Freydin, P.C. v. Chamara*, 24 F.4th 1122, 1126 n.1 (7th Cir. 2022) ("[A] party's selection of part of a chain of communication does not prevent the court from considering the entire chain."). Although the demand letter contains information that may contradict the Plaintiff's allegation of the Defendant's personal liability, Judge Kolar found that the conflict could not be resolved at the motion to dismiss stage of the litigation.

The Defendant objects to Judge Kolar's reasoning because the Defendant believes that the demand letter trumps the Plaintiff's allegations of personal liability in the Amended Complaint. This argument is unavailing. "It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454 (7th Cir. 1998). However, the narrow definition of a written instrument "is a document that defines a party's rights, obligations, entitlements, or liabilities—a contract, for example." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Here, the document in question is a letter from the Plaintiff to the Defendant. In the letter, the Plaintiff proclaims a breach of the contract at issue and demands payment:

> I am disappointed that you have apparently decided to breach the agreement we entered into whereby you hired me to work for you as the executive director of the Posner Center of Justice for Pro Se's at a yearly salary of $120,000. You extended the job offer to me on February 25, 2018 and I accepted your offer on that same date, and I provided services to you from that date until the dissolution to the Posner Center on July 23, 2019, which amounts to 17 months of work.

Ex. D, Mem. in Supp. of Mot. to Dismiss, ECF No. 34-1 at 27.

The Defendant also objects to Judge Kolar's finding because the Plaintiff did not dispute the Defendant's arguments that the allegations in the Amended Complaint contradict the demand

letter or that the demand letter trumps contrary allegations. However, a pro se plaintiff who does not respond to a motion to dismiss "can simply rest on the assumed truthfulness and liberal construction afforded his complaint." *Curtis v. Bembenek*, 48 F.3d 281, 287 (7th Cir. 1995) ("Although [the plaintiff] was entitled to submit papers in opposition to the defendant's motion, it was also appropriate for him to rely on his pleadings."). Furthermore, "[u]nlike the summary judgment context, the nonmovant's lack of response to a motion to dismiss constitutes no admission of the proponent's factual assertions." *Id*. Here, the Plaintiff is proceeding pro se. Therefore, it was within Judge Kolar's discretion to analyze the sufficiency of the allegations on the personal liability issue, even though the Plaintiff did not dispute the Defendant's arguments in his response brief. Accordingly, the Court overrules the Defendant's objection, and the Court agrees with Judge Kolar and adopts as its own Judge Kolar's findings and analysis that the Plaintiff has plausibly alleged the Defendant's personal liability under the contract at issue. Thus, the Court denies in part the Defendant's Motion to Dismiss the Plaintiff's breach of contract claim (Count I) based on the Defendant's personal liability.

**D.      Plaintiff's Objections**

The Plaintiff objects to the Report and Recommendation on two grounds. First, the Plaintiff argues that the Report and Recommendation improperly determined that the fraudulent concealment doctrine does not toll the statute of limitations on his breach of contract claim. Second, the Plaintiff argues that the Report and Recommendation improperly found that he failed to sufficiently allege fraud. The Court addresses each objection in turn.

*1.      Fraudulent Concealment*

The Plaintiff objects to Judge Kolar's finding that the Plaintiff's fraud allegations are not a basis for tolling the statute of limitations under the doctrine of fraudulent concealment on the breach of contract claim. The Plaintiff argues that Judge Kolar's finding does not make sense,

16

considering Judge Kolar's other finding that the Defendant did not establish that the Plaintiff's claims were untimely. The Plaintiff believes that the fraud allegations in his judicial notice motions—which he believes also constitute fraud on the Court—and his allegations of misrepresentation in the Amended Complaint each show fraudulent concealment.

The Plaintiff did not address Judge Kolar's finding that the Plaintiff did not meet his burden to show that fraudulent concealment tolls the statute of limitations on his breach of contract claim because the Plaintiff did not allege that the Defendant concealed the breach of contract. The doctrine of fraudulent concealment "bars a statute-of-limitations defense when the defendant who invokes it prevented the plaintiff from discovering an otherwise valid claim." *Blackford v. Welborn Clinic*, 172 N.E.3d 1219, 1229 (Ind. 2021). "The party alleging fraudulent concealment bears the burden to prove that tolling applies." *Gittings v. Deal*, 109 N.E.3d 963, 973 (Ind. 2018). To meet this burden, the Plaintiff must allege sufficient facts to show "that the cause of action was concealed from the claimant until a certain time." *Id*. For a breach of contract claim, "the knowledge necessary to pursue a claim, [is] that the contract had been breached." *Meisenhelder v. Zipp Exp., Inc*., 788 N.E.2d 924, 931 (Ind. Ct. App. 2003) (holding that the doctrine of fraudulent concealment was inapplicable when the plaintiff admitted he knew of the breach). Here, the Plaintiff has not met his burden of showing that tolling applies because the Plaintiff does not allege that the Defendant concealed from the Plaintiff the fact that the alleged contract had been breached when the Defendant failed to pay the Plaintiff the $170,000 on the date it was due. Accordingly, the Court overrules the Plaintiff's objection, agrees with Judge Kolar, and adopts as its own Judge Kolar's findings and analysis that the Plaintiff did not show that fraudulent concealment tolls his breach of contract claim under Indiana law.

2.    *Fraud Claim as Duplicative*

The Plaintiff objects to Judge Kolar's finding that the Plaintiff's fraud claim is duplicative of his breach of contract claim and should be dismissed. The Plaintiff believes that his allegations of misrepresentations suffice to state a claim for fraud. He also believes that his new allegations of a possible fraud injury in his response brief, which were not contained in his Amended Complaint, suffice. The Defendant argues that the Plaintiff's arguments related to the fraud claim are meritless because the Plaintiff's Amended Complaint does not allege that he suffered any injury separate from his breach of contract claim injury.

The Plaintiff does not address Judge Kolar's analysis and conclusion on the Plaintiff's fraud claim. Judge Kolar found that the allegations in the Plaintiff's Amended Complaint are insufficient to state a claim for fraud that is separate and independent from the Plaintiff's breach of contract claim because the Plaintiff's Amended Complaint does not allege an injury other than that the Defendant did not pay him. For a fraud claim under Indiana law to survive a Rule 12(b)(6) motion to dismiss, the Plaintiff must allege sufficient facts to plausibly show that "(1) the breaching party committed the separate and independent tort of fraud; *and* (2) the fraud resulted in injury distinct from that resulting from the breach." *Mauger v. Metro. Life Ins. Co*., 589 F. Supp. 3d 954, 962 (N.D. Ind. 2022) (citations omitted) (emphasis added). Here, the Plaintiff's assertion that allegations of misrepresentations are sufficient is incorrect.

The Plaintiff also objects to Judge Kolar's recommended dismissal of his fraud claim because Plaintiff alleged a new injury in his response brief and requested leave to file a second amended complaint. As set forth above, Judge Kolar properly recommended dismissing the Plaintiff's fraud claim based on the lack of an allegation in the operative Amended Complaint of a distinct fraud injury. In his response to the motion to dismiss, the Plaintiff requests leave to amend his complaint, alleging an apparent new fraud injury, including emotional distress and headaches; however, he did not attach a proposed second amended complaint to his response

brief. Consequently, Judge Kolar recommended granting the Plaintiff leave to file a motion for leave to file a second amended complaint with a proposed second amended complaint attached. The Court adopts this recommendation. Thus, the Plaintiff is obtaining the relief he seeks, which is discussed in more detail in the section below on the Motion for Leave to File Second Amended Complaint.

As a result, the Court overrules the Plaintiff's objections to the dismissal of the fraud claim. Accordingly, the Court agrees with Judge Kolar and adopts as its own Judge Kolar's findings and analysis that the Plaintiff failed to allege a fraud claim that is separate and independent from the Plaintiff's breach of contract claim. Thus, the Court grants in part Judge Posner's Motion to Dismiss the Amended Complaint for Failure to State a Claim as to the Plaintiff's fraud claim (Count II).

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

The Plaintiff filed his Motion for Leave to File Second Amended Complaint the day before Judge Kolar issued his Report and Recommendation; thus, the Plaintiff's motion was not considered in his recommendations. In his motion, the Plaintiff contends that the Court should grant him leave to file a second amended complaint because new information on the Defendant's fraud has surfaced. The Plaintiff attached his proposed Second Amended Complaint [ECF No. 61-2]. The Defendant argues that the Plaintiff's motion is premature, and he also argues that the proposed amendment is futile because it would not survive a motion to dismiss. According to the Defendant, the amended fraud allegations are still duplicative of the Plaintiff breach of contract claim because the Plaintiff does not allege an injury separate from unpaid wages. The Defendant also argues that punitive damages are unavailable to the Plaintiff because the Plaintiff has not alleged that the Defendant's fraud amounted to a quasi-criminal state. In reply, the Plaintiff asserts that he has alleged a new injury because Judge Kolar already acknowledged such in the

analysis of the Plaintiff's request for leave to amend his complaint that he had previously raised in his response to the motion to dismiss. ECF No. 66 at 3–5 (citing ECF No. 62 at 55). The Plaintiff also asserts that he has a cognizable claim for punitive damages because he alleged the Defendant made false statements about the Defendant's wife's lack of authority to close the Center and, according to the Plaintiff, Judge Kolar determined these allegations constitute a standalone injury.

An amendment is futile when it "could not withstand a motion to dismiss." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992). Here, the Plaintiff argued in response to the Defendant's motion to dismiss that he "was subjected to emotional distress and headaches as he was bombarded with questions about the closing of the Posner Center." ECF No. 36 at 20. Judge Kolar stated that this "appears to be a new injury." ECF No. 62 at 55. However, this new injury is not alleged in the operative Amended Complaint. As in the operative Amended Complaint, the only injury the Plaintiff alleges in the proposed second amended complaint is that the Defendant did not pay him. *See* Prop. Sec. Am. Compl. ¶ 24 (the Defendant owes the Plaintiff at least $170,000), ¶ 35 (the Defendant's fraud resulted in the Plaintiff's free services), ¶ 41 (the Plaintiff is concerned the Defendant will continue to avoid paying the Plaintiff), ¶ 47 (requesting punitive damages for the Defendant deceiving the Plaintiff into working for free). Because the Plaintiff's proposed second amended complaint does not allege a separate injury, the amendment would be futile and the Court DENIES the Plaintiff's Motion for Leave.

As discussed above, the Court is granting the Plaintiff leave to file a motion for leave to amend with an updated, proposed second amended complaint attached that cures this defect. *See Aldridge v. Forest River, Inc*., 635 F.3d 870, 875 (7th Cir. 2011) ("[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." (quoting *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002))).

**CONCLUSION**

Therefore, the Court hereby OVERRULES the Defendant's Objections [ECF No. 65], OVERRULES the Plaintiff's Objections [ECF No. 67], and ACCEPTS the Report and Recommendation [ECF No. 62] with a MODIFICATION. As a result, the Court GRANTS in part and DENIES in part the Defendant's Motion to Dismiss [ECF No. 33] and DISMISSES the Amended Complaint's [ECF No. 30] Count II (fraud claim) without prejudice. The Court DENIES as moot the Motions for Judicial Notice [ECF Nos. 38, 40, 44]; DENIES without prejudice the Motion for Leave [ECF No. 61]; and DENIES the Motion to Strike [ECF No. 70]. The Court GRANTS the Plaintiff up to and including October 18, 2023, to file a renewed motion for leave to file a second amended complaint with the updated, proposed second amended complaint attached.

SO ORDERED on September 25, 2023.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT