UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND

| | |
|---|---|
| Brian Vukadinovich, <br><br> Plaintiff, <br><br> v. <br><br> Richard A. Posner, <br><br> Defendant. | CAUSE NO.: 2:22-CV-118-TLS-JPK |

**ORDER**

This matter is before the Court sua sponte. On October 20, 2023, the Court received an ex parte email correspondence from a non-party individual; the correspondence relates to this case. The email was sent to a general Court email address for both the district judge and magistrate judge presiding over the case. The email is included with this Order as an attachment.

The Local Rules for the Northern District of Indiana do not provide any guidance as to such communications. The Code of Conduct for United States Judges provides that a judge must not consider ex parte communications on the merits of a pending proceeding. Code of Conduct for United States Judges Canon 3A(4) (March 12, 2019). "The restriction on ex parte communications concerning a proceeding includes communications from lawyers, law teachers, and others who are not participants in the proceeding." Code of Conduct for United States Judges cmt. to Cannon 3A(4). If a judge receives such an ex parte communication, the judge should "promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested." Code of Conduct for United States Judges Canon 3A(4).

1. Relying on this authority, the Court gives the parties up to and including **November 1, 2023**, to file a response, if any, to the ex parte communication.

2. The parties are reminded of the Rule 16 Preliminary Pretrial Conference set for **November 2, 2023**, DE 75, and the requirement of filing a planning report no later than **October 26, 2023** (five business days prior).

3. The Motion to Strike [**DE 79**] is **TAKEN UNDER ADVISEMENT,** with further briefing **STAYED** pending any filing in response to this Order. The Court anticipates addressing the Motion to Strike and the filing of a response thereto at the Rule 16 Conference.

SO ORDERED this 20th day of October, 2023.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT

cc: Pro se Plaintiff

| | |
|---|---|
| **From:** | wmbillbond@aol.com |
| **To:** | Springmann Chambers |
| **Cc:** | Kolar Chambers |
| **Subject:** | Re the Posner litigation, 22-cv-118-TLS at nos. 78--80. |
| **Date:** | Friday, October 20, 2023 12:03:08 AM |

**CAUTION - EXTERNAL:**

**Re: 22-cv-118-TLS**

Dear Judge Springmann,

I write again re disturbing events the Court has allowed to continue in this case at docket numbers 78–80.

Docket number 78 is simply an answer to an amended complaint per FRCP 12(a)(4)(A).

Nevertheless, the (expert) pro se plaintiff views this filing as the greatest abomination ever in the world to present day, and thus has filed his motion to strike claiming "preposterous" defenses & rule violations. The plaintiff has also claimed from the time Dick Posner allegedly called to recruit him—which is pure delusion—through Posner allegedly drafting an intro to his self-published book (which sold almost no copies), that he thinks highly of Dick; but now spends much time disparaging him at length in filing no. 80. And while there are many legal scholar experts who could, and maybe will, one day opine in court on the accuracy of what the plaintiff states re the legacy of Judge Posner, two things the Court might consider:

1. Judge Posner had zero interest in pursuing any action of any kind against former CA 7 Chief Judge Diane P. Wood as late as October 2017. I know this for a fact, because as his only post-judicial client, we discussed this matter extensively as it impacted his representation of me. Therefore, there is zero chance or possibility that Dick would have discussed this issue with some lay person six months later, let alone that he needed that lay person's advice or counsel re anything when he had several hundred top attorneys on speed dial. I am happy to provide the Court with a *Friend-of-the-Court* affidavit—excluding matters covered by privilege--to same re the Court's ultimate role of fact-finder. The only thing "preposterous" is the idea that Dick Posner would find this plaintiff as being some savant who was the only person in the world who could only provide any or all of the (imaginary) consulting services Dick required—and for 170k to boot![1]

2. Plaintiff has mined the Judge Wood angle quite a bit. Hopefully, she will be a trial witness. But until then, this is what the *Chicago Sun Times* quoted her as saying after Dick's retirement on September 2, 2017, https://chicago.suntimes.com/2017/9/2/18375672/judge-posner-one-of-world-s-leading-public-intellectuals-retires :

"For more than 50 years, Judge Posner has been one of the leading

> public intellectuals in the United States — indeed, the world," Seventh Circuit Chief Judge Diane Wood said in a statement. "He is one of the most distinguished people to ever sit on the federal bench. His opinions have had an impact around the world."

And that is how the great majority of people in the U.S. legal community will remember retired U.S. Circuit Judge Richard A. Posner.

Finally, this writer asks the Court to strike under FRCP 12(f)(1) the plaintiff's rant at no. 54. No Court should allow such ugliness upon their docket, ugliness disputed on its face by the consecutive representations by Judge Posner in the CA 4, and then David Boies in the Supreme Court.

In close, the spectacle this Court has allowed a clearly paranoid delusional (alleged criminal) to extort under the cover of federal filing an incapacitated retired judge and his family is so far beyond the pale the stench is sickening all the way here in Maryland.

I hope this email finds you and chamber's staff well.

Very truly and respectfully yours,

Bill

William C. Bond
The Carlyle, Apartment 4 L
500 West University Parkway
Baltimore, MD 21210
443.970.2887

cc: Judge Kolar

---

[1] Posner famously wrote all his opinions himself.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.