IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH,<br><br>                              Plaintiff,<br>  v.<br>RICHARD A. POSNER,<br><br>                              Defendant. | Cause No. 22 Civ. 118<br><br>Judge Theresa L. Springmann<br>Magistrate Judge Joshua P. Kolar |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF PHASED DISCOVERY

Pursuant to the Court's November 2 order, Defendant respectfully submits this memorandum about whether discovery should be bifurcated. *See* 11/2/2023 Min. Order.

The Court was correct to suggest that statute-of-limitations issues should be addressed first. Dkt. 62 (R&R) at 36. Limiting initial discovery to those issues is the best way to assure the just, speedy, and inexpensive determination of this case. *See* Fed. R. Civ. P. 1. Whether Plaintiff's claims are timely is a narrow question that can, and should, be resolved quickly. Plaintiff's pleadings and the available evidence so far show that Defendant is very likely to prevail on that question. Phased discovery will avoid several difficult problems raised by the discovery Plaintiff plans to seek in this case. It will also reduce the burden on Defendant, his family, and third parties from Plaintiff's meritless claims. And Plaintiff cannot show any meaningful prejudice from that approach. The Court should bifurcate discovery.

### ARGUMENT

The Court has "broad discretion to structure discovery" by "ordering that discovery proceed under a phased approach." R&R 36; *see Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013) ("magistrate and district courts enjoy extremely broad discretion in controlling

discovery"); Fed. R. Civ. P. 26(d)(3) (courts may set the sequence of discovery for the parties' and witnesses' convenience); *see also* Fed. R. Civ. P. 42(b).  In exercising that discretion, courts consider whether bifurcation will make resolving the case more efficient and the prejudice to both parties.  *Albert's Diamond Jewelers, Inc. v. Aaland Diamond Jewelers LLC*, No. 23 Civ. 39, 2023 WL 6284632, at *1 (N.D. Ind. Sept. 27, 2023).  Both factors warrant bifurcating discovery here.

I.     PHASED DISCOVERY IS THE MOST EFFICIENT MEANS OF RESOLVING THIS CASE

       A.     **Phased Discovery Can Resolve the Case Quickly**

As the Court noted, when Plaintiff's claims accrued is "potentially dispositive." R&R 36.  And that dispositive issue will require limited discovery from the parties and few, if any, demands on non-parties.  That is why the Seventh Circuit has described the statute of limitations as a "prime candidate" for phased discovery – "because the potential savings are greatest when a case is put to death at an early stage."  *Stewart v. RCA Corp.*, 790 F.2d 624, 629 (7th Cir. 1986).[1]

Defendant is very likely to succeed on the accrual issue.  *See Albert's Diamond Jewelers*, 2023 WL 6284632, at *3 (courts consider the "likelihood of success" for a given issue when deciding whether to tackle that issue first in discovery).  As the Court explained in its motion-to-dismiss ruling, when Plaintiff's contract claim accrued depends on "the latest possible date that the Defendant's $170,000 payment was [allegedly] due."  Dkt. 74 (MTD Op.) at 10; *see also id.* at 12.  Because Plaintiff did not file suit until May 2022, his claims are timely only if the money was due sometime after May 2020 – nine months after the Center closed and his job allegedly

---

[1] *See also Yung v. Raymark Indus., Inc.*, 789 F.2d 397, 401 (6th Cir. 1986) (collecting cases noting "separate trials on a statute of limitations issue are particularly appropriate"); *Axler v. Scientific Ecology Grp., Inc.*, No. 98 Civ. 10161, 1999 WL 1209512, at *5 (D. Mass. May 21, 1999) (ordering phased discovery limited to statute of limitations); *Pinson v. Federal Bureau of Prisons*, No. 18 Civ. 535, 2019 WL 10250755, at *3 (D. Ariz. Dec. 17, 2019) (same for exhaustion issue).

ended.  In other words, Plaintiff's claims survive only if it would have been reasonable for Plaintiff to wait for payment more than nine months after the Center closed.  *See* R&R 35.

Plaintiff cannot make that showing.  Instead, discovery will prove that, by at least January 2019, Plaintiff was, in his own words, no longer "substantially involved" with the Posner Center.  Ellis Decl., Ex. A (email from Plaintiff to Defendant).  Discovery will also show that, by that point, Plaintiff had already known for at least six months that Defendant had been diagnosed with Alzheimer's disease.  And a search of Defendant's email account shows that Plaintiff never once raised his supposed agreement with Defendant in writing, including when he stopped being "substantially involved" in the Center or when the Center was formally dissolved in July 2019.  Ellis Decl. ¶4.

In fact, Plaintiff last received an email from Defendant on July 20, 2019 (to which Plaintiff did not respond), and Plaintiff's last email to Defendant was on May 21, 2019, two months before his job supposedly ended.  Ellis Decl. ¶¶5-6.  Plaintiff has little chance of showing it was reasonable for him to wait nine months to be paid after the Center closed – and a year since he last contacted Defendant – knowing that Defendant was suffering from Alzheimer's.  Discovery on accrual will only provide more evidence that Plaintiff's claims could not have accrued after May 2020.  Because there is a strong likelihood that the accrual issue will dispose of this case, the Court should limit discovery to that issue in the first instance.

**B.     Phased Discovery Will Avoid Needless Complexity**

Limiting discovery to claim accrual is especially efficient given the issues that phased discovery could avoid.  The statute of limitations is "a prime candidate" for bifurcation because timeliness issues tend to overlap so little with the merits.  *Stewart*, 790 F.2d at 629; *cf. Albert's Diamond Jewelers*, 2023 WL 6284632, at *1 (rejecting bifurcation between liability and damages where the two issues "require[d] much of the same evidence and [were] not easily severable").

3

And the merits issues here could raise complex, burdensome, and contentious discovery that could all be avoided if Defendant's statute-of-limitations defense prevails. *See Albert's Diamond Jewelers*, 2023 WL 6284632, at *1-2 (considering the complexity of the issues involved).

For example, Defendant has raised a capacity defense to Plaintiff's contract claim. Dkt. 78 (Answer) at 15. In response, Plaintiff has signaled that, in discovery, he will seek "[a]ny and all information" about Defendant's mental health, including Defendant's sensitive medical records. Dkt. 82 (26(f) Report) at 4. In meeting and conferring, Plaintiff has also reserved the right to depose Defendant or even seek his mental or physical examination under Rule 35. Ellis Decl. ¶¶ 8-9. Plaintiff's plans will raise complex and delicate questions about the proper scope of discovery.

Nor is the complexity limited to Defendant's health. For example, Plaintiff also hopes to trawl through Defendant's finances over a six-year period, seeking (for example) "[a]ny and all . . . agreements/contracts," any employment documents, "any documents personally signed," "any business transactions," "any and all books," and any use of Defendant's credit card pertaining to the Posner Center. 26(f) Report 4-6. Plaintiff's discovery demands also implicate communications with Defendant's spouse, doctors, and attorneys, all of which raise substantial privilege issues. *See* Ellis Decl. ¶ 10. Those issues, too, will likely generate extensive discovery (and discovery disputes). But since none of those issues bear on the statute of limitations, they could all be avoided through phased discovery.

Phased discovery would also avoid the intrusive third-party discovery that Plaintiff has in mind. For example, Plaintiff intends to seek "all communications between Defendant and any judges and officials on the U.S. Court of Appeals for the Seventh Circuit that in any way pertain to Defendant's resignation and retirement as a judge," as well as documents about "any conflicts

4

or disagreements with any judges or officials" of the Court of Appeals. 26(f) Report 7. In meeting and conferring, he has refused to rule out trying to seek documents and testimony from the judiciary. Ellis Decl. ¶ 8. Plaintiff's demands will raise sensitive issues of internal judicial privilege and confidentiality both for discovery aimed at the courts and for Defendant's own records from his time as a judge. *See In re Bank*, 850 F. App'x 115, 120 (2d Cir. 2021) ("litigants and the public generally have no right of access to internal court communications"). Once again, none of this discovery would be necessary under a phased approach.

Finally, limiting discovery now will help limit discovery disputes. This case is not like *Albert's Diamond Jewelers*, where avoiding bifurcation helped reduce motion practice. 2023 WL 6284632, at *3. Plaintiff has already engaged in extensive, vituperative motion practice and will keep doing so as long as the case continues. In the eighteen months since this case was filed, Plaintiff has moved three times for judicial notice accusing Defendant of a "fraud on the court"; moved four times for sanctions against Defendant and his counsel; sought to freeze all assets Defendant and his spouse rely on to live; tried to disqualify Judge Springmann; attacked the Court for its supposed delay in ruling; and filed two motions to strike. *See* Dkts. 38, 40, 44, 46, 47, 48, 52, 70, 73, 79, 80. This behavior is consistent with Plaintiff's discovery strategy in prior cases. *See Vukadinovich v. Hanover Cmty. Sch. Corp.*, 13 Civ. 144, 2014 WL 667830, at *1-2 (N.D. Ind. Feb. 20, 2014) (addressing Plaintiff's twenty discovery motions). The best way to limit this case's complexity is to bring it to a swift end. Phased discovery will help achieve that goal.

## II.   THE BALANCE OF PREJUDICE FAVORS PHASED DISCOVERY

### A.   Phased Discovery Avoids Inflicting Needless Prejudice on Defendant and Third Parties

The prejudice to Defendant and third parties from full discovery is substantial. Every additional topic open for discovery multiplies the burden on Defendant to collect, review, and

produce documents. Moreover, Plaintiff's discovery requests may force Defendant to disclose sensitive information regarding his health, finances, and other topics. *See* p. 4, *supra*. Plaintiff's discovery demands will burden Defendant's family with needless intrusion into Defendant's and his family's personal lives, years after Defendant developed Alzheimer's. Yet Plaintiff refuses to agree to a protective order that would prevent him from misusing this information. *See* 26(f) Report at 11, 13.

This is not speculation. Plaintiff has written at least one book, several blog posts, and numerous posts on X (formerly Twitter) accusing the Seventh Circuit of "case fixing" and corruption. *See* Brian Vukadinovich, *Rogues in Black Robes* (2023) (available via Amazon at https://bit.ly/47gxr7V); *see, e.g.*, Brian Vukadinovich, "Federal Judges Who Fix Cases and Court Officials Who Cover Up Case Fixing are Domestic Terrorists," https://bit.ly/3QFRi9s (June 8, 2022); Brian Vukadinovich, "Why Is the U.S. Court Administration So Secretive About Judge Michael S. Kanne," https://bit.ly/49CRRd4 (Apr. 17, 2022); https://twitter.com/motion4justice/ (Plaintiff's X account). Plaintiff also offers paid speeches on his long career as a *pro se* litigant. Speakerpedia, "Brian Vukadinovich," https://bit.ly/47sABVS. And he has publicly stated that he wants to use this case to publicize his grievances against the courts. *See, e.g.*, *Brian Vukadinovich: Breach of Contract Case Against Richard Posner, Former Fed. Ct. of Appeals, 7th.*, YouTube at 41:45-59 https://www.youtube.com/watch?v=QOTIYwsk4b8 (May 24, 2023) (stating in interview that "if we have a jury trial . . . the judiciary is going to have a whole lot to be concerned about – trust me"); https://bit.ly/3QVp4sO; (Aug 5, 2023 X post stating that "The country should brace itself for what I will expose at the trial, it isn't going to be pretty!"). Full-blown discovery risks allowing Plaintiff to exploit this case to improperly advance his publicity campaign. The Court should bifurcate discovery to minimize that risk. *See Marshall v. Grubhub Inc.*, No. 19 Civ.

3718, 2022 WL 1055484, at *3 (N.D. Ill. Apr. 5, 2022) ("Discovery is not to be used as a weapon.").

Full discovery may even prejudice litigants in unrelated cases given the potential need for evidence from sitting judges. *See* Ellis Decl. ¶ 12. Counsel for Defendant has at least one case pending before a potential judicial witness that may need to be reassigned (or some other action taken) to avoid a real or perceived conflict of interest. *See id.* Likewise, since Plaintiff may call Seventh Circuit judges as witnesses, those judges will be in the same situation if faced with any appeal from the same counsel representing Defendant. But those judges will not need to give evidence on the accrual issue. Phased discovery would thus avoid inflicting any unfair prejudice on other litigants by potentially creating conflicts of interest that need not exist.

The substantial prejudice to Defendant and third parties here was absent in *Albert's Diamond Jewelers*. 2023 WL 6284632, at *3. The movant there identified only a slight risk of jury confusion and a slightly longer trial. *Id.* And even that prejudice could be mitigated through jury instructions. *Id.* By contrast, full-blown discovery here risks public disclosure of confidential and sensitive information; forces Defendant and third parties to waive privilege or litigate privilege disputes; potentially interferes with unrelated pending cases; and opens third parties to harassment.

### B. Phased Discovery Will Not Unfairly Prejudice Plaintiff

There is no good-faith argument that phased discovery would unfairly prejudice Plaintiff. He cannot claim that going a few additional months without payment inflicts any unfair prejudice. After all, he went seventeen months without payment and then waited ***another*** two years and nine months before suing Defendant. *See* pp. 2-3, *supra*. And he did so knowing that Defendant had been diagnosed with Alzheimer's years earlier. That delay ensured that Defendant would be unable to personally refute Plaintiff's claims of a purported oral agreement. Worse still, Plaintiff then repeatedly claimed (often under oath) that he was unaware Defendant had Alzheimer's until

7

2022.  Dkt. 30 ¶¶ 29-31; Dkt. 61-2 ¶¶ 29-31; Dkt. 36 at 5-6; Dkt. 37 ¶¶ 11-12; Dkt. 67 at 2; Dkt. 80 at 5.  Plaintiff cannot use delay as a weapon and then complain about a delay of a few months.

Nor can Plaintiff claim that phased discovery would unfairly benefit Defendant.  To the contrary, phased discovery is critical to counteract the unfair advantage Plaintiff obtained by waiting so long to sue.  Indiana enacted a two-year statute of limitations for oral employment contracts precisely because "it is too easy for an employee to make claims against his employer based on alleged oral understandings and too hard for the employer to disprove these claims when they relate to the remote past."  *Miller v. Int'l Harvester Co.*, 811 F.2d 1150, 1152 (7th Cir. 1987).  That protection would mean little if a plaintiff can fabricate an oral contract and automatically obtain full discovery.  Phased discovery here merely ensures that the statute of limitations acts as the filter of meritless claims Indiana intended it to be.

Plaintiff's suggestion that phased discovery would be "grossly unfair" or "tantamount to a miscarriage of justice" is frivolous.  26(f) Report 4.  Plaintiff waited over four years to bring suit over an alleged oral employment contract with a counterparty with Alzheimer's.  It is only fair that, before he can burden that party's family and professional contacts with discovery, he should first litigate whether his suit is timely.  Phased discovery is the best way to ensure "the just, speedy, and inexpensive determination" of this case.  Fed. R. Civ. P. 1.  The Court should exercise its broad discretion and order that discovery proceed under a phased approach.  *See* R&R 36.

## CONCLUSION

Defendant respectfully requests that the Court order phased discovery, with the first phase limited to the dispositive issue of when Plaintiff's claims for breach of contract and unjust enrichment accrued.

New York, New York
November 16, 2023

                                      /s/ Justin M. Ellis
Steven F. Molo (admitted *pro hac vice*)
Kenneth E. Notter III (admitted *pro hac vice*)
MoloLamken LLP
300 N. LaSalle Street
Chicago, IL  60654
(312) 450-6700
smolo@mololamken.com
knotter@mololamken.com

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY  10016
(212) 607-8160
jellis@mololamken.com

David Beach
Eichhorn & Eichhorn LLP
2929 Carlson Drive, Suite 100
Hammond, IN  46323
dbeach@eichhorn-law.com

*Attorneys for Hon. Richard A. Posner*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 16, 2023, the foregoing was electronically filed with the Clerk of the Court via CM/ECF and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on *pro se* Plaintiff Brian Vukadinovich per his agreement to receive such papers via email.

/s/ Justin M. Ellis
Justin M. Ellis