

-FILED-
NOV 15 2023

At _____ M
Change J. Bede, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BRIAN VUKADINOVICH,          )
                             )
          Plaintiff,         )
                             )
     v.                      )        CAUSE NO. 2:22-CV-0118-TLS-JPK
                             )
RICHARD A. POSNER,           )
                             )
          Defendant.         )

**PLAINTIFF'S BRIEF ON THE ISSUES OF BIFURCATION OF DISCOVERY**

Plaintiff, Brian Vukadinovich, pro se, and pursuant to this Court's order of

November 2, 2023, submits his brief on the issues of bifurcation of discovery.

**I.      DISCOVERY SHOULD NOT BE BIFURCATED**

> **A.   Allowing Defendant to Pursue Discovery as to His
> Defenses While at the Same Time Disallowing Plaintiff
> to Conduct Discovery as to His Claims Would Be
> Fundamentally Unfair and Would Prejudice the Plaintiff
> and Would Further Violate a Previous Agreement as to
> Discovery that Was Adopted by this Court**

On July 19, 2022, a Joint Status Report was filed explicitly stating to this Court

"After meeting and conferring, the parties have agreed that all discovery, including third

party discovery should be stayed pending the resolution of a motion to dismiss." (Docket

#23, page 1). This Court adopted the agreement of the parties as reflected in the Joint

Status Report in an order dated July 20, 2022 explicitly stating in its order "All other

agreements of the parties concerning discovery in [23] are adopted." (Docket #24). The

Defendant filed a motion to dismiss on August 22, 2022 (Docket #33) and this Court

1

issued an Order and Opinion on September 25, 2023, denying Defendant's motion to dismiss. (Docket #74).

And now, the Defendant, after losing the ruling on his motion to dismiss, proposes that fact discovery proceed in two phases with phase one limited to the so called potentially dispositive issue of when Plaintiff's claims or breach of contract and unjust enrichment accrued. Defendant proposes that phase one of fact discovery be strictly limited to issues relevant to the accrual of Plaintiff's claims. Defendant proposes in phase one that "Defendant shall be permitted (in addition to other discovery) to take a deposition of Plaintiff limited to issues of claim accrual, while reserving the right to take an additional deposition of Plaintiff if necessary in phase two discovery." (Report of Rule 26(f) Planning Meeting, Docket #82). Defendant further proposes that if the Court denies any dispositive motion, then, and only then, should Plaintiff be permitted to conduct discovery as to his claims. Such a proceeding would be fundamentally unfair and would blatantly disrespect the previously filed Joint Status Report where the parties agreed to stay discovery pending the resolution of the Defendant's motion to dismiss.[1]

Judge DeGuilio recently noted in *Albert's Diamond Jeweler's, Inc., v. Aaland Diamond Jewelers, LLC*, Case No. 2:23-CV-39 JD (September 27, 2023), reported as 2023 WL 6284632, "The Court must also consider the prejudice to both parties: whether

---

[1] In the Joint Status Report the parties agreed that discovery should be stayed pending the resolution of Defendant's motion to dismiss. The expectation from that agreement was that both sides would be able to conduct discovery in an even handed manner; there was no unilateral agreement whatsoever that Defendant should be able to first conduct discovery and that Plaintiff should not be able to conduct discovery simultaneously, in essence taking a back seat to Defendant's discovery. No such conditions were part of the agreement.

Aaland would be prejudiced by failing to bifurcate the trial, and whether Albert's would be prejudiced by the alternative." See *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). Judge DeGuilio ultimately decided that "The prejudice to Albert's appears obvious to the Court. If liability and damages were bifurcated, a zealous defense attorney is likely to argue some evidence is not relevant to stage one discovery and therefore should not be produced until liability is determined; potentially in that group are documents that plaintiff's counsel would find probative of liability. Counsel may be forced to engage in time consuming discovery disputes (as noted above) to obtain material they otherwise would be entitled to as a matter of right." See *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). This is precisely what could very potentially happen in the instant case if discovery were bifurcated into two phases as proposed by the Defendant. Undoubtedly such a bifurcation of discovery would very likely result in Defendant's lawyers zealously arguing that some evidence is not relevant to stage one discovery and therefore should not be produced until liability is determined despite that potentially in that group are documents that Plaintiff would find probative of liability. Under such a scenario, i.e., phase one and phase two, Defendant's lawyers and Plaintiff very potentially would be forced to engage in time consuming discovery disputes to obtain material that Plaintiff otherwise would be entitled to as a matter of right. This is a can of worms that should not be opened.

In addressing the Court's discretion as to bifurcation of issues, Judge DeGuilio stated in *Albert's Diamond Jeweler's, Inc., v. Aaland Diamond Jewelers, LLC, Id.*, that

while "Bifurcation may be appropriate if one or more of the Rule 42(b) criteria is met, as long as bifurcation will not prejudice the non-moving party or violate the Seventh Amendment."     And very importantly Judge DeGuilio further pointed out that "Bifurcation is the exception, not the rule." *See Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000) and further made clear that and "A court should order separate trials only in extenuating circumstances." *See Id.* At 621. See also *Gaston v. Hazeltine*, Case No. 3:21-CV-896 JD (August 30, 2022).   There are no extenuating circumstances here, this is a straightforward breach of contract case and any impediments that Defendant proposes in terms of potentially preventing Plaintiff from his entitled rights to discovery would implicate the Seventh Amendment.[2]

The prejudice to Plaintiff in permitting Defendant to conduct discovery to his benefit while at the same time disallowing Plaintiff to conduct discovery to his benefit would be quite obvious as bifurcation of discovery would undoubtedly create inefficiencies as to intertwined issues.   In *Albert's Diamond Jeweler's, Inc., v. Aaland Diamond Jewelers, LLC, Id.*, in addressing bifurcation on discovery issues, Judge DeGuilio rejected the defendant's argument that damages discovery will require separate

---

[2] Defendant's lawyers have stated in this litigation that "Prolonging this case would not serve the ends of justice." (Memorandum in Support of Motion to Dismiss – Docket #34, page 30), but yet, Defendant's lawyers also stated in the same breath "During that time, the Center dissolved and Judge Posner's condition has gotten worse, forcing him to move to an assisted living facility and impairing his ability to testify." (Memorandum in Support of Motion to Dismiss – Docket #34, page 29).  Defendant has provided no evidence to substantiate these statements.  And even if true, commonsense dictates that the matters of this litigation should be expedited, not delayed. Defendant's tactics are quite obvious, delay, delay, delay!  The "ends of justice" are not "served" by legal wrangling utilizing delay tactics, "ends of justice" are "served" by incorporating a fair and just process with both sides having equal opportunity to discovery.

4

evidence and the likely involvement of experts by admonishing "But this is true of nearly every lawsuit that contemplates damages, and most suits are not bifurcated. *See BASF Catalysts LLC v. Aristo, Inc.*, No. 2:07-CV-222, 2009 WL 523123 at \*4 (N.D. Ind. Mar. 2, 2009)". In denying the defendants bifurcation request, Judge DeGuilio further wrote 'If a case is unavoidably "arduous no matter if the parties attempt to focus on only one alleged discrete issue firsts overall case management tends to suffer too greatly for bifurcated discovery to produce the efficiencies touted by its proponents." *Dean v. Pfizer, Inc.*, No. 4:19-CV-204, 2020 WL 12032895, at \*2 (S.D. Ind. Dec. 9, 2020). This Court should likewise find that the instant case does not find efficiency weighs in favor of bifurcation. The agreement contained within the Joint Status Report between the parties as to the discovery issue, of which agreement was adopted by this Court, should be honored and adhered to. To not do so would culminate in dilatory practices, avoidable delays and unnecessary costs. After all, the Defendant himself has previously stated to this Court in a memorandum that "Prolonging this case would not serve the ends of justice." (Docket #34, page 30), so to that end, the Defendant should not be allowed to do the very thing that he argued should not take place.

The Defendant has proposed that "In phase one, Defendant shall be permitted (in addition to other discovery) to take a deposition of Plaintiff limited to issues of claim accrual, **while reserving the right to take an additional deposition of Plaintiff if necessary in phase two discovery**." (Report of Rule 26(f) Planning Meeting, Docket #82). [emphasis added]. In *Albert's Diamond Jeweler's, Inc., v. Aaland Diamond Jewelers, LLC, Id.,* Judge DeGuilio rejected this very thing when he ruled "It would be

5

duplicative and needlessly time-consuming to depose the witness twice or hear the same testimony at two trials." Judge DeGuilio rationalized that "This hypothetical represents just one of numerous scenarios wherein evidence would be relevant to both issues." and further rationalized "Therefore, it seems to the Court that handling all the evidence in a single discovery period and a single trial will best economize the presentation of the evidence and ultimate resolution of this case." So too should this Court rationalize that "handling all the evidence in a single discovery period and a single trial will best economize the presentation of the evidence and ultimate resolution of this case" and it should reject the notion proposed by Defendant that he should be able to manipulate the discovery proceedings by taking the Plaintiff's deposition twice in a two phase discovery process, a process that should not take place. *Albert's Diamond Jeweler's, Inc., v. Aaland Diamond Jewelers, LLC, Id*.[3] Judge DeGuilio expressed a concern that "…given the dual relevance of some evidence, the Court is concerned bifurcation may lead to increased discovery disputes. Where there is no clear dividing line between evidence relevant to the issue adjudicated in the first trial and that reserved for the later trial, discovery disputes may arise. The parties are likely to take different views of the

_____

[3] The United States Supreme Court noted in *United States v. Procter & Gamble*, 356 U.S. 677, 683, 2 L.Ed.2d 1077, 78 S.Ct. 983 (1958) that it is axiomatic that the purpose of discovery is to make a trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible." A bifurcated discovery process where the Defendant is given carte blanche to conduct discovery to his benefit while at the same time disallowing the Plaintiff to conduct simultaneous discovery to his benefit, and even perhaps disallowing Plaintiff from conducting any discovery at all contingent on what develops from Defendant's discovery, would effectively constitute a "game of blind man's bluff" and would hardly constitute "facts disclosed to the fullest extent possible" which would of course be contrary to the dictates of the Supreme Court in *United States v. Procter & Gamble, Id.*

relevance of the evidence, and these disputes must be sorted out at some cost." See

*Dean*, 2020 WL 12032895, at 3. Judge DeGuilio further wrote that bifurcation "would

result in more contentiousness in the discovery process, forcing the Court to review

discovery requests to determine which issue is applicable." *BASF Catalysts*, 2009 WL

523123, at *4. Judge DeGuilio found that bifurcation "would not increase efficiency or

aid in the speedy adjudication" of the trial and found that the potential proliferation of

discovery disputes weights against bifurcation. Bifurcation in the instant case likewise

would not increase efficiency or "aid in the speedy adjudication" of the trial —as Judge

DeGuilio admonished should happen— bifurcation would actually **delay** adjudication of

the trial —something that Judge DeGuilio admonished should **not** happen. What the

Defendant is proposing would give new meaning to the axiom "justice delayed is justice

denied"!

### B.   Bifurcation of Discovery Would Prejudice the Plaintiff

Plaintiff submits that a discovery process where the Defendant is permitted to

conduct discovery to Defendant's benefit while at the same time Plaintiff is precluded

from conducting discovery would unfairly put him at a distinct disadvantage. Discovery

is a two way street, not a one way street, and there should be no advantage afforded to

Defendant which would enable Defendant to conduct discovery while at the same time

Plaintiff is precluded from doing so.[4]   Plaintiff would strongly object to a "two phase"

---

[4] The Supreme Court of the United States has made it clear that "**Mutu**al knowledge of all the
relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329
U.S. 495, 507 (1947). [emphasis added]. The Court went on to state "**Discovery, in other words,
is not a one-way proposition.** It is available in all types of cases at the behest of any party,

discovery process and believes that discovery should proceed in an equal manner to both parties. To allow one party (Defendant) to conduct discovery while the opposing party (Plaintiff) is not permitted to conduct discovery would be grossly unfair and tantamount to a miscarriage of justice. Rule 26(b)(1) of the Federal Rules of Civil Procedure mandates that *"Parties may obtain discovery of any nonprivileged matter that is relevant to any party's **claim** or defense..." [emphasis added].* A parties "claim" does not supersede a party's "defense", and a party's "defense" does not supersede a party's "claim", both are recognized equally in the rule, and thus should be treated equally in terms of procedural protocols without one side being afforded an advantage.

What the Defendant is proposing in his so called two phase discovery is to effectively delay the full adjudication of Plaintiff's claims. It stands to reason that pushing Plaintiff's discovery back in and of itself delays full adjudication of his claims, and this Court should not allow that to happen. Judge DeGuilio spoke to this very issue when he admonished in *Albert's Diamond Jeweler's, Inc., v. Aaland Diamond Jewelers, LLC, Id.,* "Further, bifurcation may delay the full adjudication of plaintiff's claims, especially if two trials ultimately take place." citing *OrthoPediatrics Corp. v. WishBone Med., Inc.,* No. 3:20-CV-929, 2023 WL 4926913, at *3 (N.D. Ind. July 31, 2023) (denying motion to bifurcate). Furthermore, in an Opinion and Order by Judge DeGuilio in *Kedron Gaston v. Jackie C. Hazeltine,* Case No. 3:21-CV-896 JD (August 30, 2022),

---

individual or corporate, plaintiff or defendant." *Hickman v. Taylor, Id.* [emphasis added].

Judge DeGuilio was confronted with the questions of judicial economy and prejudice to the parties and ultimately ruled that bifurcation would prejudice the plaintiff, and denied the defendant's request to bifurcate. This Court should do the same here.

According to the "Notes of Advisory Committee on Rules—1983 Amendment, "the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by overuse of discovery or unnecessary use of defensive weapons or evasive responses. All of this results in excessively costly and time-consuming activities that are disproportionate to the nature of the case, the amount involved, or the issues or values at stake."[5]

The request for bifurcation as requested by Defendant's lawyers should not be well taken as such proposition simply would cause unnecessary delay of the inevitable trial of this cause. The "Notes of Advisory Committee on Rules—1983 Amendment" explicitly cautions that "Given our adversary tradition and the current discovery rules, it is not surprising that there are many opportunities, if not incentives, for attorneys to engage in discovery that, although authorized by the broad, permissive terms of the rules, nevertheless results in delay. See Brazil, *The Adversary Character of Civil Discovery: A Critique and Proposals for Change*, 31 Vand.L.Rev. 1259 (1978)." The Committee Notes went on to state that the rules have "not infrequently been exploited to the disadvantage of justice." *Herbert v. Lando*, 441 U.S. 153, 179 (1979) (Powell, J.,

---

[5] The nature of the instant case is such that a former federal court of appeals judge, the Defendant Richard A. Posner, in his personal capacity enticed Plaintiff to work for him under false pretenses in order to obtain free services from Plaintiff, thus, the issues and values are very significant.

concurring.[6] And very noteworthy the Committee stressed that these practices impose costs on an already overburdened system and impede the fundamental goal of the "just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1.[7]

The Defendant's lawyers are already exhibiting the above mentioned traits which in essence are delay tactics in discovery by their current espousing of a two phase discovery system where Defendant would get to conduct discovery with Plaintiff's discovery delayed, and perhaps Plaintiff would get no discovery at all in this litigation. As mentioned earlier in this brief, on July 19, 2022, a Joint Status Report was filed explicitly stating to this Court "After meeting and conferring, the parties have agreed that all discovery, including third party discovery should be stayed pending the resolution of a motion to dismiss." (Docket #23, page 1). This Court adopted this agreement by the parties in an order dated July 20, 2022 explicitly stating in its order "All other agreements of the parties concerning discovery in [23] are adopted." (Docket #24). And then after

---

[6] During the (telephonic) meet and confer conference on Monday, November 13, 2023, for purposes of filing a joint status report prior to the Rule 16 preliminary pretrial conference as ordered by Magistrate Judge Kolar, Defendant's lawyers abused the purpose of the meet and confer by repeatedly attempting to pressure Plaintiff into revealing names of certain witnesses that he intends to depose. Plaintiff repeatedly responded that it was inappropriate to ask such questions at this point as the sole and central issue of the pending bifurcation of discovery matter is whether there should be two separate phases of discovery, which this Court has ordered briefing to be filed on this central and straightforward issue by November 16, 2023. Defendant's lawyers had a difficult time in accepting Plaintiff's refusal to disclose the names of certain witnesses that he may depose, even though fact discovery has been temporarily stayed for the time being. This was clearly an inappropriate exploitation attempt utilizing a back door tactic to obtain discovery which has been stayed by this Court's previous order. *Herbert v. Lando*, 441 U.S. 153, 179 (1979) (Powell, J., concurring).

[7] Rule 1 of the Federal Rules of Civil Procedure states "These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

the Defendant filed a motion to dismiss on August 22, 2022 (Docket #33), which was

denied by this Court on September 25, 2023 (Docket #74), the Defendant's lawyers are

now attempting delay tactics that should not be accepted by this Court.[8]  This is precisely

the type of conduct discouraged as enunciated in the aforementioned admonishments

contained within the "Notes of Advisory Committee on Rules—1983 Amendment" in

addressing Fed.R.Civ.P. 1.  *Herbert v. Lando*, 441 U.S. 153, 179 (1979) (Powell, J.,

concurring.[9]

### C.   The Defendant Has Not Shown Success on the Accrual Issue

The basis of Defendant's proposition for a two phased approach to discovery is

for Defendant to be able to first conduct discovery strictly limited to issues relevant to

issues of claim accrual, and Plaintiff would not be permitted to simultaneously conduct

any discovery as to his claims.  Defendant proposes that Plaintiff should be allowed to

conduct discovery as to his claims only if the Court denies any dispositive motion, then,

and only then, should Plaintiff be permitted to conduct discovery as to his claims stating

to this Court "Defendant further proposes that, by April 1, Defendant file any dispositive

---

[8] It took 13 months for this Court to rule on Defendant's motion to dismiss, all of which time Plaintiff could conduct no discovery.  And now, even after Defendant lost the ruling on his motion to dismiss, and notwithstanding the previously filed Joint Status Report showing the parties' agreement to stay discovery pending resolution of Defendant's motion to dismiss, Defendant now attempts to even further delay Plaintiff's rights to conduct discovery.  This is precisely the type of conduct that the Advisory Committee on Rules denounced when it wrote that the rules have "not infrequently been exploited to the disadvantage of justice." *Herbert v. Lando*, 441 U.S. 153, 179 (1979) (Powell, J., concurring).

[9] Canon 3A(5) of the Code of Conduct for United States Judges explicitly states "In disposing of matters promptly, efficiently, and fairly, a judge must demonstrate due regard for the rights of the parties to be heard and to have issues resolved without unnecessary cost or delay.  A judge should monitor and supervise cases to reduce or eliminate dilatory practices, avoidable delays, and unnecessary costs."

motion on the basis that Plaintiff's claims are time barred.  If the Court denies any such

motion, phase two of fact discovery shall begin on the date of the Court's order and shall

close after 120 days…"  (Report of Rule 26(f) Planning Meeting, Docket #82, page 8).

For the Defendant to be able to obtain such a consideration he would have to

provide the Court with enough information to determine the likelihood of success,

however, the Defendant has provided no such evidence of likelihood of success on the

accrual issue, in fact, the Defendant has effectively shown the very real possibility of the

Court denying any such motion.[10]  As Judge DeGuilio noted in his Opinion and Order in

*Albert's Diamond Jeweler's, Inc., v. Aaland Diamond Jewelers, LLC, Id.,* in citing

*Ortega v. United States*, No. 16-CV-5475, 2017 WL 3841632, at *2 (N.D. Ill. Aug. 31,

2017) "It is not enough to assert an indefinite possibility that one will succeed—one must

actually give the Court enough to determine the likelihood of success."   In summarily

overruling the defendant's request for bifurcation Judge DeGuilio noted that the

Defendant, Aaland, offered only a "tepid assessment of its case" when the defendant

argued that "there is a probability defendant will prevail on infringement issues" of which

Judge DeGuilio made short work of when he wrote "A probability" is not enough to

assure the Court that it could reasonably anticipate bifurcation will save time and

streamline procedures rather than needlessly complicating resolution of the case.  Judge

DeGuilio did not find the argument persuasive because the Defendant "…has not made a

---

[10] The Defendant has already taken one bite at the apple on the issue of accrual in a motion to dismiss, and he lost. (See Findings, Report and Recommendation of United States Magistrate Judge (Docket #62) and Opinion and Order, Docket #74).  Any further motion on this issue will be futile as well.

showing it is likely to prevail, and bifurcation may create its own inefficiencies as the

issues of liability and damages are potentially intertwined."   Likewise in the instant case

the Defendant has not shown that he is likely to prevail as to the accrual issue and this

Court should make short work of Defendant's proposition for bifurcation of discovery

just as Judge DeGuilio did in *Albert's Diamond Jeweler's, Inc., v. Aaland Diamond*

*Jewelers, LLC, Id.*

## II. <u>PUBLIC POLICY FAVORS DISCLOSURE OF RELEVANT DOCUMENTS</u>

In *Albert's Diamond Jeweler's, Inc., v. Aaland Diamond Jewelers, LLC, Id.,*

Judge DeGuilio made clear in citing *Patterson v. Avery Dennison Corp.*, 281 F.3d 676,

681 (7th Cir. 2002) that "There is a strong public policy in favor of disclosure of relevant

materials" and there is a "societal interest in furthering the truth-seeking function in the

particular case before the court".  The public policy and societal interest element in the

instant case is quite evident as several very prominent national news media organizations

such as Reuters and others have been reporting on the developments of this case.[11]

https://www.reuters.com/legal/litigation/after-posner-retired-7th-circuit-grim-diagnosis-

brewing-battle-2022-03-29/?fbclid=IwAR04KXjuM32mt6yyM85ta7-EaENu7GB9-

bmBEmPQMOkA7bY_Qq7L0nsGQPA;

https://www.reuters.com/legal/government/retired-7th-circuit-judge-posner-sued-wages-

short-lived-pro-bono-center-2022-05-

06/?fbclid=IwAR0R_d4kONj9PLQcjzUZ_DUkIpEETliuZ5IapnzAbFNdTHP3l0sZtq0p-

---

[11] Defendant is well aware of the news media attention this case is receiving. Defendant has in a
memorandum cited a "news media" report by Reuters "After Posner retired from 7th Circuit, a

13

HU; https://www.law360.com/articles/1491130/posner-stiffed-ex-pro-se-project-exec-

170k-suit-

says?fbclid=IwAR26SZ_9qnbeWuiCikgqmapkUDExHxPYP58is36D5It3VIwFLjZ7jmz

C19Q; https://www.reuters.com/legal/legalindustry/former-judge-richard-posner-seeks-

dismissal-170000-wage-case-2022-07-12/?fbclid=IwAR2pB-

HOmjKCM4RjSjQl8dQRi2EuNCctY5x7230vMrN0Po2KNnEgDTqzetI;

https://www.reuters.com/legal/litigation/former-judge-richard-posner-loses-latest-bid-

dismiss-wage-lawsuit-2023-09-26/?fbclid=IwAR04KXjuM32mt6yyM85ta7-

EaENu7GB9-bmBEmPQMOkA7bY_Qq7L0nsGQPA;

https://www.law.com/nationallawjournal/2023/09/26/retired-judge-posner-must-face-

wage-lawsuit-trial-court-says/?fbclid=IwAR1VJY_J1K8tzB1aOnLTF34LWnwxkCddr-

1_A5k3ke477MByFrpN8MgPCtE; https://www.abajournal.com/news/article/co-leader-

of-posners-former-pro-se-center-can-continue-his-wage-suit-court-

says?fbclid=IwAR3X_rSiQBOD9aIvROpQT37F9U_9DNZCRJ5mRpJgRfsQ0UbYaLib

0nWzGYw;

https://l.facebook.com/l.php?u=https%3A%2F%2Fwww.law360.com%2Farticles%2F16

91867%2Fmagistrate-judge-not-keen-to-nix-wage-suit-against-

posner%3Ffbclid%3DIwAR2hPASOMOUHnG_yjpYidPk57JUhNC6xxifzT-

l8de2Ew1J9oxs2oqeKtX8&h=AT3ki_hxaNR8G1oc_Mgykt0gVSvXhB_NjGv0vDY5dz

C939OqRKFvoe78eGtKphIrI7Mm5UV94-3_DTk81zsu6-

NTIB4z0uXQ0wxBD6whDl9P7Vu3av76nW3xYyNTqO_X7ydL.

---

grim diagnosis and a brewing battle" https://reut.rs/3OpQW47. (Docket #22, page 10, footnote 4).

The national reporting of the instant case demonstrates the public's interest, so in addition to the Plaintiff's interests, there is an additional element of the public's interest as well that must be considered and safeguarded in light of the public policy in favor of disclosure of relevant materials as Judge DeGuilio made clear when he admonished "There is a strong public policy in favor of disclosure of relevant materials" a "societal interest in furthering the truth-seeking function in the particular case before the court". *Albert's Diamond Jeweler's, Inc., v. Aaland Diamond Jewelers, LLC, Id.,* citing *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)

In light of the public's interest and public policy favoring disclosure of relevant materials, the two phase discovery proposal by the Defendant would be quite inappropriate in the instant case —for several reasons as there are significant questions about what happened to the money that was donated to the Posner Center and false information that was submitted to the Internal Revenue Service (IRS) each of which concern matters of public policy and societal interests.

The rules are designed to secure fairness in judicial administration to eliminate unjustifiable expense and delay, and to promote the growth and development of the law of evidence so that truth may be ascertained and proceedings justly resolved. *Huff v. White Motor Corporation*, 609 F.2d 286 (7th Cir. 1979). The development of the law of evidence cries out against the Defendant's proposition that discovery should be conducted in such a manner where Defendant is allowed to conduct discovery to his benefit while the Plaintiff takes a back seat and is disallowed to simultaneously conduct discovery as to the law of evidence. *Huff v. White Motor Corporation, Id.*

### III.   IT IS AGAINST PUBLIC POLICY AND SOCIETAL INTERESTS FOR A NONPROFIT ORGANIZATION TO LIE TO THE IRS

#### A. The Public Has a Right to Know What Happened to the Money that Was Donated to the Posner Center

The "Posner Center of Justice for Pro Se's," was a nonprofit corporation that was formally incorporated in Illinois on February 6, 2018. (Memorandum in Support of Motion to Dismiss, Docket #34, page 9).[12]  According to information provided on tax returns filed with the IRS which have been submitted to this Court as exhibits to a memorandum of law filed by the Defendant, "the Center received $20,600 of donations in 2018 and $0 in 2019." (Docket #22, pages 9 and 10 & Docket #34, page 12).  The information submitted by Defendant further explicitly stated that "The Center dissolved in July 2019 without assets."   Furthermore, the memorandum made reference to a letter from Defendant's previous lawyers to Plaintiff where the lawyer stated "…that the Center had dissolved in 2019 with no assets."  (See Memorandum in Support of Motion to Dismiss, Docket #34, page 12).[13]  This begs the question, what happened to the $20,600 that was purportedly donated to the Center?  Public policy and societal interests dictate that the complete financial records including bank records and records of all persons affiliated with the former Posner Center must be disclosed in order that the public will have an explanation as to what happened to the money since it was all gone when the

---

[12] Because the Posner Center was a 501(c)(3) charitable foundation rather than a profit-making entity, it was exempted from federal taxes, and the donors to it were exempt from having to pay federal income tax on their donations to the Center.

[13] The letter from Robert W. Kaufman stated in relevant part "…the Posner Center dissolved as of July 23, 2019 and, to our knowledge, the entity had no assets with which to pay its liabilities at such time.  The letter may be seen in Plaintiff's Amended Complaint, Exhibit 2. (Docket #30).

Posner Center dissolved. Who received the money? Who wrote the checks? Who cashed the checks? What did he/she do with the money? What do the banking records show? What do receipts show in terms of expenditures of the money? What was the money used for? Who had access to the money? Public policy and societal interests dictate that these questions must be answered —and they must be answered in discovery. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

Since society donated thousands of dollars to the Posner Center, of which monies were all gone when the Posner Center dissolved, society also has an interest in the truth seeking process of this case  which needs to be respected as a matter of public policy as Judge DeGuilio made clear in citing *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) that "There is a strong public policy in favor of disclosure of relevant materials" and there is a "societal interest in furthering the truth-seeking function in the particular case before the court". Inasmuch as the Posner Center was a publicly licensed organization operating under an Illinois license that sought and received donations, the public has a right to know what happened to the donations. It is axiomatic that society is entitled to an explanation of what happened to the money that was donated to the Posner Center by members of society.

### B.  Lies to this Court and to IRS that No Employees Were Paid a Salary

The Defendant has falsely stated to this Court and also to the IRS that no employees of the Posner Center were paid a salary. In two separate filings with this Court, the Defendant, by and through his lawyers, falsely stated that the Center "never

paid any employee a salary" (Docket #22, page 7 & Docket #34, page 8) and utilized IRS

tax returns containing false information to wrongfully buttress his false arguments to this

Court to try to mislead this Court into believing that no employees were paid a salary by

pointing this Court to IRS tax returns falsely purporting that the Center paid "$0 in

salaries to employees and staff in either year" of 2018 and 2019.[14]

     Submitting false information to the IRS is against public policy, and make no

mistake about it, the Defendant submitted false information to the IRS and also to this

Court when the Defendant purported that the Center "never paid any employee a salary"

and furthermore in speaking as to tax information filed with the IRS, the Defendant, by

and through his lawyers, stated to this Court "Those returns state that the Center paid $0

in salaries to employees and staff in either year."  These were blatant false and fraudulent

misrepresentations because Joyce Hutchens, an employee of the Posner Center, was paid

a salary of several thousands of dollars a month as the Posner Center's research director.

The falsehood of Defendant's misrepresentations to this Court and to the IRS is

demonstrated in Defendant's "Exhibit C" of their memorandum of which document

explicitly shows that a "A settlement of $8,020.00 was paid to a former employee of the

Center."  (Docket #34-1, page 24).  The "former employee" was Joyce Hutchens, who

---

[14] In support of the false statement that the Center never paid any employees or staff a salary, the Defendant filed with this Court copies of IRS tax returns purporting that the Center paid $0 in salaries to employees. and staff either in 2018 or 2019. (Docket #22, pages 9 and 12 & Docket #34, page 12).  Lying to the IRS and providing false information that was submitted to the IRS to buttress false arguments to a federal court clearly is against public policy and clearly is against societal interests.  The relevant information will be unearthed in discovery and this Court should not accede to Defendant's attempt to delay or otherwise prevent Plaintiff from obtaining this crucial information.

was in fact a paid employee who earned several thousand dollars a month as the Posner

Center's research director. The $8,020 stated in the document was for back wages after

Ms. Hutchens threatened to sue Defendant Posner for unpaid back wages.[15]

And since the Defendant by and through his representatives and/or agents

purported to the IRS that the Center "never paid any employee a salary" and purported on

IRS tax returns that the Center paid "$0 in salaries to employees and staff in either year"

of 2018 and 2019, when in fact this was not true, the IRS, and society at large, is entitled

to the information that will be unearthed in discovery that will show that Defendant by

and through his representatives and/or agents provided false information to the IRS. It is

well settled that the court, under its broad discretion, considers "… **taking into account**

**society's interest in furthering the truth-seeking function in the particular case**

**before the court.**" *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007)

(examining *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)

(internal quotations and citations omitted). See also *Hunt v. DaVita, Inc.*, 680 F.3d 775,

780 (7th Cir. 2012). [emphasis added].

There is a substantial question as to fraud in connection to the false information

that Defendant and/or his representatives/agents submitted to the IRS of which false

information was submitted directly into this litigation as a way for Defendant to gain

---

[15] The Defendant likes to call this blatant lie, a "disagreement" but the Defendant has not in any way even attempted to explain that this lie is not a lie but a "disagreement". This Court may rest well assured that discovery will unearth evidence that Defendant's statements to this Court and information provided to the IRS were lies. This information will be front and center at the trial.

favorable rulings from this Court.   It is beyond question that a court may investigate a question as to whether there was fraud in the attempt to procure a judgment. *Universal Oil Products Co. v. Root Refining Co.,* 328 U.S. 575, 66 S.Ct. 1176, 90 L.Ed. 1447.  This is to be done in adversary proceedings such as in the instant case. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250; *Sprague v. Ticonic National.*

Public policy and society's interests are significant here and the discovery procedure should be accordingly even handed with no deference to the Defendant's wishes for curtailment of Plaintiff's discovery rights in any way.

## IV.  **SUMMARY OF ARGUMENT**

The agreement between the parties that was agreed upon as to discovery in the Joint Status Report and adopted by this Court should be respected and adhered to, and not ignored. There was no agreement for two phase discovery.

Because the Plaintiff has already been prejudiced in having to wait the inordinate time period of 13 months for ruling by this Court as to Defendant's motion to dismiss (Docket #'s 33 & 74), Plaintiff should not now have to take a back seat to Defendant's discovery and yet again wait for another inordinate time period for another futile motion that will involve time consuming responses and inordinate time period for ruling which would of course significantly delay resolution of this case.  Plaintiff is entitled to discovery as a matter of right and he should now be permitted to conduct discovery in a

fair and even handed manner, not in a one way manner as is proposed by Defendant. "**Mutual** knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). [emphasis added]. "**Discovery, in other words, is not a one-way proposition.** *Hickman v. Taylor, Id.* [emphasis added].

## V. <u>CONCLUSION</u>

The Court should order that discovery not be bifurcated and that discovery proceed in equal fashion to both parties in one phase equal for both sides in every respect. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

Respectfully submitted,

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
(219) 956-2462

21

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 13, 2023, the foregoing was sent to the Clerk of the United States District Court for the Northern District of Indiana, Hammond Division, via U.S. Postal Service and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the Defendant's below listed counsel of record per agreement to receive such papers via email.

Justin M. Ellis
jellis@mololamken.com

Steven F. Molo
smolo@mololamken.com

Kenneth Notter
knotter@mololamken.com

David Beach
dbeach@eichhorn-law.com

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, IN 46392
Tel. (219) 956-2462