

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BRIAN VUKADINOVICH, )
)
Plaintiff, )
)
v. ) CASE NO. 2:22-CV-0118-TLS-JPK
)
)
RICHARD A. POSNER, )
)
Defendant. )

**MOTION FOR SANCTIONS FOR PERJURY COMMITTED
BY DEFENDANT'S ATTORNEY JUSTIN M. ELLIS**

Comes now the Plaintiff, Brian Vukadinovich, pro se, and submits this motion for sanctions against Defendant's attorney, Justin M. Ellis, for the crime of perjury committed in this litigation. Plaintiff contemporaneously with this motion files a supporting memorandum of law.

1. In Defendant's Memorandum in Support of Phased Discovery, one of Defendant's attorneys, Justin M. Ellis, submitted an affidavit fashioned as "Declaration of Justin M. Ellis in Support of Phased Discovery" (Docket #86-1). The Ellis "Declaration" contained a statement where Mr. Ellis explicitly stated "under penalty of perjury" in item number 6 of the affidavit **"A search of the Gmail account shows that Plaintiff last sent an email to Defendant on May 21, 2019."** (Docket # 86-1, page 2). Mr. Ellis stated "**I declare under penalty of perjury that the foregoing is true and correct.**" (Docket # 86-1, page 3). [emphasis added].

1

2. Mr. Ellis referred to the statement from his "Declaration" in the memorandum in support of phased discovery stating **"Plaintiff's last email to Defendant was on May 21, 2019, two months before his job supposedly ended. Ellis Decl. ¶¶ 5-6."** (Docket # 86, page 3).

3. The aforementioned statement by Mr. Justin M. Ellis was in relation to Defendant's arguments on statute of limitations in support of Defendant's request for phased discovery.

4. Because the statement in Mr. Justin M. Ellis' affidavit was false, Plaintiff informed the Court of its falsity and made an oral motion at the Rule 16 Conference on December 14, 2023, that the Court take judicial notice of an email that Plaintiff sent to the Defendant on November 11, 2020, requesting payment for his services, but Magistrate Judge Kolar refused to accept the copy of the email that Plaintiff attempted to tender to the Court and refused to take judicial notice as Plaintiff requested, and then abruptly ended the Rule 16 Conference, and the parties left the courtroom.

5. As Plaintiff was preparing to leave the building a Marshal approached Plaintiff and informed him that Magistrate Judge Kolar wanted the parties to come back to the courtroom.

6. Plaintiff and Defendant's lawyers came back into the courtroom and Magistrate Kolar indicated that he read the email in chambers and indicated that the email supported Plaintiff's position against the Defendant's statute of limitations position, and stated that he would enter the email into the record as Exhibit A and A-1. (Docket #90). Magistrate Judge Kolar did not state whether or not he would take judicial notice of it as

Plaintiff had earlier requested when he refused to do so.

7. Magistrate Kolar told Mr. Ellis that he could proceed with discovery regarding statute of limitations, but not Plaintiff's deposition for the time being.

8. Plaintiff stated to the magistrate judge that this would prejudice the Plaintiff and that his decision to allow such one sided discovery was in disregard of the precedent from this district as enunciated in *Albert's Diamond Jeweler's, Inc., v. Aaland Diamond Jewelers, LLC,* Case No. 2:23-CV-39 JD (September 27, 2023), but to no avail, notwithstanding that this was the law of this district as written by the Chief Judge of the Northern District of Indiana, Honorable Jon E. Deguilio, and notwithstanding that Magistrate Kolar had tangible evidence that Defendant's attorney, Justin M. Ellis, committed a very serious crime of perjury on an affidavit directly related to the statute of limitations issue.

9. Justice Owen Roberts has made it very clear that "No fraud is more odious than an attempt to subvert the administration of justice." *Hazel-Atlas Class Co. v. Hartford-Empire Co.,* 322 U.S. 238 (1944). Justice Roberts further stated that when members of the bar have knowingly participated in the fraud that *"Remedies are available to purge recreant officers from the tribunals on whom the fraud was practiced."* This Court should now do the right and proper thing and issue an appropriate sanction(s) against Justin M. Ellis for his perjury and fraud upon this Court via his crime of perjury including consideration of entering a default judgment in Plaintiff's favor and against Defendant, and referral of the matter of Justin M. Ellis' perjury to the United States Attorney. *Rivera v. Drake, Id.,* 18 U.S. CODE § 1621.

Wherefore, Plaintiff respectfully requests that this Court follow the precedents and do the right thing and issue appropriate sanctions against Defendant's attorney, Justin M. Ellis, for his crime of fraud in this matter as has been clearly shown via his false statement made under penalty of perjury, and consider sanctions of entering a default judgment in Plaintiff's favor and against Defendant, and referring the matter of Justin M. Ellis' perjury to the United States Attorney. *Rivera v. Drake, Id.,* 18 U.S. CODE § 1621.

Respectfully submitted,

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. (219) 956-2462

The undersigned certifies that on December 20, 2023, the foregoing was sent to the Clerk of the United States District Court for the Northern District of Indiana, Hammond Division, via U.S. Postal Service and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the Defendant's below listed counsel of record per agreement to receive such papers via email.

>Justin M. Ellis
>jellis@mololamken.com
>
>Steven F. Molo
>smolo@mololamken.com
>
>Kenneth Notter
>knotter@mololamken.com
>
>David Beach
>dbeach@eichhorn-law.com

*Brian Vukadinovich*
Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, IN 46392
Tel. (219) 956-2462

5