# Exhibit A

**BRIAN VUKADINOVICH**
**1129 E. 1300 N.**
**WHEATFIELD, INDIANA 46392**
**Tel. (219) 956-2462**

_____

April 6, 2022

Mrs. Charlene Posner
1222 E. 56th St.
Chicago, IL 60637-1617

   Re:  Preservation of Information

Dear Mrs. Posner:

I have received a letter from Attorney Robert W. Kaufman dated February 28, 2022 regarding your husband, Richard A. Posner's situation.  I am sorry to hear that, according to the letter from Mr. Kaufman, that soon after my conversations with Judge Posner in early 2018 that he received a diagnosis of Alzheimer's Disease, and has at some point since moved to a nursing facility.

The letter stated that any efforts by me to litigate this matter will be resisted "forcefully" by the family of the judge.  It was my hope that we could have resolved this matter amicably, but in light of that position, it appears that litigation is going to be necessary.

In light of the upcoming anticipated litigation, be advised that you have an obligation to retain and preserve all paper evidence and electronic evidence from this matter such as all writings, notes, letters, memos, emails, faxes, text messages, electronic records, telephone records, computers owned and/or utilized by Richard A. Posner, information on hard drives, disks, flash drives, servers, etc. to include but not limited to all information and records pertaining to any and all transfer of funds and assets of Richard A. Posner, checks signed by Richard A. Posner, all check ledgers of Richard A. Posner, emails sent by and received by Richard A. Posner, banking documents signed by Richard A. Posner, all documents signed by Richard A. Posner pertaining to membership in The Standard Club in Chicago, all documents signed by Richard A. Posner pertaining to membership in any clubs, groups or organizations, copy of all documents signed by Richard A. Posner pertaining to any application(s) for a visa and/or passport including a copy of signed visa and/or passport, copy of last driver's license of Richard A. Posner, resignation letter to the U.S. Court of Appeals for the Seventh Circuit and/or to any federal office in connection with the resignation of Richard A. Posner from the federal judiciary, documents signed by Richard A. Posner that in any way pertain to the Posner Center of Justice for Pro Se's, receipts signed by Richard A. Posner for credit card purchases to include but not limited to dining at restaurants and at the Standard Club in Chicago,  all papers pertaining to any and all books that were written by Richard A. Posner including handwritten and word processed documents that resulted from the writing of his books

Mrs. Charlene Posner
April 6, 2022 – Page 2

including all contracts pertaining to the books, telephone billings and records pertaining to all telephone calls made and/or received by Richard A. Posner,  audio and video interviews by Richard A. Posner, any personal and/or business documents containing the signature of Judge Posner from the calendar year 2017 up to the period of time that such records are requested in the anticipated litigation of this matter, copy of living will of Richard A. Posner, medical records that are in any way pertinent to the purported Alzheimer's Disease as to Richard A. Posner.

Richard A. Posner and the family of Richard A. Posner have an ongoing duty to retain and preserve every document and electronic record and thing by virtue of this notice as all of this information is likely to be requested during discovery in the anticipated litigation of this matter.  *Wm. T. Thompson Co. v. General Nutrition Corp.*, 593 F. Supp. 1443 (CD Cal 1984).  It has been determined that intentional spoliation or destruction of evidence is an indication of fraud and a desire to suppress the truth and that a sanction that has a drastic result, such as entry of judgment, may be appropriate.  *Shepherd v. American Broadcasting Companies*, 151 FRD 179 (DDC 1992).  *In Turner v. Hudson Transit Lines, Inc.*, 142 FRD 68 (SDNY 1991) the court imposed sanctions on a defendant because it destroyed maintenance records of a bus and was unable to produce them in a lawsuit regarding any injury that took place on the bus.  The court held that, at least by the time the complaint was served, the defendant was on notice that the maintenance records should be preserved.  Even though it did not intentionally destroy evidence, its reckless conduct did result in the loss of the records.  The corporate managers were responsible for conveying this information to relevant employees.  The defendant's management did not advise its employees of the obligation to maintain relevant documents.  It had an obligation to preserve the maintenance records and it failed to do so.  It is no defense for an organization to suggest that particular employees were not on notice.  To hold otherwise would permit an organization to shield itself from discovery obligations by keeping its employees ignorant.  See *National Association of Radiation Survivors*, 115 FRD at 557; *Medical Billing, Inc., v. Medical Management Sciences, Inc., v. Medical Management Sciences, Inc. v. Reich*, 1996 WL 219657 (ND OH 1996).

Courts have made it very clear that even though a party may have destroyed evidence prior to issuance of a discovery order and thus be unable to obey, sanctions may still be appropriate if the inability to produce the records was self-inflicted.  *In re Air Crash Disaster near Chicago, Illinois on May 25, 1979*, 90 FRD 613 (ND IL 1981).  For example, in *Computer Association v. International v. Americal Fundware, Inc*., 133 FRD (D CO 1990) the defendants destroyed a version of some source code at issue.  The defendant was sanctioned by the court because it had an obligation to preserve the code because of its knowledge of the plaintiff's claims.  *National Association of Radiation Survivors v. Turnage*, 115 FRD 543 (ND CA 1987); *ABC Home Health Services, Inc. v. International Business Machines, Corp.*, 158 FRD 180 (SD GA 1994); *General Environmental Science Corp. v. Horsfall*, 141 FRD 443 (ND OH 1992); *Hirsch v*

Mrs. Charlene Posner
April 6, 2022 – Page 3

*General Motors Corp.*, 628 A2d 1108 (NJ Super 1993); *Lexis-Nexus v. Beer*, 41 F. Supp.2d 950 (D MN 1999); *Pepsi Cola Bottling Co. of Olean v. Cargill, Inc., Archer-Daniels Midland Co.*, 1995 WL 783610 (D MN 1995).  As such, you, Richard A. Posner, and family, are hereby placed on notice of the anticipated litigation in connection to the money owed to me by Richard A. Posner and of the affirmative duty to retain and preserve all of the aforementioned items as stated, and any other items that would in any way have relevance to the issues of the anticipated litigation from this matter.  In the event any such items are destroyed or unaccounted for when requested in discovery matters of the anticipated litigation, all person(s) concerned will be held liable.

Sincerely,


Brian Vukadinovich


Via:  U.S. Postal Service Certified Mail No. 7021 2720 0002 0738 5019