# Exhibit B

**Notter, Kenneth**

| | |
|---|---|
| **From:** | Ellis, Justin |
| **Sent:** | Friday, December 22, 2023 11:50 AM |
| **To:** | Brian Vukadinovich |
| **Cc:** | Notter, Kenneth; David Beach - Eichhorn & Eichhorn, LLP (dbeach@eichhorn-law.com) |
| **Subject:** | Vukadinovich v. Posner |

Brian,

I'm writing to follow up on five issues.

First, you did not move for a stay pending your objections to Judge Kolar's rulings at the December 14 conference. We thus need to move forward with discovery. To that end, please let us know when you can meet and confer after Christmas about the 502(d) order.

Second, for the same reason, please let us know when you can be available to have your computer forensically imaged. Judge Kolar directed us to meet and confer on that topic, and his order has not been stayed. *See* Dkt. 90. We would propose that the imaging be done in the first or second week of January. As discussed, the imaging may be able to be done remotely, so nobody will have to come to your house. However, you would need to be at home and have a working Internet connection. We note that any refusal to comply with Judge Kolar's order will only slow down discovery.

Second, like Judge Kolar, we ask that you withdraw your pending motion to strike Defendant's answer. The argument in that motion that the answer is untimely is frivolous because, under Fed. R. Civ. P. 12(a)(4)(A), the time to answer ran from the Court's final ruling on Defendant's motion to dismiss. In addition, the argument that Defendant's affirmative defenses lack evidentiary basis is frivolous because a defendant need not plead facts, let alone evidence, in support of affirmative defenses. *See, e.g.*, *Eastgate Investments I, LLC v. MW Builders, Inc.*, No. 19 Civ. 304, 2020 WL 1887936 (N.D. Ind. Apr. 15, 2020) (Kolar, J.).

Third, we ask that you withdraw your motion for sanctions served yesterday. The motion is frivolous because, among other reasons, you give no reason to think my affidavit is incorrect (it was not); you have refused so far to provide any proof that the purported November 2020 email is authentic; your description of the December 14 hearing is false; you did not follow the procedure for Rule 11 sanctions or show that any other basis for sanctions is warranted (it is not); and you give no reason why the relief you ask for is appropriate. The motion also appears to have been brought for an improper purpose in violation of Rule 11(b)(1).

Fourth, if you do not agree to withdraw the sanctions motion, we request an extension until January 23 to file our response. That extension is necessary both given the holidays and given the need for you to have appropriate time to withdraw the motion.

Fifth, the initial disclosures you served this morning appear deficient. For example, you fail to identify the *location* of documents, data, and tangible things that you may use to support your claims, as Rule 26(a)(1)(A)(ii) requires. Also, you fail to identify and make available for copying or inspection any documents or evidentiary material on which your computation of damages is based or materials "bearing on the nature and extent of injuries suffered," as Rule 26(a)(1)(A)(iii) requires. Please serve amended disclosures as soon as possible.

Please give us your response to these points by Friday, December 29. Please also provide your availability for a meet and confer.

Justin

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T:  (212) 607 8159
F:  (212) 607 8161
jellis@mololamken.com