# Exhibit F

**From:** Jonathan Zell <jrz8@caa.columbia.edu>
**Sent:** Mon, 01 Oct 2018 17:13:36 +0000
**To:** Selvyn Seidel
**CC:** Richard Posner
**Subject:** Re: Your thanks alone is repayment enough

Selvyn,

Your thanks are all I need. No repayment is necessary.

Best wishes,

Jonathan

On Mon, Oct 1, 2018 at 1:11 PM Selvyn Seidel <sseidel@fulbrookmanagement.com> wrote:

> Brilliant!
>
> Who would have thought she would be rational?
>
> When the dust settles, I would love to talk through this nightmare, and make sure that, in addition to so much time, you are repaid the $8,000
>
> Selvyn
>
> Sent from my iPhone
>
> On Oct 1, 2018, at 12:51 PM, Jonathan Zell <jrz8@caa.columbia.edu> wrote:
>
>> Hi Selvyn,
>>
>> It was my pleasure settling Joyce's claim for $8,000 and, I might add, it has been an honor for me to be of service to you.
>>
>> I had previously offered to make a $10,000 financial contribution to the Center, but Dick then vetoed my suggested use for the money. So I am happy that we have all now found an acceptable purpose for my contribution.

I will send to both you and Dick for your review and advance approval the sample settlement agreement that I will draft for Joyce to sign.

What convinced Joyce to agree to an $8,000 settlement of her $10,000 claim was my telling her that otherwise I would send her a $6,538.50 check covering the days she worked before resigning, and then just let her sue the Center for the days remaining in her 3-month employment term when she did NOT work following her resignation. While Joyce was willing to sue for payment of both the days she worked and the days that she didn't work, she was not willing to sue for only the days that she did NOT work.

Best wishes,

Jonathan

On Mon, Oct 1, 2018 at 12:24 PM Selvyn Seidel <sseidel@fulbrookmanagement.com> wrote:

> Wow, Jonathan! You sure have stepped into a hornet's nest, and rescued us. I will not get into her e mail, but just note her view of Judge Posner is a bit hard to understand from someone who previously said Judge Posner saved her life.
>
> Actually, I feel a bit sorry for her.
>
> But, I am happy for myself and Judge Posner for you. What can we possibly say or do to thank you? That is the $64,000 question.
>
> Selvyn
>
> Selvyn Seidel, Chairman & CEO
>
> **FULBROOK CAPITAL MANAGEMENT, LLC**
>
> 870 Fifth Avenue
>
> New York, New York 10065
>
> Office: (646) 780-0127 ext. 10
>
> Mobile: (646) 620-8976
>
> Fax: (646) 979-9558
>
> Email: sseidel@fulbrookmanagement.com

Website: www.castle2management.com

On Mon, Oct 1, 2018 at 12:13 PM Jonathan Zell <jrz8@caa.columbia.edu> wrote:

> Hi Joyce,
>
> Thanks for agreeing to my $8,000 settlement and getting this thing finally over!
>
> I will write up a sample agreement for you to review containing (1) a release of all claims; (2) a confidentiality clause; and (3) a non-disparagement clause (which I think means that neither side will say bad things about the other side).
>
> Then, I will see if someone (like perhaps Sakina Carbide) can serve as an intermediary exchanging the $8,000 for the signed agreement simultaneously so everyone is protected.
>
> Best wishes,
>
> Jonathan
>
> On Mon, Oct 1, 2018 at 4:29 AM Joyce Hutchens <joyce.hutchens@att.net> wrote:
>
>> Jonathan.
>>
>> Unbelievable. But I do, in fact, believe you because I know how Posner and Selvyn are. Those two make me sick to my stomach; hence, the reason I will accept the $8,000 that I regret must come from your pocket. But never, ever having anything else to do with them will be worth it. The millionaire has the money in the Posner Center's bank account, although little more than that to my knowledge. However, he can pay it out of his own pocket, but he is too damn cheap to pay it. Perhaps someday--although it likely will be too late, he will realize that the reason his board of directors didn't contribute donations--even after being told by their chairman to do it--is because nobody wants to contribute money to the Center when its own leadership--particularly the owner--won't. I give the Center less than 2-3 months and it will be out of business for that very reason.
>>
>> There's just one thing I want to make very, very clear, and I don't care whether or not you pass it on to those two.This is not about $10,000 as opposed to $8,000 or the $2,000 in additional funds. The publicity concerning this matter would come from the fact that Posner had a woman working for him and he refused to pay her--PERIOD! In fact, I easily could make it an even greater issue and draw Pam McKinney into it since he also treated her egregiously and I still have her emails to prove it. (I've also recently spoken with her,

by Mr. Zay. The publicity would be seen even from a more believable detail, exposing who Posner really is and his current state of mind. It wouldn't matter to me one bit whether or not I prevailed in that matter because that is not the issue. If this were about the $2,000 issue, I could write a book about this sickening experience and I GUARANTEE you that based solely on Posner's name, I would sell far more than $2,000 or $8,000 or $10,000 in books. But I won't, because I don't want to spend another second of my time on these two and writing a book about either of them would make me even sicker to my stomach. Sorry you're the one paying, but at this point, I have too many other critical things going on in my life to be bothered with these two, and this will go down in history as one of the worst employment experiences I have ever endured. You're smart not to expect to be repaid, because as you can see, you won't be.

Not sure what a signed settlement agreement is supposed to do other than to force me to pay $8,000 back if I want to sing like a bird someday; however, I will read it carefully and determine if it is something I want to sign. Disparaging remarks are slanderous, untrue remarks. I only speak the truth, and I don't have to disparage Posner. And again, I don't care about going up against Posner's lawyers, and you know I don't. That's the least of my concerns.

Let's do this and get it over with please so I can move on. There's a lot of mail and work-- including loads of emails I will turn over to you. Posner is lucky you think so highly of his ass. I certainly don't. Thanks much.

Joyce

---

**From:** Jonathan Zell <jrz8@caa.columbia.edu>
**To:** Joyce Hutchens <joyce.hutchens@att.net>
**Sent:** Sunday, September 30, 2018 9:33 PM
**Subject:** Thanks for your third e-mail reply

Joyce,

You are not going to believe this, but on my oath as an attorney (with the e-mail correspondence to prove it), the person whose pocket your settlement money would be coming out of is . . . mine!

Not only does the Posner Center's bank account not (to my knowledge) have the money to pay you, but Selvyn told me that you would have to wait a good long time before he paid

you. I do not understand the reason for Selvyn's delay, but because of it I told him that I would pay you off myself. Of course, Selvyn then made some statements suggesting that he would eventually repay me, but I am not relying on that happening.

As you know, at present the Center has no outstanding settlement offer out to you. However, I personally have a $5,000 settlement offer to you that is still open. I hereby raise it to $8,000. But I regret that is as high as I am willing to go. Moreover, if you do not accept this offer by sending me an e-mail to that effect before 12 midnight (Chicago time) one week from today, my offer will then expire.

Furthermore, if you do not accept my $8,000 settlement offer, I plan to send you a check for $6,538.50 (plus interest) for the 50 days that you worked before resigning -- and then I will just let you go ahead and sue the Center for the difference that you think you are owed for the days that you did not work after resigning.

The Center will not get a signed settlement agreement from you, but on the other hand you will have to convince a judge that you are entitled to payment for the days after you resigned. (This being a purely legal issue, the judge would decide the case in a summary-judgment ruling.) The Center is confident that it would prevail in such a case. More importantly, the Center has told me that it can live with the publicity from your lawsuit, believing that few people would agree with your position that you should be paid for days that you did not work. Also, as you know, the Center can get free legal representation from any of its many attorney members.

Joyce, I hate to be in the position of giving you an ultimatum, but this is the best that I can do. The choice is up to you: Do you want $8,000 or $6,538.50 (plus interest)? And, either way, the money is really coming out of my own pocket.

Best wishes,

Jonathan

---------- Forwarded message ---------
From: **Joyce Hutchens** <joyce.hutchens@att.net>
Date: Sun, Sep 30, 2018 at 9:01 PM
Subject: Re: Thanks for your second e-mail reply
To: Jonathan Zell <jrz8@caa.columbia.edu>

Jonathan. Yes. I will immediately sign a Settlement Agreement containing a complete release--including release from any future complaints and litigation, a confidentiality clause and a non-disparagement clause for the complete $10,000.

Joyce

---

**From:** Jonathan Zell <jrz8@caa.columbia.edu>
**To:** Joyce Hutchens <joyce.hutchens@att.net>
**Sent:** Saturday, September 29, 2018 1:04 PM
**Subject:** Thanks for your second e-mail reply

Hi Joyce,

Thanks for your second reply.

I understood your e-mail to mean that, in exchange for $10,000, you would sign a Settlement Agreement containing a complete release, a confidentiality clause, and a non-disparagement clause.

But, apparently, you refuse to accept $8,000 even if you could get paid that money immediately. Right?

If so, then are you willing to make a counter-offer, which is still less than $10,000?

Best wishes,

Jonathan