IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH,<br><br>        Plaintiff,<br> v.<br><br>RICHARD A. POSNER,<br><br>        Defendant. | Cause No. 22 Civ. 118<br><br>Judge Theresa L. Springmann<br>Magistrate Judge Joshua P. Kolar |

**DECLARATION OF HAROLD SCHWEND IN SUPPORT OF DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

Harold Schwend declares as follows pursuant to 28 U.S.C. § 1746:

1. My name is Harold Schwend. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The evidence set out in the foregoing Declaration is based on my personal knowledge. I submit this Declaration in support of Defendant's Response in Opposition to Plaintiff's Motion for Sanctions.

2. I am the Chief Technology Officer of MoloLamken, LLP. I previously worked at SunBlock Systems Inc., Blum, Shapiro & Company, P.C., and CliftonLarsonAllen LLP. I have nearly a decade of experience in the cybersecurity industry. Based on my previous experience in the cybersecurity industry, I have had significant experience in performing data collections for both eDiscovery and forensic matters.

3. I and my colleague, Jennifer Doran, collected Defendant Hon. Richard A. Posner's email account with the address rposner62@gmail.com (the "Gmail account") on October 5, 2023. Ms. Doran and I performed that collection at the direction and supervision of Justin M. Ellis and Kenneth E. Notter III, attorneys for Defendant.

4. Based on my knowledge and experience, as well as discussions with Ms. Doran,

we decided to use a professional forensic tool called Aid4Mail to extract data from Defendant's email account. Specifically, I used version 5.1.3.889 of the tool. Based on my knowledge and experience, I believe that the tool effectively extracts messages, attachments, and metadata reliably and without data loss. I have used Aid4Mail repeatedly in my past experience in the cybersecurity industry, and I believe Aid4Mail meets industry standards for reliable forensic collections of emails. The process that Ms. Doran and I followed to collect data from the rposner62@gmail.com account comports with best practices and industry standards for collecting data from an email account.

5. Using Aid4Mail, we collected 92,250 items (before deduplication) from the Gmail account, totaling 18.9 Gigabytes. We had configured Aid4Mail to collect the entire available contents of the Gmail account and to specifically process all folders held in that account. To the best of my knowledge, the Aid4Mail tool collected the Gmail account's contents as configured.

6. Aid4Mail generates detailed logs during its collection process, including processing logs and error logs for when collection issues are present. I reviewed the logs for the collection of the Gmail account and noted that no error logs were produced for this collection. According to the processing log there was one email item in the spam folder that did not process successfully. Gmail has a 30-day retention policy on their spam folder. Therefore, this item originated in the 30 days prior to October 5, 2023, and would not have fallen within the scope of relevancy. Due to the reliability of Aid4Mail and my log review, I have no reason to believe that Aid4Mail failed to process and collect the remaining email contents contained in Defendant's email account at the time of the collection.

7. I understand from Mr. Ellis that, in a May 2022 order, the Court directed the parties in this litigation to take all necessary steps to preserve all electronic and other material of potential

relevance to the pending case. Mr. Ellis passed along that order to Mrs. Posner and directed her to comply with it. I further understand from Mr. Ellis that Defendant had stopped using or accessing the rposner62@gmail.com account well before May 2022. Therefore, in my professional opinion, our collection of data from the rposner62@gmail.com account captured the messages, attachments, and metadata contained in that account as of May 2022.

8.  Once I completed the collection and preserved the data, I provided Ms. Doran with the collection data without in any way altering it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 23, 2024
Washington, D.C.

/s/ Harold Schwend
Harold Schwend