IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BRIAN VUKADINOVICH,           )
                              )
       Plaintiff,             )
                              )
v.                            )   CASE NO. 2:22-CV-00118 TLS-JEM
                              )
RICHARD A. POSNER,            )
                              )
       Defendant.             )

## MOTION FOR JUDICIAL NOTICE

The Plaintiff, Brian Vukadinovich, pro se, requests that this Court take judicial notice of a specific statement contained within a letter from Robert W. Kaufman to Brian Vukadinovich dated February 28, 2022.

The Federal Rules of Evidence apply to this Court, Fed. R. Evid 1101(a), and they allow for judicial notice "at any stage of the proceeding." Fed. R. Evid. 201 (d). Federal Rule of Evidence 201)b)(2) permits judicial notice of a fact "that is not subject to reasonable dispute because…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court is required to take judicial notice "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d).

The judicially noticeable statement that Plaintiff requests judicial notice of is the statement by Robert W. Kaufman in the attached letter dated February 28, 2022, "What you clearly do not know is that, soon after your conversations with Judge Posner in early 2018, he received a confirmed diagnosis of Alzheimer's Disease."

Under Federal Rule of Evidence 201, "the court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the court's territorial

jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Courts may take judicial notice of undisputed matters of public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) including documents on file in federal or state courts. *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n. 2 (9th Cir. 2002). Documents not attached to a complaint may be considered if no party questions their authenticity and the complaint relies on those documents. *Lee*, 250 F.3d at 688.

Wherefore, for the foregoing reasons and authorities Plaintiff respectfully requests that this Court take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the statement presented in this motion.

Respectfully submitted,

*/s/ Brian Vukadinovich*

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. 219-956-2462

# FISCHEL | KAHN

**ROBERT W. KAUFMAN, ATTORNEY**
312.726.0440 x214 | rkaufman@fischelkahn.com

155 North Wacker Drive, Suite 3850
Chicago, Illinois 60606

fischelkahn.com

February 28, 2022

**VIA FEDERAL EXPRESS (STANDARD)**
Mr. Brian Vukadinovich
1129 E. 1300 N.
Wheatfield, IN 46392

RE:   Richard A. Posner

Dear Mr. Vukadinovich:

Please be advised that the undersigned are attorneys for Richard A. Posner and, in such capacity, have been provided with a copy of your demand letter of February 22, 2022.

What you clearly do not know is that, soon after your conversations with Judge Posner in early 2018, he received a confirmed diagnosis of Alzheimer's Disease. He has long since moved to a nursing facility and, for that reason, never received the emails which you sent, and would not have been able to respond to them even if he had.

As to the substance of your claim, we believe that medical evidence will show that the Judge did not have the legal capacity to enter into contracts in 2018. Further, any contract for services to be rendered on behalf of the Posner Center would have been an obligation of the Posner Center, and not an individual obligation of the Judge.

As you note in your letter, the Posner Center dissolved as of July 23, 2019 and, to our knowledge, the entity had no assets with which to pay its liabilities at such time.

We are sorry that things worked out the way they did and, but for Judge Posner's illness, we assume that the venture would have proven to be a successful one. That being said, any effort by you to litigate this matter will be resisted forcefully by the family of the Judge.

Very truly yours,

FISCHEL | KAHN

*Robert W. Kaufman*

Robert W. Kaufman

RWK:js
W:\rwk\P270\P270-2\LtrVukadinovich. Response. 02 28 22.docx

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 5, 2024, the foregoing was sent to the Clerk of the United States District Court for the Northern District of Indiana, Hammond Division, via U.S. Postal Service and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the Defendant's below listed counsel of record per agreement to receive such papers via email.

        Justin M. Ellis
        jellis@mololamken.com

        Kenneth Notter
        knotter@mololamken.com

        Steven F. Molo
        smolo@mololamken.com

        David Beach
        dbeach@eichhorn-law.com

*/s/ Brian Vukadinovich*
Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. 219-956-2462