IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH, <br><br>                        Plaintiff, <br> v. <br> RICHARD A. POSNER, <br><br>                        Defendant. | Cause No. 22 Civ. 118 <br><br> Judge Theresa L. Springmann <br> Magistrate Judge John E. Martin |

## DEFENDANT'S MOTION FOR SANCTIONS AGAINST PLAINTIFF

Defendant Richard A. Posner respectfully moves under Federal Rule of Civil Procedure 11(c) and the Court's inherent authority for sanctions against Plaintiff Brian Vukadinovich. Among other sanctionable conduct, Plaintiff has violated Rule 11(b).

In support of this Motion, Defendant has contemporaneously filed his Memorandum in Support of his Motion for Sanctions. As explained in the memorandum, Plaintiff has violated Rule 11 in at least four ways: (1) his lies to the Court, including in the complaint that is the basis of this case; (2) his frivolous sanctions motion, which he made to intimidate the defense for calling attention to his lies; (3) his filing of several other frivolous motions; and (4) his abusive litigation tactics and profound disrespect to the Court, Defendant, and counsel. To the extent that Rule 11 does not reach any of this misconduct, the Court should invoke its inherent power to punish that bad-faith misconduct.

The severity, volume, and scope of Plaintiff's misconduct requires the most drastic sanctions available – dismissal with prejudice, an appropriate monetary sanction, and a filing bar until he pays that monetary fine. Plaintiff's repeated lies under oath – alone – require those drastic sanctions. But Plaintiff's other egregious misconduct erases any doubt that those sanctions are

not just warranted, they are necessary to protect the integrity of the judicial system, deter Plaintiff and others like him, and remedy the harm inflicted on the Court, Defendant, and counsel.

Defendant thus respectfully moves under Federal Rule of Civil Procedure 11(c) and the Court's inherent authority for an order dismissing the case with prejudice, imposing an appropriate monetary sanction, and barring Plaintiff from filing papers in this District until he pays that amount.

New York, New York
February 16, 2024

    /s/ Justin M. Ellis
Steven F. Molo (admitted *pro hac vice*)
Kenneth E. Notter III (admitted *pro hac vice*)
MoloLamken LLP
300 N. LaSalle Street
Chicago, IL  60654
(312) 450-6700
smolo@mololamken.com
knotter@mololamken.com

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY  10016
(212) 607-8160
jellis@mololamken.com

David Beach
Eichhorn & Eichhorn LLP
2929 Carlson Drive, Suite 100
Hammond, IN  46323
dbeach@eichhorn-law.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on February 16, 2024, the foregoing was electronically filed with the Clerk of the Court via CM/ECF and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on *pro se* Plaintiff Brian Vukadinovich per his agreement to receive such papers via email.

/s/ Justin M. Ellis
Justin M. Ellis