IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH, | |
| Plaintiff, | Cause No. 22 Civ. 118 |
| v. | Judge Theresa L. Springmann |
| RICHARD A. POSNER, | Magistrate Judge John E. Martin |
| Defendant. | |

**DECLARATION OF JUSTIN M. ELLIS IN SUPPORT
OF DEFENDANT'S MOTION FOR SANCTIONS**

JUSTIN M. ELLIS declares as follows pursuant to 28 U.S.C. § 1746:

1. I am a member in good standing of the bar of the State of New York. I am a partner of MoloLamken LLP, counsel for Defendant Richard A. Posner in this case. I submit this Declaration in support of Defendant's Motion for Sanctions.

2. Attached as Exhibit A is a list of Plaintiff's pro se lawsuits known to Defendant's counsel.

3. Attached as Exhibit B is a list of categories of exemplary public statements Plaintiff has made about this case.

4. Attached as Exhibit C is a list of Plaintiff's sworn statements that he did not know Defendant had Alzheimer's disease until at least February 2022 made in this case.

5. Attached as Exhibit D is a list of Plaintiff's statements that he did not know Defendant had Alzheimer's disease until at least February 2022 made in this case in other filings.

6. Attached as Exhibit E is a list of the personal attacks Plaintiff has made against the Court, Defendant, and counsel in this case.

7. Attached as Exhibit F to this declaration are true and accurate copies of exemplary posts on X (formerly, Twitter) in which Plaintiff accuses me of "felony perjury."

8. Attached as Exhibit G to this declaration are true and accurate copies of exemplary posts on X in which Plaintiff attacks Judge Kolar.

9. Attached as Exhibit H to this declaration are true and accurate copies of exemplary posts on X in which Plaintiff publicizes his book *Rogues in Black Robes* or related interviews.

10. Attached as Exhibit I to this declaration are true and accurate copies of exemplary posts on X in which Plaintiff insults counsel for Defendant.

11. Attached as Exhibit J to this declaration are true and accurate copies of exemplary posts on X in which Plaintiff falsely states that Defendant intends to call Seventh Circuit judges as witnesses.

12. Attached as Exhibit K to this declaration is a true and accurate copy of the docket sheet in *Vukadinovich v. Board of School Trustees of North Newton School Corp.*, No. 02-2718 (7th Cir.).

13. Attached as Exhibit L to this declaration is a true and accurate copy of an order dated January 8, 2003 in *Vukadinovich v. Board of School Trustees of North Newton School Corp.*, No. 02-2718 (7th Cir.).

14. Attached as Exhibit M to this declaration is a true and accurate copy of the docket sheet in *Vukadinovich v. Board of School Trustees of North Newton School Corp.*, No. 02-4210 (7th Cir.).

15. Attached as Exhibit N to this declaration is a true and accurate copy of the docket sheet in *Vukadinovich v. North Newton School Corp.*, No. 4:00-cv-0037 (N.D. Ind.).

16. Attached as Exhibit O to this declaration is a true and accurate excerpt from

2

Plaintiff's book *Rogues in Black Robes: Destroying Lives and Committing Crimes with No True Accountability* (2023).

17. As I stated in a prior declarations, Dkts. 86-1, 108-1, MoloLamken personnel under my direction collected data from Defendant's former Gmail account, rposner62@gmail.com ("the Gmail account"), in October 2023. I and MoloLamken personnel under my direction began reviewing the data extracted and processed from the Gmail account shortly thereafter. After we began reviewing the collection, we discovered a series of emails that revealed that Plaintiff knew Defendant had Alzheimer's disease by no later than July 2018.

18. Attached to this declaration as Exhibit P is a true and accurate copy of an email chain between Defendant and Plaintiff with the most recent email is dated July 15, 2018.

19. Attached to this declaration as Exhibit Q is a true and accurate copy of an email chain between Defendant and Plaintiff with the most recent email dated August 12, 2018.

20. Attached to this declaration as Exhibit R is a true and accurate copy of an email between Defendant, Plaintiff, and a third party dated October 19, 2018.

21. Attached to this declaration as Exhibit S is a copy of an email between Sakina Carbide and Plaintiff dated November 1, 2019.

22. Attached to this declaration as Exhibit T is a copy of an email chain between Sakina Carbide and Plaintiff with the most recent email dated March 30, 2020.

23. Attached to this declaration as Exhibit U is a copy of a paper document Plaintiff submitted at the December 14, 2023 Rule 16 conference that Plaintiff purports is an email dated November 11, 2020.

24. Attached to this declaration as Exhibit V is a true and accurate copy of an email from Defendant to a third party dated March 22, 2018.

25. Attached to this declaration as Exhibit W is a true and accurate copy of an attachment to the March 22, 2018 email.

26. Attached to this declaration as Exhibit X is a true and accurate copy of an email from a third party to several third parties and Defendant dated March 23, 2018.

27. Attached to this declaration as Exhibit Y is a true and accurate copy of an attachment to the March 23, 2018 email.

28. Attached to this declaration as Exhibit Z is a true and accurate copy of an email I sent to Plaintiff on December 22, 2023.

29. Attached to this declaration as Exhibit AA is a true and accurate copy of an email I sent to Plaintiff on December 29, 2023.

30. Attached to this declaration as Exhibit BB is a true and accurate copy of a letter, excluding exhibits to the letter, attached to the email I sent to Plaintiff on December 29, 2023.

31. Attached to this declaration as Exhibit CC is a true and accurate copy of an email chain between myself, Plaintiff, and other counsel with the most recent email dated January 4, 2024.

32. Attached to this declaration as Exhibit DD is a true and accurate copy of a letter, excluding an exhibit to the letter, attached to the email dated January 3, 2024 that I sent to Plaintiff.

33. Attached to this declaration as Exhibit EE is a true and accurate copy of an email from Plaintiff to me dated January 22, 2024.

34. Attached to this declaration as Exhibit FF is a true and accurate copy of Plaintiff's amended responses and objections to Defendant's first set of requests for admission.

35. Attached to this declaration as Exhibit GG is a true and accurate copy of Plaintiff's amended responses and objections to Defendant's first set of interrogatories.

36. Attached to this declaration as Exhibit HH is a true and accurate copy of an email I sent to Plaintiff on December 19, 2023.

37. Attached to this declaration as Exhibit II is a true and accurate copy of an email chain between Plaintiff and Defendant, with the most recent email dated March 27, 2018.

38. Defendant served his initial disclosures on December 21, 2023. Defendant's initial disclosures state, in relevant part: "All potential judicial witnesses . . . are listed solely out of necessity and an abundance of caution . . . . [A]ny issues in remaining discovery, such as Defendant's capacity defense, can and should be adjudicated without testimony or documents from these judicial witnesses." Defendant's initial disclosures further states that it "listed these witnesses solely to preserve the ability to seek discovery from them if necessary for a future phase of discovery," given Plaintiff's stated intent to "seek discovery into the judiciary."

I declare under penalty of perjury that the foregoing is true and correct.

Executed: February 16, 2024  /s/ Justin M. Ellis
New York, New York  Justin M. Ellis