IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH,<br><br>                    Plaintiff,<br>v.<br><br>RICHARD A. POSNER,<br><br>                    Defendant. | Cause No. 22 Civ. 118<br><br>Judge Theresa L. Springmann<br>Magistrate Judge John E. Martin |

**DEFENDANT'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES**

Defendant respectfully moves under Fed. R. Civ. P. 37(a)(3)(B) to compel Plaintiff to respond to interrogatories no. 4 and 10 of Defendant's first set of interrogatories. *See* Ellis Decl., Ex. A (interrogatory responses). In support of that motion, Defendant states as follows:

1. In this case, Plaintiff brought a breach of contract claim based on a purported oral agreement between Plaintiff and Defendant at a March 19, 2018 lunch meeting in Chicago. Dkt. 30 ¶¶ 5-7, 12, 18-26. To test that claim, Defendant has served two interrogatories asking Plaintiff to describe the meeting and purported agreement:

- In interrogatory no. 4, Defendant asked Plaintiff to "[i]dentify the terms of the alleged Agreement with Defendant, including the parties to the Agreement, all promises to perform future acts, the persons who were to perform those acts or made those representations, all the dates (if any) by which those promises were to be performed, and all representations of fact made in connection with those promises."[1] Ellis Decl., Ex. A at 7.

---

[1] "Agreement" is defined as "collectively[,] the alleged February 25, 2018, written agreement and the alleged oral agreement of March 19, 2018, referenced in the amended complaint." Ellis Decl., Ex. A at 1. "Identify," when used for an oral communication, is defined as calling for "the date and place where it occurred," "the identity of each person to whom such communication was made, each person by whom such communication was made, and each person who was present when such communication was made," and "the subject matter of such communication." *Id.* at 2-5.

- And in interrogatory no. 10, Defendant asked Plaintiff to "[d]escribe the March 19, 2018 meeting in Chicago with Defendant referenced in the amended complaint, including all statements made during that meeting, and identify all persons present at that meeting."[2] *Id.* at 9.

2. These interrogatories indisputably call for relevant information. They go to the very core of this contract case – what purported oral agreement, if any, the parties actually had. Plaintiff thus did not raise any relevance or burden objection to these interrogatories. *Id.* at 7, 9. Instead, Plaintiff's sole objection was that the interrogatories are "improper" because they ask "distinct questions." *Id.* at 7 (asserting that no. 4 asks "six distinct questions"); *id.* at 9 (asserting that no. 10 asks "three distinct questions"). Based on that objection, Plaintiff refuses to answer either interrogatory.

3. Defendant met and conferred with Plaintiff by email and in a January 30, 2024 telephone conference in an attempt to informally resolve this dispute. *See, e.g.*, Ellis Decl., Exs. B, C (email exchanges). However, Plaintiff stood on his objection and refused to answer.

4. The Court should compel Plaintiff to answer because his objection about "distinct questions" is frivolous. *Id.*, Ex. A at 8-9. "Interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question." *Gregg v. Loc. 305 IBEW*, No. 08-cv-160, 2010 WL 610990, at *1 (N.D. Ind. Feb. 18, 2010) (collecting cases); *see Talevski v. Carter*, No. 05 Civ. 184, 2007 WL 1797634, at *5 (N.D. Ind. June 18, 2007) (similar); 8B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2168.1 (3d ed. rev. 2023) (similar). "Stated another way, if the subparts are directed at eliciting details concerning a common theme, the subparts should be counted together

---

[2] "Describe" in this context is defined to call for "(1) . . . the date and place thereof"; (2) "identify[ing] the individual participants"; (3) "summariz[ing] for each individual participant what he or she said or did"; and (4) "identify[ing] each document used or prepared in connection therewith or making any reference thereto." Ellis Decl., Ex. A at 4.

2

as one interrogatory." *Gregg*, 2010 WL 610990, at *1 (quotation omitted).  Under these standards, interrogatories no. 4 and 10 must count as only one interrogatory each.  Each interrogatory elicits details based on a single, common, and logically related theme – what happened at the March 19, 2018 meeting (no. 10) and what purported agreement, if any, the parties reached at that meeting (no. 4).

5.  Moreover, Plaintiff's objection is irrelevant.  The claim that an interrogatory has discrete subparts is not a reason to refuse to answer any of those purported subparts.  *HMV Indy I, LLC v. Inovateus Solar, LLC*, No. 19-cv-01436, 2020 WL 9607044, at *3 (S.D. Ind. Sept. 28, 2020).  In any event, Defendant has only propounded 13 interrogatories so far.  *See* Ellis Decl., Ex. A.  Assuming that, as Plaintiff claims, interrogatories no. 4 and 10 count as nine separate requests, then Defendant has at most served 21 interrogatories, under the 25-interrogatory limit agreed to in the parties' Rule 26(f) report.  Dkt. 89.  Plaintiff thus has no basis to refuse to answer on "distinct question" grounds unless Defendant actually serves enough interrogatories to be over the limit.

6.  The Court should thus compel Plaintiff to promptly answer these interrogatories.  Further, the Court should award Defendant his reasonable expenses, including attorney's fees, incurred in making this motion.  Fed. R. Civ. P. 37(a)(5)(A).  Such an award is mandatory unless the failure to provide discovery was "substantially justified" or an expense award would be unjust.  *Id.*  (stating that the court "must" award costs unless these circumstances are met or, unlike here, a party does not meet and confer before moving to compel).

7.  Plaintiff's position is not justified at all, let alone "substantially" justified.  And an expense award here would be just.  Before filing this motion, Defendant's counsel explained in detail to Plaintiff, including case citations, why his position was baseless.  *See* Ellis Decl., Ex. B

3

(email exchange).  But Plaintiff still insisted that Defendant file a motion to get answers to the most basic questions about Plaintiff's legal theory.  By doing so, Plaintiff has wasted counsel's and the Court's time.

8. Further, while Plaintiff is *pro se*, he is well aware of the discovery rules from his four-decade career of *pro se* litigation.  *See* Dkt. 129 at 3-5 (recounting Plaintiff's litigation history).  If anything, Plaintiff's repeated refusal to abide by the rules is all the more reason why he should be forced to pay expenses for taking frivolous positions like these.  *See id.* at 1-3, 5-12 (recounting Plaintiff's sanctionable conduct in this case); *id.* at 4-5 (describing sanctions imposed against Plaintiff in other cases).  The Court should therefore order Plaintiff to pay Defendant's expenses incurred in making this motion.

New York, New York
February 16, 2024

    /s/ Justin M. Ellis
Steven F. Molo (admitted *pro hac vice*)
Kenneth E. Notter III (admitted *pro hac vice*)
MoloLamken LLP
300 N. LaSalle Street
Chicago, IL  60654
(312) 450-6700
smolo@mololamken.com
knotter@mololamken.com

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY  10022
(212) 607-8160
jellis@mololamken.com

David Beach
Eichhorn & Eichhorn LLP
2929 Carlson Drive, Suite 100
Hammond, IN  46323
dbeach@eichhorn-law.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on February 16, 2024, the foregoing was electronically filed with the Clerk of the Court via CM/ECF and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on *pro se* Plaintiff Brian Vukadinovich per his agreement to receive such papers via email.

/s/ Justin M. Ellis
Justin M. Ellis

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 37-1, the undersigned states that a certification about conferring in good faith before filing this motion is unnecessary because the motion is "brought . . . against a person appearing *pro se*." L.R. 37-1(b). However, the undersigned further certifies that Defendant conferred in good faith with Plaintiff in an effort to resolve the matter raised in this motion without Court action. Specifically:

- In a January 17, 2024 email to Plaintiff, copying Kenneth Notter of MoloLamken LLP, I raised our concerns with Plaintiff's objections to interrogatories no. 4 and 10, in addition to other discovery issues not raised in this motion. A copy of that email exchange is included as Exhibit B to the Ellis Declaration.

- On January 23, 2024, Plaintiff served via email amended responses to Defendant's interrogatories, a copy of which is attached as Exhibit A to the Ellis Declaration. In the cover email for those responses, Plaintiff stated that "[a]s for the issue of 'distinct questions' as to interrogatories no. 4 and 10, I maintain that each of these interrogatories are improper as they each contain several distinct questions. *Willingham v. Ashcroft*, 226 F.R.D. 57, 59 (D.D.C, 2005). Furthermore, your suggestion would not comport with N.D. Ind. L.R. 26-1 of which rule requires that a party propounding written discovery under Fed. R. Civ. P. 33 'must number each interrogatory or request sequentially.' Accordingly, each discrete question within these interrogatories must be numbered sequentially as we go along." Ellis Decl., Ex. C.

- On January 30, 2024, I held a telephone conference with Plaintiff and Mr. Notter to discuss our outstanding discovery disputes. In that conference, Plaintiff stated that his objections to interrogatories no. 4 and 10 stand.

/s/ Justin M. Ellis
Justin M. Ellis