IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BRIAN VUKADINOVICH,

                Plaintiff,

v.

RICHARD A. POSNER,

                Defendant.

Cause No. 22 Civ. 118

Judge Theresa L. Springmann
Magistrate Judge John E. Martin

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTIONS FOR JUDICIAL NOTICE

Plaintiff's Motions for Judicial Notice (Dkts. 124, 125) are a frivolous attempt to evade sanctions for his repeated lies under oath in this case. Both motions should be denied.

Plaintiff has repeatedly sworn under oath that he did not know Defendant was diagnosed with Alzheimer's disease until 2022. To back up that claim, Plaintiff asks the Court to take judicial notice of two statements made before discovery. First, in response to a demand letter Plaintiff sent before filing this suit, Defendant's former lawyer wrote Plaintiff a letter in 2022 stating, in part, that "What you clearly do not know is that, soon after your conversations with Judge Posner in early 2018, he received a confirmed diagnosis of Alzheimer's Disease." Dkt. 124 at 1. Second, shortly before this suit was filed, Defendant's wife made Plaintiff the following settlement offer in an email: "I am willing to give you $10,000 for your trouble. I am really sorry that you were so misled." Dkt. 125 at 1 (emphasis removed).

Both statements are "subject to reasonable dispute" and thus ineligible for judicial notice. Fed. R. Evid. 201(b). Courts cannot take judicial notice of the contents of documents – even court documents – that "are subject to reasonable dispute." *Browne v. Waldo*, No. 2:20-cv-196, 2023 WL 8520327, at *2 (N.D. Ind. Dec. 8, 2023). That is why " 'judicial notice is generally not for the

truth of the matters asserted in a court document.'" *Carter v. Sturgeon*, 643 F. Supp. 3d 862, 865 (N.D. Ind. 2022) (quoting *ABN AMRO, Inc. v. Cap. Int'l Ltd.*, No. 04-cv-3123, 2007 WL 845046, at *9 (N.D. Ill. Mar. 16, 2007)); *see also O'Neill v. U.S. Dep't of Just.*, No. 16-cv-425, 2017 WL 384334, at *6 (E.D. Wis. Jan. 25, 2017) (no judicial notice where "plaintiff seeks to use [the] emails to prove the truth of the matter asserted rather than to prove that the email exchange occurred"). Plaintiff's motions seek judicial notice to prove what he knew or did not know about Defendant's Alzheimer's diagnosis. They must therefore be denied.

Moreover, the Court should not take notice of the settlement offer because it is inadmissible under Federal Rule of Evidence 408. Judicial notice cannot be used to "evade the restrictions in Rule 408 on the admission of evidence of settlement offers by instead taking judicial notice of a settlement offer." 21B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 5108 & n.25 (2d ed. rev. 2023); *see, e.g.*, *Martincek v. LVNV Funding, LLC*, No. 16-cv-3587, 2017 WL 2903356, at *4-5 (N.D. Ga. Mar. 16, 2017) (denying judicial notice of settlement statements). Plaintiff wants to use Defendant's wife's statement that she thought Plaintiff was "so misled" to prove that Plaintiff was, in fact, misled about the Alzheimer's diagnosis. But that is just the sort of "statement made during compromise negotiations about [a] claim" that is "not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a).

In fact, Plaintiff's motions are a ploy to distract from the fact that Plaintiff has repeatedly lied to the Court under oath about his knowledge of Defendant's Alzheimer's diagnosis. *See* Dkt. 108 at 3-4 (noting lies). As Defendant has explained, it is undisputed that Plaintiff *did* know about Defendant's diagnosis as early as July 2018. *See, e.g.*, Dkt. 108-3 (July 2018 email from Plaintiff

thanking Defendant for letting him "know about [Defendant's] diagnosis of Alzheimer's"); Dkt. 129 at 1-3, 7-9, 13-15 (Plaintiff's sworn interrogatory responses admitting that he knew of the diagnosis in 2018). Plaintiff simply pretended that he did not know of the diagnosis when he was demanding money from Defendant's family in 2022. That is why, in a good-faith effort to compromise, Defendant's wife and attorney made statements presuming that what Plaintiff was saying was true. Only after Defendant's email was collected in discovery in October 2023 did the defense uncover that Plaintiff's sworn statements about the Alzheimer's diagnosis were false. Dkt. 129 at 8.

Because of that (and other) misconduct, Defendant has moved for sanctions including the dismissal of this case. *Id.* at 23-24. Now, with his lies exposed, Plaintiff seeks to dupe the Court into taking judicial notice of statements he misled Defendant's family into making so that he can escape the consequences of his actions. That dishonest effort illustrates why the sanctions Defendant has requested are necessary here. The Court should deny both motions and take them into account when deciding Defendant's pending motion for sanctions.

New York, New York
February 20, 2024

/s/ Justin M. Ellis
Steven F. Molo (admitted *pro hac vice*)
Kenneth E. Notter III (admitted *pro hac vice*)
MoloLamken LLP
300 N. LaSalle Street
Chicago, IL  60654
(312) 450-6700
smolo@mololamken.com
knotter@mololamken.com

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY  10016

3

          (212) 607-8160
          jellis@mololamken.com

          David Beach
          Eichhorn & Eichhorn LLP
          2929 Carlson Drive, Suite 100
          Hammond, IN  46323
          dbeach@eichhorn-law.com

          *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 20, 2024, the foregoing was electronically filed with the Clerk of the Court via CM/ECF and was also served on *pro se* Plaintiff Brian Vukadinovich via email, pursuant to Fed. R. Civ. P. 5(b)(2)(E) per his agreement to receive such papers via email, and by U.S. mail under Fed. R. Civ. P. 5(b)(2)(C).

/s/ Justin M. Ellis
Justin M. Ellis