IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH, <br><br> Plaintiff, <br> v. <br><br> RICHARD A. POSNER, <br><br> Defendant. | Cause No. 22 Civ. 118 <br><br> Judge Theresa L. Springmann <br> Magistrate Judge John E. Martin |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SCHEDULING ORDER**

Plaintiff's "Motion for Scheduling Order" (Dkts. 126, 127) is procedurally improper, premature, and frivolous. Defendant agrees that the Court should enter a scheduling order at an appropriate time. However, the parties have already briefed and argued the proper scope and timing of discovery at length. Because Plaintiff's latest filing improperly repeats his prior arguments, it should be disregarded by the Court.

Before this motion, Plaintiff has already submitted *nine* different filings on the scope of discovery, including his portion of two Rule 26(f) reports and a joint filing on e-discovery. Dkts. 82, 87, 89, 96, 100, 101, 114, 121, 123. The parties have also participated in two Rule 16 scheduling conferences with the Court. Dkt. 90; 11/2/2023 minute order. At a December 14, 2023 conference, the Court tentatively ordered that discovery proceed on a phased approach, with the first phase of discovery limited to issues about the statute of limitations and statute of frauds. Dkt. 90. But the Court also requested supplemental briefing before making a final ruling on that issue. *Id.* The parties submitted supplemental briefing in January 2024, Dkts. 101, 108, and the phased-discovery issue is under advisement by the Court. However, since then, Plaintiff has also filed:

- an improper 25-page reply, Dkt. 114 (reply); Dkt. 90 (ordering only simultaneous supplemental briefs); *cf.* N.D. Ind. L.R. 7-1(e)(1) (limiting replies to 15 pages);

- improper objections to the tentative phased discovery ruling, including an improper reply, Dkt. 96 (objections); Dkt. 118 (Defendant's response); Dkt. 123 (Plaintiff's reply); and

- a frivolous motion to ***stay*** discovery, Dkt. 100 (motion to stay); Dkt 109 (Defendant's response).

Plaintiff now moves for entry of a scheduling order, in which he asks the Court to vacate its tentative ruling as to phased discovery and set this case for the earliest available trial date. Dkt. 126 at 4; Dkt. 127 at 20. That motion rehashes his arguments in his last nine filings, including his meritless arguments about phased discovery, Dkt. 127 at 3-12, his frivolous complaints about certain IRS forms that were submitted in connection with Defendant's motion to dismiss, *id.* at 13-16, and his baseless speculations about how donations to the Posner Center were spent, *id.* at 17-20. Each of these issues has already been repeatedly addressed by Defendant in detail. Dkt. 118 at 1-9 (addressing phased discovery); Dkt. 117 at 10-11 (addressing the tax forms); Dkt. 117 at 11-12 (addressing the donations).[1] Plaintiff's eleventh filing on these subjects is an "improper attempt to add yet additional argument, and get the final word, far after the briefing closed," which the Court should strike. *See Coyle Nissan, LLC v. Nissan N. Am., Inc.*, No. 4:18-cv-75, 2021 WL 9098120, at *5 (S.D. Ind. Apr. 13, 2021) (striking filing that was, in effect, an improper surreply on an already-briefed motion).

Plaintiff's request for the earliest available trial date is also premature. Plaintiff himself agreed in the Rule 26(f) report that the parties would be ready for trial "following the completion

---

[1] In a footnote, Plaintiff also repeats his frivolous – and sanctionable – claim that Defendant's counsel committed "perjury" in connection with the prior Rule 16 hearing. Dkt. 127 at 18 n.8; *see* Dkt. 95 (Plaintiff's sanctions motion). Defendant has also explained at length why Defendant's claim is baseless, Dkt. 117 at 9-10, and in fact merits sanctions for violating Rule 11, Dkt. 129 at 9-10, 15-17.

of all discovery and resolution of any dispositive motions." Dkt. 89 at 9.  Plaintiff's motion is also meritless for all the reasons described in Defendant's Response in Opposition to Plaintiff's Objection to Phased Discovery.  Dkt. 118.  And Defendant has also raised in a separate motion why Plaintiff's misconduct in this case – including his numerous lies under oath in his complaint and other filings – warrants dismissing this case with prejudice.  Dkt. 129.  The Court should not set a trial date until that motion is resolved.

Plaintiff's motion should thus be denied.  However, Defendant respectfully requests that the Court should set a hearing at a convenient time to address the outstanding issues in this case, including the scheduling of discovery, Plaintiff's numerous pending motions, and Defendant's pending motion for sanctions.  Given Plaintiff's history of vexatious litigation in this case, a conference would assist in moving this case towards a resolution.

New York, New York
February 20, 2024

      /s/ Justin M. Ellis
Steven F. Molo (admitted *pro hac vice*)
Kenneth E. Notter III (admitted *pro hac vice*)
MoloLamken LLP
300 N. LaSalle Street
Chicago, IL  60654
(312) 450-6700
smolo@mololamken.com
knotter@mololamken.com

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY  10016
(212) 607-8160
jellis@mololamken.com

David Beach
Eichhorn & Eichhorn LLP

3

        2929 Carlson Drive, Suite 100
        Hammond, IN  46323
        dbeach@eichhorn-law.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on February 20, 2024, the foregoing was electronically filed with the Clerk of the Court via CM/ECF and was also served on *pro se* Plaintiff Brian Vukadinovich via email, pursuant to Fed. R. Civ. P. 5(b)(2)(E) per his agreement to receive such papers via email, and by U.S. mail under Fed. R. Civ. P. 5(b)(2)(C).

/s/ Justin M. Ellis
Justin M. Ellis