IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

-FILED-

MAR 06 2024

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

BRIAN VUKADINOVICH, )
)
Plaintiff, )
)
v. ) CAUSE NO. 2:22-CV-0118-TLS-JEM
)
)
RICHARD A. POSNER, )
)
Defendant. )

### AFFIDAVIT OF BRIAN VUKADINOVICH

1. I am the Plaintiff in this cause of action.

2. All statements I have made in this litigation regarding a purported Alzheimer's as to Defendant Richard A. Posner were made in the context that I was never provided with any tangible evidence of "confirmed" Alzheimer's as to Defendant Richard A. Posner.

3. I explicitly stated in the Amended Complaint I filed at item number 30 on page 8 that the Defendant never told me that he had received a **"confirmed"** diagnosis of Alzheimer's Disease. (Docket #30).

4. I explicitly stated in a previous affidavit filed in this Court in my "Affidavit of Brian Vukadinovich" under item number 11 that "Defendant Posner never told me that he had received a **confirmed** diagnosis of Alzheimer's Disease". (Docket #37, page 4).

5. I never learned that the Defendant received a **"confirmed"** diagnosis of Alzheimer's Disease until I received a letter from Defendant's lawyer, Robert Kaufman, dated February 28, 2022, of which letter stated to me "What you clearly do not know is

1

that, soon after your conversations with Judge Posner in early 2018, he received a **confirmed** diagnosis of Alzheimer's Disease.", a copy of which letter is attached hereto and made a part hereof a Plaintiff's Exhibit 1.

6. On May 8, 2022, I received an email from Defendant's wife, Charlene Posner, where Ms. Posner discussed Defendant's "mental condition" and stated to me that she was sorry that I was "so misled" about it, a copy of which email is attached hereto and made a part hereof a Plaintiff's Exhibit 2.

7. As of this date, I have never been provided with any tangible evidence of a "confirmed" diagnosis of Alzheimer's Disease as to Defendant Richard A. Posner.

8. The Declaration of Sakina Carbide contained many lies of which I pointed out in my motion for evidentiary hearing in asking this Court to hold an evidentiary hearing and to order Sakina Carbide to appear and testify under oath.

9. Sakina Carbide previously filed an unsuccessful lawsuit where she sued a person who purportedly could not understand English well, nor speak fluent English, for attorney's fees of $177,250 at a rate of $400 per hour, and after an evidentiary hearing held by the Circuit Court of Cook County, in Case No. 10 D 1703, the Court ruled against her and Sakina Carbide appealed the adverse decision to the Illinois Court of Appeals where the Illinois Court of Appeals reviewed Sakina Carbide's affidavit and her testimony related to her affidavit and ruled against her stating 'Carbide's reliance on her own affidavit, attesting to her own "interpretation of the evidence and memory as to what happened," is not well taken.' https://casetext.com/case/in-re-marriage-of-christian-1.

10. The email that I sent to Defendant on November 11, 2020, requesting that Defendant pay for my services that I provided to the Defendant, of which copy of email I provided to the Defendant's attorney and presented to this Court at the hearing on December 14, 2023, is a true and accurate copy of the email I sent to the Defendant on November 11, 2020.

11. All of the exhibits submitted in connection to this affidavit, to my memorandum response to Defendant's motion for sanctions, to my exhibits to my motion for evidentiary hearing, and to my memorandum of law in support of my motion to strike conclusory statement of Sakina Carbide are all true and accurate copies.

I attest that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Date: March 6, 2024

*Brian Vukadinovich* (signature)
Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. 219-956-2462

# FISCHEL | KAHN

ROBERT W. KAUFMAN, ATTORNEY
312.726.0440 x214 | rkaufman@fischelkahn.com

155 North Wacker Drive, Suite 3850
Chicago, Illinois 60606

fischelkahn.com

February 28, 2022

**VIA FEDERAL EXPRESS (STANDARD)**
Mr. Brian Vukadinovich
1129 E. 1300 N.
Wheatfield, IN 46392

RE:   Richard A. Posner

Dear Mr. Vukadinovich:

Please be advised that the undersigned are attorneys for Richard A. Posner and, in such capacity, have been provided with a copy of your demand letter of February 22, 2022.

What you clearly do not know is that, soon after your conversations with Judge Posner in early 2018, he received a confirmed diagnosis of Alzheimer's Disease. He has long since moved to a nursing facility and, for that reason, never received the emails which you sent, and would not have been able to respond to them even if he had.

As to the substance of your claim, we believe that medical evidence will show that the Judge did not have the legal capacity to enter into contracts in 2018. Further, any contract for services to be rendered on behalf of the Posner Center would have been an obligation of the Posner Center, and not an individual obligation of the Judge.

As you note in your letter, the Posner Center dissolved as of July 23, 2019 and, to our knowledge, the entity had no assets with which to pay its liabilities at such time.

We are sorry that things worked out the way they did and, but for Judge Posner's illness, we assume that the venture would have proven to be a successful one. That being said, any effort by you to litigate this matter will be resisted forcefully by the family of the Judge.

Very truly yours,

FISCHEL | KAHN

*Robert W. Kaufman*

Robert W. Kaufman

RWK:js
W:\rwk\P270\P270-2\LtrVukadinovich. Response. 02 28 22.docx



w/r to your letter

Charlene Posner <cposner62@gmail.com>
Sun 5/8/2022 6:52 PM
To:Brian Vukadinovich <bvukadinovich@hotmail.com>

Dear Brian,

Thank you for your prompt and thoughtful response to my letter to you. I am very sorry that you have found yourself in this unpleasant situation. I have been in charge of all our financial dealings almost from the beginning of our 60-year marriage. Dick almost never wrote a check himself and on the rare occasion he wanted to he asked me for the check and told me what it was for. He did not mention any personal obligation to you.

During the time you say you entered into a contract with Dick his primary care physician discerned his mental condition and referred us to the University of Chicago Neurology Department, and you are aware of their conclusion.

I am willing to give you $10,000 for your trouble. I am really sorry that you were so misled. I had to break a lease for office space with the Hyde Park Bank building and disengage him from other things, as well as deal with his health issues. Not fun for me either.

With best regards,
Charlene


PLAINTIFF'S EXHIBIT 2

https://outlook.live.com/mail/0/id/AQMkADAwATE2ZjExAC0yNWU4LWRmNmFtMDACLTAwCgBGAAAD8IBG1ZWusk6npKotsmABPQcA2I5qCkQIb0a...   1/1

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 6, 2024, the foregoing was sent to the Clerk of the United States District Court for the Northern District of Indiana, Hammond Division, via U.S. Postal Service and was also served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the Defendant's below listed counsel of record per agreement to receive such papers via email.

> Justin M. Ellis
> jellis@mololamken.com
>
> Steven F. Molo
> smolo@mololamken.com
>
> Kenneth Notter
> knotter@mololamken.com
>
> David Beach
> dbeach@eichhorn-law.com

*/s/ Brian Vukadinovich*
Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. 219-956-2462

4