IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

-FILED-

APR 30 2024

At _____
Chanda J. Berta, Clerk    M
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

BRIAN VUKADINOVICH,    )
                       )
        Plaintiff,     )
                       )
    v.                 )    CASE NO. 2:22-CV-0118-TLS-JEM
                       )
RICHARD A. POSNER,     )
                       )
        Defendant.     )

## PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE JOHN E. MARTIN'S ORDER

Plaintiff, Brian Vukadinovich, pro se, and pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, submits this objection to Magistrate Judge John E. Martin's order of March 16, 2024, as to the magistrate judge's totally unwarranted threat of sanctions against Plaintiff. (Docket #163).

## I. RELEVANT FACTUAL HISTORY

On August 22, 2022, Defendant filed a motion to dismiss. (Docket #33). After eight months had transpired with no ruling, on April 19, 2023, Plaintiff filed a "Memorandum to Court Regarding Inordinate Time for Ruling". (Docket #47). On May 10, 2023, Judge Springmann entered an order referring the motion to dismiss matter to Magistrate Kolar on May 10, 2023. (Docket #50).[1] Magistrate Judge Kolar issued his Report and Recommendation on June 21, 2023 (Docket #62). On September 25, 2023 Judge Springmann issued her Opinion and Order accepting the recommendation of Magistrate Judge Kolar to deny the Defendant's motion to dismiss the breach of contract

_____

[1] On December 27, 2023, Plaintiff filed an objection to Magistrate Judge Kolar's ruling as to phased discovery —four months has now gone by without no ruling. (Docket #96).

and unjust enrichment claims.  (Docket #74).

On November 2, 2023, Magistrate Judge Kolar issued a directive to the parties writing "Parties directed to file contemporaneous briefs on the issues of bifurcation by 11/16/2023."[2]  In compliance with Magistrate Judge Kolar's directive, Plaintiff filed his brief on the issues of bifurcation on November 15, 2023. (Docket #87) addressing the issue and cited several supporting Supreme Court and Seventh Circuit cases including precedents from this very division from *Gaston v. Hazeltine*, Case No. 3:21-CV-896 JD (August 30, 2022); and *Albert's Diamond Jeweler's, Inc., v. Aaland Diamond Jewelers, LLC*, Case No. 2:23-CV-39 JD (September 27, 2023), of which decisions were written by Judge Jon E. DeGuilio of the United States District Court for the Northern District of Indiana, Hammond Division.  https://docs.justia.com/cases/federal/district-courts/indiana/inndce/2:2023cv00039/113660/28; https://casetext.com/case/gaston-v-hazeltine, and also cited a decision by Magistrate Judge Andrew Rodovich from *BASF Catalysts LLC v. Aristo, Inc.*, No. 2:07-CV-222, 2009 WL 523123 at *4 (N.D. Ind. Mar. 2, 2009).[3]

On February 2, 2024, an entry was added onto the docket titled "Judge update in case" stating "Magistrate Judge John E. Martin added.  Magistrate Judge Joshua P. Kolar no longer assigned to case." (There is no docket number assigned to the entry).

On February 7, 2024, Plaintiff filed a motion for judicial notice pursuant to Fed.

---

[2] There is no docket number assigned to the document titled as "Telephone Status Conference" entered on November 2, 2023 of which document ordered the parties to file contemporaneous briefs on the issues of bifurcation by 11/16/2023.

[3] There has **never** been any "written opinion and order on the bifurcation issue following the parties' supplemental filings" by Magistrate Judge Kolar notwithstanding his representation that there would be a written opinion and order on the bifurcation issue "following the supplemental filings."

R. Evid. 201(d) requesting that the Court take judicial notice of a statement by Robert W. Kaufman made to Plaintiff in a letter dated February 28, 2922 and submitted a copy of the letter contemporaneously with the motion. The statement for judicial notice was "What you clearly do not know is that, soon after your conversations with Judge Posner in early 2018, he received a confirmed diagnosis of Alzheimer's Disease." (Docket #124). On February 7, 2024, Plaintiff filed a motion for judicial notice requesting that the Court take judicial notice of a statement by Charlene Posner made to Plaintiff in an email dated May 8, 2022, and submitted a copy of the email contemporaneously with the motion. The statement for judicial notice was "I am willing to give you $10,000 for your trouble. I am really sorry that you were so misled." (Docket #125). Both motions were denied by Magistrate Judge John E. Martin. (Docket #151).

On March 8, 2024, Defendant's attorney, Justin M. Ellis, wrote a letter to Magistrate Judge John E. Martin and explicitly asked "for this Court's **assistance** in discovery to **help** bring this case to a swift end." (Docket 147, page 2).

On March 14, 2024, Magistrate Judge John E. Martin conducted a telephonic status conference where the issue of phased discovery was very minimally discussed and where Magistrate Judge Martin rubber stamped Magistrate Judge Kolar's previous inappropriately entered order for phased discovery. Magistrate Judge Martin allowed for continuation of Magistrate Judge Kolar's order for phased discovery as to statute of limitations and statute of frauds. (Docket #151). When Plaintiff asked Magistrate Judge Martin about failing to follow the precedents from this division against bifurcated discovery, he said words to the effect "I made my ruling."

On April 19, 2024, Plaintiff sent an email with a letter as an attachment to the email to Chief Judge Holly Brady of the United States District Court for the Northern District of Indiana informing Chief Judge Brady of the inequities that have been taking place in this litigation. Plaintiff copied Judges Springmann, Magistrate Judge Martin and the attorneys of record. (Docket #164). On April 23, 2024, Magistrate Judge Martin issued an order explicitly characterizing the email copied to the magistrate as an "*ex parte*" communication and struck the letter and "CAUTIONS" Plaintiff "that such failure to comply with the Court's rules and Orders may result in sanctions." (Docket #163).[4]

## II.  LEGAL STANDARD

### A.  Rule 72(a) of the Federal Rules of Civil Procedure

Rule 72(a) of the Federal Rules of Civil Procedure states:

When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

## III.  THE MAGISTRATE'S "CAUTION" WAS TOTALLY INAPPROPRIATE AND SHOULD BE SET ASIDE

### A.  The Communication Was Not an "Ex Parte" Communication

---

[4] Magistrate Judge's Martin's order stated "However, as has previously been explained, motions must be properly filed on the docket, any disputes should be brought to the Court's attention via motion, and no action will be taken on requests that are not properly brought before the Court on motions on the docket." Magistrate Judge Martin got it wrong, very wrong —this was not a motion, this was a letter to the chief judge informing the chief judge of the Court's inequities. And furthermore, Magistrate Judge Martin got it wrong when he characterized the communication to the chief judge as "*ex parte*", it was not an "*ex parte*" communication at all, the Magistrate Judge Martin was in fact copied on the communication to the chief judge.

Magistrate Judge Martin got it very wrong when he explicitly characterized

Plaintiff's email and attached letter to Chief Judge Brady copied to him as an "ex parte"

communication. There was nothing at all "ex parte" about it. The communication was

an email with attached letter to Chief Judge Brady which was openly copied to

Magistrate Judge Martin since Magistrate Judge Martin was a subject of the email. Had

Plaintiff not copied Magistrate Judge Martin on the communication, then it would have

been an "ex parte" communication —but that did not happen. Had Plaintiff not copied

Magistrate Judge Martin on the communication then Judge Martin would have had cause

to pursue a "caution" against Plaintiff for sending an "ex parte" communication.[5]

Because the communication was not an "ex parte" communication, as erroneously

characterized by Magistrate Judge Martin, Magistrate Judge Martin was completely out

of line in "cautioning" Plaintiff as to an "ex parte" communication which was in fact

NOT and "ex parte" communication.[6]

### B. Plaintiff Did Not Violate the Court's "Rules" or "Orders" Nor Did Magistrate Judge Martin Specify What Rules of Orders Were Violated

In striking the letter sent by Plaintiff to Chief Judge Brady, Magistrate Judge

Martin threatened Plaintiff with sanctions inappropriately admonishing "the Court hereby

**STRIKES** the letter and **CAUTIONS** Plaintiff that failure to comply with the Court's

---

[5] Would Magistrate Judge Martin preferred to have been kept in the dark as to the communication to Chief Judge Brady even though the communication addressed inequities by Magistrate Judge Martin?

[6] It is interesting that when Defendant's attorney, Justin M. Ellis, wrote a letter to Magistrate Judge John E. Martin on March 8, 2024, and explicitly asked "for this Court's assistance in discovery to help bring this case to a swift end." (Docket 147, page 2), that the magistrate did not issue an order of "CAUTIONS" against Justin M. Ellis. After all, a letter asking a judge for "help" and "assistance" to help a certain side in the case prevail in the litigation is entirely inappropriate, but yet Magistrate Judge Martin didn't issue an order of "CAUTIONS" to the Defendant's attorney. Something is very wrong with that picture.

Rules and Orders may result in sanctions." However, Magistrate Judge Martin did not specify what rules or orders were violated. Absent any specific rules or order violations, it was entirely inappropriate for Magistrate Judge Martin to make such a threat against Plaintiff.[7] Simply implying a rule or order violation without expressly stating what rule or order was violated is entirely inappropriate. This Court should now do the right thing as it is empowered to do under Rule 72(a) of the Federal Rules of Civil Procedure and issue an order vacating the inappropriate threat of sanction against Plaintiff as the record clearly demonstrates there was no "ex parte" communication by Plaintiff, and there were no rule or order violations by Plaintiff.

### C. Magistrate Judge Martin is Not Empowered to Issue Sanctions and it Was Inappropriate for Magistrate Judge Martin to be Issuing a Threat of Sanctions Based on Fiction

It was entirely inappropriate for Magistrate Judge Martin to issue a threat of sanctions against Plaintiff when Plaintiff did not send an "ex parte" email to him as the email and attachment (letter to Chief Judge Brady) was cc'd to him to let him know of the letter that Plaintiff sent to Chief Judge Brady. And furthermore, while Magistrate Judge Martin implied that Plaintiff violated some "Rule" or "Order", he did not expressly state any particular rule or order —because Plaintiff didn't violate any rule or order. It is entirely inappropriate for a magistrate judge to mischaracterize a communication that was clearly not an "ex parte" communication and then wrongfully imply that a party violated

---

[7] Presumably Magistrate Judge Martin was (erroneously) implying that Plaintiff violated his March 14, 2024 order where he ordered the parties "…that any discovery disputes that cannot be resolved should be brought to the Court's attention via motions on the docket and not by email;" (Docket #151, page 2). In the interest of clarity, it must be noted that Plaintiff's communication to Chief Judge Brady didn't involve a discovery dispute that could not be resolved, and the communication was not a motion, it was an informational communication from Plaintiff to the chief judge informing the chief judge of the district court's inequities against Plaintiff, and the need to remove and replace the judges. Magistrate Judge Martin was out of line on several fronts.

a rule or order with a threat of sanctions, but not state a rule or order that was allegedly violated. Also, the magistrate judge doesn't have the authority to issue sanctions as the Seventh Circuit made crystal clear in *Alpern v. Lieb*, 38 F.3d 933 (7th Cir. 1994) which made it clear that only a district judge has the power to award sanctions. In another Seventh Circuit decision in *Rajaratnam v Moyer*, 47 F.3d 922 (7th Cir. (1995), the Seventh Circuit in referring to *Alpern v. Lieb, Id.,* reaffirmed that a magistrate judge does not have the authority to enter an order of sanctions. The Seventh Circuit enunciated that Congress has authorized magistrate judges to make independent decisions on the merits with respect to three kinds of matters: (1) misdemeanor prosecutions; (2) "pretrial matters"; and (3) civil proceedings in which the parties consent to a final decision by the magistrate judge, to which the Seventh Circuit in relying on *Alpern* stated that none of these grants of authority applied for the imposition of sanctions by a magistrate judge.

Magistrate Judge Martin's conduct of blatantly mischaracterizing Plaintiff's communication as an "ex parte" communication and threatening Plaintiff with sanctions for a nonexistent violation of a rule or order certainly calls into question whether the March 8, 2024, letter from Defendant's attorney, Justin M. Ellis, to Magistrate Judge John E. Martin asking for "for this Court's **assistance** in discovery to **help** bring this case to a swift end." was, and is, in play. The timing certainly fits. (Docket 147, page 2).[8]

---

[8] The record demonstrates a very troubling pattern by one of Defendant's attorney's, Justin M. Ellis, who recently at every turn has asked for sanctions against Plaintiff for exercising his right to file papers in this litigation, most recently when Plaintiff filed his "Reply to Defendant's Response in Opposition to Plaintiff's Objections to Judge Martin's Order" (Docket # 161, pages 4, 5). Justin Ellis has certainly become emboldened to do such a thing and Plaintiff is very concerned that Justin Ellis' letter to Magistrate Judge Martin requesting "help" and "assistance" may be having effect under the circumstances as to what has been happening in this litigation.

### IV. MAGISTRATE JUDGE MARTIN'S INAPPROPRIATE ORDER THREATENING SANCTIONS AGAINST THE PLAINTIFF IN THE ABSENCE OF ANY RULE OR ORDER VIOLATIONS BY THE PLAINTIFF MUST BE SET ASIDE

The record very clearly demonstrates that the Plaintiff's communication sent to the chief judge of the United States District Court for the Northern District of Indiana, Honorable Holly Brady, and copied to Magistrate Judge Martin was **not** an ex parte communication as Magistrate Judge Martin mischaracterized the communication in his order threatening to sanction Plaintiff. And it is very clear that while Magistrate Judge Martin threatened Plaintiff with sanctions in the order of April 23, 2024, in stating "Accordingly, the court hereby **STRIKES** the letter and **CAUTIONS** Plaintiff that failure to comply with the Court's Rules and Orders may result in sanctions." the order does not point to any rule or order whatsoever that Plaintiff has violated. It was entirely inappropriate for Magistrate Judge Martin to issue an order threatening to sanction Plaintiff in such willy nilly fashion simply for the sake of threatening Plaintiff without any justifiable basis whatsoever. The bias against Plaintiff is quite evident.

Magistrate Judge Martin's inappropriate order gives rise to a substantial concern in that it appears that the magistrate is doing exactly what Defendant's attorney, Justin M. Ellis, asked Magistrate Judge Martin to do in a letter written to the magistrate judge on March 8, 2024, when Defendant's attorney explicitly asked Magistrate Judge Martin "for this Court's **assistance** in discovery to **help** bring this case to a swift end." (Docket 147, page 2).[9]

---

[9] It should be noted that Magistrate Judge Martin did not issue an order threatening sanctions against Justin M. Ellis for Ellis' conduct of sending a letter directly to the magistrate judge

The record is replete with Justin M. Ellis' repeated requests for this Court to sanction Plaintiff at every turn in this litigation, most recently when Justin M. Ellis asked this Court to sanction Plaintiff for filing his objections to Magistrate Judge Martin's previous order as to phased discovery, judicial notice, and scheduling issues. (Docket #161, pages 4, 5). With this recently entered inappropriate order containing the sanctions threats, Magistrate Judge Martin just provided fodder for Justin M. Ellis to spew going forward regarding his mission to have Plaintiff inappropriately sanctioned.

## V. MAGISTRATE JUDGE MARTIN'S CONDUCT OF THREATENING PLAINTIFF WITH SANCTIONS WHEN PLAINTIFF DID NOT VIOLATE ANY COURT RULES OR ORDERS IS CONSTITUTIONALLY INTOLERABLE

### A. This Court Must Set Aside Magistrate Judge Martin's Inappropriate Order

It is more than clear that the conduct of Magistrate Judge Martin in mischaracterizing Plaintiff's communication as an "ex parte" communication, when it clearly was not, and by Magistrate Judge Martin's conduct of threatening Plaintiff with sanctions even though Plaintiff did not violate any court rules or orders, is impermissible conduct and such impermissible conduct is not constitutionally tolerable. Simply put, judges cannot mischaracterize facts and cannot threaten certain parties with sanctions for rules violations or violations of failure to comply with court orders when the parties have not committed any rules violations and did not fail to comply with any court orders. Such conduct demonstrates bias of the highest degree.[10]

---

explicitly asking the magistrate judge for "help" and "assistance". This speaks volumes as to Magistrate Judge Martin's bias against Plaintiff and favoritism toward the Defendant, a former federal court of appeals judge.

[10] While the order of April 23, 2024, by Magistrate Judge Martin threatens Plaintiff with sanctions for "failure to comply with the Court's Rules and Orders, the order doesn't at all point to a single

Canon 1 of the Code of Conduct for United States Judges explicitly states "An

independent and honorable judiciary is indispensable to justice in our society. A judge

should maintain and enforce high standards of conduct and should personally observe

those standards, so that the integrity and independence of the judiciary may be preserved.

The provisions of this Code should be construed and applied to further that objective." It

is written under "Commentary" to Canon 1 of the Code of Conduct for United States

judges that "Deference to the judgements and rulings of courts depends on public

confidence in the integrity and independence of judges. The integrity and independence

of judges depends in turn on their acting without fear or favor. Although judges should

be independent, they must comply with the law and should comply with this Code.

Adherence to this responsibility helps to maintain public confidence in the impartiality of

the judiciary. Conversely, violation of this Code diminishes public confidence in the

judiciary and injures our system of government under law."[11]

Canon 2(A) of the Code of Conduct for United States judges explicitly states "A

judge should respect and comply with the law and should act at all times in a manner that

promotes public confidence in the integrity and impartiality of the judiciary."

Commentary under Canon 2(A) explicitly states that "An appearance of impropriety

occurs when reasonable minds, with knowledge of all the relevant circumstances

disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity,

---

rule or order that Plaintiff has violated. It is entirely inappropriate for a magistrate judge to make such a threat in the total absence of any reference to a rule or violation of a court order.

[11] Mischaracterizing Plaintiff's communication as an "ex parte" communication and then threatening Plaintiff with sanctions for "failure to comply with the Court's Rules and Orders", when the order doesn't at all point to a single rule or order that Plaintiff has violated hardly bolsters public confidence in the judiciary.

impartiality, temperament, or fitness to serve as a judge is impaired. Because it is not

practical to list all prohibited acts, the prohibition is necessarily cast in general terms that

extend to conduct by judges that is harmful although not specifically mentioned in the

Code. Actual improprieties under this standard include violations of law, court rules, or

other specific provisions of this Code."[12]

Canon 3 of the Code of Conduct for United States Judges is titled "A Judge

Should Perform the Duties of the Office Fairly, **Impartially** and Diligently" [emphasis

added].[13]

Canon 3(C)(1) explicitly states "A judge shall disqualify himself or herself in a

proceeding in which the judge's impartiality might reasonably be questioned, including

but not limited to instances in which:

(a) **the judge has a personal bias or prejudice concerning a party**, or personal

knowledge of disputed evidentiary facts concerning the proceedings".

It is very clear that Magistrate Judge Martin has a personal bias against Plaintiff

---

[12] Mischaracterizing Plaintiff's communication as an "ex parte" communication and then threatening Plaintiff with sanctions for "failure to comply with the Court's Rules and Orders, when the order doesn't at all point to a single rule or order that Plaintiff has violated clearly constitutes an "appearance of impropriety" that "reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired." Especially when taken into account that the magistrate judge did not issue a threat of sanctions against opposing counsel when opposing counsel sent a letter to the judge asking for the judge's "help" and "assistance".

[13] Under "Commentary" it is written with respect to Canon 3(A)(5) "In disposing of matters promptly, efficiently, and **fairly**, a judge must demonstrate due regard for the rights of the parties to be heard and to have issues resolved without unnecessary cost or delay. It could hardly be said that a judge's mischaracterization of a communication as an "ex parte" communication, when it was not "ex parte", and a threat of sanctions for violating a rule or court order, when there was no violation of any rule or court order, would be a **"fairly"** decided issue by any stretch of the imagination.

and is favorably biased toward Defendant Richard A. Posner, a former federal court of appeals judge; his biases are demonstrated by his actions of blatantly mischaracterizing Plaintiff's communication as an "ex parte" communication, when it was not, and then threatening Plaintiff with sanctions even though Plaintiff did not violate any court rules or orders, while at the same time he did not issue any threat of sanctions against the Defendant and his lawyer for sending a letter to the magistrate judge asking the magistrate judge for "help" and "assistance" to help Defendant prevail. The bias and prejudice of Magistrate Judge Martin against Plaintiff and in favor of the Defendant is on center stage and couldn't be more evident.

According to the Cornell Law School / Legal Information Institute, the **Due' Process clauses of the United States Constitution** require judges to recuse themselves in two situations"

1. Where the judge has a financial interest in the case's outcome,

2. **Where there is otherwise a strong possibility that the judge's decision will be biased.**

According to the Cornell article, in either case, it does not matter whether or not the judge is actually biased. What matters is that even if the judge is not biased, the high probability of bias still damages the integrity of the judicial system. Any party in a lawsuit may request that a judge recuse him or herself. Recuse | Wex | US Law | LII / Legal Information Institute (cornell.edu). The Supreme Court addressed recusal in the 2009 case *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) when it identified circumstances which, as an objective matter, require recusal where "in which experience teaches that the probability of actual bias on the part of the judge or decisionmaker is too

high to be constitutionally tolerable," citing *Withrow v. Larkin*, 421 U.S., at 47. The

*Caperton* decision made clear that the objective standards implementing the Due Process

Clause do not require proof of actual bias, but rather, the question is whether, "under a

realistic appraisal of psychological tendencies and human weakness," the interest "poses

such a risk of actual bias or prejudgment that the practice must be forbidden if the

guarantee of due process is to be adequately implemented." citing *Withrow*, 421 U.S., at

427. Thus, there can be no question that Plaintiff need not show proof of actual bias, but

rather show a "realistic appraisal of psychological tendencies and human weaknesses on

the part of Magistrate Judge John E. Martin in terms of how he handled things in

blatantly mischaracterizing Plaintiff's communication as an "ex parte" communication

when it was not, and then threatening Plaintiff with sanctions even though Plaintiff did

not violate any court rules or orders, while at the same time not issuing any threat of

sanctions against the Defendant and his lawyer for sending a letter to the magistrate judge

asking the magistrate judge for "help" and "assistance" to help Defendant prevail —in

clear violation of the canons of the Code of Conduct for United States Judges.

It would be entirely inappropriate for this Court to allow Magistrate Judge

Martin's sanctioning threat against Plaintiff to stand in light of the very real fact that

Plaintiff did **not** send an "ex parte" email as the magistrate judge very wrongfully

alleged, and Plaintiff did **not** violate any of the Court's rules and orders of which

sanctions threat is completely void of any evidence of violations of court rules or orders.

It would be a major miscarriage of justice for this Court to allow such an infirm and

totally unsupported sanctions threat to be part of the record of this litigation, and would

be a substantial violation of Plaintiff's due process rights and violation of Plaintiff's right

to equal protection of the law under the Due Process Clause and Equal Protection clauses of the United States Constitution. Quite frankly, it strongly appears that Magistrate Judge Martin acceded to the request of Defendant's lawyer, Justin M. Ellis, for "help" and "assistance" which was explicitly requested by Defendant's attorney, Justin M. Ellis, in a letter of March 8, 2024, to Magistrate Judge John E. Martin. (Docket 147, page 2).

The sanctioning threat by Magistrate Judge Martin against Plaintiff is not based on fact and is completely devoid of any reference to any evidence that Plaintiff violated any of the Court's rules and orders, and therefore the magistrate judge's order must be set aside. Magistrate Judge Martin's order threatening sanctions against Plaintiff is clearly erroneous and contrary to law and this Court has an obligation under Rule 72(a) to set aside the inappropriate order —and it should do so.

## VI. CONCLUSION

For all of the foregoing reasons and authorities, this Court should exercise its authority under Rule 72(a) and issue an order setting aside the order containing inappropriate threat of sanctions made by Magistrate Judge Martin against Plaintiff by his caution that failure to comply with the Court's Rules and Orders may result in sanctions when in fact the Plaintiff did not violate any of the Court's Rules or Orders, nor did the magistrate judge specify any Rules or Orders that were implied to have been violated.

Respectfully submitted,

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
(219) 956-2462

14

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 30, 2024, the foregoing was served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the Defendant's below listed counsel of record per agreement to receive such papers via email.

> Justin M. Ellis
> jellis@mololamken.com
>
> Steven F. Molo
> smolo@mololamken.com
>
> Kenneth Notter
> knotter@mololamken.com
>
> David Beach
> dbeach@eichhorn-law.com

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, IN 46392
Tel. (219) 956-2462