UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD A. POSNER,<br><br>    Defendant. | CAUSE NO.: 2:22-CV-118-TLS-JEM |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Partial Objections [ECF No. 159] to Magistrate Judge John E. Martin's Order [ECF Nos. 150, 151] ordering the bifurcation of discovery, denying the Plaintiff's Motions for Judicial Notice [ECF Nos. 124, 125], and denying as moot the Plaintiff's Request for a Scheduling Order [ECF No. 126]. For the reasons discussed below, the Court overrules the Plaintiff's objections.

## PROCEDURAL BACKGROUND

On May 5, 2022, the Plaintiff, acting pro se, filed his Verified Complaint for Breach of Contract [ECF No. 1]. On July 11, 2022, the Defendant filed a Motion to Dismiss for Failure to State a Claim [ECF No. 21]. On August 1, 2022, the Plaintiff filed the operative Amended Complaint [ECF No. 30], alleging claims for a breach of contract (Count I), fraud (Count II), and unjust enrichment (Count III). On August 8, 2022, the Court entered an Order [ECF No. 32] denying the Defendant's motion to dismiss as moot based on the Plaintiff's filing of the Amended Complaint.

On August 22, 2022, the Defendant filed a Motion to Dismiss the Amended Complaint for Failure to State a Claim [ECF No. 33] under Federal Rule of Civil Procedure 12(b)(6),

arguing that the Plaintiff's breach of contract claim (Count I), fraud claim (Count II), and unjust enrichment (Count III) claim should be dismissed. The Plaintiff filed a response [ECF No. 36] on September 12, 2022, and the Defendant filed a reply [ECF No. 39] on September 26, 2022.

On May 10, 2023, this Court entered an Order [ECF No. 50] referring the Defendant's motion to dismiss to Magistrate Judge Joshua Kolar pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b).

On June 21, 2023, Judge Kolar issued his Findings, Report and Recommendation of United States Magistrate Judge Pursuant to 28 U.S.C. § 636(b)(1)(B) & (C) [ECF No. 62], recommending that the Court grant in part and deny in part the Defendant's Motion to Dismiss and dismiss the Plaintiff's Count II fraud claim. Judge Kolar concluded that "the date on which Plaintiff's claims for breach of contract and unjust enrichment accrued cannot be resolved on the allegations of the amended complaint." R. & R., ECF No. 62, p. 35. He highlighted that "given the lack of clarity in the amended complaint as to the exact timing of when Defendant promised to pay Plaintiff's salary, the accrual question cannot be decided without factual development of the record." *Id*. at 36. Also, Judge Kolar noted that the Court "has broad discretion to structure discovery, including ordering that discovery proceed under a phased approach." *Id*. He recommended that the parties be "prepared to discuss at the first scheduling conference in this matter whether such an approach would be appropriate in this case, with phase one limited to the potentially dispositive issue of when Plaintiff's claims for breach of contract and unjust enrichment accrued." *Id*.

On July 5, 2023, the Defendant filed his Partial Objection to Magistrate Judge Kolar's Report and Recommendation [ECF No. 65]. The Plaintiff filed a response [ECF No. 68] on July 19, 2023. On July 12, 2023, the Plaintiff filed his Partial Objection to Magistrate Judge Kolar's

Report and Recommendation [ECF No. 67]. The Defendant filed a response [ECF No. 69] on July 24, 2023.

On September 25, 2023, the Court entered an Opinion and Order [ECF No. 74], overruling the Defendant's Objections [ECF No. 65], overruling the Plaintiff's Objections [ECF No. 67], and accepting the Report and Recommendation [ECF No. 62] with a modification.

On October 2, 2023, Judge Kolar set a Rule 16 telephonic preliminary pretrial conference for November 2, 2023, and set a deadline for the parties to file their Rule 26(f) report of parties planning meeting. ECF No. 75. On October 25, 2023, the parties filed a Rule 26(f) report. ECF No. 82.

On November 2, 2023, Judge Kolar held a status conference with the parties, directing them to file contemporaneous briefs on the issues of bifurcation by November 16, 2023, and indicating the Rule 16 conference would be reset by separate order. On November 3, 2023, Judge Kolar reset the Rule 16 conference for December 14, 2023. ECF No 85. On November 15, 2024, the Plaintiff filed his brief on bifurcation [ECF No. 87], and on November 16, 2023, the Defendant filed his brief on bifurcation [ECF No. 86].

On December 11, 2023, the parties filed a new Report of Parties' Planning Meeting [ECF No. 89], with the Defendant proposing the completion of discovery in two phases.

On December 14, 2023, Judge Kolar held the Rule 16 preliminary pretrial conference. *See* ECF No. 90. He adopted the Report of the Parties' Planning Meeting [ECF No. 89] as set forth in the Court's Order, making some additional provisions. *See id*. For example, Judge Kolar ordered "[i]nterim discovery limited to the Defendant's statute of limitations and statute of fraud affirmative defenses to begin immediately, with the Court to issue a written opinion and order on the bifurcation issue following the parties' supplemental filings." *Id*.

3

On December 27, 2023, the Plaintiff filed Plaintiff's Objection to Magistrate Judge Kolar's Rulings as to Phased Discovery [ECF No. 96]. On January 5, 2024, the Plaintiff filed Plaintiff's Memo to Court Regarding Typos of Dates Submitted Within Previously Filed Document [ECF No. 107], referencing his Objection to Magistrate Judge Kolar's Rulings [ECF No. 96]. On January 23, 2024, the Defendant filed a Response in Opposition to Plaintiff's Objection to Phased Discovery [ECF No. 118]. On January 31, 2024, the Plaintiff filed his reply [ECF No. 123].

On February 2, 2024, Magistrate Judge John E. Martin was added to the case, and Magistrate Judge Joshua P. Kolar was no longer assigned to case.

On February 7, 2024, the Plaintiff filed two Motions for Judicial Notice [ECF Nos. 124, 125]. In the first motion, the Plaintiff requested that the Court take judicial notice of Robert W. Kaufman's statement in a letter dated February 28, 2022: "What you clearly do not know is that, soon after your conversations with Judge Posner in early 2018, he received a confirmed diagnosis of Alzheimer's Disease." ECF No. 124 at 1 (citing ECF No. 124 at 3). In the second motion, the Plaintiff requested that the Court take judicial notice of Charlene Posner's statement in an email dated May 8, 2022: "I am willing to give you $10,000 for your trouble. I am really sorry that you were so misled." ECF No. 125 at 1 (citing ECF No. 125 at 3). The Defendant filed a response to both motions [ECF No. 133], on February 20, 2024, and the Plaintiff filed a reply [ECF No. 135] on February 26, 2024.

Earlier, on February 7, 2024, the Plaintiff filed a Motion for a Scheduling Order, Vacating the Magistrate Judge's Discovery Rulings, and Setting of a Trial Date [ECF No. 126]. The Defendant filed a response [ECF No. 134], on February 20, 2024, and the Plaintiff filed a reply [ECF No. 136] on February 26, 2024.

4

On March 14, 2024, Judge Martin held a status conference with the parties, ordering that discovery be bifurcated. ECF No. 150. He also entered an Order [ECF No. 151], denying as moot the Plaintiff's motion requesting scheduling order [ECF No. 126]; ordering that discovery on the first phase of discovery addressing statute of limitations and statute of frauds be completed by May 13, 2024; setting a deadline of June 14, 2024, for the Defendant to file any motion with respect to whether the breach of contract and/or unjust enrichment claims are barred by the applicable statute of limitations; denying the motions requesting the Court to take judicial notice [ECF Nos. 124, 125]; and reminding the Plaintiff that documents and evidence may be presented along with motions.

On April 5, 2024, the Plaintiff filed the instant Partial Objections to Magistrate Judge John E. Martin's Order as to Phased Discovery, Judicial Notice, and Request for Scheduling Order [ECF No. 159]. The Defendant filed a response [ECF No. 161] on April 19, 2024, and the Plaintiff filed a reply [ECF No. 162] on April 23, 2024. This matter is now ripe for ruling.

## LEGAL STANDARD

"[A] district court's review of any discovery-related decisions made by the magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure . . . ." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). Pursuant to Rule 72(a), a party may file an objection to a magistrate judge's decision on a non-dispositive pretrial matter within fourteen days. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district

5

court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943.

## ANALYSIS

The Plaintiff objects to the Magistrate Judge's decisions [ECF Nos. 150, 151] ordering that discovery be bifurcated; denying the motions for judicial notice, ECF Nos. 124, 125; and denying as motion the motion for a scheduling order, ECF No. 126. The Court addresses each of the Plaintiff's three objections after addressing the parties' dispute on the timeliness of the Plaintiff's motion.

**A.     Timeliness**

The parties dispute the timeliness of the Plaintiff's filing of his Partial Objection. Federal Rule of Civil Procedure Rule 72(a) provides that "[a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). When computing time in days, such as here, "exclude the day of the event that triggers the period," "count every day, including intermediate Saturdays, Sundays, and legal holidays," and "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1). Also, "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). Here, the record shows that Judge Martin entered the Orders at issue on March 14, 2024, and the Plaintiff is served by mail. Therefore, the deadline for filing the objections was April 1, 2024.

Although the Defendant is correct in that the objections were filed untimely on April 5, 2024, "where a party demonstrates exceptionally good cause . . . a court [may] exercise its discretion to permit a belated challenge to a magistrate judge's rulings beyond the fourteen-day window provided in Rule 72(a)." *Eli Lilly & Co. v. Arch Ins. Co.*, No. 113-CV-01770, 2024 WL 1256000, at *5 (S.D. Ind. Mar. 22, 2024) (cleaned up). Here, although the Plaintiff did not file a motion for an extension of time, he contends that he did not receive the Magistrate Judge's Order until March 26, 2024, including the date stamped envelope with his reply. Accordingly, the Court finds that the Plaintiff has provided good cause for the Court to exercise its discretion and consider the objections.

**B.     Phase One Discovery Deadline**

The first issue before this Court is whether the Magistrate Judge's order that discovery be bifurcated with the first phase of discovery addressing statute of limitations and statute of frauds to be completed by May 13, 2024 [ECF Nos. 150, 151] was clearly erroneous or contrary to law. The Plaintiff contends that the Magistrate Judge clearly erred in bifurcating discovery because he did not explain why he did not follow "precedent" as set forth in two unpublished district court opinions by District Court Judge Jon E. DeGuilio. Pl. Obj. 8 (citing *Albert's Diamond Jewelers, Inc. v. Aaland Diamond Jewelers LLC*, No. 2:23-CV-39, 2023 WL 6284632 (N.D. Ind. Sept. 27, 2023); *Gaston v. Hazeltine*, No. 3:21-CV-896, 2022 WL 3754850 (N.D. Ind. Aug. 30, 2022)). Without citing any legal authority, the Plaintiff also argues, "It is untenable . . . to completely ignore the precedents from this division . . . ." *Id*. at 10. In fact, "[f]or a variety of quite valid reasons, including consistency of result, it is an entirely proper practice for district judges to give deference to persuasive opinions by their colleagues on the same court. But, while this is a laudable and worthwhile practice, it does not convert district court decisions into binding

7

precedent." *TMF Tool Co. v. Muller*, 913 F.2d 1185, 1191 (7th Cir. 1990). Therefore, the Court concludes that it was not clearly erroneous for the Magistrate Judge to not discuss *Albert's Diamond Jewelers, Inc.* or *Gaston* because those decisions are not binding precedent. Accordingly, the Court overrules this objection.

**C.     Judicial Notice**

The second issue before this Court is whether the Magistrate Judge's decision to deny the Plaintiff's Motions for Judicial Notice [ECF Nos. 124, 125] was clearly erroneous or contrary to law. The Plaintiff contends that the Magistrate Judge clearly erred in not taking judicial notice of two statements made to the Plaintiff (one in a letter from Robert Kaufman, the other in an email from Charlene Posner). According to the Plaintiff, they statement are filed in this case, making them matters of public record, and Federal Rule of Evidence 201(d) requires judicial notice. Pl. Obj. 13 (citing ECF Nos. 124, 125). The Plaintiff also argues, "Magistrate Judge Martin . . . inappropriately and wrongfully rationaliz[ed] that 'documents and evidence may be presented along with motions.'" *Id.* at 13–14. However, "a court may judicially notice only a fact that is not subject to reasonable dispute." *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018). A fact is not subject to a reasonable dispute when it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. of Evid. 201(b). Here, the Plaintiff does not explain how the statements in the letter and email are not subject to reasonable dispute. Therefore, the Court concludes that it was not clearly erroneous for the Magistrate Judge to not take judicial notice of the statements in the letter and email that were filed in this case. Accordingly, the Court overrules this objection.

**D.    Scheduling Order**

The third issue before this Court is whether the Magistrate Judge's decision to deny as moot the Plaintiff's Motion for a Scheduling Order [ECF No. 126] was clearly erroneous. The Plaintiff argues, "Magistrate Judge Martin refused to follow the express requirements of [Rule 16(b)(1)]." Pl. Obj. 15. Rule 16(b)(1) requires the Court to "issue a scheduling order" "after receiving the parties' report under Rule 26(f)" or "after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference." Fed. R. Civ. P. 16(b)(1). Here, the record shows that, the parties filed their operative Rule 26(f) report on December 11, 2023, when Judge Kolar was the presiding Magistrate Judge in this case. *See* Fed. R. Civ. P. 26(f)(2) ("The attorneys of record and all unrepresented parties . . . are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan."). The record also shows that Judge Kolar held a Rule 16 preliminary pretrial conference on December 14, 2023, where he adopted the parties' report as set forth in his Order, providing some modifications, which Judge Martin continued to follow. *See* ECF Nos. 89, 90, 151. Therefore, the Court concludes that the Court has entered a scheduling order. Accordingly, the Court overrules this objection.

To the extent that the Plaintiff references his arguments in other motions or disputes with the Defendant not related to the instant motion, the Court declines to address these as they are not relevant.

## CONCLUSION

Based on the foregoing, the Court hereby OVERRULES the Plaintiff's Partial Objection [ECF No. 159] as follows:

9

- OVERRULES the Plaintiff's Objection to the Magistrate Judge's Order [ECF Nos. 150, 151] ordering that discovery be bifurcated;

- OVERRULES the Plaintiff's Objection to the Magistrate Judge's Order [ECF No. 151] denying the Plaintiff's motions for judicial notice [ECF Nos. 124, 125]; and

- OVERRULES the Plaintiff's Objection to the Magistrate Judge's Order [ECF No. 151] denying as moot the Plaintiff's motion for a scheduling order [ECF No. 126].

Also, the Court OVERRULES as premature the Plaintiff's Objection to Magistrate Judge Kolar's Rulings as to Phased Discovery [ECF No. 96] because it was filed on December 27, 2023, before the Court entered the order on bifurcation of discovery on March 14, 2024.

SO ORDERED on May 2, 2024.

 s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT