UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD A. POSNER, <br><br> Defendant. | CAUSE NO.: 2:22-CV-118-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on the pro se Plaintiff's Objection [ECF No. 174] to Magistrate Judge John E. Martin's Order [ECF No. 163], arguing that the Magistrate Judge's referral to the Plaintiff's email to the Court as ex parte communication and threat of sanctions constitute clear error or are contrary to law. For the reasons set forth below, the Court overrules the Plaintiff's objection.

Pursuant to Rule 72(a), a party may file an objection to a magistrate judge's decision on a non-dispositive pretrial matter within fourteen days. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A).

Also, when filing a motion, "even pro se litigants must expect to file a legal argument and some supporting authority." *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (cleaned up). "A litigant who fails to press a point by supporting it with *pertinent authority*, or by showing why it is sound despite a lack of supporting authority . . . forfeits the point." *Id*. (emphasis added) (quoting *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990)).

Here, the record shows that the Plaintiff copied the Court on an April 19, 2024 email and attachment that the Plaintiff sent to Chief Judge Holly Brady. *See* ECF No. 164. In response, the Magistrate Judge entered an order directing the Clerk of Court to place a copy of the Plaintiff's email and the attachment on the docket as part of the record in the case, striking the email and attachment. *See* ECF Nos. 163, 164. The Magistrate Judge again explained that "motions must be properly filed on the docket, any disputes should be brought to the Court's attention via motion, and no action will be taken on requests that are not properly brought before the Court as motions on the docket." ECF No. 163. The Magistrate Judge also cautioned the "Plaintiff that failure to comply with the Court's Rules and Orders may result in sanctions." *Id*. In the instant objection, the Plaintiff does not make a relevant legal argument, cite any pertinent legal standard or authority, or otherwise show that the Magistrate Judge's response was a clear error or contrary to law.

Accordingly, the Court OVERRULES the Plaintiff's Objection [ECF No. 174].

SO ORDERED on May 7, 2024.

   s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT