UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH, | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )     CAUSE NO.: 2:22-CV-118-TLS-JEM |
| | ) |
| RICHARD A. POSNER, | ) |
|     Defendant. | ) |

**ORDER**

This matter is before the Court on a Motion to Compel [DE 172], filed by Plaintiff Brian Vukadinovich, who is proceeding without counsel, on April 26, 2024. Plaintiff moves to compel Defendant to produce discovery. Defendant filed a response on May 10, 2024, and on May 14, 202y, Plaintiff filed a reply.

## I. Background

On May 5, 2022, Plaintiff filed his Complaint alleging claims of breach of contract relating to an employment relationship he allegedly had with Defendant. A motion to dismiss was granted in part on September 25, 2023, but denied without prejudice as to the question of whether the statute of limitations bars some of Plaintiff's claims. Discovery began on December 14, 2023, and was bifurcated, with discovery on applicability of statute of limitations and statute of frauds to begin first. Although Plaintiff objected to the bifurcation, short deadlines were set for the first phase of discovery to meet his request that the case proceed as rapidly as possible, with discovery on the first phase to be completed by June 12, 2024. At the parties' request, the Court appointed a special master to assist the parties with electronic discovery. Plaintiff asserts that Defendant has failed to provide adequate discovery in response to his requests that he asserts are directly related

1

to the questions at issue in this first stage of discovery. Defendant argues that it has provided all relevant responses.

## II.     Analysis

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Furthermore, the Rule provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding whether to compel discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (*citing Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

Plaintiff is seeking additional responses to a number of requests. Defendant argues that it has produced all responsive documents relevant to the first phase of discovery.

Plaintiff's request one seeks documents that relate to Defendant's affirmative defenses. Defendant asserts that he has produced documents relating to his statute of limitations, statute of frauds, and laches defenses, since they are directly related to the issues in the first stage of

2

discovery, and argues that documents bearing solely on the six other affirmative defenses (capacity, conscionability, equitable estoppel, ratification and waiver, failure of consideration, and breach) are not relevant in this phase. Plaintiff argues that documents responsive to the request might also be related to statute of frauds and Defendant's statute of limitations defense, and argues that Defendant should be required to put forth evidence now in support of its defenses. However, documents that are not related to the discrete issues in the first phase of discovery need not be produced now. To the extent that Plaintiff is arguing that Defendant will need to rely on evidence it has not produced to support its dispositive motions at the close of the first phase of discovery, the Court reassures him that Defendant may only base its arguments on documents and information it has produced.

Plaintiff's request number two has to do with documents that related to a letter from an attorney to Plaintiff in response to a February 2022 demand letter Plaintiff sent to Defendant's wife that refers to Defendant's Alzheimer's diagnosis. Defendant argues that he has produced some information regarding the facts of Defendant's diagnosis, as referred to in the letter, but that any other information is not relevant to phase one discovery. In particular, Defendant argues that details of Defendant's disease other than those known by Plaintiff at the time are not relevant to the statute of limitations or statute of frauds, and that information about Defendant's response in 2022 does not bear on the purported 2018 contract. Plaintiff argues that all information about Defendant's medical condition could be relevant and should be produced. Although more details about Defendant's medical condition may end up being relevant as the case proceeds, at this stage of bifurcated discovery, the only issue is what Plaintiff knew about Defendant's diagnosis, and additional medical information need not be provided.

3

Plaintiff is also seeking privileged information in his request for documents relating to statements by and to an attorney and work product created by the attorney in anticipation of litigation. Although he is correct that in a production of otherwise relevant documents, a privilege log is appropriate to delineate particular documents that are otherwise discoverable, *see* Fed. R. Civ. P. 26(b)(5)(A), in this case he is requesting an entire category of documents that, by their very nature, are protected by privilege and need not be produced. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter . . ."); *Upjohn Co. v. United States*, 449 U.S. 383, 401-02 (1981). These are not otherwise responsive documents that happen to include privileged information and therefore should be noted on a privilege log, but the request itself seeks information Plaintiff is not entitled to see, and therefore the Court will not compel any additional response, either in the form of documents or a privilege log.

Request number three seeks Defendant's medical records. Although the medical information known by Plaintiff during the time at issue is relevant, that is not what is being sought in this question. The rest of Defendant's medical history is not relevant to phase one discovery.

Request four seeks all contracts entered into by Defendant with anyone for a period of more than seven years and request five seeks all document of any type signed by Defendant over the same time period. Defendant argues that these requests are overbroad for the scope of the case, let alone for phase one discovery. The Court agrees that the requests have no apparent relationship to the claims and defenses in phase one. The extensive and overbroad requests are not "proportional to the needs of the case" at this or any other stage of discovery, and production would be unduly burdensome. Fed. R. Civ. P. 26(b)(1).

Defendant has produced responsive documents and information relevant to the first phase

4

of discovery, and the Court will not compel any additional responses. The Court finds that the motion to compel was made in good faith, and that in this instance the circumstances make the payment of expenses unjust. Fed. R. Civ. P. 37(a)(5)(B).

### III.  Conclusion

For the foregoing reasons, the Court hereby **DENIES** the Motion to Compel [DE 172].

SO ORDERED this 24th day of May, 2024.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record
      Plaintiff, *pro se*