IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

-FILED-
MAY 30 2024
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

BRIAN VUKADINOVICH, )
)
Plaintiff, )
)
v. ) CASE NO. 2:22-CV-0118-TLS-JEM
)
)
RICHARD A. POSNER, )
)
Defendant. )

**MEMORANDUM OF LAW IN SUPPORT OF RETAINING DEFENDANT'S "EXHIBIT D" UNDER SEAL AND NOT BE PLACED ON THE PUBLIC DOCKET**

Plaintiff, Brian Vukadinovich, pro se, in accordance with this Court's order of May 20, 2024, submits his supplemental argument that Defendant's "Exhibit D" to Defendant's Motion to File Exhibit D under Seal [DE 185] should **not** be placed on the public docket.

### I. THE INFORMATION WITHIN THE HUNDREDS OF PAGES WITHIN DEFENDANT'S "EXHIBIT D" SHOULD NOT BE PLACED ON THE PUBLIC DOCKET

The Defendant has filed under seal literally hundreds upon hundreds of pages of documents containing information regarding Plaintiff's email (Hotmail) account, without a single reference to a single item that would have any relevance to statute of limitations or statute of frauds defenses.[1] Without a single reference to a single item within the exhibit, Defendant cavalierly states "Defendant represents that he does not believe the document needs to be sealed,..." Defendant thus gets to document dump literally

---

[1] The paper copies submitted by Defendant (sealed "Exhibit D") are approximately the same thickness as a ream of paper.

1

hundreds upon hundreds of pages of Plaintiff's email information that he cavalierly states doesn't need to be sealed, while at the same time failing to identify a single item within the hundreds of pages of document dumping that is in any way even remotely relevant to Defendant's statute of limitations or statute of frauds defenses. How much more of Defendant's nonsense is this Court going to tolerate?

In *United States v. Foster*, 564 F.3d 852 (7th Cir. 2009), the Seventh Circuit was confronted with a question of "relevancy" before any decision would be made as to whether certain documents should be opened to public view. It is evident that the Seventh Circuit wasn't interested in proceeding in willy nilly fashion in the absence of a "relevancy" determination. What we have in the instant matter is document dumping of several hundred pages with not a single reference to the relevance of a single item within the hundreds of pages of documents. It is preposterous. The Seventh Circuit wasn't willing to accept such nonsense, and neither should this Court.

In *Baxter Int'l v. Abbott Lab*, 297 F.3d 544 (7th Cir. 2002), the Seventh Circuit made clear that the court would "deny outright" any motion "that does not analyze in detail, **document by document**, the propriety of secrecy, providing reasons and legal citations."[2] The Seventh Circuit made clear that "Motions that simply assert a conclusion without the required reasoning, however, have no prospect of success."[3]

---

[2] Even though Defendant is espousing public disclosure of the documents within Defendant's Exhibit D, the same rationale should apply in that Defendant should be analyzing "document by document" the relevant of documents within his exhibit to which he espouses public disclosure.

[3] *Baxter, Id.*, did not accept the serving up of "bald assertion" as a valid basis to bring forth such a motion. Defendant in the instant matter likewise serves up "bald assertion" to promote his argument. A bald assertion that Defendant "does not believe the document needs to be sealed" is not good enough —far from it. *Baxter, Id.*, i.e., requiring "in detail, document by document" analysis.

## II. THE GOVERNING LAWS FORBID PUBLICATION OF THE INFORMATION WITHIN DEFENDANT'S "EXHIBIT D"

Contained within Defendant's Exhibit D is information relevant to Plaintiff's health care and pension account. The "Privacy Rule" of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") protects all health related information of an individual in any form including in "electronic form". The "Privacy Rule" calls this information "protected health information". Needless to say, it would be a substantial risk to Plaintiff's safeguarded privacy rights when it comes to his personal health information being provided to the universe if such information were placed on the public docket as unscrupulous persons would be able to obtain the information within Defendant's Exhibit D and then use that information to gain further information that could lead them to Plaintiff's protected health information. The information within Defendant's Exhibit D that relates to his pension account falls under the umbrella of the Indiana Public Retirement System ("INPS") and such records are protected under 35 IAC 1.2-1-5. Because these are protected records, any information that may in any way result in the invasion of privacy of those protected records by way of leading unscrupulous persons to information learned from the public docket would potentially lead to the unlawful intrusion into Plaintiff's protected health and pension information. As such, this Court should not, and must not, place the information within Defendant's Exhibit D on the public docket.[4]

The Supreme Court has made crystal clear that much of information that surfaces during pretrial discovery may be unrelated or only tangentially related to the underlying

---

[4] Defendant has no standing to assert that "he does not believe the document needs to be sealed,...", the "Privacy Rule" of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") and 35 IAC 1.2-1-5 do not support any such proposition.

cause of action, and, therefore, "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984). What we have in the instant matter is a mosaic of baselessness by Defendant. First, Defendant document dumps hundreds upon hundreds of pages into his so called Defendant's Exhibit D, but he does not specify relevancy of a single document as to his argument —which does not match up with the Seventh Circuit's decision in *Baxter Int'l v. Abbott Lab*, 297 F.3d 544 (7th Cir. 2002), which made clear that the court would **"deny outright" any motion "that does not analyze in detail, document by document**, the propriety of secrecy, providing reasons and legal citations." [emphasis added]. Furthermore, the documents within Defendant's Exhibit D are pretrial discovery documents which have not been admitted, and according to the Supreme Court, are not considered to be a traditional public source of information. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984). And furthermore, there is health related and pension related information within Defendant's Exhibit D that if publicly disclosed would potentially implicate Plaintiff's privacy rights respectively under the "Privacy Rule" of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") and the Indiana Public Retirement System ("INPS") as such records are protected under 35 IAC 1.2-1-5.

### III. THE DEFENDANT SHOULD NOT BE ALLOWED TO CAUSE PUBLIC DISSEMINATION OF PLAINTIFF'S CONFIDENTIAL INFORMATION

The Defendant has been given an extremely long leash to the point that it wasn't good enough that he be given one sided discovery under the guise of "bifurcated" discovery, where he, the Defendant, is permitted to obtain discovery to his benefit as to

the statute of limitations and statute of frauds defenses, while the Plaintiff is disallowed from simultaneously pursuing discovery as to his claims, but Defendant has now even stretched the leash to the point of floating Plaintiff's personal information as to his business dealings and Plaintiff's privileged information as to his health information and pension information for all to potentially see by way of his current tactic of filing information that has no business in the public spotlight. This includes hundreds of pages of totally irrelevant information potentially damaging to Plaintiff's reputation and privacy. The Supreme Court has made clear that the discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they 'be construed to secure the just, speedy, and inexpensive determination of every action. To this end, the requirement of Rule 26(b)(1) that the material sought in discovery be **"relevant" should be firmly applied**, and the district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Rule 26(C). "With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process."' *Herbert v. Lando*, 441 U.S. 153 (1979).[5]

After putting Plaintiff's personal information, and potential privileged health information and pension information in play for the public spotlight, in cavalierly stating that "he does not believe the document needs to be sealed," (Docket #185, page 1) Defendant then states that "he takes no position on whether Exhibit D should be kept under seal," (Docket #185, page 2). This type of gamesmanship is precisely what the

---

[5] Although the Rule contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule. Cf. *Whalen v. Roe*, 429 U.S. 589, 599 (1977); *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 488-491 (1975).

5

Supreme Court was talking about when it admonished that "judges should not hesitate to exercise appropriate control over the discovery process."' *Herbert v. Lando, Id.* The Plaintiff is already physically and mentally exhausted from having to review over 4,000 emails from the special master aspect of phase one discovery, which has been very difficult to achieve due to several reasons, involving logistics —and lack thereof—that have involved locking of the account for unexplained technicalities, and the need to constantly contact the special master to develop a new password time and again and so forth. And now in the midst of all of this the Defendant creates another layer of discovery into the mix and document dumps hundreds upon hundreds of pages of documents, many of which are totally irrelevant to the statute of limitations and statute of frauds defenses, and including pages relevant to Plaintiff's personal business dealings and relevant to Plaintiff's privileged health information and pension information which are protected under the law. This Court should re-evaluate what is happening in this litigation and exercise appropriate control over the discovery process which has drastically spun out of control. *Herbert v. Lando*, 441 U.S. 153 (1979). Defendant's Exhibit D should not be placed on the public docket for the reasons as heretofore stated.

## IV. CONCLUSION

For the foregoing reasons and authorities, the Court should not place the information contained within Defendant's Exhibit D on the public docket.

Respectfully submitted,

*Brian Vukadinovich*
Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. (219) 956-246

6

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 28, 2024, the foregoing was served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the Defendant's below listed counsel of record per agreement to receive such papers via email.

>Justin M. Ellis
>jellis@mololamken.com
>
>Steven F. Molo
>smolo@mololamken.com
>
>Kenneth Notter
>knotter@mololamken.com
>
>David Beach
>dbeach@eichhorn-law.com

*/s/ Brian Vukadinovich*
Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, IN 46392
Tel. (219) 956-2462

**BRIAN VUKADINOVICH**
**1129 E. 1300 N.**
**WHEATFIELD, INDIANA 46392**
**Tel. (219) 956-2462**

---

May 28, 2024

Office of the Clerk
United States District Court
5400 Federal Plaza, Suite 2300
Hammond, Indiana 46320

      Re: Brian Vukadinovich v. Richard A. Posner
          Cause No. 2:22-CV-00118-TLS-JEM

Dear Clerk:

Please find enclosed *Memorandum of Law in Support of Retaining Defendant's Exhibit D Under Seal and Not Be Placed on the Public Docket.* Kindly file and enter this pleading into the docket. Thank you for your attention to this matter.

Sincerely,

*/s/ Brian Vukadinovich*

Brian Vukadinovich
Pro Se

Enclosure