# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:22-CV-118-TLS-JEM |
| RICHARD A. POSNER, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Sanctions Against Plaintiff [ECF No. 128], filed on February 16, 2024, arguing that the Plaintiff should be sanctioned for frivolous court filings and for making untrue and vitriolic statements in court filings. For the reasons set forth below, the Court grants in part and denies in part the motion.

## PROCEDURAL BACKGROUND

On May 5, 2022, the Plaintiff, acting pro se, filed his Verified Complaint for Breach of Contract [ECF No. 1]. On August 1, 2022, the Plaintiff filed the operative Amended Complaint [ECF No. 30], alleging claims of breach of contract (Count I), fraud (Count II), and unjust enrichment (Count III). On August 22, 2022, the Defendant filed a Motion to Dismiss the Amended Complaint for Failure to State a Claim [ECF No. 33] under Federal Rule of Civil Procedure 12(b)(6), arguing that all three claims should be dismissed. The Plaintiff filed a response [ECF No. 36] on September 12, 2022, and the Defendant filed a reply [ECF No. 39] on September 26, 2022.

On May 10, 2023, the Court entered an Order [ECF No. 50] referring the Defendant's motion to dismiss to Magistrate Judge Joshua Kolar pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b).

On June 21, 2023, Judge Kolar issued his Findings, Report and Recommendation of United States Magistrate Judge Pursuant to 28 U.S.C. § 636(b)(1)(B) & (C) [ECF No. 62], recommending that the Court grant in part and deny in part the Defendant's Motion to Dismiss and dismiss the Plaintiff's Count II fraud claim. However, Judge Kolar concluded that "the date on which Plaintiff's claims for breach of contract and unjust enrichment accrued cannot be resolved on the allegations of the amended complaint." R. & R., ECF No. 62, p. 35. He highlighted that "given the lack of clarity in the amended complaint as to the exact timing of when Defendant promised to pay Plaintiff's salary, the accrual question cannot be decided without factual development of the record." *Id*. at 36. Also, Judge Kolar noted that the Court "has broad discretion to structure discovery, including ordering that discovery proceed under a phased approach." *Id*. He recommended that the parties be "prepared to discuss at the first scheduling conference in this matter whether such an approach would be appropriate in this case, with phase one limited to the potentially dispositive issue of when Plaintiff's claims for breach of contract and unjust enrichment accrued." *Id*.

On July 5, 2023, the Defendant filed his Partial Objection to Magistrate Judge Kolar's Report and Recommendation [ECF No. 65]. The Plaintiff filed a response [ECF No. 68] on July 19, 2023. On July 12, 2023, the Plaintiff filed his Partial Objection to Magistrate Judge Kolar's Report and Recommendation [ECF No. 67]. The Defendant filed a response [ECF No. 69] on July 24, 2023.

On September 25, 2023, the Court entered an Opinion and Order [ECF No. 74], overruling the Defendant's Objections [ECF No. 65], overruling the Plaintiff's Objections [ECF No. 67], and accepting the Report and Recommendation [ECF No. 62] with a modification.

On October 2, 2023, Judge Kolar set a Rule 16 telephonic preliminary pretrial conference for November 2, 2023, and set a deadline for the parties to file their Rule 26(f) report of parties planning meeting. ECF No. 75. On October 25, 2023, the parties filed a Rule 26(f) report. ECF No. 82.

On November 2, 2023, Judge Kolar held a status conference with the parties, directing them to file contemporaneous briefs on the issue of bifurcation by November 16, 2023, and indicating the Rule 16 conference would be reset by separate order. On November 3, 2023, Judge Kolar reset the Rule 16 conference for December 14, 2023. ECF No. 85. On November 15, 2024, the Plaintiff filed his brief on bifurcation [ECF No. 87], and on November 16, 2023, the Defendant filed his brief on bifurcation [ECF No. 86].

On December 11, 2023, the parties filed a new Report of Parties' Planning Meeting [ECF No. 89], with the Defendant proposing the completion of discovery in two phases.

On December 14, 2023, Judge Kolar held the Rule 16 preliminary pretrial conference. *See* ECF No. 90. He adopted the Report of the Parties' Planning Meeting [ECF No. 89] as set forth in the Court's Order, making some additional provisions. *See id*. For example, Judge Kolar ordered "[i]nterim discovery limited to the Defendant's statute of limitations and statute of fraud affirmative defenses to begin immediately, with the Court to issue a written opinion and order on the bifurcation issue following the parties' supplemental filings." *Id*. He also ordered the parties to file supplemental briefs on the bifurcation issue by January 10, 2024. *Id*.

3

On December 27, 2023, the Plaintiff filed his Plaintiff's Objection to Magistrate Judge Kolar's Rulings as to Phased Discovery [ECF No. 96]. On January 23, 2024, the Defendant filed a Response in Opposition to Plaintiff's Objection to Phased Discovery [ECF No. 118]. On January 31, 2024, the Plaintiff filed his reply [ECF No. 123].

On December 27, 2023, the Plaintiff filed a Motion for Sanctions for Perjury Committed by Defendant's Attorney Justin M. Ellis [ECF No. 94]. The Defendant filed a response [ECF No. 106], on January 5, 20204, and the Plaintiff filed a reply [ECF No. 122], on January 31, 2024.

On January 2, 2024, the Plaintiff filed a Motion to Stay Discovery Proceedings [ECF No. 100]. The Defendant filed a response [ECF No. 109], on January 10, 2024.

On January 2, 2024, the Plaintiff filed a Supplemental Brief on the Bifurcation Issue [ECF No. 101]. The Defendant filed a Supplemental Memorandum in Support of Phased Discovery [ECF No. 108], on January 10, 2024. The Plaintiff then filed a Response to Defendant's Supplemental Memorandum [ECF No. 114], on January 18, 2024.

On February 2, 2024, Magistrate Judge John E. Martin was added to the case, and Magistrate Judge Joshua P. Kolar was no longer assigned to case.

On February 16, 2024, the Defendant filed the instant Defendant's Motion for Sanctions Against Plaintiff [ECF No. 128]. The Plaintiff filed a response [ECF No. 140] on March 6, 2024, and the Defendant filed a reply [ECF No. 149] on March 13, 2024. This matter is now ripe for ruling.

## LEGAL STANDARD

Federal Rule of Civil Procedure 11(b) provides:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's

> knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

A party may enforce Rule 11 by serving a letter that warns the opposing party of the misconduct and gives that party at least 21 days to withdraw or correct the offending filing. *See* Fed. R. Civ. P. 11(c)(2); *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003) (finding that service of a letter satisfies Rule 11(c)(2)). "Only after that time has passed may the motion be filed with the court." *N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 882 (7th Cir. 2017). "To mix naval metaphors, the party seeking sanctions must first fire a warning shot that gives the opponent time to find a safe harbor." *Id*.

Rule 11 "appl[ies] to anyone who signs a pleading, motion or other paper." *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990) (citing Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment). "Status as a *pro se* litigant may be taken into account, but sanctions can be imposed for any suit that is frivolous." *Id*. "Although the standard is the same for unrepresented parties, who are obliged themselves to sign the pleadings, the court has sufficient discretion to take account of the special circumstances that often arise in *pro se*

5

situations." *Id*. (quoting Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment; citing *Williams v. Faulkner*, 837 F.2d 304, 307 (7th Cir. 1988)).

To remedy a violation of Rule 11(b), "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). But if a court determines that a sanction is warranted, the sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The Seventh Circuit has admonished district courts to "bear in mind that such sanctions are to be imposed sparingly," *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003), and noted that district courts have "considerable discretion in deciding whether to issue Rule 11 sanctions," *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 529 (7th Cir. 2020) (cleaned up).

**ANALYSIS**

Here, the Defendant seeks sanctions under Rule 11 and the Court's inherent authority for purported misconduct by the Plaintiff in the form of alleged frivolous filings and untrue and vitriolic statements.[1] The Court notes that the Defendant's arguments in his opening brief often address similar forms of alleged misconduct in different Court filings. Thus, the Court will analyze similar instances of misconduct together. The Court first addresses the Plaintiff's filings the Defendant has designated as frivolous and then addresses the Plaintiff's statements the Defendant has designated as misconduct. The Court then considers the Defendant's request that

---

[1] In this case, the parties do not dispute that the Defendant properly warned the Plaintiff of his purported misconduct and gave him at least twenty-one days to withdraw or correct the offending filings. *See* Fed. R. Civ. P. 11(c)(2). Because the Plaintiff does not raise any argument about Rule 11(c)(2) compliance, any such argument is waived. *See McGreal v. Village of Orland Park*, 928 F.3d 556, 559 (7th Cir. 2019) ("Even if DeRose did advance this argument, he's waived it. He didn't argue before the district court that the defendants failed to comply with Rule 11(c)(2) until his motion for reconsideration of the order imposing sanctions.").

6

the Court invoke its inherent authority to sanction. Finally the Court sets forth appropriate sanctions.

**A.    Filings**

Frivolous filings or arguments may incur sanctions under Rule 11. *See Berwick Grain Co. v. Ill. Dep't of Agric.*, 217 F.3d 502, 504 (7th Cir. 2000) ("Frivolous or legally unreasonable arguments, then, may incur penalty."). "[F]or Rule 11 purposes a frivolous [filing or] argument is simply one that is baseless or made without a reasonable and competent inquiry." *Id.* (cleaned up). The Court "undertake[s] an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Cuna Mut. Ins. Soc'y v. Office and Pro. Emps. Int'l Union*, 443 F.3d 556, 560 (7th Cir. 2006). Because the inquiry under Rule 11 is objective, there is no need to find that the party acted in bad faith. *Nat'l Wrecking Co. v. Int'l Broth. of Teamsters, Local* 731, 990 F.2d 957, 963 (7th Cir. 1993).

In this case, the Defendant argues that the following Court filings by the Plaintiff are frivolous: (1) Motion for Sanctions for Perjury Committed by Defendant's Attorney Justin M. Ellis; (2) Objection to Magistrate Judge Kolar's Rulings as to Phased Discovery; (3) Motion to Stay Discovery Proceedings; and (4) Response to Defendant's Supplemental Memorandum in Support of Phased Discovery. The Court next addresses each filing in turn.

*1.    Motion for Sanctions for Perjury Committed by Defendant's Attorney Justin M. Ellis*

In his Motion for Sanctions for Perjury Committed by Defendant's Attorney Justin M. Ellis (sanctions motion), the Plaintiff sought sanctions against the Defendant's attorney, Justin Ellis, for fraud on the Court based on perjury. The Plaintiff's main assertion was that Mr. Ellis made a false statement to the Court. Specifically, the Plaintiff identified a statement in Mr. Ellis' declaration giving the date of the last email from the Plaintiff to the Defendant. The Plaintiff

7

argued the statement was perjury because the Plaintiff produced a copy of an email from the Plaintiff to the Defendant sent on a later date. Consequently, the Plaintiff's motion appears to be "supported by a good-faith belief in the[] merits." *Mullen v. Butler*, 91 F.4th 1243, 1255 (7th Cir. 2024). Thus, the Court finds that "it is obvious that the [motion] is not frivolous" because the Plaintiff's assertion is not completely groundless. *Foy v. First Nat'l Bank of Elkhart*, 868 F.2d 251, 258 (7th Cir. 1989).

Nevertheless, as argued by the Defendant, the Plaintiff did not follow Rule 11(c)(2)'s safe harbor requirement, as he did not submit the sanctions motion to the Defendant before filing it with the Court. Instead, the Plaintiff brought his motion pursuant to 18 U.S.C. § 1621, which is a federal criminal statute that criminalizes perjury, does not create a private right of action, and does not have a safe harbor requirement. *See* 18 U.S.C. § 1621; *Fitzgerald v. Murray*, No. 1:21-CV-1822, 2022 WL 16786355, at *2 (S.D. Ind. Nov. 8, 2022) (concluding there is no private right of action for perjury). In fact, the Court has already denied the Plaintiff's motion on the basis that there is no private right of action for perjury. *See* ECF No. 178. The Defendant does not cite any legal authority standing for the proposition that filing a motion without following the Rule 11 safe harbor requirement supports a finding that the motion is frivolous or otherwise constitutes sanctionable conduct. *See Mullen*, 91 F.4th at 1256 ("But the sum of the Butlers' arguments is as unpersuasive as are the parts. The few cases they cite for this point speak to general standards of review and broad understandings of judicial power and its limits. None contain similar fact patterns that would counsel ruling in their favor.").[2] Accordingly, the Court finds unpersuasive the Defendant's argument that the Plaintiff's sanctions motion was frivolous,

---

[2] The Seventh Circuit has said that when the movant on a motion for sanctions does not meet the procedural requirements in Rule 11, "in effect, there was no motion for sanctions." *Johnson v. Waddell & Reed, Inc.*, 74 F.3d 147, 151 (7th Cir. 1996).

especially considering the Plaintiff's pro se status and that the mistake he made was not following the proper procedure.

The Defendant also argues that the Plaintiff's sanctions motion against Attorney Ellis was brought for an improper purpose to harass the Defendant based on the timing of the motion. The Defendant reasons that the Plaintiff only brought this sanctions motion after the Defendant noted a factual discrepancy in the date the Plaintiff became aware of the Defendant's Alzheimer's disease diagnosis (discussed below in Part B.1), which undermined the Plaintiff's claims. But because the Plaintiff's motion was supported by his good-faith belief in the merits as discussed above, the Plaintiff's timing does not violate Rule 11. *Cf. Mullen*, 91 F.4th at 1255 ("But if her claims are supported by a good-faith belief in their merits, a parallel reason does not violate Rule 11."). For these reasons, the Court concludes that sanctions for the Plaintiff's sanctions motion are not warranted.

2.  *Objection to Magistrate Judge Kolar's Rulings as to Phased Discovery*

On December 14, 2023, Judge Kolar ordered "[i]nterim discovery limited to the Defendant's statute of limitations and statute of fraud affirmative defenses to begin immediately, with the Court to issue a written opinion and order on the bifurcation issue following the parties' supplemental filings." ECF No. 90. In his Objection to Magistrate Judge Kolar's Rulings as to Phased Discovery, the Plaintiff argued that Judge Kolar abused his discretion by bifurcating discovery in that provisional ruling. The Defendant argues that the Plaintiff's Objection was frivolous because it was premature. The Court agrees that the Plaintiff's Objection was premature because Judge Kolar had not yet issued a final order on bifurcating discovery. In fact, the Court already overruled the Plaintiff's objection on that very basis. *See* ECF No. 177.

However, considering the Plaintiff's pro se status, the Court does not find his Objection sanctionable.[3]

3. *Motion to Stay Discovery Proceedings*

In his Motion to Stay Discovery Proceedings, the Plaintiff appears to have requested that the Court stay discovery until the Court rules on his Objection to Magistrate Judge Kolar's Rulings as to Phased Discovery. The Defendant argues that the motion was frivolous because the Plaintiff's request contradicted his Objection to Magistrate Judge Kolar's Rulings as to Phased Discovery where he asserted that Judge Kolar's preliminary ruling on discovery bifurcation would cause a discovery delay. Def. Br. 18, ECF No. 129 (citing ECF No. 96, p. 17). However, the Defendant does not explain how the contradiction renders the Plaintiff's motion groundless. The Plaintiff was seeking a stay of discovery until the Court ruled on his Objection to what he perceived was a final order on the bifurcation of discovery. Thus, considering the Plaintiff's pro se status and his understanding of Judge Kolar's preliminary ruling at that point in the litigation, the Plaintiff filed the motion for a purpose. As a result, the Court concludes that sanctions for the Plaintiff's filing of the Motion to Stay Discovery Proceedings are not warranted.

4. *Response to Defendant's Supplemental Memorandum in Support of Phased Discovery*

On December 14, 2023, Judge Kolar ordered, "Parties are to file supplemental briefs on the bifurcation issue by 1/10/2024." ECF No. 90. However, in addition to his supplemental brief, the Plaintiff also filed a Response to Defendant's supplemental brief. The Defendant argues that the Plaintiff's response brief is frivolous because Judge Kolar only set a deadline for one round of simultaneous briefing. However, considering the Plaintiff's pro se status and that Judge Kolar

---

[3] Because the Court overruled the Plaintiff's Objection as premature without reaching the merits, the Court declines to address the Defendant's arguments on the merits of the Objection.

did not prohibit response briefs, the Court finds that the Plaintiff's filing of a response brief is not sanctionable.

**B.     Statements**

The Defendant next argues that certain statements by the Plaintiff in various Court filings should be sanctioned under Rule 11.[4] The Court organizes its analysis of these statements according to the following three topics: (1) the Defendant's Alzheimer's disease diagnosis; (2) Attorney Justin Ellis and perjury; and (3) Judge Kolar following precedent. The Court addresses each type of statement in turn below.

*1.     Defendant's Alzheimer's Disease Diagnosis*

In his Amended Complaint, the Plaintiff alleged that (1) the Defendant fraudulently concealed his diagnosis of Alzheimer's disease until the Plaintiff demanded payment for his services and (2) the Defendant fraudulently concealed from the Plaintiff that he had a confirmed diagnosis of Alzheimer's disease until February 28, 2022. Am. Compl. ¶¶ 29, 30. The Plaintiff made similar statements in other Court filings. *See* ECF Nos. 36 pp. 5, 6, 8; 37 ¶¶ 11, 12; 61-2 ¶¶ 29, 30; 67 pp. 2, 3, 8–9, 10; 80 p. 5; 96 p. 9.

However, the Plaintiff knew about the Defendant's diagnosis well before February 28, 2022, because the Plaintiff sent the Defendant an email on July 15, 2018, which stated, "Thanks

---

[4] To the extent the Defendant also seeks sanctions for statements connected to this case that the Plaintiff has made outside of Court filings, such as on X (formerly Twitter), in the media, and on podcasts, the Defendant does not cite to any legal authority permitting the Court's consideration of such statements for Rule 11 sanctions or sanctions based on its inherent authority. *Cf. Mullen*, 91 F.4th at 1256. Thus, the Court need not address these arguments. *See Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived."); *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) ("It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel."). To the extent that the Defendant also seeks sanctions for multiple statements listed in an exhibit attached to his sanctions motion brief, the Court declines to address any statements not addressed in the body of his brief. *See* Def. Br. 21 (citing Def. Ex. E, ECF No. 129-7).

for having the trust in letting me know about your diagnosis of Alzheimer's." Def. Ex. P, ECF No. 130-4. Accordingly, there does not appear to be a factual basis for the allegation that the Defendant fraudulently concealed his diagnosis as claimed in the Amended Complaint and other Court filings.

In his response brief, the Plaintiff fails to address his knowledge of the Defendant's diagnosis in his 2018 email. Instead, the Plaintiff argues that (1) the Defendant's family attorney, Robert Kaufman, sent the Plaintiff a letter on February 28, 2022, stating, "What you clearly do not know if that, soon after your conversations with Judge Posner in 2018, he received a confirmed diagnosis of Alzheimer's Disease," (2) the Defendant's wife sent the Plaintiff an email on May 8, 2022, stating, "I am really sorry that you were so mislead," and (3) the Defendant has never provided any evidence that he has been diagnosed with Alzheimer's disease. But these later statements are irrelevant given that the Plaintiff knew about the Defendant's Alzheimer's diagnosis as of July 15, 2018.

The Plaintiff signed each of his filings containing the statements that the Defendant fraudulently concealing his Alzheimer's disease diagnosis until February 28, 2022. Based on the facts known to him and notwithstanding his pro se status, the Plaintiff could not have reasonably believed, at the time the Amended Complaint and the other documents were filed, that the evidence supported his allegations that Defendant Posner fraudulently concealing his diagnosis of Alzheimer's disease from the Plaintiff until February 28, 2022. Consequently, pursuant to Rule 11(c), sanctions are warranted for the Plaintiff's court filings containing these allegations. The sanctions are set forth below in Section D.

2.     *Attorney Justin Ellis and Perjury*

The Defendant seeks sanctions for several statements in the Plaintiff's filings accusing opposing counsel, Justin Ellis, of perjury. For example, the Plaintiff states, "It is more than obvious that Defendant's attorney, Justin M. Ellis, is concerned about the motion for sanctions for his crime of perjury, as well he should be since he committed a crime punishable by fine or imprisonment for up to five years, or both." ECF No. 114, p. 15. And, "Justin M. Ellis had no problem with committing perjury . . . ." *Id*. Although there has been no finding of perjury by this Court, the Plaintiff's allegation regarding Mr. Ellis' statement is not groundless because it is rooted in the factual conflict between on the one hand Mr. Ellis' declaration statement about the date of the last email between the Plaintiff and the Defendant and on the other hand the Plaintiff's production of an email between the Defendant and Plaintiff from a later date. Given the Plaintiff's pro se status, the Court does not find this conduct sanctionable at this time. However, because there has been no finding by the Court that Mr. Ellis committed perjury, the Court warns the Plaintiff that any future filings that contain unfounded accusations that Mr. Ellis has committed perjury or engaged in criminal conduct may be sanctionable.[5]

3.     *Judge Kolar Following Precedent*

The Defendant also seeks sanctions for several statements in the Plaintiff's filings attacking Judge Kolar for failing to follow precedent regarding bifurcation of discovery when Judge Kolar testified during hearing on his nomination to the Seventh Circuit Court of Appeals

---

[5] In support of his argument that the Plaintiff should be sanctioned, the Defendant highlights that the Plaintiff has already been warned about taking "jabs" aimed at opposing counsel in another case. Def. Br. 5, ECF No. 129 (citing *Vukadinovich v. Griffith Pub. Schs*., No. 2:02-cv-472, 2008 WL 5191451, at *3 (N.D. Ind. Dec. 10, 2008)). Specifically, in *Griffith Public Schools*, the court warned the Plaintiff "that any further personal disrespect displayed in any form before the court will result in the imposition of sanctions." 2008 WL 5191451, at *3. However, this Court has not previously warned the Defendant about such conduct and thus proceeds by giving him a warning also.

13

that he follows precedent. Def. Br. 18–20 (citing ECF Nos. 96, p. 14 n.8; 100 ¶ 14; 101, pp. 7–21; 114, pp. 18–25). For example, the Plaintiff stated, "Magistrate Judge Kolar has recently testified before the Senate Judiciary Committee . . . and has provided written answers to a Senate Judiciary Questionnaire regarding his purported following of 'precedent,' but . . . Magistrate Judge Kolar refused to follow precedent in this bifurcation of discovery matter." ECF No. 100 ¶ 14. However, the Plaintiff made these statements based on his misunderstanding that district court opinions constitute binding precedent. Considering the Plaintiff's pro se status, the Court does not find this conduct sanctionable.

C.     **Inherent Authority**

The Defendant also argues that the Court should invoke its inherent authority to punish the misconduct of the Plaintiff. Under its inherent powers, a court may "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc*., 501 U.S. 32, 44–45 (1991). "[W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power." *Id*. at 50. Thus, "when the court chooses to exercise its inherent power, it should explain why Rule 11 was inadequate to serve its purposes." *United States v. Rogers Cartage Co*., 794 F.3d 854, 863 (7th Cir. 2015) (cleaned up). Although here the Defendant argues that the Plaintiff has acted with abusive language, Rule 11 is sufficient to address the Plaintiff's misconduct. Thus, sanctions under the Court's inherent authority are not warranted.

D.     **Sanctions**

"Rule 11 requires that the least severe sanction adequate to serve the purpose of the penalty should be imposed." *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 710–11 (7th Cir. 2001). "The test is one of reasonableness." *Johnson v. A.W. Chesterton Co*., 18 F.3d 1362,

1366 (7th Cir. 1994). In this case, the Defendant asserts that the Plaintiff's conduct warrants the most drastic sanctions including: (1) dismissal with prejudice for his statements about the Defendant fraudulently concealing Alzheimer's disease; (2) a significant monetary sanction because this case is headed for dismissal under either the statute of limitations or the statute of frauds thus the dismissal alone would not deter the Plaintiff from lying in future cases; and (3) a filing bar until the Plaintiff pays any monetary sanction. The Court finds these sanctions are not reasonable because they are not the least severe sanctions adequate to address the Plaintiff's misconduct.

Here, the misconduct at issue is the Plaintiff's statements that the Defendant fraudulently concealed his Alzheimer's disease diagnosis. The least severe sanction that addresses this misconduct is striking those statements from the record. Thus, the Court orders that the Plaintiff's statements about the Defendant fraudulently concealing his Alzheimer's disease diagnosis be stricken from the record. *See* ECF Nos. 30 ¶¶ 29, 20; 36 pp. 5, 6, 8; 37 ¶¶ 11, 12; 61-2 ¶¶ 29, 30; 67 pp. 2, 3, 8–9, 10; 80 p. 5; 96 p. 9.

The Court cautions the Plaintiff that if he files a document with any similar statements after this Order is entered, the entire document will be stricken, the Plaintiff will be fined $100 per filing, and the Court may order a filing bar until the Plaintiff pays any such fines.

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS in part and DENIES in part the Defendant's Motion for Sanctions Against Plaintiff [ECF No. 128] as follows:

1. The Court GRANTS the Defendant's request for sanctions for the Plaintiff's statements involving allegations that the Defendant fraudulently concealed his Alzheimer's disease diagnosis;

2. The Court DENIES the Defendant's request for sanctions for the following allegedly frivolous filings by the Plaintiff: (1) Motion for Sanctions for Perjury Committed by

   Defendant's Attorney Justin M. Ellis; (2) Objection to Magistrate Judge Kolar's Rulings as to Phased Discovery; (3) Motion to Stay Discovery Proceedings; and (4) Response to Defendant's Supplemental Memorandum in Support of Phased Discovery;

3. The Court DENIES the Defendant's request for sanctions for the Plaintiff's statements about Attorney Justin Ellis and perjury and Judge Kolar failing to follow precedent;

4. The Court DENIES the Defendant's request for the sanctions of dismissal with prejudice, a significant monetary sanction, and a filing bar;

5. Instead, the Court SANCTIONS the Plaintiff for his misconduct by STRIKING from the record his statements about the Defendant fraudulently concealing his Alzheimer's disease diagnosis. *See* ECF Nos. 30 ¶¶ 29, 20; 36 pp. 5, 6, 8; 37 ¶¶ 11, 12; 61-2 ¶¶ 29, 30; 67 pp. 2, 3, 8–9, 10; 80 p. 5; 96 p. 9;

6. The Court CAUTIONS the Plaintiff that if he files a document with statements similar to the sanctioned statements related to the Defendant fraudulently concealing his Alzheimer's disease diagnosis after this Order is entered, the entire document will be stricken, the Plaintiff will be fined $100 per filing, and the Court may order a filing bar until the Plaintiff pays any such fines;

7. Because there has been no finding by the Court that Attorney Ellis committed perjury, the Court WARNS the Plaintiff that any future filings that contain unfounded accusations that Attorney Ellis committed perjury may be sanctionable; and

8. Also, because consideration of Sakina Carbide's declaration was not necessary for this ruling, the Court DENIES as moot the Plaintiff's Motion to Strike Conclusory Statements within Declaration of Sakina Carbide [ECF No. 142] and the Plaintiff's corresponding Motion for Evidentiary Hearing [ECF No. 144].

SO ORDERED on July 12, 2024.

                                          s/ Theresa L. Springmann
                                          JUDGE THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT