UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH,　　　　　　　) | |
| 　　Plaintiff,　　　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　　　) | |
| 　　　　v.　　　　　　　　　　　　　　　　) | CAUSE NO.: 2:22-CV-118-TLS-JEM |
| 　　　　　　　　　　　　　　　　　　　　) | |
| RICHARD A. POSNER,　　　　　　　　) | |
| 　　Defendant.　　　　　　　　　　　　　) | |

**ORDER**

This matter is before the Court on a motion [DE 209], filed by Plaintiff Brian Vukadinovich, who is proceeding without counsel, on August 29, 2024. Plaintiff moves to compel Defendant to produce discovery, requests an extension of the discovery deadline, and requests leave to file an amended complaint.

Plaintiff represents that he has received a document from Defendant in discovery that has led him to believe that he needs additional information from Defendant to complete the first phase of discovery on the applicability of statutes of limitations and the statute of frauds. Although he is correct that a party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses, Fed. R. Civ. P. 37(a), in this case he has not identified any specific discovery requests to which Defendant has not responded. It is not apparent to the Court whether Plaintiff is arguing that Defendant has failed to respond to served discovery requests that Plaintiff deems relevant in light of this medical information or if Plaintiff is arguing that he needs additional time to formulate new discovery requests in light of this information. Plaintiff also seeks leave to amend his complaint based on the new information he has obtained.

1

To the extent Plaintiff is seeking leave to file an amended complaint that has not yet been drafted and which is therefore not attached, that request is denied. *See* Fed. R. Civ. P. 15(a)(2); N.D. Ind. L.R. 15-1. To the extent that he is seeking to have the deadline to file an amended complaint reopened, that deadline expired almost a year ago. *See* Sept. 25, 2023 Opn. [DE 74]. If Plaintiff has specific new information obtained in discovery that warrants the filing of an amended complaint, he may file a separate, fully-supported motion to amend with the proposed amended complaint attached, along with an explanation of why he could not have filed the motion any sooner and a request to reopen the deadline for amendment. *See* Fed. R. Civ. P. 6, 16; N.D. Ind. L.R. 6-1, 15-1.

If Plaintiff is seeking to compel information that Defendant has failed to provide, he must include the requests he has made, Defendant's responses to those requests, and an explanation of why those responses are inadequate and he is entitled to the information.

If he is seeking to have the scope of the first stage of discovery broadened to issues beyond those that have already been addressed multiple times in great detail by the Court, that request is denied.

If he is seeking an extension of time to serve new requests on Defendant related to the medical information but still within the scope of the first phase of bifurcated discovery, he must address when he received the document from Defendant and explain why he was unable to file the requests within the time allotted for the first stage of discovery and why he was unable to file this motion prior to the expiration of the first phase discovery deadline. Fed. R. Civ. P. 6, 16; N.D. Ind. L.R. 6-1.

Accordingly, the Court **DENIES** Plaintiff's motion [DE 209], **without prejudice and with leave to refile,** as directed herein and on or before **September 11, 2024**.

SO ORDERED this 4th day of September, 2024.

                                            s/ John E. Martin
                                            MAGISTRATE JUDGE JOHN E. MARTIN
                                            UNITED STATES DISTRICT COURT

cc:     All counsel of record
        Plaintiff, *pro se*