UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD A. POSNER,<br><br>Defendant. | CAUSE NO.: 2:22-CV-118-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on the pro se Plaintiff's Motion for Disqualification and Recusal of Magistrate Judge John E. Martin [ECF No. 203], filed on August 7, 2024, in which, under 28 U.S.C. § 144 and 28 U.S.C. § 455(a), the Plaintiff seeks the recusal of Magistrate Judge Martin for having "a personal bias against [the Plaintiff] and [being] [] prejudiced in favor of the Defendant Richard A. Posner." Pltf. Aff. ¶ 2, ECF No. 204. On September 11, 2024, the Plaintiff also filed his Motion for Ruling as to Previously Filed Motion for Disqualification and Recusal of Magistrate Judge John E. Martin [ECF No. 217]. On October 7, 2024, the Plaintiff additionally filed his Emergency Motion for Ruling as to Previously filed Motion for Disqualification and Recusal of Magistrate Judge John E. Martin [ECF No. 241]. For the reasons set forth below, the Court denies the motions.

**A.   Recusal Under 28 U.S.C. § 144**

Scenarios in which a party charges a judge with personal bias or prejudice are governed by 28 U.S.C. § 144. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. But pro se litigants may file the affidavit of good faith themselves. *Prince v. Stewart*, No. 05 C 5849, 2011 WL 722494, at *1 (N.D. Ill. Feb. 23, 2011) (citation omitted). Here, the Plaintiff included an affidavit with his first motion for recusal and a certificate of good faith that the claims made in the affidavit were made in good faith. *See* ECF Nos. 204, 205. Although the Plaintiff did not file an affidavit with his second and third motions for recusal, the filing of an affidavit pursuant to § 144 "is akin to the filing of a motion." *United States v. Kehlbeck*, 766 F. Supp. 707, 709 (S.D. Ind. 1990). Even so, the Seventh Circuit construes the "one such affidavit" rule in the plain language of § 144 strictly, and, consequently, the Court cannot consider the Plaintiff's additional recusal motions under § 144. *See United States v. Balistrieri*, 779 F.2d 1191, 1200 n.6 (7th Cir. 1985), *overruled on other grounds by Fowler v. Butts*, 829 F.3d 788 (7th Cir. 2016). Because the one affidavit rule does not apply to § 455 motions, the Court considers the second and third motions as addendums to the affidavit in the § 455(a) analysis in Section B below. *See id*. However, under § 144, the affidavit does not state grounds to remove Judge Martin from the instant case.

It is well-settled that a party seeking judicial recusal must allege facts sufficient to show bias or prejudice stemming from an extrajudicial source. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, judicial rulings rarely constitute a valid basis for recusal, unless the rulings "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* A mere showing "impatience, dissatisfaction, annoyance, or even anger" from a judge is insufficient. *Id.* at 555–56. "A judge's ordinary efforts at courtroom administration—even a stern and short-

2

tempered judge's ordinary efforts at courtroom administration—remain immune [from justifying recusal]." *Id.* at 556.

In this case, the facts alleged in the Plaintiff's affidavit do not warrant Judge Martin's recusal under § 144. The facts that the Plaintiff relies on to establish Judge Martin's bias and favoritism stem from Judge Martin's decisions and comments he made during prior rulings and proceedings in this case. However, the Plaintiff has not alleged any facts that stem from an extrajudicial source or display a deep-seated antagonism toward the Plaintiff or a deep-seated favoritism toward the Defendant. The Plaintiff states that Judge Martin "harbors a bias against" him and a "prejudicial favorability for the Defendant" that "has resulted in infected rulings" against the Plaintiff and has "tainted the proceedings" in this case. However, these statements are not facts but instead are the Plaintiff's conclusions based on his personal view of the facts, which are insufficient. *See Balistrieri*, 779 F.2d at 1199 ("The factual averments must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment. They must not, however, be mere conclusions, opinions, or rumors." (citations omitted)). Thus, the facts alleged by the Plaintiff are legally insufficient to require recusal under § 144.

**B.      Recusal Under 28 U.S.C. § 455(a)**

Next, 28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see Marozsan v. United States*, 849 F. Supp. 617, 627 (N.D. Ind. 1994), *aff'd*, 90 F.3d 1284 (7th Cir. 1996) (holding—by the district court judge—that the magistrate judge was not disqualified under either 28 U.S.C. § 144 or § 455). The purpose of this inquiry is to "promote public confidence in the integrity of the judicial process which does not depend upon whether or not the judge actually knew of facts creating an appearance of impropriety,

so long as the public might reasonably believe that he or she knew." *United States v. Herrera-Valdez*, 826 F.3d 912, 917 (7th Cir. 2016) (cleaned up).

"The test . . . is whether an objective, disinterested observer fully informed of the reasons that recusal was sought would entertain a significant doubt that justice would be done in the case." *Id*. Section 455(a), like § 144, considers an "extrajudicial source" of an opinion held by a judge a "*factor*" in determining whether there is a judicial bias that warrants recusal. *Liteky*, 510 U.S. at 554–55. The difference is that § 455(a) requires the affiant to aver facts that show a risk of bias or favoritism from which an objective, disinterested observer would entertain a significant doubt that justice would be done in the case, *see Herrera-Valdez*, 826 F.3d at 917, whereas § 144 requires the affiant to aver facts that actually display a deep-seated bias or favoritism, *see Liteky*, 510 U.S. at 555.

In this case, the facts alleged in the Plaintiff's affidavit and addendums do not warrant Judge Martin's recusal under § 455(a). Again, the facts that the Plaintiff relies on to establish Judge Martin's risk for bias and favoritism stem from Judge Martin's decisions and comments he made during prior rulings and proceedings in this case. However, the Plaintiff has not alleged any facts that stem from an extrajudicial source or show a risk of bias toward the Plaintiff or favoritism toward the Defendant that an objective, disinterested observer would entertain a significant doubt that justice would be done in the case. Although the Plaintiff states that "Magistrate Judge John E. Martin harbors a bias against [him] and has a prejudicial favorability for the Defendant which has resulted in infected rulings against [the Plaintiff] and "tainted the proceedings" in this case, and that he has continued to enter "nefarious" rulings, these statements by the Plaintiff are conclusory; and the Plaintiff has identified no facts from Judge's Martin's reasoning in his rulings or proceedings

that show such a risk of improper bias or favoritism. Thus, the facts alleged by the Plaintiff are legally insufficient to require recusal under § 455(a).[1]

Additionally, in his third motion filed on October 7, 2024, which is titled an "Emergency Motion for Ruling," the Plaintiff provides the dates on which he filed his first two motions for recusal. The Court acknowledges the dates that the Plaintiff filed these motions were on August 7, 2024, and September 11, 2024, respectively. To the extent there has been a delay, the Plaintiff does not argue that such delay was caused by any pervasive bias held by Judge Martin or that the delay was isolated to his case such that it could raise a specter of bias or impartiality. Unfortunately, "delays are inherent in litigation." *Wereko v. Rosen*, No. 22 C 02177, 2022 WL 16573746, at *3 (N.D. Ill. Nov. 1, 2022) (denying motion for recusal that was brought, in part, because of the perceived lack of progress since the complaint was filed).

Moreover, in the Emergency Motion for Ruling, the Plaintiff requests that the Defendant's Motion for Summary Judgment [ECF No. 237], filed on October 4, 2024, be held in abeyance until the other pending motions in this case are ruled on. However, "[m]otions must be filed separately" though "alternative motions may be filed in a single paper if each is named in the title following the caption." N.D. Ind. L.R. 7-1(a). Here, the title of the instant motion is "Emergency Motion for Ruling as to Previously filed Motion for Disqualification and Recusal of Magistrate Judge John E. Martin." As the motion to hold the Defendant's Motion for Summary Judgment in abeyance is either a separate motion or an alternative motion not listed in the title, the Plaintiff has not met the requirements of Local Rule 7-1(a). As a result, the Plaintiff's request is not properly before the Court.

---

[1] To the extent that the Plaintiff references his arguments in other motions, disputes with the Defendant not related to the instant motions, communication with Chief Judge Holly Brady not in the record, and communication by the Defendant or the Defendant's counsel, the Court declines to address these references as they are not relevant because the Plaintiff has not made a connection between any of these references and a risk of bias against the Plaintiff or favoritism toward the Defendant based on Judge's Martin's reasoning or comments in his rulings or in court proceedings in this case.

5

Notably, § 144 and § 455 do not serve the purpose of having the district court judge "review the propriety of the earlier rulings in the case" by the magistrate judge. *Castelino v. Rose-Hulman Inst. of Tech.*, No. 2:17-CV-139, 2018 WL 850323, at *6 (S.D. Ind. Feb. 14, 2018). Rather, any objection to the merits of Judge Martin's rulings must be filed within fourteen days of the ruling pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b), which the Plaintiff has previously done in this case.

## CONCLUSION

For the reasons stated above, the Court hereby DENIES the Plaintiff's Motion for Disqualification and Recusal of Magistrate Judge John E. Martin [ECF No. 203], DENIES the Motion for Ruling as to Previously Filed Motion for Disqualification and Recusal of Magistrate Judge John E. Martin [ECF No. 217], and DENIES the Emergency Motion for Ruling as to Previously filed Motion for Disqualification and Recusal of Magistrate Judge John E. Martin [ECF No. 241].

SO ORDERED on October 16, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT