UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:22-CV-118-TLS-JEM |
| RICHARD A. POSNER, | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on the pro se Plaintiff's Objection [ECF No. 220] to Magistrate Judge John E. Martin's Order [ECF No. 212] Directing the Clerk of Court to Retain "Exhibit A" Under Seal. The Defendant filed a response [ECF No. 229], on September 24, 2024. For the reasons discussed below, the Court overrules the Plaintiff's Objection.

"[A] district court's review of any discovery-related decisions made by the magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure[.]" *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Pursuant to Rule 72(a), a party may file an objection to a magistrate judge's decision on a non-dispositive pretrial matter within fourteen days. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943.

The issue before this Court is whether the Magistrate Judge's order that Exhibit A remain under seal was clearly erroneous or contrary to law. In this case, the Magistrate Judge ordered that Exhibit A remain under seal because it

> includes a declaration by Plaintiff, medical information of Defendant, and a memorandum of law reciting the medical information. The medical information is extremely sensitive, non-public personal information and the document also includes information that must be redacted from court filings pursuant to Federal Rule of Civil Procedure 5.2(a), none of which should be on the public docket.

Order, p. 2, ECF No. 212.

The Plaintiff objects to this ruling because there is information in the exhibit that is clearly a matter of public concern to which the public has a right to access. He also states that there is information in the exhibit that supports his claims. However, the Plaintiff does not identify what information in the exhibit needs to be disclosed. Nor does he explain how that information is relevant to any matter in the public discussion, any pending claim, or anything currently before the Court.

The Plaintiff also objects to the ruling because there is no log for the document identifying: the date, author and all recipients, subject matter, the purpose its production, and an explanation of why the document is privileged or immune from discovery. As argued by the Defendant, although there is a requirement of a log for privilege claims, *see* Fed. R. Civ. P. 26(b)(5)(A), there is not a privilege claim that was at issue under the Magistrate Judge's order. Thus, the Plaintiff's objection based on there not being a log is irrelevant to whether the Magistrate Judge's order on the exhibit remaining under seal was clearly erroneous or contrary to law.

## CONCLUSION

Based on the foregoing, the Court hereby OVERRULES the Plaintiff's Objection [ECF No. 220] to Magistrate Judge John E. Martin's Order [ECF No. 212].

SO ORDERED on October 24, 2024.

    s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT