

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:22-CV-0118-TLS-JEM |
| RICHARD A. POSNER, | ) |
| Defendant. | ) |

**PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE JOHN E.
MARTIN'S ORDER DENYING AS MOOT PLAINTIFF'S MOTION
TO HOLD SUMMARY JUDGMENT PROCEDURE IN ABEYANCE**

Plaintiff, Brian Vukadinovich, pro se, and pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, submits this objection to Magistrate Judge John E. Martin's order of October 30, 2024, [DE 267] as to Magistrate Judge John E. Martin's denial of Plaintiff's motion to hold summary judgment procedure in abeyance as moot. [DE 252].

### I. THE MAGISTRATE JUDGE'S ORDER DID NOT COMPLY WITH THE STRICT REQUIREMENTS OF LOCAL RULE 7-1(5)

Rule 7-1 of the of the Local Rules of the United States District Court for the Northern District of Indiana governs "Motion Practice" and what the court should or should not do with respect to motions. Specifically Local Rule 7-1(3)(B) expressly states "The moving party must file any reply brief within 7 days". Local Rule 7-1(5) with respect to "Summary Rulings" expressly states "The court may rule on a motion summarily if an opposing party does not file a response before the deadline." The record very clearly demonstrates that the Defendant filed his response to Plaintiff's "Motion to Hold Summary Judgment Procedure in Abeyance" on October

1

28, 2024 [DE 259] which means that under N.D. Ind. L.R. 7-1(3)(B) Plaintiff's reply was due by November 4, 2024. However, in Magistrate Judge John E. Martin's penchant for ruling for the influential Defendant at every turn, he didn't even care to respect the governing local rules in his haste to return a favorable decision for the influential Defendant and decided to ignore the spirit of the governing local rule. He couldn't even wait the seven day time period for Plaintiff to file his entitled reply.[1]

The rules are the rules and it is quite concerning that Magistrate Judge John E. Martin apparently doesn't feel that he needs to respect the governing local rules in so blatantly disrespecting the controlling local rules in order to issue a favorable ruling to the influential Defendant. Quite frankly, the judicial skullduggery in so hastily issuing a favorable ruling to Defendant to the point that the magistrate judge couldn't even wait until the time period required under N.D. Ind. L.R. 7-1(3)(B) expired is quite appalling.

Had the Plaintiff been allowed to file his reply, he would have pointed out several problems with Defendants response such as that the Defendant's opening statement that "Plaintiff's motion to stay summary-judgment proceedings appears to be moot" held no water at the time it was filed. Plaintiff's motion was not moot at the time as there were several outstanding motions that were still not ruled upon at the time. And then Defendant went on to state that "Since Plaintiff has apparently changed his mind and chosen to seek an extension rather than a stay of summary judgment, resolution of this motion is no longer necessary." Defendant well knew that Plaintiff had not "changed his mind" in choosing to seek an extension

---

[1] Magistrate Judge John E. Martin's haste to issue a ruling for the Defendant five days before Plaintiff's entitled reply was even due, clearly demonstrates his ongoing accedence to the March 28, 2024 letter from Defendant's attorney Justin M. Ellis asking for Magistrate Judge Martin's assistance in discovery to help bring this case to a swift end." (Docket #147, page 2).

2

"rather" than a stay of summary judgment. Defendant well knew that while Plaintiff was in need of the extension, and while Plaintiff had a viable argument for a stay of summary judgment proceedings, Plaintiff could not have afforded to roll the dice and not request the extension in the event that the Court might decide to deny the motion to hold summary judgment in abeyance — in which case Plaintiff would have not been able to file his response to the summary judgment motion. Defendant well knows Plaintiff was safeguarding his interests with the necessarily filed extension request while the motion to hold the summary judgment procedure in abeyance was being litigated. Defendant's arguments were skullduggery and defied all common sense, and should have been summarily rejected at the time they were made under the circumstances at the time. Instead, the magistrate judge hastily denied Plaintiff's motion well before the expiration of the time period of allowance for Plaintiff to file his reply under Local Rule 7-1(3)(B).

In Defendant's opening sentence Defendant stated that it "appears" that Plaintiff's motion to stay summary judgment proceedings is moot. In the opening sentence of the second paragraph of Defendant's response, Defendant states "**If** the motion is not moot, it should be denied for three reasons…" Thus, it is clear that Defendant knew his "mootness" argument was quite suspect. Defendant then argued that it "appears" that Plaintiff's motion is moot, and then qualified his argument in the second paragraph with an "if". Crucial rulings shouldn't be decided on an "if". Either Plaintiff's motion was moot, or it wasn't. Which was it? The very fact that Defendant submitted such a weak and baseless argument on an "if" should have been reason enough to reject his argument. "Inferences relying on mere speculation or conjecture will not suffice." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009).

Defendant's frivolity then continued on with Defendant arguing "*First*, the motion, which is little more than a page, neither cites any legal authority nor explains why Plaintiff's other

pending motions require staying summary judgment. This failure alone merits denying the motion." But Defendant did not cite any authority requiring a minimum page amount for a motion to be viable.[2] Common sense dictates that in certain limited situations such as very straightforward motions as Plaintiff's motion, in the absence of a requirement of cited authority, it would be inappropriate to deny the motion based on a non requirement of cited authority — and Defendant's response failed to cite any required authority for his unsupported position on the issue. As for Defendant's argument that Plaintiff offers no explanation as to "why Plaintiff's other pending motions require staying summary judgment", this argument was also brought with no citation to any authority. Had the Plaintiff been allowed to file his reply to Defendant's response, as he should have been allowed, Plaintiff would have pointed out to the Court that he inadvertently neglected to cite Rule 56(d) of the Federal Rules of Civil Procedure of which rule expressly states:

> d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> **(1) defer considering the motion or deny it;**
>
> **(2) allow time to obtain affidavits or declarations or to take discovery; or**
>
> (3) issue any other appropriate order.

Had Plaintiff been afforded his right to reply, as h was entitled to under Local Rule 7-1, he would have pointed out that the Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome, and accept the principle

---

[2] The hypocrisy in Defendant's motion in criticizing Plaintiff motion "which is little more than a page" (Docket #259, page 1) is demonstrated right in Defendant's response, of which response itself is "little more than a page"! And while Defendant argued that because Plaintiff's motion did not cite legal authority, "That failure alone merits denying the motion." (Docket #259, page 1). And yet Defendant did not cite any authority to support that argument. Defendant's hypocrisy is unbecoming to say the least.

4

that the purpose of pleading is to facilitate a proper decision on the merits. *Cf. Maty v. Grasselli Chemical Co.*, 303 U.S. 197.

### A. THE MOTION TO HOLD SUMMARY JUDGMENT PROCEDURE IN ABEYANCE IS NO LONGER MOOT

The motion to hold summary judgment procedure in abeyance is no longer moot as there is a pending objection [DE 272] to the magistrate judge's order denying Plaintiff's motion for leave to substitute previously tendered amended complaint, of which objection is very strongly supported by facts and law and should be sustained with a granting of the motion for leave to substitute the previously tendered amended complaint.

There are plenty of shenanigans going on with the unclean hands of the Defendant and his attorneys requiring that the summary judgment procedure be held in abeyance. When the chips were down, and the moment of reckoning was just around the corner, the Defendant decided to tell a fib —a BIG fib— in Defendant's response to Plaintiff's motion to reopen phase one discovery when the Defendant argued that the Defendant's medical information is not relevant to this stage of the proceedings. [DE 239]. In resorting to the BIG fib, Defendant and his lawyers must have forgotten that they had previously explicitly stated in court papers in this litigation in "Defendant's Responses and Objections to Plaintiff's Requests for Production" that "…**Plaintiff's knowledge of Defendant's mental condition may be relevant to the statute-of-limitations and statute-of-frauds defenses,..**" [emphasis added] (Docket #180, page 5). Which means, of course, that Plaintiff is entitled to the information he seeks from the medical document which is the central subject of the pending objection to the magistrate judge's order inappropriately denying Plaintiff's motion to reopen phase one discovery.[3]

---

[3] In the order denying Plaintiff's Motion to Reopen Phase One Discovery, Magistrate Judge John E. Martin, explicitly cited Defendant's bogus arguments stating in the order "Defendant argues that the medical information itself is not relevant to this stage of the proceedings." [DE 266, page 2]. Plaintiff has

5

Rule 56(d) of the Federal Rules of Civil Procedure of which rule expressly states:

d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

**(1) defer considering the motion or deny it;**

**(2) allow time to obtain affidavits or declarations or to take discovery; or**

The general purposes of the Federal Rules of Evidence are set forth in Rule 102 as follows: "**These rules shall be construed to secure fairness** in administration, elimination of unjustifiable expense and delay, **and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined.**" [emphasis added]. *Huff v. White Motor Corporation*, 609 F.2d 286 (7th Cir. 1979). Thus, this Court must do the right thing and regect the magistrate judge's order and grant Plaintiff's motion to hold summary judgment procedure in abeyance in order that the Plaintiff will have his rightful opportunity to conduct discovery as to the information discussed in the medical document (filed under seal as "Exhibit A" – DE 208) in order that he will be able to have the necessary information to respond to Defendant's motion for summary judgment, and for opportunity to litigate the allegations contained within Plaintiff's amended complaint which is currently being addressed in Plaintiff's objection to Magistrate Judge John E. Martin's order denying Plaintiff's motion for leave to file substitute for his previously tendered amended complaint.

## II. CONCLUSION

The magistrate judge's order denying Plaintiff's Motion to Hold Summary Judgment Procedure in Abeyance should be rejected. The Court should grant Plaintiff's motion and issue

---

addressed Defendant's bogus statement and Magistrate Judge Martin's reliance on the bogus statement in Plaintiff's Objection to Magistrate Judge's Order Denying Plaintiff's Motion to Reopen Phase One Discovery.

an order holding the summary judgment procedure in abeyance until such time that the Plaintiff will have his rightful opportunity to conduct discovery as to the information discussed in the medical document (filed under seal as "Exhibit A" – DE 208) in order that he will be able to have the necessary information to respond to Defendant's motion for summary judgment, and for opportunity to litigate the allegations contained within Plaintiff's amended complaint which is currently being addressed in Plaintiff's objection to the magistrate judge's order denying Plaintiff's motion for leave to file substitute for his previously tendered amended complaint.

Respectfully submitted,

*Brian Vukadinovich*
Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. 219-956-2462

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 8, 2024, the foregoing was served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the Defendant's below listed counsel of record per agreement to receive such papers via email.

Justin M. Ellis
jellis@mololamken.com

Kenneth Notter
knotter@mololamken.com

Steven F. Molo
smolo@mololamken.com

David Beach
dbeach@eichhorn-law.com

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. 219-956-2462