IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>RICHARD A. POSNER,<br>　　　　　　　　Defendant. | Cause No. 22 Civ. 118<br><br>Judge Theresa L. Springmann<br>Magistrate Judge John E. Martin |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
OBJECTION TO ORDER DENYING THE REOPENING OF DISCOVERY**

Plaintiff's objection to Judge Martin's order denying Plaintiff's motion to reopen discovery should be overruled, Dkt. 274 ("Obj."), and the Court should direct the Clerk of Court to place the proposed redacted version of Plaintiff's objection on the public docket, Ellis Decl., Ex. A.

Judge Martin correctly held that Plaintiff failed to show "excusable neglect for his failure to request an extension of the deadline before it expired." Dkt. 266 at 2; *see* Fed. R. Civ. P. 6(b)(1)(B). Plaintiff does not dispute that he had to show excusable neglect. Instead, he repeats his argument that he was too busy fulfilling his document-production obligations and thus "had very little to no time to do much else." Obj. at 2-3. But that ignores – as Judge Martin found – that Plaintiff knew he supposedly needed the discovery he now seeks by August 7, 2024. Dkt. 266 at 1-2. Between then and the close of discovery one week later, Judge Martin emphasized, Plaintiff had filed "motions unrelated to discovery," which "suggests that [Plaintiff] was not solely focused on discovery ***during this time*** and would have been able to also file a brief motion requesting additional time for discovery." *Id.* at 2 (emphasis added). Plaintiff nowhere challenges either finding. That forecloses his objection.

*Novak v. State Parkway Condominium Association*, No. 13-cv-8861, 2017 WL 1086767 (N.D. Ill. Mar. 20, 2017), is not to the contrary.[1] There, the court merely found that a one-week delay in "claw[ing]" back privileged documents was not "so unreasonable as to justify a finding of waiver" of privilege. *Id.* at *4. Here, Plaintiff is seeking to reopen discovery long after it closed—not to claw back inadvertently produced documents.

Regardless, Judge Martin also correctly ruled that Plaintiff has not shown how additional discovery into Defendant's medical history is relevant to the statute of limitations or statute of frauds. Dkt. 266 at 2-3. Plaintiff argues that, because "'Plaintiff's knowledge of Defendant's mental condition may be relevant to the statute-of-limitations and statute-of-frauds,'" Defendant's medical history must also be relevant. Obj. at 6-7 (emphasis omitted). But Plaintiff ignores the Court's ruling that "the only issue is what **Plaintiff knew** about Defendant's diagnosis." Dkt. 190 at 3 (emphasis added). Plaintiff has conceded that, during the term of the contract, he did not know about any of Defendant's medical issues he seeks discovery into now. Dkt. 216 ¶ 3.

Plaintiff also contends that he "submitted a discovery request" for the discovery he now seeks, and that Judge Martin thus erred in finding that Plaintiff failed to "'identif[y] any particular discovery requests he has drafted to which he needs responses.'" Obj. at 7-8. But as Defendant already explained, the email Plaintiff sent demanding documents the day fact discovery closed is insufficient because it fails to comply with Rule 34. *See* Dkt. 239 at 7, n.3; Fed. R. Civ. P. 34(b)(1); *Ferrell v. Talecris Plasma Res.*, No. 16-cv-2353, 2018 WL 10460215, at *1 (C.D. Ill. Feb. 28, 2018); *Patel ex rel. R.P. v. Menard, Inc.*, No. 1:09-cv-0360, 2011 WL 5024991, at *2 (S.D. Ind. Oct. 20, 2011).

---

[1] Plaintiff cites *Novak v. State Parkway Condominium Association*, No. 13-cv-08861, 2015 WL 1058014, at *4 (N.D. Ill. Mar. 6, 2015), but his quotations appear only in the March 20, 2017, order in that case, cited above.

Finally, the Court should order the Clerk to place the proposed redacted copy of Plaintiff's objection on the public docket. *See* Ellis Decl., Ex. A. The proposed redactions shield Defendant's highly sensitive medical information. The Court has repeatedly held that such sensitive medical information should be sealed. *See* Dkts. 270, 258, 255, 215, 212. The Court should order the Clerk to place the proposed redacted copy of Plaintiff's objection on the public docket.

New York, New York
November 21, 2024

        /s/ Justin M. Ellis
Steven F. Molo (admitted *pro hac vice*)
Kenneth E. Notter III (admitted *pro hac vice*)
MoloLamken LLP
300 N. LaSalle Street
Chicago, IL 60654
(312) 450-6700
smolo@mololamken.com
knotter@mololamken.com

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY 10022
(212) 607-8160
jellis@mololamken.com

David Beach
Eichhorn & Eichhorn LLP
2929 Carlson Drive, Suite 100
Hammond, IN 46323
dbeach@eichhorn-law.com

*Attorneys for Defendant*

3

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 21, 2024, the foregoing and all accompanying materials were electronically filed with the Clerk of Court via CM/ECF and served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on *pro se* Plaintiff Brian Vukadinovich per his renewed agreement to receive such papers via email.

/s/ Justin M. Ellis
Justin M. Ellis