IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH,<br><br>              Plaintiff,<br>v.<br><br>RICHARD A. POSNER,<br><br>              Defendant. | Cause No. 22 Civ. 118<br><br>Judge Theresa L. Springmann<br>Magistrate Judge John E. Martin |

# DEFENDANT'S REPLY IN SUPPORT OF HIS
# MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF

Steven F. Molo (admitted *pro hac vice*)
Kenneth E. Notter III (admitted *pro hac vice*)
MoloLamken LLP
300 N. LaSalle Street
Chicago, IL  60654
(312) 450-6700
smolo@mololamken.com
knotter@mololamken.com

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY  10022
(212) 607-8160
jellis@mololamken.com.

David Beach
Eichhorn & Eichhorn LLP
2929 Carlson Drive
Suite 100
Hammond, IN  46323
dbeach@eichhorn-law.com

*Attorneys for Defendant*

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 1

I.      Defendant Is Entitled to Summary Judgment Under the Statute of Frauds ........................ 1

II.     Defendant Is Entitled to Summary Judgment Under the Statute of Limitations ............... 6

        A.      Plaintiff Has Abandoned the Unjust-Enrichment Claim ........................................ 6

        B.      There Is No Genuine Dispute the Contract Claim Accrued
                    Before May 2020 ................................................................................................... 6

                1.      Plaintiff Never Denies That His Sworn Statements Establish
                        Payment Was Due by at Least July 2019 ..................................................... 6

                2.      The Undisputed Facts Show No Reasonable Person Would Have
                        Waited Until May 2020 for Payment ............................................................ 9

                3.      Plaintiff's Latest Story That Payment Was Due in 2020 Cannot
                        Create a Fact Dispute ................................................................................. 11

CONCLUSION ............................................................................................................................ 12

# **TABLE OF AUTHORITIES**

Page(s)

### CASES

*Aaron MacGregor & Assocs., LLC v. Zhejiang Jinfei Kaida Wheels Co.*,
  328 F. Supp. 3d 906 (N.D. Ind. 2018) ...........................................................................................5

*Akin v. Simons*,
  180 N.E.3d 366 (Ind. Ct. App. 2021)..............................................................................................2

*Auffenberg v. Bd. of Trs. of Columbus Reg'l Hosp.*,
  646 N.E.2d 328 (Ind. Ct. App. 1995)............................................................................................10

*Banco Del Atlantico, S.A. v. Stauder*,
  No. 1:03-cv-1342, 2005 WL 1925830 (S.D. Ind. Aug. 11, 2005)...................................................4

*Bayh v. Sonnenburg*,
  573 N.E.2d 398 (Ind. 1991) ............................................................................................................5

*Brown v. Branch*,
  758 N.E.2d 48 (Ind. 2001) ..............................................................................................................2

*Buckner v. Sam's Club, Inc.*,
  75 F.3d 290 (7th Cir. 1996) ..........................................................................................................12

*Clacks v. Kwik Trip, Inc.*,
  108 F.4th 950 (7th Cir. 2024) ..................................................................................................3, 12

*Coca-Cola Co. v. Babyback's Int'l, Inc.*,
  841 N.E.2d 557 (Ind. 2006) ..................................................................................................2, 4, 5

*Cosgrove v. Bartolotta*,
  150 F.3d 729 (7th Cir. 1998) ..........................................................................................................4

*Devbrow v. Gallegos*,
  735 F.3d 584 (7th Cir. 2013) ...................................................................................................7, 11

*England v. City of Plymouth*,
  No. 3:20-cv-759, 2022 WL 17176820 (N.D. Ind. Nov. 23, 2022) .................................................6

*Est. of Hann v. Hann*,
  614 N.E.2d 973 (Ind. Ct. App. 1993).............................................................................................6

*Gordon v. Shurpit*,
  No. 23-1158, 2023 WL 7318079 (7th Cir. Nov. 7, 2023) ..............................................................8

*Hadley v. DuPage County*,
  715 F.2d 1238 (7th Cir. 1983) ......................................................................................................11

*Hensley v. Hilton*,
    131 N.E. 38 (Ind. 1921) ..........................................................................................................5

*James v. Hale*,
    959 F.3d 307 (7th Cir. 2020) ...........................................................................................3, 11, 12

*Johnson v. Cambridge Indus., Inc.*,
    325 F.3d 892 (7th Cir. 2003) ................................................................................................10

*Licocci v. Cardinal Assocs., Inc.*,
    492 N.E.2d 48 (Ind. Ct. App. 1986)......................................................................................10

*Market Street Assocs. Ltd. v. Frey*,
    941 F.2d 588 (7th Cir. 1991) ..................................................................................................4

*Modrowski v. Pigatto*,
    712 F.3d 1166 (7th Cir. 2013) ................................................................................................2

*Morgan Asset Holding Corp. v. CoBank, ACB*,
    736 N.E.2d 1268 (Ind. Ct. App. 2000) ...................................................................................3

*Sachs v. Blewett*,
    185 N.E. 856 (Ind. 1933) .......................................................................................................3

*Scott v. Bodor, Inc.*,
    571 N.E.2d 313 (Ind. Ct. App. 1991)..................................................................................3, 4

*Scott v. Durham*,
    No. 1:09-cv-348, 2011 WL 8969 (N.D. Ind. Jan. 3, 2011)......................................................3

*Simon Prop. Grp., L.P. v. mySimon, Inc.*,
    No. 99-cv-1195, 2000 WL 1206575 (S.D. Ind. Aug. 3, 2000) ...............................................3

*Skinner v. Metro. Life Ins. Co.*,
    829 F. Supp. 2d 669 (N.D. Ind. 2010) ....................................................................................3

*Tolliver v. Mathas*,
    538 N.E.2d 971 (Ind. Ct. App. 1989)......................................................................................5

*Travelers Indem. Co. v. Armstrong*,
    442 N.E.2d 349 (Ind. 1982) ....................................................................................................3

iii

## STATUTES & RULES

Fed. R. Civ. P. 56(a) ...................................................................................................................11

Fed. R. Evid. 401 ..........................................................................................................................1

Fed. R. Evid. 802 ..........................................................................................................................1

Fed. R. Evid. 805 ..........................................................................................................................1

Ind. Code § 34-11-2-1 ...................................................................................................................6

## INTRODUCTION

Plaintiff's opposition brief makes concessions that doom his claims. He concedes that Indiana's statute of frauds bars his contract claim unless an exception applies, and he identifies no facts that could justify any exception. He concedes that his unjust-enrichment claim accrued when his job ended in July 2019, rendering that claim untimely under Indiana's two-year statute of limitations. And Plaintiff concedes facts proving that his contract claim is also untimely. Plaintiff does not contest – or even explain – his repeated sworn statements that payment was due no later than July 2019. And he does not dispute the record showing that no reasonable person in his position would have waited until May 2020 for payment.

Plaintiff's only real argument is that his newest self-serving claim – that payment was due in July 2020 – entitles him to a trial. Plaintiff is mistaken. The Court need not even reach that argument, because summary judgment is warranted regardless on both the contract claim (under the statute of frauds) and the unjust-enrichment claim (under the statute of limitations). Regardless, Plaintiff's latest story does not create a genuine issue of fact. He offers nothing more than his conclusory say-so that payment was due in July 2020. His say-so alone cannot carry his burden of production. In any event, the Court should disregard his story because it is a sham designed to escape summary judgment. The Court should grant judgment to Defendant and close this case.

## ARGUMENT[1]

I. **DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT UNDER THE STATUTE OF FRAUDS**

Plaintiff concedes that the statute of frauds applies to his contract claim and that the

---

[1] For reasons discussed repeatedly elsewhere, the Court should apply the proposed redactions to Dkt. 285 to protect Defendant's sensitive medical information. *See* Ellis Decl., Ex. A (proposed redactions). Defendant also objects to "Exhibit 1" to Dkt. 285 as inadmissible at summary

supposed oral contract could not be fully performed within a year. *See* Dkt. 237-1 (Mot.) at 12-14 (raising those points); Dkt. 282 (Opp.) at 3-14 (ignoring them); Dkt. 285 (SMF Resp.) ¶91 (admitting contract could not be performed within a year). It is thus undisputed that Defendant is entitled to summary judgment on Plaintiff's contract claim unless Plaintiff carries the "heavy burden" of identifying specific evidence showing an exception to the statute of frauds applies. *Akin v. Simons*, 180 N.E.3d 366, 381 (Ind. Ct. App. 2021); *see Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) (where movant carries initial burden and nonmovant bears burden of persuasion at trial, nonmovant must identify specific evidence to defeat summary judgment).

Plaintiff identifies no evidence suggesting any exception to the statute of frauds applies. Promissory estoppel, for instance, requires an injury that (1) was suffered in reliance on the defendant's promise, (2) "independent from the benefit of the bargain," and (3) "so substantial as to constitute an unjust and unconscionable injury." *Akin*, 180 N.E.3d at 380-81.[2] Plaintiff identifies no such injury. While he laments that Defendant "refus[ed] to pay him," Opp. 4, and that he wanted to use the money to attend law school, *id.* at 5-6, those injuries are merely the benefit of the purported bargain he alleges. By contrast, if Plaintiff supposedly felt "emotional distress and headaches" when answering questions about the Center's dissolution, *id.* at 5, that was not because of anything he did or did not do in reliance on Defendant's supposed promises. In fact, Plaintiff has not even offered evidence that the headaches occurred at all. *See* Mot. 13-14 & n.10. And none of Plaintiff's supposed injuries meets Indiana's demanding standard for being so

---

judgment under Fed. R. Evid. 401, 802, and 805 because that medical record is irrelevant to the issues, is itself inadmissible hearsay, and contains many further layers of inadmissible hearsay.

[2] The Indiana Supreme Court has repudiated the cases Plaintiff cites (at 6 n.4) for the proposition that promissory estoppel does not require an independent injury. *See Coca-Cola Co. v. Babyback's Int'l, Inc.*, 841 N.E.2d 557, 569-70 (Ind. 2006) (rejecting that proposition and those cases).

2

"unjust and unconscionable" as to defeat the statute of frauds. *See, e.g.*, *Brown v. Branch*, 758 N.E.2d 48, 52-53 (Ind. 2001) (losing one's job and education is not "unjust and unconscionable").

Nor can Plaintiff rely on constructive fraud. To invoke that doctrine, Plaintiff makes the new allegation that Defendant told him their purported bargain was "a legally binding enforceable contract in every respect and that there would be no problems with statute of limitations issues or any other issue." Opp. 7. Even if the Court could credit Plaintiff's latest change of story – and it cannot[3] – constructive fraud requires a fiduciary duty or another "relationship of trust or confidence between the parties" other than "their unenforceable oral contract." *Sachs v. Blewett*, 185 N.E. 856, 858 (Ind. 1933); *see Morgan Asset Holding Corp. v. CoBank, ACB*, 736 N.E.2d 1268, 1273 (Ind. Ct. App. 2000) ("special relationship" required). At most, the parties had an "arms-length, contractual relationship," which cannot "give rise to a claim of constructive fraud." *Skinner v. Metro. Life Ins. Co.*, 829 F. Supp. 2d 669, 681 (N.D. Ind. 2010) (collecting cases).

Plaintiff does not claim he had any special relationship of trust or confidence with Defendant. *See* Opp. 6-7. Instead, he argues no such relationship is necessary under *Scott v. Bodor, Inc.*, 571 N.E.2d 313 (Ind. Ct. App. 1991). Opp. 7-9.[4] Plaintiff is wrong. At most, *Scott* clarified that, in the "narrow circumstances" of some "buyer-seller relationships," a seller may

---

[3] As described in Defendant's opening brief, the Court has a duty to disregard his new allegation because it contradicts (or at least adds inconsistent new detail to) prior sworn testimony. *See* Mot. 23 (explaining and citing *James v. Hale*, 959 F.3d 307, 316 (7th Cir. 2020), and *Clacks v. Kwik Trip, Inc.*, 108 F.4th 950, 956 (7th Cir. 2024)); pp. 11-12, *infra*.

[4] If *Scott* stood for the proposition Plaintiff suggests, it would conflict with the Indiana Supreme Court's decision in *Sachs*, which held that constructive fraud requires a "relationship of trust or confidence" akin to a fiduciary relationship. 185 N.E. at 858. It would also conflict with the Indiana Supreme Court's holding that there is no right to rely on a counterparty's "interpretation of the contract." *Travelers Indem. Co. v. Armstrong*, 442 N.E.2d 349, 364 (Ind. 1982). Those Indiana Supreme Court holdings must prevail over *Scott*. *Cf. Simon Prop. Grp., L.P. v. mySimon, Inc.*, No. 99-cv-1195, 2000 WL 1206575, at *2 (S.D. Ind. Aug. 3, 2000) (reading *Scott* narrowly to avoid different conflict with *Sachs*).

have such a "position of superiority over [the buyer] by virtue of knowledge that only it possesses" that the buyer is effectively "required to place its trust" in the seller. *Scott v. Durham*, No. 1:09-cv-348, 2011 WL 8969, at *3-4 (N.D. Ind. Jan. 3, 2011) (quoting *Scott*, 571 N.E.2d at 324). Plaintiff and Defendant did not have a buyer-seller relationship. Nor does Plaintiff claim Defendant had any factual knowledge *only* Defendant possessed that could have forced Plaintiff to rely on him. To the contrary, Defendant's purported claims about whether the contract was "legally binding" were legal statements Plaintiff could have verified himself. *Scott* therefore does not apply. *See Banco Del Atlantico, S.A. v. Stauder*, No. 1:03-cv-1342, 2005 WL 1925830, at *5 (S.D. Ind. Aug. 11, 2005) (distinguishing *Scott* when the defendant did not have a "buyer-seller relationship" or "undue power" over the plaintiff). And while Plaintiff argues that a trial is necessary on Defendant's "state of mind" regarding those purported legal statements, Opp. 8-9, he does not explain why Defendant's intent would somehow support a constructive fraud claim.[5]

Nor does partial performance allow the contract claim to avoid the statute of frauds. *Cf.* Opp. 10-14. "[T]he doctrine of part performance is not applicable to exempt oral contracts that cannot be performed within one year." *Coca-Cola Co. v. Babyback's Int'l, Inc.*, 841 N.E.2d 557, 567-68 (Ind. 2006). Plaintiff admits the alleged oral contract could not be performed within one year. Dkt. 237-40 at 7; pp. 1-2, *supra*. While Plaintiff cites *Babyback's*, Opp. 3-4, 10, he does not explain how it is consistent with his part-performance argument.

---

[5] The cases Plaintiff cites authored by Defendant (at 8-9) are irrelevant. *Market Street Associates Ltd. v. Frey*, 941 F.2d 588 (7th Cir. 1991), held that a trial was necessary on a party's intent to assess whether that party complied with the implied covenant of good faith and fair dealing. *Id.* at 596. And *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998), held that there was sufficient evidence of intent to support a jury's verdict on a fraud claim. Neither case discusses the statute of frauds. *Id.* at 734.

4

Plaintiff also argues that Defendant's statements "'effectively repudiating the alleged contract'" "remove[ ] the agreement from the statute of frauds." Opp. 10 (citing Mot. 24). But there is no "repudiation" exception to the statute of frauds. Such an exception would render the statute of frauds meaningless, because every plaintiff who alleged an oral contract could simply tack on an allegation of oral repudiation as well. Plaintiff cites no authority supporting this argument. Instead, the cases he relies on merely use the word "repudiate" in discussing the part-performance doctrine that the Indiana Supreme Court has held does *not* apply to contracts like Plaintiff's that could not be performed within a year. *See Babyback's*, 841 N.E.2d at 566; *Tolliver v. Mathas*, 538 N.E.2d 971, 976 (Ind. Ct. App. 1989). Those cases do not hold that any oral contract that is repudiated is outside the statute of frauds.[6]

Plaintiff next urges that Defendant's "unjust enrichment" from his purported services "[r]emoves the [s]tatute of [f]rauds." Opp. at 10. That, too, is wrong. If a contract "fall[s] within the statute of frauds," then "no action can be maintained upon it." *Hensley v. Hilton*, 131 N.E. 38, 40 (Ind. 1921). At best, Plaintiff could pursue an unjust-enrichment claim for the value of whatever benefits he conferred on Defendant (although that claim is untimely, *see* p. 6, *infra*.) *Id.* But any *contract* claim for the benefit of Plaintiff's purported bargain is barred by the statute of frauds. *Id.* Moreover, any unjust-enrichment claim would require Plaintiff to "establish that a *measurable* benefit has been conferred on the defendant." *Aaron MacGregor & Assocs., LLC v. Zhejiang Jinfei Kaida Wheels Co.*, 328 F. Supp. 3d 906, 930 (N.D. Ind. 2018) (emphasis added) (citing *Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind. 1991)). But Plaintiff has submitted no

---

[6] Defendant's memorandum noted Defendant's statements "effectively repudiating the alleged contract" only to emphasize how unreasonable it would be for anyone to wait years to sue on a supposed contract where one party's statements suggest no such contract existed at all. Mot. 18. Those statements in no way suggest that there *was* a contract that Defendant then repudiated.

5

evidence of the value of the benefits he purportedly conferred on Defendant. Nor has he even argued what that value might be other than his claim for his purported benefit of the bargain. His unjust enrichment theory thus cannot survive summary judgment. *Aaron McGregor & Assocs.*, 328 F. Supp. 3d at 930 (granting summary judgment because plaintiff "fail[ed] to present evidence that [the defendants] benefitted personally").

II. **DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT UNDER THE STATUTE OF LIMITATIONS**

A. **Plaintiff Has Abandoned the Unjust-Enrichment Claim**

Plaintiff has abandoned any argument that his unjust-enrichment claim is timely. He has failed to respond to, and thus conceded, each step of Defendant's statute-of-limitations argument for that count. *See England v. City of Plymouth*, No. 3:20-cv-759, 2022 WL 17176820, at *7 (N.D. Ind. Nov. 23, 2022) (a party "concede[s] or abandon[s] [a] claim[] by failing to respond in opposition to Defendants' argument for summary judgment"). He admits that Indiana's two-year statute of limitations applies to the unjust-enrichment claim. *See* Mot. 22; Opp. 14; Dkt. 74 at 9. Plaintiff also concedes that the "limitations period for an unjust-enrichment claim 'begins to run at the time the services cease.'" Mot. 22 (quoting *Est. of Hann v. Hann*, 614 N.E.2d 973, 976 (Ind. Ct. App. 1993)); *see* Opp. 22-23 (never disputing). And Plaintiff admits that his alleged employment ended in July 2019. Dkt. 237-2 (SMF) ¶ 90 (undisputed). It is thus undisputed that the two-year limitations period expired in July 2021, more than nine months before Plaintiff sued, rendering the unjust-enrichment claim untimely absent tolling. *See* Ind. Code § 34-11-2-1.

B. **There Is No Genuine Dispute the Contract Claim Accrued Before May 2020**

1. *Plaintiff Never Denies That His Sworn Statements Establish Payment Was Due by at Least July 2019*

When Plaintiff sued in 2022, he swore under oath that payment was due "after a year of service ha[d] been provided." Dkt. 1 ¶ 7. There is only one way to interpret that sworn statement.

6

*See* Mot. 15. A parent who tells a child she may have ice cream after dinner knows the ice cream better be served once dinner is over, not a week later. A contractor told he will get paid after a job is complete expects payment once the job is done, not years afterward. That is how ***both parties*** understood Plaintiff's sworn allegation at the outset of this case. Defendant argued, and Plaintiff did not dispute, that payment was due when Plaintiff hit a year of service "in February 2019," not at some later date. Dkt. 34 at 10; *see* Dkt. 36 at 5-8 (no dispute).

Even when Plaintiff changed his story in his current complaint, he swore the agreement called for "yearly compensation" to be paid "in a lump sum." Dkt. 30 (Am. Compl.) ¶¶ 10, 12. He also swore that by no later than July 2019, when his employment ended, he was "owed" all his purported wages. *Id.* ¶ 24. Once again, the parties ***agreed*** that payment was due "no later than July 2019, when the Center closed and [Plaintiff's] employment ended." Dkt. 34 at 10; *see* Dkt. 36 at 5-8 (no dispute). Even after Defendant noted that Plaintiff had "admit[ted] that he knew no later than July 2019 that the $170,000 he says he was owed had not been paid when due," Plaintiff did not disagree. Dkt. 39 at 3; *see* Dkt. 61-2 ¶ 24 (repeating same allegations under oath). There is no genuine dispute. Payment was due – and the two-year limitations period started running – by at least July 2019. The contract claim brought in 2022 was thus untimely.

Plaintiff has no response. Opp. 14-18. He never disputes that, as a party to the supposed contract, he well knew in 2022 exactly when payment under that contract was due, and that with that knowledge, he swore that he "was to be paid" in a lump sum "after a year of service ha[d] been provided." Dkt. 1 ¶ 7. He offers no alternative interpretation of his prior sworn statements. Nor does he deny that both he and Defendant understood those statements to mean that payment was due by at least July 2019. Opp. 14-18. Instead, Plaintiff asks the Court to ignore his prior sworn statements because they were "supersede[d]" by an amended complaint. Opp. 17. But that

7

is neither relevant nor true. At summary judgment, unlike at the pleading stage, a "verified complaint is the equivalent of an affidavit." *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013). And those sworn allegations "remain[ ] admissible for evidentiary purposes" at summary judgment even if the complaint was superseded by an amendment. *Gordon v. Shurpit*, No. 23-1158, 2023 WL 7318079, at *1 n.1 (7th Cir. Nov. 7, 2023). Each sworn allegation, including that Plaintiff "was to be paid" in a lump sum "after a year of service ha[d] been provided," is evidence the Court must now consider. Dkt. 1 ¶ 7. In any event, Plaintiff's current complaint still alleges "yearly compensation" that would be paid "in a lump sum" and that he was "owed" his wages no later than July 2019. Am. Compl. ¶¶ 10, 12, 24.

Plaintiff also argues that the Court has already ruled that the contact claim did not accrue in July 2019. Opp. 14-18. According to him, the Court held on Defendant's motion to dismiss that July 2019 was when payment was "owed" but not "due." Opp. 14-15. The Court did no such thing. It explicitly "decline[d]" to decide whether Plaintiff's sworn statements in the amended complaint proved that payment was both owed ***and*** due in July 2019. Dkt. 74 at 12-13. And at that point, because Plaintiff had amended his complaint, for purposes of the pending motion to dismiss the Court did not consider Plaintiff's sworn statement in the original verified complaint that he "was to be paid" in a lump sum "after a year of service ha[d] been provided." Dkt. 1 ¶ 7. Now that the Court is considering summary judgment, however, that evidence and Plaintiff's failure to offer any competing interpretation is dispositive.

8

> 2. *The Undisputed Facts Show No Reasonable Person Would Have Waited Until May 2020 for Payment*

Plaintiff also ignores the undisputed facts showing that, even if payment was not due by July 2019, no reasonable person in Plaintiff's position would have waited for payment until May 2020. *See* Mot. 16-20. The following facts are undisputed:[7]

- Seven days after the supposed agreement, Defendant proposed appointing Plaintiff as "Executive Director of the [Center]" – the same role as in the purported contract – but with no promise of pay. Plaintiff then accepted that appointment without asking for pay. SMF ¶¶ 35-37 (undisputed).

- Defendant repeatedly made statements to Plaintiff and others – even after the supposed agreement – that "none of the Center's representatives is paid." SMF ¶ 31 (undisputed).

- Plaintiff never met Defendant in person again after 2018 and never spoke to Defendant again after July 2019. SMF Resp. ¶¶ 52, 75 (purporting to dispute but offering no evidence of dispute).

- In May 2019, Plaintiff attempted to resign from the Center in an email to Defendant that never mentioned any contract or that Defendant supposedly owed him more than $120,000. SMF Resp. ¶¶ 56-57 (admitting these facts).

- Plaintiff "needed the income" and had, by the time his job ended in July 2019, *already* gone seventeen months without receiving the money he supposedly needed. Mot. 17; Opp. 4 (agreeing); *see* SMF ¶ 63 (undisputed).

- In June 2019, Plaintiff forwarded himself the February 2018 email that underlies the supposed contract that he claims Defendant breached. SMF ¶ 67; *see* Resp. SMF ¶ 67 (complaining but not disputing).

- As of December 2019, Plaintiff's computer or email account contained a copy of the 2019 version of the Indiana model jury instructions for breach of contract. SMF Resp. ¶ 79 (complaining but not disputing).

- By May 2020, "it had been nearly *two years* since Plaintiff learned of Defendant's Alzheimer's diagnosis and *six months* since Plaintiff suspected Defendant might

---

[7] In places, Plaintiff admits a fact in Defendant's statement of undisputed facts but insists the admitted fact is somehow "disputed" because some different, unrelated fact supposedly exists. For example, in his response to paragraph 47, Plaintiff admits that Defendant told Plaintiff that he intended to "reduce [his] work significantly" once he "turn[ed] 80," but Plaintiff claims there is somehow a dispute because Defendant also said he had considered making Plaintiff "president of the company." SMF Resp. ¶ 47. That is nonsense. The only fact at issue is that Defendant told Plaintiff of his intent to reduce his work given his age. Plaintiff admits that fact. Whether Defendant also said he considered naming Plaintiff to a position is irrelevant. Defendant treats paragraph 47 and other similar instances as undisputed.

9

- be dead or institutionalized." Mot. 16; Opp. 18-22 (no dispute); *see* SMF ¶¶ 46-54, 76-78 (undisputed).
- Before November 2020, Plaintiff had not once suggested in writing that Defendant owed him any money. SMF Resp. ¶¶ 82, 84 (complaining but not disputing).

These undisputed facts show that Defendant never promised to pay Plaintiff at all. But at a minimum, they prove that no reasonable person would have waited until May 2020 for payment, particularly when Indiana law presumes that "payment is to be made upon completion of the work." *Licocci v. Cardinal Assocs., Inc.*, 492 N.E.2d 48, 54 (Ind. Ct. App. 1986).[8]

Plaintiff does not identify even one fact suggesting it was reasonable to expect payment in May 2020 or later. *See* Opp. 18-22. He argues only that "the issue of 'reasonableness'" is a jury question. *Id.* at 19. That would be true only if there were any material facts in dispute. There are not. And as Defendant explained, where "the underlying material facts are undisputed," what constitutes a "reasonable time . . . is a question of law." Mot. 16 (quoting *Auffenberg v. Bd. of Trs. of Columbus Reg'l Hosp.*, 646 N.E.2d 328, 331 (Ind. Ct. App. 1995)). Plaintiff ignores the governing law and offers no argument that he satisfies it. *See* Opp. 18-22.

The record before the Court is one-sided. Defendant marshalled specific evidence showing that no reasonable person could have expected payment on or after May 2020. *See* Mot. 16-20. Plaintiff offers no evidence or argument to the contrary. As the Seventh Circuit put it, "summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003). Plaintiff has put up nothing. The Court should enter summary judgment against him.

---

[8] Plaintiff notes that the presumption applies only where "no time is fixed for payment for work." Opp. 20. Just so. Plaintiff's sworn statements prove the fixed time for payment was July 2019. *See* Mot. 15-16; pp. 6-8, *supra*. But if, in the alternative, the supposed contract lacked a definite time for payment, the law presumes payment for services is due upon completion.

10

### 3. *Plaintiff's Latest Story That Payment Was Due in 2020 Cannot Create a Fact Dispute*

Plaintiff's entire argument on the statute of limitations is that his newest story that payment was due in July 2020 entitles him to a trial. *See* Opp. 16-18. That argument fails for two reasons. *See* Mot. 20-22.

*First*, Plaintiff's conclusory assertion does not create a **genuine** fact dispute. *See* Fed. R. Civ. P. 56(a). A genuine dispute requires more than a plaintiff's "own conclusory assertions in his verified complaint." *Devbrow*, 735 F.3d at 587. It takes "specific concrete facts establishing the existence of the truth of the matter asserted." *Hadley v. DuPage County*, 715 F.2d 1238, 1243 (7th Cir. 1983). But Plaintiff has no facts. His claims that payment was due in July 2020 began only in December 2023, during this litigation. And besides his own conclusory, self-serving statements during litigation, he offers nothing – not one email, not one third-party witness, not even Plaintiff's own demand letter – even hinting that the parties agreed payment would be due in July 2020. That is not enough to defeat summary judgment. *Hadley*, 715 F.2d at 1243.

*Second*, Plaintiff's newest story should be disregarded as a sham. *James v. Hale*, 959 F.3d 307, 315 (7th Cir. 2020) (courts should disregard sham testimony that contradicts prior sworn statements). Before December 2023, Plaintiff did not dispute that payment under the supposed contract was due by at least July 2019. *See* pp. 6-7, *supra*. He even swore that payment was due "after a year of service ha[d] been provided," *i.e.*, February 2019. Dkt. 1 ¶ 7. It was only after the Court held that Plaintiff's claims would be time-barred if payment was due before May 2020 that Plaintiff changed the "facts" – facts that he should have always known – to make payment due in July 2020. *See* Mot. 2-8 (charting changing stories). To this day, Plaintiff has never explained why his story changed. *See generally* Opp.

11

Instead, Plaintiff claims his new allegation that payment would be due "a year after [his] employment ended" is "consistent" with his old allegation that he would have to "wait at least a year" from March 2018 for payment. Opp. 22 n.12. But that is not correct. The former story sets a specific payment date – exactly a year after Plaintiff's employment ended. The latter story alleges an open-ended due date that could be as early as March 2019 or 100 years later. The two stories cannot both be true. In any event, Plaintiff still does not explain his earlier sworn statement that payment was due after a year of service – that is, in February 2019. Because his latest version of events "contradicts prior [sworn] testimony," the Court has a "duty at the summary-judgment stage" to "disregard" it. *James*, 959 F.3d at 315.

However, the Court would still have to disregard Plaintiff's latest story as a sham even if it did not contradict his prior stories. The "sham-affidavit" rule does not require a direct contradiction; it applies to any sworn evidence that adds "new factual details not previously disclosed" in earlier sworn statements to "manufacture a dispute to get past summary judgment." *Clacks v. Kwik Trip, Inc.*, 108 F.4th 950, 956 (7th Cir. 2024). Indeed, the rule exists to prevent litigants from manipulating the process by offering a highly general story at one stage and then, conveniently, remembering new details "to skirt summary judgment." *Id.*; *see Buckner v. Sam's Club, Inc.*, 75 F.3d 290, 293 (7th Cir. 1996) (similar). That is, at best, what Plaintiff is doing here. *But see* Dkt. 201 (sanctioning Plaintiff for repeatedly making false factual claims under oath). Plaintiff offered a nonspecific story of an open-ended payment date to survive a motion to dismiss. But he now insists there was a specific payment date that just happens to render his claim timely by a few weeks. And he does not even try to explain why his story has changed. The Court need not and should not tolerate that conduct.

## **CONCLUSION**

The Court should enter judgment for Defendant and direct the Clerk to close this case.

New York, New York
January 15, 2025

      /s/ Justin M. Ellis
Steven F. Molo (admitted *pro hac vice*)
Kenneth E. Notter III (admitted *pro hac vice*)
MoloLamken LLP
300 N. LaSalle Street
Chicago, IL  60654
(312) 450-6700
smolo@mololamken.com
knotter@mololamken.com

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY  10022
(212) 607-8160
jellis@mololamken.com

David Beach
Eichhorn & Eichhorn LLP
2929 Carlson Drive, Suite 100
Hammond, IN  46323
dbeach@eichhorn-law.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 15, 2025, the foregoing and all accompanying documents were electronically filed with the Clerk of the Court via CM/ECF and served via email under Fed. R. Civ. P. 5(b)(2)(E) on *pro se* Plaintiff Brian Vukadinovich by email per his renewed agreement to receive such papers via email.

/s/ Justin M. Ellis
Justin M. Ellis