IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BRIAN VUKADINOVICH,            )
                               )
    Plaintiff,                 )
                               )
v.                             )   CASE NO. 2:22-CV-0118-TLS-JEM
                               )
                               )
RICHARD A. POSNER,             )
                               )
    Defendant.                 )

**REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR OBSTRUCTION DETERMINATION AND PRESERVATION OF EVIDENCE**

Plaintiff, Brian Vukadinovich, pro se, submits this Reply to Defendant's Response in Opposition to Plaintiff's Motion for Obstruction Determination and Preservation of Evidence.[1]

### I. THIS COURT SHOULD NOT DISREGARD THE MURDERER WILLIAM BOND'S MAY 1 EMAIL AS DEFENDANT SUGGESTS

Defendant irresponsibly states "The Court should disregard that email, as it has done with others previously filed in this case." In making this most irresponsible suggestion Defendant conveniently omits the very real fact that this is the **ninth** inappropriate email sent to this Court demanding that this Court issue a ruling in Defendant Posner's favor. In point of fact the murderer William Bond has sent inappropriate emails to this Court on April 20, 2023, October 20, 2023, November 24, 2023, December 30, 2023, January 20, 2024, October 9, 2024, October 22, 2024, October 29, 2024 and May 1, 2025. In the first *ex parte* email sent

---

[1] It should be noted at the outset that the Defendant did not contest that this Court should exercise its inherent authority and issue an arrest warrant against William Bond and direct the United States Marshal Service to serve the warrant and take William Bond into custody for prosecution for his criminal conduct in violation of 18 U.S. Code § 1503. Accordingly, that aspect of the motion is uncontested.

1

to Judge Springmann's chambers on April 20, 2023, Bond identified himself as a "friend" of the Defendant Posner explicitly stating "Dick is my friend. We became close talking almost every day for a year." and further stated "I consider his wife Charlene a friend. His sons too." And stated to this Court that this is "the last straw for me." (Docket #51-1, page 1). In the November 24, 2023 *ex parte* email the murderer William Bond demanded that "This Court must grant and hold defendant's phase one discovery in open court under FRCP 43 [1]" and that "this Court must quickly and decisively end this case..." (Docket #88, page 3). The January 20, 2024 email purported to this Court "my friend—Richard Posner" (Docket #119), and the October 29, 2024 email purported to this Court "Dick Posner is and was my friend.", The most recent email of May 1, 2025 contained the usual ramblings with rambling that the Department of Justice should review the sealed filings in this case and demanded action on the motion for summary judgment filed by his purported friend, the Defendant Richard Posner, and rambled on "This court cannot wait any longer..."[2]

As for Defendant's suggestion that "The Court should disregard that email, as it has done with others previously filed in this case.", Plaintiff submits that the Court's allowance of the continuous inappropriate emails has emboldened the murderer William Bond to continue with his nefarious emails to this Court. Plaintiff believes that the Court should order the

---

[2] It should be noted that the Defendant, his wife, and his sons have not denied being friends with the murderer William Bond as Bond purported in the April 20, 2023 *ex parte* email sent to Judge Springmann's chambers. It should be further noted that nor have Defendant's attorneys denied in any of their responses to Bond's emails that Defendant Richard A. Posner and his family members and Bond are friends as was explicitly purported by Bond in his email on April 20, 2023 at which time Bond expressly stated to this Court this is "the last straw for me.", and in his January 20, 2024 email purporting "my friend—Richard Posner", and in his October 29, 2024 purporting "Dick Posner is and was my friend."

2

murderer William Bond to immediately cease and desist from the further sending of any emails to this Court.[3]

## II. PLAINTIFF'S MOTION SHOULD NOT BE DENIED AS MOOT

### A. In the Absence of a Denial of Communications Between the Murderer William Bond and Defendant and Defendant's Attorneys an Order for Preservation of Evidence is Appropriate and Necessary

Defendant argues that Plaintiff's motion should be denied as moot to the extent it seeks an "order for preservation of evidence." Defendant argues that "Defendant and his counsel are already preserving all potentially discoverable material in Defendant's possession, custody, and control, including materials in the possession of Defendant's wife. Dkt. 253-1 ¶ 3 (describing document preservation); Dkt. 117-2 ¶¶ 3-5 (same)." That is not sufficient, and the fact that the Defendant would be so uncomfortable with an order directing him and his family members, and his lawyers, to preserve the evidence of any communications with the murderer William Bond who has been sending numerous demanding emails to this Court insisting that this Court give a favorable outcome to his friend, the Defendant Richard Posner, speaks volumes about the necessity for such an order to preserve such evidence. A party's statement about preserving evidence is not the same as a court order. A court order is a formal directive with the force of law as a court order is a binding directive issued by a judge that requires a party to take specific actions, including preserving evidence. Failure to comply with a court order can result in sanctions, including monetary penalties or other remedies. If the recipient fails to comply with a

---

[3] Statements by the murderer William Bond in his emails to this Court have consequently rendered the murderer William Bond as a witness in this case. Because Bond has made fact statements to this Court in his inappropriate emails, he is now rendered a potential witness and it is entirely inappropriate for a fact witness to be emailing the Court and demanding that the Court provide a favorable outcome for the Defendant whom the murderer William Bond explicitly characterizes as his "friend".

3

simple statement, the consequences are less severe than if they fail to comply with a court order.[4]

Furthermore, in light of the Defendant's failure to deny the purported friendship of himself and his wife and sons with the murderer William Bond who has been sending numerous demanding emails to this Court on Defendant's behalf, and in light of the failure of the Defendant's attorneys to deny that there have been communications between themselves and the murderer William Bond, there is a serious question of a conspiracy, a scheme, between these actors, for the murderer William Bond to influence this Court into giving a favorable outcome to the Defendant Richard Posner, which is the central point of each of the inappropriate emails.[5]

Plaintiff pointed out to the Court in his "Motion for Obstruction of Justice Determination Against Murderer William Bond Pursuant to 18 U.S. Code § 1503 and Order for Preservation of Evidence" and "Memorandum in Support of Motion for Obstruction of Justice Determination Against Murderer William Bond Pursuant to 18 U.S. Code § 1503 and Order for Preservation of Evidence" that on May 19, 2024 Plaintiff sent an email to Defendant's attorney Justin M. Ellis, copying all attorneys of record, and asked Justin M. Ellis if he and/or any attorneys from his firm have had communications with the murderer William Bond, and that Justin M. Ellis did not respond back to Plaintiff's email which raises a substantial question as to the matter." (Docket #288, ¶ 4, page 3; Docket #289, page 13). Plaintiff pointed out in his memorandum that such communications would be prima facie evidence of collusion within this litigation between the

---

[4] There has been no declaration by the murderer William Bond, the sender of the nine inappropriate emails to this Court, that he preserve all potentially discoverable material in his possession, custody, and control, and consequently, an order directed to William Bond to preserve all relevant evidence is in order.

[5] It should be noted that the Defendant's attorneys have yet again failed to take advantage of an opportunity to deny that there have been communications between themselves and the murderer William Bond.

4

murderer William Bond and Defendant and his attorneys and even Defendant's wife and sons who Bond has characterized are friends of his, based on the information from Bond's April 20, 2023 email. (Docket #289, page 14).

Not only did the Defendant's attorneys not deny in their response that they have been involved in communications with the murderer William Bond, but the Defendant's attorneys did not deny in their response that they were involved in collusion with the murderer William Bond as was raised in Plaintiff's memorandum —this Court should now order the Defendant's attorneys to preserve all information of communications between themselves and the murderer William Bond.

### III. THE COURT SHOULD GRANT PLAINTIFF'S REQUEST TO PRESERVE EVIDENCE

#### A. The Judiciary Act of 1789 and United States District Court Opinions Dictate that this Court Has Inherent Authority to Order the Preservation of Evidence and It Should Do So in the Interest of Justice

The Defendant woefully argues that "the Court has previously denied Plaintiff's similar requests to preserve evidence. Dkt. 269 at 2. The Court should do the same here." In this Court's 269 order this Court declined at that time to enter the orders Plaintiff requested because this Court expressed that it needed to see citation to pertinent legal authority authorizing this Court to enter the orders Plaintiff requested under the circumstances, and expressed the lack of citation for the specific provision of the Judiciary Act of 1789 or cite to any opinion where a United States District Court based an order for the preservation on that provision. Plaintiff accordingly cures that situation herein.[6]

---

[6] In light of Defendant's argument that this Court has previously denied Plaintiff so called similar requests to preserve evidence, it should be noted that 18 U.S. Code § 1503, a central part of the instant motion, has never been the subject of any previous motions or rulings in this litigation.

5

According to the "Transcript of the Congress of the United States", begun and held at the City of New York on Wednesday the fourth of March one thousand seven hundred and eighty nine as to "An Act to establish the Judicial Courts of the United States" by Frederick Augustus Muhlenberg, Speaker of the House of Representatives and John Adams Vice-President of the United States, and President of the Senate - APPROVED, September the Twenty fourth, 1789, the Judiciary Act of 1789 supports Plaintiff's motion for the preservation of evidence and for the arrest and prosecution of William Bond for the reasons as stated in Plaintiff's motion and memorandum, as the "Transcript of the Congress of the United States" makes explicitly clear that this Court has the legal authority to enter the orders he requests under the circumstances enunciated in his motion and memorandum. The Transcript of Congress states in relevant part as follows:

> **And be it further enacted, That all the said courts of the United States, shall have power in the trial of actions at law, on motion and due notice thereof being given, to require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery**; and if a plaintiff shall fail to comply with such order, to produce books or writings, it shall be lawful for the courts respectively, on motion, to give the like judgment for the defendant as in cases of nonsuit; **and if a defendant shall fail to comply with such order, to produce books or writings, it shall be lawful for the courts respectively on motion as aforesaid, to give judgment against him or her by default.** [emphasis added].
>
> **And be it further enacted, That for any crime or offence against the United States, the offender may, by any justice or judge of the United States, or by any justice of the peace, or other magistrate of any of the United States where he may be found agreeably to the usual mode of process against offenders in such state, and at the expense of the United States, be arrested, and imprisoned or bailed, as the case may be, for trial before such court of the United States as by this act has cognizance of the offence.** And copies of the process shall be returned as speedily as may be into the clerks office of such court, together with the recognizances of the witnesses for their appearance to testify in the case; which recognizances the magistrate before whom the examination shall be, may require on pain of imprisonment. **And if such commitment of the offender, or the witnesses shall be in a district other than that in which the offence is to be tried, it shall be the duty of the judge of that district where the**

6

**delinquent is imprisoned, seasonably to issue, and of the marshal of the same district to execute, a warrant for the removal of the offender, and the witnesses, or either of them, as the case may be, to the district in which the trial is to be had.** And upon all arrests in criminal cases, bail shall be admitted, except where the punishment may be death, in which cases it shall not be admitted but by the supreme or a circuit court, or by a justice of the supreme court, or a judge of a district court, who shall exercise their discretion therein, regarding the nature and circumstances of the offence, and of the evidence, and the usages of law. And if a person committed by a justice of the supreme or a judge of a district court for an offence not punishable with death, shall afterwards procure bail, and there be no judge of the United States in the district to take the same, it may be taken by any judge of the supreme or superior court of law of such state. [emphasis added].

As for United States District Court opinion on order for the preservation of evidence, the opinion in *Pueblo of Laguna v. United States*, 60 Fed.Cl. 133, 135 (Fed.Cl. 2004) makes it crystal clear that Article III courts have the inherent authority to order the preservation of relevant evidence. Furthermore, in *United States v. Salad*, 779 F.Supp.2d 503 it was held that a federal court has the inherent power to order the preservation of evidence in the hands of a party before the Court.

## IV.  CONCLUSION

For the foregoing reasons and authorities, this Court should summarily reject Defendant's response and it should grant Plaintiff's motion for obstruction of justice determination against Murderer William Bond for his unlawful conduct in endeavoring to influence and intimidate this Court into giving a favorable outcome in favor of his purported friend, the Defendant, of which unlawful conduct constitutes federal criminal violation of law under 18 U.S. Code § 1503, and for an order preserving all communications between murderer William Bond and Defendant's attorneys and Defendant and Defendant's family members who are purported friends of the murderer William Bond that in any way pertain to the Plaintiff's cause of action against Defendant, and for an order directing federal law enforcement authorities to confiscate the

7

murderer William Bond's cell phone and electronic devices in order to secure the evidence of William Bond's harassments of Plaintiff, and for an order to federal law enforcement authorities to confiscate any firearms of any kind in the possession of the murderer William Bond, and order an immediate psychiatric examination of the murderer William Bond, and for all other steps necessary to safeguard the Plaintiff and the public from the lunatic murderer William Bond, and for any other appropriate relief.

Respectfully submitted,

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. 219-956-2462

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 14, 2025, the foregoing was served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the Defendant's below listed counsel of record per agreement to receive such papers via email.

> Justin M. Ellis
> jellis@mololamken.com
>
> Kenneth Notter
> knotter@mololamken.com
>
> Steven F. Molo
> smolo@mololamken.com
>
> David Beach
> dbeach@eichhorn-law.com

*[signature]*
Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, IN 46392
Tel. (219) 956-2462