UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN VUKADINOVICH, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:22-CV-118-TLS-JEM |
| RICHARD A. POSNER, | |
| Defendant. | |

**ORDER**

This matter is before the Court on the pro se Plaintiff's Motion for Obstruction of Justice Determination [ECF No. 288], filed on May 5, 2025, in which the Plaintiff requests that the Court issue a warrant for the arrest and prosecution of William Bond, a non-party to the instant action, for sending emails that the Plaintiff contends function to influence the Court in favor of the Defendant in the instant action.[1] The Plaintiff also requests a protective order instructing Bond to refrain from harassing the Plaintiff with "inappropriate emails" and by sending "tick tock clock sounds" to the Plaintiff's phone. He additionally requests an order for each of the following: (1) preservation of evidence of Bond's communication with the Defendant's attorneys, the Plaintiff, and other persons; (2) federal law enforcement to confiscate firearms, cell phone, and electronic devices possessed by Bond; and (3) an immediate psychiatric exam of Bond. Although the Plaintiff references emails that Bond sent to the Magistrate Judge and/or the District Court Judge presiding over this case—which the Court has docketed, *see* ECF Nos. 51-1, 81, 88, 99, 119, 260-1, 260-2, along with other information about Bond and an article about mass shootings, the Plaintiff fails to cite any pertinent legal authority authorizing the Court to enter the

---

[1] The Defendant filed a Response [ECF No. 290], on May 12, 2025. The Plaintiff filed a Reply [ECF No. 295], on May 19, 2025.

orders he requests under these circumstances.² Instead, he cites the Judiciary Act of 1789 for the proposition that that federal courts "shall have power in the trial of actions at law . . . to require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue." But the Plaintiff does not provide the citation for that specific provision of the Judiciary Act of 1789 or cite to any opinion where a United States District Court based an order for the preservation of evidence on that provision in a civil case. Nor does he specify how the communications with Bond are pertinent to any issue in this case. He also cites 18 U.S.C. § 1503, which is a criminal statute that does not provide for a private right of action and is thus not enforceable through a civil action. And, although the Plaintiff's reply provides some citations to cases where courts ordered the preservation of evidence, the Plaintiff does not provide any corresponding analysis or clarity on the pertinence of the communications with Bond. *See* ECF No. 295.

Based on the foregoing, the Court hereby DENIES the Plaintiff's Motion for Obstruction of Justice Determination [ECF No. 288].

SO ORDERED on May 20, 2025.

                                                    s/ Theresa L. Springmann
                                                  JUDGE THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT

---

² The Plaintiff additionally references October 29, 2024 and May 1, 2025 emails from Bond to a Court general email address for the undersigned that were copied to email addresses for the Plaintiff and the Defendant's counsel, which are included with this Order as attachments.

2