**From:** wmbillbond@aol.com <wmbillbond@aol.com>
**Sent:** Tuesday, October 29, 2024 10:58 PM
**To:** Springmann Chambers <Springmann_Chambers@innd.uscourts.gov>
**Cc:** smolo_mololamken.com <smolo@mololamken.com>; jellis@mololamken.com; knotter@mololamken.com; dbeach@eichhorn-law.com; bvukadinovich@hotmail.com
**Subject:** Re: 22-cv-118. /// Re Docket number 263.

**CAUTION - EXTERNAL:**

**Re: 22-cv-118-TLS**

Dear Judge Springmann,

The Court must immediately move to put a permanent end to plaintiff's fabrications at docket numbers 249, 250, & 263.[1][1] The Court must immediately order the USMS JDS to investigate plaintiff's allegations. And order a report due to the Court within 7 days of referral. I have already provided the Court an executed affidavit under the penalty of perjury.

Once proved fabricated, the Court must criminally sanction plaintiff, refer plaintiff's criminal conduct to the U.S. Attorney for the Northern District of Indiana, and consider the proved fabrication as a larger part of the *fraud upon the court* the Court so far has tolerated in this case going on 3 years.

The Court is also allowing plaintiff to create a rare situation in a criminal case where a third party has standing to intervene. Allowing plaintiff the use of the Court's docket to spread the false narrative that this writer is a "murderer" is legally and factually wrong. Yet plaintiff persists even after being corrected. It is clear the law means nothing to plaintiff. The Court must both strike all the offending language, including on the docket sheet, and sanction plaintiff sua sponte.

Time and again Supreme Court and appellate judges have written that trials do not occur in vacuums. Plaintiff has a First Amendment right to respectfully write federal judges with specific information and opinions he may have over their cases. Here, one of the many oddities is the "extortion" committed by plaintiff—that he would tarnish Judge Posner's reputation if he didn't pay up the fabricated money plaintiff claimed he was owed—Yet, the only leverage plaintiff had was Posner's fame that a journalist might believe of public interest. If this case was plaintiff v. Joe Blow, no one would have ever heard of it. Yet how much ink has plaintiff spent spewing vitriol at defense counsel for merely stating accurately who the defendant was. Likewise, Dick Posner is and was my friend. While I don't like how I have been portrayed here to strangers, my only regret is that not one—not one—of the famous lawyers who joined the Posner Center have stood up publicly to say what has gone on here in this case and been done to Judge Posner's reputation is plain evil that must be punished. I make no apologies for bringing a personal voice to the defense of a great and kind man who cannot now speak for himself.

Finally, I do not understand plaintiff's time calculations that his opposition to the October 4 summary judgment is due November 1, when, even adding 6 days for mail service, the proper latest date is October 24. To now add 21 days for the type of litigation the pro se sees as "expert" is abusive. The Court

should press the Local Rule 7-6 button. Then have the Clerk forward plaintiff a prepared form with specific questions for plaintiff to answer. No more editorializing, no more unpublished district court opinions as case law, and no more not answering the question. Just answer the two questions relevant here with facts, if you have them, to defeat summary judgment under the law. Or, explain why it is reasonable to wait 4 years to sue a person you know was suffering from Alzheimer's. And then to sully his public reputation when he cannot respond.

Very truly and respectfully presented,

Bill

William C. Bond
The Carlyle, Apartment 4 L
500 West University Parkway
Baltimore, MD 21210
443.970.2887

---

In a message dated 10/22/2024 10:05:07 PM Eastern Daylight Time, wmbillbond@aol.com writes:

**Re: 22-cv-118-TLS**

Dear Judge Springmann,

I write over plaintiff's latest filings at docket numbers 249 & 250 that name me.

For the record:

"Re: 22-cv-118-TLS:

I have never contacted the plaintiff in this case either before or during this litigation for any reason other than to 'email copy' letters to the Court. I also believe the record amply demonstrates probable cause for the crimes of extortion and elder abuse, and that this Court should refer same to the U.S. Attorney for the Northern District of Indiana.

I declare under penalty of perjury that the foregoing is true and correct. (See 28 U.S. Code § 1746.)

Executed on October 22, 2024, via email to U.S. N.D. IN Judge TLS.

*[signature: WCB]*

William C. Bond
The Carlyle, Apartment 4 L
500 West University Parkway
Baltimore, MD 21210
443.970.2887."

The Court must also insist on not being misused—"Murder" is a "legal term" that *never* applies to juveniles not tried as adults. Obviously, Judge Posner took my case for a reason that doesn't have to be understandable to plaintiff's limited faculties.

Very truly and respectfully presented,

Bill

William C. Bond
The Carlyle, Apartment 4 L
500 West University Parkway
Baltimore, MD 21210
443.970.2887

In a message dated 10/9/2024 10:35:55 PM Eastern Daylight Time, wmbillbond@aol.com writes:

**Re: 22-cv-118-TLS**

Dear Judge Springmann,

I first wrote to you on April 20, 2023. See docket number 51-1.

I write again over the language in your Order at docket number 243 and unnumbered docket entry October 9, 2024. The plaintiff has filed *hundreds* of pages of extremely repetitive & abusive recusal motions against first you, then Judge Kolar, and now Judge Martin. Plaintiff's many other filings mirror the same aggressive pedantic hysteria. These papers are legally insane[1]. Also interspersed in these insane filings are exactly all the negative statements against Judge Posner that you have neglected to specifically include in your Sanctions Order at docket number 201. And plaintiff clearly continually highlights (questions) Judge Posner's medical information. Defense counsel has asked you to stop this blasphemy. You have not.

Likewise, what is there to take under advisement? "Denied" is one word under the federal rules of procedure re motions.[2] The federal courts I have experience with — Maryland, District of Columbia, and the Eastern District of Virginia — do not tolerate any of this nonsense. Likewise, those courts act quickly re cases like this — within days or weeks. Here, you are approaching 3 years. It is almost like Judge Posner is being made example. But he cannot defend himself. To me, the Court has participated in abusing an Alzheimer's victim's public reputation.

Judge Posner's MTD reads clear. Clearer are the words spoken in the exhibits. The result is exactly what I told you in April 2023--this case is clear extortion and elder abuse.

Very truly and respectfully presented,

Bill

William C. Bond

> The Carlyle, Apartment 4 L
> 500 West University Parkway
> Baltimore, MD 21210
> 443.970.2887
>
> ---
>
> [1] Doing the same repetitive thing but expecting a different result.
>
> [2] Some judges write "Denied" & "Dated" in cursive on top of the first motion page as their filed Order.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

---

[1][1] Plaintiff wastes 10 pages of the Court's valuable time spewing legal garbage yet does not mention the Bond affidavit denying all his claims. This conduct is not atypical—refusing to respond to facts—but a constant in all of plaintiff's voluminous filings in this case.