APPEAL,CASREF,PROTO,TERMED

# U.S. District Court Northern District of Indiana [LIVE]
## USDC Northern Indiana (Hammond)
## CIVIL DOCKET FOR CASE #: 2:22−cv−00118−TLS−JEM

Vukadinovich v. Posner
Assigned to: Judge Theresa L Springmann
Referred to: Magistrate Judge John E Martin
Demand: $170,000
Cause: 28:1332 Diversity−Breach of Contract

Date Filed: 05/05/2022
Date Terminated: 05/19/2025
Jury Demand: Both
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

Discovery Completion Deadline:
Dispositive Motion Deadline:
Expert Discovery Deadline:
Fact Discovery Deadline:

Settlement Conference:
Final Pretrial Conference:
Trial Date:

**Plaintiff**

**Brian Vukadinovich**                    represented by    **Brian Vukadinovich**
                                                            1129 E. 1300 N.
                                                            Wheatfield, IN 46392
                                                            219−956−2462
                                                            Email:
                                                            PRO SE

V.

**Defendant**

**Richard A. Posner**                     represented by    **David J Beach**
                                                            Eichhorn & Eichhorn LLP − Ham/IN
                                                            2929 Carlson Dr Ste 100
                                                            PO Box 2275
                                                            Hammond, IN 46323
                                                            219−931−0560
                                                            Fax: 219−931−5370
                                                            Email: dbeach@eichhorn−law.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kenneth E Notter PHV , III**
                                                            MoloLamken LLP − Chi/IL
                                                            300 N LaSalle St
                                                            Chicago, IL 60654
                                                            312−450−6700
                                                            Fax: 312−450−6701
                                                            Email: knotter@mololamken.com
                                                            *LEAD ATTORNEY*
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

**Steven F Molo PHV**
MoloLamken LLP − Chi/IL/5350
300 N LaSalle St Ste 5350
Chicago, IL 60654
312−450−6700
Fax: 312−450−6701
Email: smolo@mololamken.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Allison M Gorsuch PHV**
MoloLamken LLP − Chi/IL/5350
300 N LaSalle St Ste 5350
Chicago, IL 60654
312−450−6713
Fax: 312−450−6701
Email: agorsuch@mololamken.com
*TERMINATED: 07/25/2022*
*PRO HAC VICE*

**Justin M Ellis**
MoloLamken LLP − NY/NY
430 Park Ave
New York, NY 10022
212−607−8159
Fax: 212−607−8161
Email: jellis@mololamken.com
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 05/05/2022 | 1 | PRO SE COMPLAINT with Jury Demand against Richard A. Posner (Filing fee paid $ 402.00 Receipt #INN2024626), filed by Brian Vukadinovich. (Attachment: # 1 Exhibit). (nhc) (Entered: 05/06/2022) |
| 05/05/2022 | 2 | Summons Issued as to Richard A. Posner. **NOTE:The attached document is accessible by court personnel only. Summons forms that were electronically submitted to the court for issuance will be returned to counsel via e−mail.** (nhc) (Entered: 05/06/2022) |
| 05/09/2022 | 3 | ORDER: The Court ORDERS Plaintiff to FILE, on or before 5/23/2022, a supplemental jurisdictional statement that properly alleges the citizenship of both Plaintiff and Defendant as stated above. Signed by Magistrate Judge Joshua P Kolar on 5/9/2022. (Copy mailed to pro se party)(shk) (Entered: 05/09/2022) |
| 05/09/2022 | 4 | PROOF OF SERVICE filed by Brian Vukadinovich. (rmf) (Additional attachment(s) added on 5/10/2022: # 1 Envelope) (rmf). (Entered: 05/09/2022) |
| 05/16/2022 | 5 | SUPPLEMENTAL JURISDICTIONAL STATEMENT filed by Brian Vukadinovich. (Attachments: # 1 Cover Letter, # 2 Envelope). (nal) (Entered: 05/16/2022) |

| 05/16/2022 | | ***Supplemental Jurisdictional Statement Deadline terminated. (nal) (Entered: 05/16/2022) |
|---|---|---|
| 05/20/2022 | 6 | NOTICE of Appearance by Justin M Ellis on behalf of Richard A. Posner (Ellis, Justin) (Entered: 05/20/2022) |
| 05/20/2022 | 7 | Consent MOTION for Extension of Time to File Answer re 1 Pro Se Complaint by Defendant Richard A. Posner. (Ellis, Justin) (Entered: 05/20/2022) |
| 05/23/2022 | 8 | MINUTE ORDER: Each party and each attorney in this case shall take reasonable steps to preserve electronically stored information (ESI) that is relevant to any claim or defense in this case, whether or not the information is admissible at trial. This requirement relates back to the point in time when the party or attorney reasonably anticipated litigation about these matters. Text entry order. By Magistrate Judge Joshua P Kolar on 5/23/2022. (Copy mailed to pro se party)(tc) (Entered: 05/23/2022) |
| 05/23/2022 | 9 | ORDER: The Court, finding good cause shown and noting the agreement of the parties, GRANTS 7 Defendant's Agreed Motion for Extension of Time to Respond to Complaint. The deadline for Plaintiff to answer, move, or otherwise respond to the complaint is EXTENDED to 7/11/22. Approved by Magistrate Judge Joshua P Kolar on 5/23/2022. Text entry order. cc: Vukadinovich (tc) (Entered: 05/23/2022) |
| 05/26/2022 | 10 | MOTION for Court to Cease and Desist Conduct of Discriminating Against Plaintiff in Discovery Process due to Plaintiff's Pro Se Status by Plaintiff Brian Vukadinovich. (Attachments: # 1 Exhibit, # 2 Certificate of Service, # 3 Cover Letter, # 4 Envelope). (nhc) (Entered: 05/27/2022) |
| 05/26/2022 | 11 | Plaintiff's MEMORANDUM of Law in Support of 10 MOTION for Court to Cease and Desist Conduct of Discriminating Against Plaintiff in Discovery Process due to Plaintiff's Pro Se Status filed by Brian Vukadinovich. (Attachments: # 1 Exhibit, # 2 Certificate of Service). (nhc) (Entered: 05/27/2022) |
| 05/27/2022 | 12 | NOTICE of Appearance by David J Beach on behalf of Richard A. Posner (Beach, David) (Entered: 05/27/2022) |
| 06/03/2022 | 13 | Application for Attorney Allison Mileo Gorsuch to Appear Pro Hac Vice on behalf of Richard A. Posner. Pro Hac Vice fee of $ 96 has been received, receipt number AINNDC−4936262(Gorsuch, Allison) (Entered: 06/03/2022) |
| 06/03/2022 | 14 | ORDER granting 13 Application to Appear Pro Hac Vice of Attorney Allison M Gorsuch PHV for Richard A. Posner. Signed by Magistrate Judge Joshua P Kolar on 6/3/2022. (ace) (Entered: 06/07/2022) |
| 06/09/2022 | 15 | RESPONSE to Motion re 10 MOTION Response to Motion to "Cease and Desist" filed by Richard A. Posner. (Attachments: # 1 Exhibit May 25, 2022 Email Chain)(Ellis, Justin) (Entered: 06/09/2022) |
| 06/13/2022 | 16 | REPLY to Response to Motion re 10 MOTION to Cease and Desist filed by Brian Vukadinovich. (Attachments: # 1 Letter, # 2 Envelope)(jdb) (Entered: 06/14/2022) |
| 06/15/2022 | 17 | ORDER re 10 Motion for Court to Cease and Desist Conduct of Discriminating Against Plaintiff in Discovery Process due to Plaintiff's Pro Se Status by Plaintiff Brian Vukadinovich. The Court cannot resolve Plaintiff's motion without further inquiry regarding the disputed factual circumstances giving rise to the motion. Accordingly, the parties are hereby ORDERED to appear for a Telephonic Status |

| | | |
|---|---|---|
| | | Conference on 7/1/2022 at 11:30 a.m. Parties are instructed to dial 877−336−1280 and enter access code 3293676# when prompted to join the conference. If all parties so desire and jointly contact the Court, this hearing will be converted to an in−person hearing. Signed by Magistrate Judge Joshua P Kolar on 6/15/2022. (Copy mailed to pro se party via first class and certified mail # 7020 0640 0000 2334 9679)(mrm) (Entered: 06/15/2022) |
| 06/21/2022 | 18 | PROOF OF SERVICE Executed as to 17 Order. (asd) (Entered: 06/21/2022) |
| 06/21/2022 | 19 | Submission of Information Germane to Upcoming Telephonic Conference and Request for Clerk to be Part of Conference filed by Brian Vukadinovich. (Attachment: # 1 Envelope). (nal) (Entered: 06/22/2022) |
| 07/01/2022 | 20 | TELEPHONIC STATUS CONFERENCE held on 7/1/2022, before Magistrate Judge Joshua P Kolar. Pla appeared pro se. Dft appeared by attys Allison Gorsuch, David Beach, Justin Ellis. The Court addresses 10 Motion for Court to Cease and Desist Conduct of Discriminating Against Plaintiff in Discovery Process Due to Plaintiff's Pro Se Status. The Motion is GRANTED w/relief different than requested. Clerk of Court directed to issue subpoenas and mail to Pltf. Discussion held as to possible stay of discovery. Parties directed to meet and confer as to need for discovery and file a status report by 7/22/2022. cc: Vukadinovich along with requested subpoenas (Tape #ATT HOST 1.) (tc) (Entered: 07/01/2022) |
| 07/11/2022 | 21 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Richard A. Posner. (Beach, David) (Entered: 07/11/2022) |
| 07/11/2022 | 22 | MEMORANDUM in Support of 21 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Richard A. Posner. (Attachments: # 1 Affidavit)(Beach, David) (Entered: 07/11/2022) |
| 07/19/2022 | 23 | STATUS REPORT *Joint Status Report* by Richard A. Posner. (Gorsuch PHV, Allison) (Entered: 07/19/2022) |
| 07/20/2022 | 24 | ORDER: For good cause and noting the agreement of the parties 23 , the Plaintiff shall filed his amended complaint on or before 8/1/2022. Defendant's restated motion to dismiss the amended complaint is due 8/22/22; Plaintiff's response to the restated motion to dismiss is due 9/12/22; and Defendant's reply in support of the restated motion to dismiss is due 9/26/22. All other agreements of the parties concerning discovery in 23 are adopted. Approved by Magistrate Judge Joshua P Kolar on 7/20/2022. Text entry order. (Copy mailed to pro se party)(tc) (Entered: 07/20/2022) |
| 07/21/2022 | 25 | Application for Attorney Steven Francis Molo to Appear Pro Hac Vice on behalf of Richard A. Posner. Pro Hac Vice fee of $ 96 has been received, receipt number AINNDC−4974550 (Attachments: # 1 Exhibit Illinois Certificate of Good Standing − Molo, # 2 Exhibit New York Certificate of Good Standing − Molo, # 3 Exhibit US Supreme Court Certificate of Good Standing − Molo)(Molo, Steven) (Entered: 07/21/2022) |
| 07/22/2022 | 26 | ORDER granting 25 Application to Appear Pro Hac Vice of Attorney Steven F Molo PHV for Richard A. Posner. Signed by Magistrate Judge Joshua P Kolar on 7/22/2022. (ace) (Entered: 07/22/2022) |
| 07/22/2022 | 27 | First MOTION to Withdraw as Attorney *Allison Mileo Gorsuch* by Defendant Richard A. Posner. (Gorsuch PHV, Allison) (Entered: 07/22/2022) |
| 07/25/2022 | 28 | |

| | | ORDER: For good cause shown, the Court GRANTS 27 Defendant's Agreed Motion For Leave To Withdraw Alison Gorsuch As Counsel. The appearance of Attorney Alison Gorsuch on behalf of Defendant Richard A. Posner is WITHDRAWN. Approved by Magistrate Judge Joshua P Kolar on 7/25/2022. Text entry order. (tc) (Entered: 07/25/2022) |
|---|---|---|
| 08/01/2022 | 29 | Application for Attorney Kenneth E. Notter III to Appear Pro Hac Vice on behalf of Richard A. Posner. Pro Hac Vice fee of $ 96 has been received, receipt number AINNDC−4983665 (Attachments: # 1 Exhibit Illinois Certificate of Good Standing, # 2 Exhibit DC Certificate of Good Standing)(Notter, Kenneth) (Entered: 08/01/2022) |
| 08/01/2022 | 30 | AMENDED COMPLAINT against Richard A. Posner, filed by Brian Vukadinovich. (Attachments: # 1 Exhibit, # 2 Envelope)(shk) (Entered: 08/01/2022) |
| 08/02/2022 | 31 | ORDER granting 29 Application to Appear Pro Hac Vice of Attorney Kenneth E Notter PHV, III for Richard A. Posner. Signed by Magistrate Judge Joshua P Kolar on 8/2/2022. (ace) (Entered: 08/03/2022) |
| 08/08/2022 | 32 | ORDER FOR JUDGE THERESA L SPRINGMANN: The Court DENIES as MOOT 21 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM per the filing of 30 Amended complaint. (Copy mailed to pro se party)(rs) (Entered: 08/08/2022) |
| 08/22/2022 | 33 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Richard A. Posner. (Molo PHV, Steven) (Entered: 08/22/2022) |
| 08/22/2022 | 34 | MEMORANDUM in Support of 33 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Richard A. Posner. (Attachments: # 1 Affidavit of Justin M. Ellis)(Molo PHV, Steven) (Entered: 08/22/2022) |
| 08/22/2022 | 35 | MAGISTRATE JUDGE CONSENT FORMS sent to all parties. Magistrate Consent forms due by 9/12/2022. cc: Pro se pltf (tc) (Entered: 08/22/2022) |
| 09/12/2022 | 36 | RESPONSE to Motion re 33 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM titled Plaintiff's Memorandum Response in Opposition to Motion to Dismiss Complaint filed by Brian Vukadinovich. (Attachments: # 1 Cover Letter, # 2 Envelope)(jdb) (Entered: 09/13/2022) |
| 09/12/2022 | 37 | AFFIDAVIT of Brian Vukadinovich by Brian Vukadinovich. (jdb) (Entered: 09/13/2022) |
| 09/12/2022 | 38 | MOTION for Judicial Notice by Plaintiff Brian Vukadinovich. (jdb) (Entered: 09/13/2022) |
| 09/26/2022 | 39 | REPLY to Response to Motion re 33 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Richard A. Posner. (Molo PHV, Steven) (Entered: 09/26/2022) |
| 09/30/2022 | 40 | MOTION for Judicial Notice, by Plaintiff Brian Vukadinovich. (Attachments: # 1 Cover Letter, # 2 Envelope)(shk) (Entered: 09/30/2022) |
| 09/30/2022 | 41 | OBJECTION to Defendant's Request for a Judicial Notice, by Brian Vukadinovich. (Attachments: # 1 Envelope)(shk) (Entered: 09/30/2022) |
| 10/12/2022 | 42 | RESPONSE to Motion re 40 MOTION for Judical Notice filed by Richard A. Posner. (Molo PHV, Steven) (Entered: 10/12/2022) |

| 10/17/2022 | 43 | REPLY to Response to Motion re 40 MOTION for Judical Notice filed by Brian Vukadinovich. (Attachments: # 1 Cover Letter, # 2 Envelope)(jdb) (Entered: 10/17/2022) |
|---|---|---|
| 02/17/2023 | 44 | MOTION for Judicial Notice by Plaintiff Brian Vukadinovich. (Attachments: # 1 Letter, # 2 Envelope)(jdb) (Entered: 02/21/2023) |
| 02/22/2023 | 45 | RESPONSE to Motion re 44 MOTION for Judicial Notice filed by Richard A. Posner. (Molo PHV, Steven) (Entered: 02/22/2023) |
| 02/27/2023 | 46 | REPLY to Response to Motion re 44 MOTION for Judicial Notice filed by Brian Vukadinovich. (Attachment: # 1 Envelope). (nhc) (Entered: 02/28/2023) |
| 04/19/2023 | 47 | Plaintiff's MEMORANDUM to Court Regarding Inordinate Time for Ruling by Brian Vukadinovich. (Attachments: # 1 Cover Letter, # 2 Envelope). (nal) (Entered: 04/20/2023) |
| 05/08/2023 | 48 | MOTION for Audit and Freezing of Defendant's Assets, by Plaintiff Brian Vukadinovich. (Attachments: # 1 Envelope, # 2 Cover letter)(shk) (Entered: 05/09/2023) |
| 05/08/2023 | 49 | MEMORANDUM of Law in Support of 48 MOTION for Audit and Freezing of Defendant's Assets, filed by Brian Vukadinovich. (Attachments: # 1 Envelope)(shk) (Entered: 05/09/2023) |
| 05/10/2023 | 50 | ORDER: The Court REFERS the Defendant's Motion to Dismiss 33 to the Honorable Joshua P. Kolar, United States Magistrate Judge, for a Report and Recommendation. This referral is for any dispositive matters that may arise in the instant Motion to Dismiss 33 , and it includes the three pending Motions for Judicial Notice 38 , 40 , and 44 that relate to the Motion to Dismiss. Judge Kolar remains free to rule on any non−dispositive matter. The Court's review of the Report and Recommendation will be governed by 28 U.S.C. § 636(b)(1)(C). Signed by Judge Theresa L Springmann on 5/10/2023. (Copy mailed to pro se party)(mrm) (Entered: 05/10/2023) |
| 05/11/2023 | 51 | **DISREGARD per Order DE 58 ** ORDER. The Court gives the parties up to and including May 26, 2023, to file a response, if any, to the ex parte communication. Signed by Judge Theresa L Springmann on 5/11/2023. (Copy mailed to pro se party)(rs) Modified on 5/30/2023 to disregard (mrm). (Entered: 05/11/2023) |
| 05/17/2023 | 52 | MOTION for Disqualification and Recusal of Judge Theresa L. Springmann by Plaintiff Brian Vukadinovich. (Attachments: # 1 Envelope, # 2 Cover Letter). (nal) (Entered: 05/17/2023) |
| 05/17/2023 | 53 | MEMORANDUM in Support of 52 Motion for Disqualification and Recusal filed by Brian Vukadinovich. (nal) (Entered: 05/17/2023) |
| 05/17/2023 | 54 | RESPONSE to Ex Parte Communication by Brian Vukadinovich. (nal) (Entered: 05/17/2023) |
| 05/19/2023 | 55 | RESPONSE to Motion re 48 MOTION for Audit and Freezing of Defendant's Assets filed by Richard A. Posner. (Molo PHV, Steven) (Entered: 05/19/2023) |
| 05/19/2023 | 56 | ORDER denying 52 Motion for Disqualification and Recusal. Signed by Judge Theresa L Springmann on 5/19/23. (Copy mailed to pro se party). (nal) (Entered: 05/19/2023) |
| 05/23/2023 | 57 | |

| | | |
|---|---|---|
| | | STATEMENT *Regarding Ex Parte Communication* re <u>51</u> Order filed by Richard A. Posner. (Molo PHV, Steven) (Entered: 05/23/2023) |
| 05/30/2023 | <u>58</u> | ORDER: The Court DISREGARDS the ex parte communication included in its 5/11/2023 Order as outlined. Signed by Judge Theresa L Springmann on 5/30/2023. (Copy mailed to pro se party)(mrm) (Entered: 05/30/2023) |
| 05/31/2023 | <u>59</u> | Plaintiff's REPLY to Defendant's Response to Plaintiff's Motion re <u>48</u> for Audit and Freezing of Defendant's Assets filed by Brian Vukadinovich. (Attachments: # <u>1</u> Cover Letter, # <u>2</u> Envelope). (nhc) (Entered: 06/02/2023) |
| 05/31/2023 | <u>60</u> | AFFIDAVIT of Brian Vukadinovich. (nhc) (Entered: 06/02/2023) |
| 06/20/2023 | <u>61</u> | MOTION to Amend/Correct <u>30</u> Amended Complaint by Plaintiff Brian Vukadinovich. (Attachments: # <u>1</u> Cover Letter, # <u>2</u> Second Amended Complaint, # <u>3</u> Envelope) (jdb) (Entered: 06/21/2023) |
| 06/21/2023 | <u>62</u> | FINDINGS, REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. § 636(b)(1)(B) & (C): The Court RECOMMENDS that Defendants' Motion to Dismiss [DE 33] be GRANTED IN PART AND DENIED IN PART, with the Court granting the motion as to Count II and denying it as to Counts I and III. The Court further RECOMMENDS that Plaintiff's first and third Motions for Judicial Notice [DE 38, 44] be GRANTED IN PART AND DENIED IN PART, as specified in Sections I,B,1 and I,B,3 of this Report and Recommendation, and that Plaintiff's second Motion for Judicial Notice [DE 40] be DENIED. Signed by Magistrate Judge Joshua P Kolar on 6/21/2023. cc: Pro se pltf (tc) (Entered: 06/21/2023) |
| 06/30/2023 | <u>63</u> | RESPONSE to Motion re <u>61</u> MOTION to Amend/Correct <u>30</u> Amended Complaint filed by Richard A. Posner. (Attachments: # <u>1</u> Affidavit of Justin M. Ellis)(Molo PHV, Steven) (Entered: 06/30/2023) |
| 07/03/2023 | <u>64</u> | OPINION AND ORDER: Plaintiff's Motion For Audit And Freezing Of Defendants Assets <u>48</u> is DENIED. Signed by Magistrate Judge Joshua P Kolar on 6/3/2023. (Copy mailed to pro se party) (rmf) (Entered: 07/05/2023) |
| 07/05/2023 | <u>65</u> | OBJECTION to <u>62</u> Report and Recommendations by Richard A. Posner. (Molo PHV, Steven) (Entered: 07/05/2023) |
| 07/11/2023 | <u>66</u> | REPLY to Response to Motion re <u>61</u> MOTION to Amend/Correct <u>30</u> Amended Complaint filed by Brian Vukadinovich. (Attachment: # <u>1</u> Envelope) (jdb) (Entered: 07/12/2023) |
| 07/12/2023 | <u>67</u> | Plaintiff's Partial OBJECTION to <u>62</u> Report and Recommendations by Brian Vukadinovich. (Attachments: # <u>1</u> Cover Letter, # <u>2</u> Envelope)(jdb) (Entered: 07/14/2023) |
| 07/19/2023 | <u>68</u> | RESPONSE by Brian Vukadinovich to <u>65</u> Objection to Report and Recommendations titled Plaintiff's Response to Defendant's Partial Objection to Magistrate Judge Kolar's Report and Recommendation. (Attachments: # <u>1</u> Cover Letter, # <u>2</u> Envelope) (jdb) (Entered: 07/19/2023) |
| 07/24/2023 | <u>69</u> | RESPONSE by Richard A. Posner to <u>67</u> Objection to Report and Recommendations . (Molo PHV, Steven) (Entered: 07/24/2023) |
| 07/28/2023 | <u>70</u> | |

| | | |
|---|---|---|
| | | RULE 12(f) MOTION to Strike 69 Response/Reply titled Motion to Strike Defendant's Insufficient Defense by Plaintiff Brian Vukadinovich. (Attachments: # 1 Cover Letter, # 2 Envelope)(jdb) (Entered: 07/28/2023) |
| 07/28/2023 | 71 | BRIEF in Support of 70 RULE 12(f) MOTION to Strike 69 Response/Reply titled Plaintiff's Brief in Support of Motion to Strike Defendant's Insufficient Defense in Mischaracterizing the Governing Statute and Federal Rule of Procedure filed by Brian Vukadinovich. (Attachments: # 1 Cover Letter, # 2 Envelope) (jdb) (Entered: 07/28/2023) |
| 08/09/2023 | 72 | RESPONSE to Motion re 70 RULE 12(f) MOTION to Strike 69 Response/Reply filed by Richard A. Posner. (Molo PHV, Steven) (Entered: 08/09/2023) |
| 08/14/2023 | 73 | REPLY to Response to Motion re 70 RULE 12(f) MOTION to Strike 69 Response/Reply filed by Brian Vukadinovich. (Attachments: # 1 Cover Letter, # 2 Envelope)(jdb) (Entered: 08/14/2023) |
| 09/25/2023 | 74 | OPINION AND ORDER: The Court hereby OVERRULES the Defendant's Objections 65 , OVERRULES the Plaintiff's Objections 67 , and ACCEPTS the Report and Recommendation 62 with a MODIFICATION. The Court GRANTS in part and DENIES in part the Defendant's Motion to Dismiss 33 and DISMISSES the Amended Complaint's 30 Count II (fraud claim) without prejudice. The Court DENIES as moot the Motions for Judicial Notice 38 , 40 , 44 ; DENIES without prejudice the Motion for Leave 61 ; and DENIES the Motion to Strike 70 . The Court GRANTS the Plaintiff up to and including 10/18/2023, to file a renewed motion for leave to file a second amended complaint with the updated, proposed second amended complaint attached. Signed by Judge Theresa L Springmann on 09/25/2023. (Copy mailed to pro se party) (jdb) (Entered: 09/25/2023) |
| 10/02/2023 | 75 | ORDER: Telephonic Rule 16 Preliminary Pretrial Conference set for 11/2/2023 11:30 AM (Central time) before Magistrate Judge Joshua P Kolar. Parties are instructed to dial 833−568−8864, enter Meeting ID 161 2255 6691 and passcode 252788 to join the conference. A proposed Discovery Plan under Federal Rule of Civil Procedure 26(f) to be filed no later than five (5) business days prior to the pretrial conference. Signed by Magistrate Judge Joshua P Kolar on 10/2/2023. (Copy mailed to pro se party)(tc) (Entered: 10/02/2023) |
| 10/09/2023 | 76 | Joint MOTION to Extend Deadline for Rule 26(f) Conference by Defendant Richard A. Posner. (Ellis, Justin) (Entered: 10/09/2023) |
| 10/10/2023 | 77 | ORDER: The Court GRANTS 76 Joint Motion To Extend Deadline To Hold Rule 26(f) Conference. The deadline for the parties to hold their Rule 26(f) conference is EXTENDED to October 20, 2023. Approved by Magistrate Judge Joshua P Kolar on 10/10/2023. Text entry order. cc: pro se party (tc) (Entered: 10/10/2023) |
| 10/10/2023 | 78 | ANSWER to 30 Amended Complaint by Richard A. Posner.(Ellis, Justin) (Entered: 10/10/2023) |
| 10/18/2023 | 79 | WITHDRAWN RE 116 ORDER: MOTION to Strike 78 Answer to Amended Complaint titled Motion to Strike Defendant's Untimely Answer to Amended Complaint and Insufficient Defenses by Plaintiff Brian Vukadinovich. (Attachment: # 1 Envelope)(jdb) Modified on 1/22/2024 (tc). (Entered: 10/19/2023) |
| 10/18/2023 | 80 | BRIEF in Support of 79 MOTION to Strike 78 Answer to Amended Complaint filed by Brian Vukadinovich, Richard A. Posner. (Attachment: # 1 Envelope)(jdb) |

| | | |
|---|---|---|
| | | (Entered: 10/19/2023) |
| 10/20/2023 | 81 | ORDER: This matter is before the Court sua sponte. The Court gives the parties up to and including 11/1/23 to file a response, if any, to the attached ex parte communication. The parties are reminded of the Rule 16 Preliminary Pretrial Conference set for 11/2/23 and the requirement of filing a planning report no later than 10/26/23. The 79 Motion to Strike is TAKEN UNDER ADVISEMENT, with further briefing STAYED pending any filing in response to this Order. The Court anticipates addressing the 79 Motion to Strike and the filing of a response thereto at the Rule 16 Conference. Signed by Magistrate Judge Joshua P Kolar on 10/20/23. (Copy mailed to pro se party). (nal) (Entered: 10/20/2023) |
| 10/23/2023 | | Set Deadlines per 81 Response to ex parte communication, if any, due by 11/1/23. (nal) (Entered: 10/23/2023) |
| 10/25/2023 | 82 | REPORT of Rule 26(f) Planning Meeting. (Attachments: # 1 Exhibit 1 (Proposed Protective Order), # 2 Exhibit 2 (Proposed Rule 502 Order), # 3 Exhibit 3 (Proposed Deposition Protocol))(Ellis, Justin) (Entered: 10/25/2023) |
| 10/30/2023 | 83 | STATEMENT *Regarding Ex Parte Communication* re 81 Order,, filed by Richard A. Posner. (Ellis, Justin) (Entered: 10/30/2023) |
| 10/30/2023 | 84 | RESPONSE to Second Ex Parte Communicatin by Brian Vukadinovich to 81 Order. (Attachments: # 1 Cover Letter, # 2 Envelope)(jdb) (Entered: 11/01/2023) |
| 11/02/2023 | | TELEPHONIC STATUS CONFERENCE held on 11/2/2023, before Magistrate Judge Joshua P Kolar. Pla appeared pro se. Dft appeared by attys Kenneth Notter, Justin Ellis. Parties directed to file contemporaneous briefs on the issues of bifurcation by 11/16/2023. Rule 16 preliminary pretrial conference to be set by separate order. Parties to file a joint status report prior to that conference. cc: Vukadinovich. (Tape #ZOOM 6.) (tc) (Entered: 11/02/2023) |
| 11/03/2023 | 85 | ORDER: In Person Rule 16 Preliminary Pretrial Conference set for 12/14/2023 09:00 AM Central time in US District Court − Hammond before Magistrate Judge Joshua P Kolar. By Magistrate Judge Joshua P Kolar on 11/3/2023. Text entry order. (Copy mailed to pro se party)(tc) (Entered: 11/03/2023) |
| 11/15/2023 | 87 | PLAINTIFF'S BRIEF ON THE ISSUES OF BIFURCATION OF DISCOVERY by Brian Vukadinovich (Attachment: # 1 Envelope) (jdb) (Entered: 11/16/2023) |
| 11/16/2023 | 86 | STATEMENT *in Support of Bifurcation* filed by Richard A. Posner. (Attachments: # 1 Affidavit of Justin M. Ellis, # 2 Exhibit A)(Ellis, Justin) (Entered: 11/16/2023) |
| 12/06/2023 | 88 | ORDER: The Court gives the parties up to and including 12/15/2023, to file a response, if any, to the ex parte communication. Signed by Magistrate Judge Joshua P Kolar on 12/06/2023. (Copy mailed to pro se party) (jdb) (Entered: 12/06/2023) |
| 12/11/2023 | 89 | REPORT of Rule 26(f) Planning Meeting. (Attachments: # 1 Exhibit 1 (Proposed Protective Order), # 2 Exhibit 2 (Proposed Rule 502 Order))(Ellis, Justin) (Entered: 12/11/2023) |
| 12/14/2023 | 90 | RULE 16 PRELIMINARY PRETRIAL CONFERENCE held on 12/14/2023, before Magistrate Judge Joshua P Kolar. Pla appeared pro se. Dft appeared by attys David Beach, Kenneth Notter, Justin Ellis. The Report filed as DE 89 is ADOPTED as follows: Initial Disclosures to be exchanged by 12/21/2023. The parties are excused from compliance with the discovery filing requirement of Local Rule 26−2(a)(2)(A) |

| | | |
|---|---|---|
| | | unless directed otherwise by order of the Court. The Court accepts Pltf's submission of Exhibits A and A−1 (copies of email(s)) on the issue of bifurcation. Parties are to file supplemental briefs on the bifurcation issue by 1/10/2024. Interim discovery limited to Defendant's statute of limitations and statute of fraud affirmative defenses to begin immediately, with the Court to issue a written opinion and order on the bifurcation issue following the parties' supplemental filings. Interim discovery may include production of ESI but not depositions. Plaintiff's objections to the proposed protective order have been considered and are OVERRULED. Defendant's request for entry of protective order is GRANTED. Protective order will be entered separately. Defendant's request for entry of proposed order under Fed. R. Evid. 502(d) is TAKEN UNDER ADVISEMENT. Given that the proposed Rule 502(d) order is opposed by Plaintiff, the Court will not rule on said request unless and until the parties address the legal and factual bases for such order as pertaining to this specific case in a written supplemental filing. As to the manner and form of ESI production by Plaintiff, the parties appeared to reach an agreement during the hearing regarding the use of a third−party vendor, the costs of which would be borne by Defendant (reserving the right to seek reimbursement as an element of costs should he prevail in the case). The Court APPROVES and ADOPTS said agreement and DIRECTS the parties to meet and confer to resolve any remaining issues as to how to proceed with said ESI production. Defendant may produce ESI to Plaintiff by placing responsive material on thumb drives to be mailed to Plaintiff. ESI may be produced in native format as it is kept in the ordinary course of business, provided that it does not impose any undue burden on Plaintiff. If, following said production, Plaintiff determines that it would be unduly burdensome for him to work with the produced ESI in its native format, the parties are DIRECTED to meet and confer over how to resolve the issue. If no resolution is reached, the parties shall file a joint motion setting forth their respective positions, including proposed solutions. All other disputed issues concerning discovery set forth in the Report are continued for later resolution. All agreements of the parties concerning discovery as set forth in the Report are adopted. The Court continues the stay on further briefing on Plaintiff's Motion to Strike 79 for an additional thirty days to allow Plaintiff to consider whether to withdraw said motion. cc: Pro se pltf (Tape #FTR GOLD.) (tc) (Entered: 12/14/2023) |
| 12/14/2023 | 91 | RESPONSE to Third Ex Parte Communication by Brian Vukadinovich. (rmf) (Entered: 12/14/2023) |
| 12/14/2023 | 92 | STATEMENT *Regarding Ex Parte Communication* filed by Richard A. Posner. (Ellis, Justin) (Entered: 12/14/2023) |
| 12/15/2023 | 93 | PROTECTIVE ORDER. Signed by Magistrate Judge Joshua P Kolar on 12/15/23. (Copy mailed to pro se party) (nal) (Entered: 12/15/2023) |
| 12/27/2023 | 94 | MOTION for Sanctions for Perjury Committed by Defendant's Attorney Justin M Ellis, by Plaintiff Brian Vukadinovich. (Attachments: # 1 Cover letter, # 2 Envelope)(shk) (Entered: 12/28/2023) |
| 12/27/2023 | 95 | MEMORANDUM of Law in Support of 94 MOTION for Sanctions, filed by Brian Vukadinovich. (Attachments: # 1 Envelope)(shk) (Entered: 12/28/2023) |
| 12/27/2023 | 96 | MOTION for Review of Magistrate Judge Decision by a District Judge (document titled: Plaintiff's Objection to Magistrate Judge Kolar's Rulings as to Phased Discovery) re 90 Rule 16 Preliminary Pretrial Conference, by Plaintiff Brian Vukadinovich. (Attachments: # 1 Envelope)(shk) (Entered: 12/28/2023) |

| 12/29/2023 | 97 | MOTION for Extension of Time to File Response/Reply as to 96 MOTION for Review of Magistrate Judge Decision by a District Judge re 90 Rule 16 Preliminary Pretrial Conference,,,,,,,,,,,, Set Deadlines,,,,,,,,,,,, 94 MOTION for Sanctions by Defendant Richard A. Posner. (Ellis, Justin) (Entered: 12/29/2023) |
|---|---|---|
| 01/02/2024 | 98 | ORDER: Finding good cause shown, the Court CONDITIONALLY GRANTS 97 Defendant's Opposed Motion For Extension Of Time To Respond To Plaintiff's Sanctions Motion And Objections To Phased Discovery. The deadline for Defendant's responses to the two motions [ 94 , 96 ] is CONDITIONALLY EXTENDED to 1/23/24. In light of Plaintiff's objection as indicated in Defendant's motion, this extension is subject to reconsideration should Plaintiff state his objections in a filing made on or before 1/16/24. In no event will this extension be modified to any period shorter than three business days following the Court's ruling on any objection filed by Plaintiff. Approved by Magistrate Judge Joshua P Kolar on 1/2/2024. Text entry order. (Copy mailed to pro se party)(tc) (Entered: 01/02/2024) |
| 01/02/2024 | 100 | Plaintiff's MOTION to Stay Discovery Proceedings by Plaintiff Brian Vukadinovich. (Attachment: # 1 Envelope). (nhc) (Entered: 01/03/2024) |
| 01/02/2024 | 101 | Plaintiff's Supplemental BRIEF on the Bifurcation Issue by Brian Vukadinovich. (nhc) (Entered: 01/03/2024) |
| 01/02/2024 | 102 | Certification of Compliance with Loal Rule 37−1 by Brian Vukadinovich. (nhc) (Entered: 01/03/2024) |
| 01/03/2024 | 99 | ORDER: The Court gives the parties up to and including 01/12/2024, to file a response, if any, to the ex parte communication. Signed by Magistrate Judge Joshua P Kolar on 01/03/2024. (Copy mailed to pro se party) (jdb) (Entered: 01/03/2024) |
| 01/04/2024 | 103 | STATEMENT *regarding Ex Parte Communication* regarding 99 Order, Set Deadlines. (Ellis, Justin) (Entered: 01/04/2024) |
| 01/05/2024 | 104 | TRANSCRIPT of RULE 16 PRELIMINARY PRETRIAL CONFERENCE held on December 14, 2023, before Magistrate Judge Joshua P Kolar. Court Reporter Ashley N. Stokes, Telephone 219−852−6557, E−mail ashley_stokes@innd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request − Transcript shall be e−filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.** |

| | | Notice of Intent to Redact due 1/12/2024. Redaction Request due 1/26/2024. Redacted Transcript Deadline set for 2/5/2024. Release of Transcript Restriction set for 4/4/2024. (as) (Entered: 01/05/2024) |
|---|---|---|
| 01/05/2024 | 105 | Request for Explanations of Magistrate Judge's Sua Sponte Comment for Plaintiff to Consider Withdrawal of His Motion to Strike Defendant's Untimely Answer re 78 Answer to Amended Complaint by Plaintiff Brian Vukadinovich. (Attachments: # 1 Cover Letter, # 2 Envelope)(jdb) (Entered: 01/08/2024) |
| 01/05/2024 | 106 | RESPONSE to Motion re 97 MOTION for Extension of Time to File Response/Reply as to 96 MOTION for Review of Magistrate Judge Decision by a District Judge re 90 Rule 16 Preliminary Pretrial Conference, 94 MOTION for Sanctions titled Plaintiff's Response to Defendant's Motion for Extension of Time to Respond to Plaintiff's Sanctions Motion and Objections to Phased Discovery filed by Brian Vukadinovich. (Attachments: # 1 Cover Letter, # 2 Envelope)(jdb) (Entered: 01/08/2024) |
| 01/05/2024 | 107 | Plaintiff's Memo to Court Regarding Typos of Dates Submitted Within Previously Filed Document re 96 MOTION for Review of Magistrate Judge Decision by a District Judge re 90 Rule 16 Preliminary Pretrial Conference by Brian Vukadinovich (Attachments: # 1 Cover Letter, # 2 Envelope)(jdb) (Entered: 01/08/2024) |
| 01/10/2024 | 108 | STATEMENT *in Further Support of Bifurcation* re 86 Statement filed by Richard A. Posner. (Attachments: # 1 Affidavit of Justin M. Ellis, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Ellis, Justin) (Entered: 01/10/2024) |
| 01/10/2024 | 109 | RESPONSE to Motion re 100 MOTION to Stay filed by Richard A. Posner. (Attachments: # 1 Affidavit of Justin M. Ellis, # 2 Exhibit A)(Ellis, Justin) (Entered: 01/10/2024) |
| 01/10/2024 | 110 | STATEMENT *Regarding Rule 502(d) Order* re 90 Rule 16 Preliminary Pretrial Conference,,,,,,,,,,,,, Set Deadlines,,,,,,,,,,, filed by Richard A. Posner. (Attachments: # 1 Affidavit of Justin M. Ellis)(Ellis, Justin) (Entered: 01/10/2024) |
| 01/12/2024 | 111 | TRANSCRIPT of CONTINUATION of RULE 16 PRELIMINARY PRETRIAL CONFERENCE held on December 14, 2023, before Magistrate Judge Joshua P Kolar. Court Reporter Ashley N. Stokes, Telephone 219−852−6557, E−mail ashley_stokes@innd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request − Transcript shall be e−filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not** |

| | | |
|---|---|---|
| | | **review each transcript for compliance with this rule.**<br><br>Notice of Intent to Redact due 1/19/2024. Redaction Request due 2/2/2024. Redacted Transcript Deadline set for 2/12/2024. Release of Transcript Restriction set for 4/11/2024. (as) (Entered: 01/12/2024) |
| 01/16/2024 | 112 | RESPONSE to Motion re 79 MOTION to Strike 78 Answer to Amended Complaint filed by Richard A. Posner. (Attachments: # 1 Affidavit of Justin M. Ellis)(Ellis, Justin) (Entered: 01/16/2024) |
| 01/16/2024 | 113 | RESPONSE by Richard A. Posner to 105 MOTION Request for Explanations of Magistrate Judge's Sua Sponte Comment for Plaintiff to Consider Withdrawal of His Motion to Strike Defendant's Untimely Answer re 78 Answer to Amended Complaint . (Attachments: # 1 Affidavit of Justin M. Ellis, # 2 Exhibit A)(Ellis, Justin) (Entered: 01/16/2024) |
| 01/18/2024 | 114 | Plaintiff's Response to Defendant's Supplemental Memorandum in Support of Phased Discovery by Brian Vukadinovich. (Attachments: # 1 Cover Letter, # 2 Envelope) (rmf) (Entered: 01/19/2024) |
| 01/19/2024 | 115 | MOTION to Withdraw 79 MOTION to Strike 78 Answer to Amended Complaint titled Plaintiff's Motion to Withdraw Previously Filed Motion to Strike Defendant's Untimely Answer to Amended Complaint and Insufficient Defenses by Plaintiff Brian Vukadinovich. (Attachments: # 1 Cover, # 2 Envelope)(jdb) (Entered: 01/19/2024) |
| 01/22/2024 | 116 | ORDER: The Court GRANTS 115 Plaintiff's Motion To Withdraw Previously Filed Motion To Strike Defendant's Untimely Answer To Amended Complaint And Insufficient Defenses. The Court DIRECTS the Clerk to indicate on the docket that 79 has been WITHDRAWN. Approved by Magistrate Judge John E Martin on 1/22/2024. Text entry order. (Copy mailed to pro se party)(tc) (Entered: 01/22/2024) |
| 01/23/2024 | 117 | RESPONSE to Motion re 94 MOTION for Sanctions filed by Richard A. Posner. (Attachments: # 1 Exhibit Index, # 2 Affidavit of Justin M. Ellis, # 3 Exhibit A to Ellis Decl., # 4 Exhibit B to Ellis Decl., # 5 Exhibit C to Ellis Decl., # 6 Exhibit D to Ellis Decl., # 7 Exhibit E to Ellis Decl., # 8 Exhibit F to Ellis Decl., # 9 Exhibit G to Ellis Decl., # 10 Affidavit of Jennifer Doran, # 11 Exhibit A to Doran Decl., # 12 Affidavit of Harold Schwend)(Ellis, Justin) (Entered: 01/23/2024) |
| 01/23/2024 | 118 | RESPONSE to Motion re 96 MOTION for Review of Magistrate Judge Decision by a District Judge re 90 Rule 16 Preliminary Pretrial Conference,,,,,,,,,,, Set Deadlines,,,,,,,,,,, filed by Richard A. Posner. (Ellis, Justin) (Entered: 01/23/2024) |
| 01/24/2024 | 119 | ORDER: This matter is before the Court sua sponte. On January 20, 2024, the Court was copied on email correspondence relating to this case from a non−party individual. The Court will place the email on the record and will give the parties up to and including 2/2/24 to file a response, if any. The Court also reminds the parties and non−parties alike, that it does not accept motions that are emailed to the chambers mailbox. Signed by Magistrate Judge Joshua P Kolar on 1/24/24. (Copy mailed to pro se party). (nal) (Entered: 01/24/2024) |
| 01/29/2024 | 120 | STATEMENT *Regarding Third Party Communication* regarding 119 Order,,, Set Deadlines,,. (Ellis, Justin) (Entered: 01/29/2024) |
| 01/30/2024 | 121 | |

| | | STATEMENT *Jointly of the Parties Regarding eDiscovery*. (Ellis, Justin) (Entered: 01/30/2024) |
|---|---|---|
| 01/31/2024 | 122 | REPLY to Defendan'ts Response in Opposition to Plaintiff's 94 MOTION for Sanctions filed by Brian Vukadinovich. (Attachments: # 1 Cover Letter, # 2 Envelope) (rmf) (Entered: 02/01/2024) |
| 01/31/2024 | 123 | REPLY to Defendant's Response in Opposition to Plaintiff's Objection to Phased Discovery filed by Brian Vukadinovich. (Attachments: # 1 Envelope) (rmf) (Entered: 02/01/2024) |
| 02/02/2024 | | Judge update in case. Magistrate Judge John E Martin added. Magistrate Judge Joshua P Kolar no longer assigned to case.<br><br>**NOTICE:** Due to the backlog of cases caused by the pandemic and judicial vacancies, there is likely to be delay in the disposition of this case by a District Judge either by trial or other proceeding. The parties now have a second opportunity to consent to a Hammond magistrate judge to conduct any and all proceedings in this case, including entry of final judgment, in accordance with the provisions of 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule 72−1. Rather than the previous random assignment of a magistrate judge, the parties can select which magistrate judge (Magistrate Judges John Martin or Andrew Rodovich) they prefer to hear this case. All parties must agree on which magistrate judge will hear the case and file an Agreed Notice of Full Consent. Only one Agreed Notice of Full Consent should be filed for all parties in this case. Absent an agreement, the case will remain on the docket of the district judge and no party should report to the court or chambers the inability to reach an agreement. (ksc) (Entered: 02/02/2024) |
| 02/07/2024 | 124 | MOTION for Judicial Notice by Plaintiff Brian Vukadinovich. (Attachments: # 1 Cover Letter, # 2 Envelope). (nal) (Entered: 02/08/2024) |
| 02/07/2024 | 125 | MOTION for Judicial Notice by Plaintiff Brian Vukadinovich. (nal) (Entered: 02/08/2024) |
| 02/07/2024 | 126 | MOTION for Scheduling Order, Vacating of the Magistrate Judge's Discovery Rulings, and Setting of Trial Date by Plaintiff Brian Vukadinovich. (nal) (Entered: 02/08/2024) |
| 02/07/2024 | 127 | MEMORANDUM in Support of 126 Motion for Scheduling Order filed by Brian Vukadinovich. (nal) (Entered: 02/08/2024) |
| 02/16/2024 | 128 | MOTION for Sanctions by Defendant Richard A. Posner. (Ellis, Justin) (Entered: 02/16/2024) |
| 02/16/2024 | 129 | MEMORANDUM in Support of 128 MOTION for Sanctions filed by Richard A. Posner. (Attachments: # 1 Exhibit Index, # 2 Affidavit of Justin M. Ellis, # 3 Exhibit A to Ellis Decl., # 4 Exhibit B to Ellis Decl., # 5 Exhibit C to Ellis Decl., # 6 Exhibit D to Ellis Decl., # 7 Exhibit E to Ellis Decl., # 8 Exhibit F to Ellis Decl., # 9 Exhibit G to Ellis Decl., # 10 Exhibit H to Ellis Decl., # 11 Exhibit I to Ellis Decl., # 12 Exhibit J to Ellis Decl., # 13 Exhibit K to Ellis Decl., # 14 Exhibit L to Ellis Decl.)(Ellis, Justin) (Entered: 02/16/2024) |
| 02/16/2024 | 130 | AFFIDAVIT in Support re 128 MOTION for Sanctions filed by Richard A. Posner. (Attachments: # 1 Exhibit M to Ellis Decl., # 2 Exhibit N to Ellis Decl., # 3 Exhibit O to Ellis Decl., # 4 Exhibit P to Ellis Decl., # 5 Exhibit Q to Ellis Decl., # 6 Exhibit R |

| | | |
|---|---|---|
| | | to Ellis Decl., # 7 Exhibit S to Ellis Decl., # 8 Exhibit T to Ellis Decl., # 9 Exhibit U to Ellis Decl., # 10 Exhibit V to Ellis Decl., # 11 Exhibit W to Ellis Decl., # 12 Exhibit X to Ellis Decl., # 13 Exhibit Y to Ellis Decl., # 14 Exhibit Z to Ellis Decl., # 15 Exhibit AA to Ellis Decl.)(Ellis, Justin) (Entered: 02/16/2024) |
| 02/16/2024 | 131 | AFFIDAVIT in Support re 128 MOTION for Sanctions filed by Richard A. Posner. (Attachments: # 1 Exhibit BB to Ellis Decl., # 2 Exhibit CC to Ellis Decl., # 3 Exhibit DD to Ellis Decl., # 4 Exhibit EE to Ellis Decl., # 5 Exhibit FF to Ellis Decl., # 6 Exhibit GG to Ellis Decl., # 7 Exhibit HH to Ellis Decl., # 8 Exhibit II to Ellis Decl., # 9 Affidavit of Sakina Carbide, # 10 Exhibit A to Carbide Decl., # 11 Exhibit B to Carbide Decl.)(Ellis, Justin) (Entered: 02/16/2024) |
| 02/16/2024 | 132 | MOTION to Compel by Defendant Richard A. Posner. (Attachments: # 1 Affidavit of Justin M. Ellis, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Ellis, Justin) (Entered: 02/16/2024) |
| 02/20/2024 | 133 | RESPONSE to Motion re 124 MOTION, 125 MOTION filed by Richard A. Posner. (Ellis, Justin) (Entered: 02/20/2024) |
| 02/20/2024 | 134 | RESPONSE to Motion re 126 MOTION filed by Richard A. Posner. (Ellis, Justin) (Entered: 02/20/2024) |
| 02/26/2024 | 135 | REPLY to Defendant's Response in Opposition to Plaintiff's Motion re 124 MOTION for Judicial Notice, and 125 MOTION for Judicial Notice, filed by Brian Vukadinovich. (Attachments: # 1 Cover letter, # 2 Envelope)(shk) (Entered: 02/27/2024) |
| 02/26/2024 | 136 | REPLY to Defendant's Response in Opposition to Plaintiff's Motion re 126 MOTION for Scheduling Order, filed by Brian Vukadinovich. (Attachments: # 1 Cover Letter, # 2 Envelope)(shk) (Entered: 02/27/2024) |
| 02/28/2024 | 137 | ORDER/SET HEARING: Telephonic Status Conference set for 3/12/2023 11:30 AM Central before Magistrate Judge John E Martin. Parties are to call 833−568−8864; enter Meeting ID 161 0956 8055; Push # to skip Participant ID; enter Passcode 815985 when prompted. Text order entry. By Magistrate Judge John E Martin on 2/28/2024. (copy pro se party)(smb) Modified on 2/28/2024 to correct 11PM to 11AM.(smb). (Entered: 02/28/2024) |
| 02/28/2024 | | Correct Hearing time: Telephonic Status Conference set for 3/12/2024 11:30 AM before Magistrate Judge John E Martin. (smb) (Entered: 02/28/2024) |
| 03/01/2024 | 138 | ORDER/RESET HEARING: On oral motion of defense counsel, the Telephonic Status Conference on 3/12/2024 is reset to 3/14/2024 12:45 PM before Magistrate Judge John E Martin due to a scheduling conflict on 3/12/2024. Parties are to call 833−568−8864; enter Meeting ID 161 0956 8055; Push # to skip Participant ID; enter Passcode 815985 when prompted. Text order entry. By Magistrate Judge John E Martin on 3/1/2024. (Copy mailed to pro se party)(smb) (Entered: 03/01/2024) |
| 03/06/2024 | 139 | RESPONSE to Defendant's Motion re 132 MOTION to Compel , Response to Interrogatories, filed by Brian Vukadinovich. (shk) (Entered: 03/07/2024) |
| 03/06/2024 | 140 | Memorandum RESPONSE in Opposition to Defendant's re 128 MOTION for Sanctions filed by Brian Vukadinovich. (shk) (Entered: 03/07/2024) |
| 03/06/2024 | 141 | AFFIDAVIT of Brian Vukadinovich with exhibits, by Brian Vukadinovich. (shk) (Entered: 03/07/2024) |

| 03/06/2024 | 142 | MOTION to Strike Conclusory Statements within Declaration of Sakina Carbide, by Plaintiff Brian Vukadinovich. (shk) (Entered: 03/07/2024) |
|---|---|---|
| 03/06/2024 | 143 | MEMORANDUM in Support of 142 MOTION to Strike, filed by Brian Vukadinovich. (shk) (Entered: 03/07/2024) |
| 03/06/2024 | 144 | MOTION for Evidentiary Hearing, by Plaintiff Brian Vukadinovich. (shk) (Entered: 03/07/2024) |
| 03/06/2024 | 145 | MEMORANDUM in Support of 144 MOTION for Evidentiary Hearing, filed by Brian Vukadinovich. (shk) (Entered: 03/07/2024) |
| 03/08/2024 | 146 | REPLY to Response to Motion re 132 MOTION to Compel filed by Richard A. Posner. (Attachments: # 1 Exhibit Index, # 2 Affidavit of Justin M. Ellis, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E)(Ellis, Justin) (Entered: 03/08/2024) |
| 03/13/2024 | 149 | REPLY to Response to Motion re 128 MOTION for Sanctions filed by Richard A. Posner. (Attachments: # 1 Exhibit Index, # 2 Affidavit of Justin M. Ellis, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E)(Ellis, Justin) (Entered: 03/13/2024) |
| 03/14/2024 | 150 | TELEPHONE CONFERENCE held 3/14/2024 before Magistrate Judge John E Martin. Pla Brian Vukadinovich appeared pro se. Dft appeared by attys David Beach, Kenneth Notter, Justin Ellis. No exparte communication is to be made with the Court or staff, and no further emails are to be sent to the chambers email address. All scheduling concerns are to be made via written motion. The Court will require written motion practice for discovery disputes that cannot be resolved in advance. Discovery ordered BIFURCATED. Telephonic Status Conference set for 4/24/2024 10:00 AM Central before Magistrate Judge John E Martin. Parties are to call 833−568−8864; enter Meeting ID 161 0956 8055; Push # to skip Participant ID; enter Passcode 815985 when prompted. Court makes rulings on disputes and pending motions which will be itemized in a separate written order to follow. (Court Reporter Tammy Vandervort) (copy to pro se party) (smb) (Entered: 03/15/2024) |
| 03/14/2024 | 151 | MINUTE ORDER denying 100 Pla Motion to Stay Discovery Proceedings; finding moot 105 Pla Motion requesting explanation; denying 124 Pla Motion for Judicial Notice; 125 Pla Motion for Judicial Notice; finding moot 126 Pla Motion for scheduling order; granting 132 Defend Motion to Compel Responses to Interrogatories. Pla to provide complete responses to Interogs 4 and 10 by 3/25/2024. Discovery on first phase of discovery addressing statute of limitations and statute of frauds must be completed by 5/13/2024. Def to file any motion with respect to whether breach of contract and/or unjust enrichment claims are barred by the applicable statute of limitations by 6/14/2024. Letters at 147 and 148 are stricken. Signed by Magistrate Judge John E Martin on 3/14/2024. (Copy mailed to pro se party)(smb) (Entered: 03/15/2024) |
| 03/20/2024 | 152 | RESPONSE to Motion re 144 MOTION for Hearing filed by Richard A. Posner. (Ellis, Justin) (Entered: 03/20/2024) |
| 03/20/2024 | 153 | RESPONSE to Motion re 142 MOTION to Strike filed by Richard A. Posner. (Ellis, Justin) (Entered: 03/20/2024) |
| 03/27/2024 | 154 | REPLY to Defendant's Response in Opposition to Plaintiff's 144 Motion for Evidentiary Hearing filed by Brian Vukadinovich. (rmf) (Entered: 03/28/2024) |

| 03/27/2024 | 155 | REPLY to Defendant's Response in Opposition to Plaintiff's 142 Motion to Strike Statements in Sakina Carbide's Declaration filed by Brian Vukadinovich. (rmf) (Entered: 03/28/2024) |
| --- | --- | --- |
| 04/01/2024 | 156 | STATEMENT *Regarding eDiscovery* filed by Richard A. Posner. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Ellis, Justin) (Entered: 04/01/2024) |
| 04/01/2024 | 157 | Defendant's NOTICE *Regarding Plaintiff's Special Master Selection* filed by Richard A. Posner. (Ellis, Justin) Modified on 4/2/2024 to edit title of document(ash). (Entered: 04/01/2024) |
| 04/02/2024 | 158 | Joint MOTION to Amend/Correct 156 Statement *Regarding eDiscovery* by Defendant Richard A. Posner. (Attachments: # 1 Corrected Supplemental Joint Statement Regarding eDiscovery, # 2 Exhibit A to Joint Statement, # 3 Exhibit B to Joint Statement)(Ellis, Justin) (Entered: 04/02/2024) |
| 04/05/2024 | 159 | Plaintiff's Partial Objections to Magistrate Judge John E. Martin's Order as to Phased Discovery, Judicial Notice, and Request for Schedule Order 150 , 151 by Plaintiff Brian Vukadinovich. (rmf) (Entered: 04/10/2024) |
| 04/16/2024 | 160 | TRANSCRIPT of Status/Motion Hearing held on 03/14/2024, before Magistrate Judge John E Martin. Court Reporter Tamara Vandervort, E−mail tamara_vandervort@innd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request − Transcript shall be e−filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Notice of Intent to Redact due 4/23/2024. Redaction Request due 5/7/2024. Redacted Transcript Deadline set for 5/17/2024. Release of Transcript Restriction set for 7/15/2024. (Vandervort, Tamara) (Entered: 04/16/2024) |
| 04/19/2024 | 161 | RESPONSE to Motion re 159 MOTION for Review of Magistrate Judge Decision by a District Judge re 151 Order filed by Richard A. Posner. (Ellis, Justin) Modified on 4/22/2024 to clean up docket text (sej). (Entered: 04/19/2024) |
| 04/23/2024 | 162 | REPLY to Defendant's Response in Opposition to 159 Plaintiff's Objection to Judge Martin's Order filed by Brian Vukadinovich. (rmf) (Entered: 04/23/2024) |
| 04/23/2024 | 163 | ORDER directing Clerk to place a copy of the 4/19/2024 email and its attachment received by Plaintiff on the docket as part of the record in this case. Court STRIKES the email and accompanying letter and CAUTIONS Plaintiff that failure to comply |

| | | |
|---|---|---|
| | | with the Courts Rules and Orders may result in sanctions. Signed by Magistrate Judge John E Martin on 4/23/2024. (Copy mailed to pro se party)(smb) (Entered: 04/23/2024) |
| 04/23/2024 | 164 | (Stricken) Letter to the Court dated 4/19/2024 with accompanying letter from Brian Vukadinovich. (smb) (Entered: 04/23/2024) |
| 04/24/2024 | 165 | TELEPHONE CONFERENCE held 4/24/2024 before Magistrate Judge John E Martin. Pla Brian Vukadinovich appeared pro se. Dfts appeared by attys David Beach, Justin Ellis. Court gives direction on pending issues that will be memorialized in a written order to follow. (#FTR.) (copy to pro se party) (smb) (Entered: 04/24/2024) |
| 04/24/2024 | 166 | MINUTE ORDER granting 158 Joint Motion to Correct Supplemental Joint Statement Regarding EDiscovery. Any motion requesting more time for the first phase of discovery to be filed by 4/30/2024 with Response due by 5/6/2024. Telephonic Status Conference set for 5/30/2024 11:00 AM Central before Magistrate Judge John E Martin. Parties are to call 833−568−8864; enter Meeting ID 161 0956 8055; Push # to skip Participant ID; enter Passcode 815985 when prompted. Parties are to refer to the attached order for additional findings and directives. Signed by Magistrate Judge John E Martin on 4/24/2024. (Copy mailed to pro se party)(smb) (Entered: 04/24/2024) |
| 04/25/2024 | 167 | MOTION for Extension of Time to Complete Discovery *and for Expedited Briefing* by Defendant Richard A. Posner. (Attachments: # 1 Exhibit Index, # 2 Affidavit of Justin M. Ellis, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F)(Ellis, Justin) (Entered: 04/25/2024) |
| 04/25/2024 | 168 | SPECIAL MASTER ORDER: The Court ORDERS that Cimplifi is appointed as a special master under Federal Rule of Civil Procedure 53 to collect electronically stored information ("ESI") in Plaintiff's possession, make the ESI available to Plaintiff for Plaintiff's review, and produce ESI to Defendant that Plaintiff permits or the Court orders the special master to produce. Signed by Magistrate Judge John E Martin on 04/25/2024. (Copy mailed to pro se party)(jdb) (Entered: 04/26/2024) |
| 04/25/2024 | 169 | RULE 502(D) ORDER: The Court ORDERS regarding the request to enter an order governing inadvertent disclosure of privileged information outlined as follows. Signed by Magistrate Judge John E Martin on 04/25/2024. (Copy mailed to pro se party)(jdb) (Entered: 04/26/2024) |
| 04/26/2024 | 170 | ORDER: The Court TAKES UNDER ADVISEMENT Defendants' (sic) Motion to Extend the First Phase of Discovery and for Expedited Briefing 167 but GRANTS the request for expedited response and ORDERS Plaintiff Vukadinovich to file his response to the motion, if any, by 05/02/2024. Signed by Magistrate Judge John E Martin on 04/26/2024. (Copy mailed to pro se party) (jdb) (Entered: 04/26/2024) |
| 04/26/2024 | 171 | Certification of Compliance with Local Rule 37−1 filed by Brian Vukadinovich. (rmf) Modified on 4/30/2024 to correct title of document (rmf). (Entered: 04/29/2024) |
| 04/26/2024 | 172 | MOTION to Compel by Plaintiff Brian Vukadinovich. (rmf) (Entered: 04/29/2024) |
| 04/26/2024 | 173 | MEMORANDUM of Law in Support of 172 MOTION to Compel Discovery filed by Brian Vukadinovich. (rmf) (Entered: 04/29/2024) |
| 04/30/2024 | 174 | |

| | | |
|---|---|---|
| | | MOTION for Review of Magistrate Judge Decision by a District Judge tiled "Plaintiff's Objection to Magistrate Judge John E. Martin's Order" by Plaintiff Brian Vukadinovich. (nhc) (Entered: 04/30/2024) |
| 04/30/2024 | 175 | RESPONSE in Opposition to Defendant's 167 MOTION for Extension of Time to Complete Discovery *and for Expedited Briefing* filed by Brian Vukadinovich. (nhc) (Entered: 04/30/2024) |
| 05/01/2024 | 176 | ORDER: The Court GRANTS Defendants' (sic) Motion to Extend the First Phase of Discovery and for Expedited Briefing 167 and ORDERS: Plaintiff must comply with his discovery obligations and provide discovery responsive to Defendant's requests by 5/15/2024, to allow time for Defendant to review the discovery prior to taking Plaintiff's deposition, which should be scheduled for a date after 5/29/2024; The deadline for completing discovery on the first phase of discovery addressing statute of limitations and statute of frauds must be completed by 6/12/2024; The Court SETS a deadline of 7/10/2024, for Defendant to file any motion with respect to whether the breach of contract and/or unjust enrichment claims are barred by the applicable statute of limitations. The Court REMINDS Plaintiff Vukadinovich of the need to comply with Court Orders and deadlines, and to participate fully in the discovery process in accordance with the Federal and Local Rules. Signed by Magistrate Judge John E Martin on 5/1/2024. (Copy mailed to pro se party)(ash) (Entered: 05/01/2024) |
| 05/02/2024 | 177 | OPINION AND ORDER: The Court OVERRULES the Plaintiff's Parial Objection 159 as follows: OVERRULES the Plaintiffs Objection to the Magistrate Judges Order [ECF Nos. 150 , 151 ] ordering that discovery be bifurcated; OVERRULES the Plaintiff's Objection to the Magistrate Judge's Order [ECF No. 151 ] denying the Plaintiff's motions for judicial notice [ECF Nos. 124 , 125 ]; and OVERRULES the Plaintiff's Objection to the Magistrate Judge's Order [ECF No. 151 ] denying as moot the Plaintiff's motion for a scheduling order [ECF No. 126 ]. Also, the Court OVERRULES as premature the Plaintiff's Objection to Magistrate Judge Kolar's Rulings as to Phased Discovery [ECF No. 96 ] because it was filed on December 27, 2023, before the Court entered the order on bifurcation of discovery on March 14, 2024. Signed by Judge Theresa L Springmann on 5/2/2024. (ash) (Entered: 05/02/2024) |
| 05/07/2024 | 178 | ORDER: The Court hereby DENIES the Plaintiff's motion 94 . Signed by Judge Theresa L Springmann on 5/7/2024. (Copy mailed to pro se party)(shk) (Entered: 05/07/2024) |
| 05/07/2024 | 179 | OPINION AND ORDER OVERRULING 174 Plaintiff's Objection to Magistrate Judge John E. Martin's Order 163 , filed by Brian Vukadinovich. Signed by Judge Theresa L Springmann on 5/7/2024. (Copy mailed to pro se party)(mrm) (Entered: 05/07/2024) |
| 05/10/2024 | 180 | RESPONSE to Motion re 172 MOTION to Compel filed by Richard A. Posner. (Attachments: # 1 Affidavit of Justin M. Ellis, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Ellis, Justin) (Entered: 05/10/2024) |
| 05/14/2024 | 181 | REPLY to Response to Motion re 172 MOTION to Compel filed by Brian Vukadinovich. (rmf) (Entered: 05/15/2024) |
| 05/17/2024 | 182 | MOTION to Compel *Document Preservation Discovery* by Defendant Richard A. Posner. (Ellis, Justin) (Entered: 05/17/2024) |
| 05/17/2024 | 183 | |

| | | |
|---|---|---|
| | | MEMORANDUM in Support of 182 MOTION to Compel *Document Preservation Discovery* filed by Richard A. Posner. (Attachments: # 1 Exhibit Index, # 2 Affidavit of Justin M. Ellis, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K, # 14 Exhibit L, # 15 Exhibit M, # 16 Exhibit N)(Ellis, Justin) (Entered: 05/17/2024) |
| 05/17/2024 | 184 | Exhibit re 183 Memorandum in Support,. (Ellis, Justin) Modified on 7/1/2024 to unseal(ash). (Entered: 05/17/2024) |
| 05/17/2024 | 185 | MOTION for Leave to File *Exhibit D Under Seal* by Defendant Richard A. Posner. (Attachments: # 1 Affidavit of Justin M. Ellis, # 2 Exhibit A, # 3 Exhibit B)(Ellis, Justin) (Entered: 05/17/2024) |
| 05/20/2024 | 186 | ORDER: The Court TAKES UNDER ADVISEMENT Defendant's Motion to File Exhibit D under Seal 185 and ORDERS any party or non−party seeking to retain the exhibit under seal to file supplemental argument, addressing the issues described above, by 06/04/2024, or the document will be placed on the public docket. The Court DIRECTS the Clerk of Court to retain as sealed the document at 184 until further order of Court. Signed by Magistrate Judge John E Martin on 05/20/2024. (Copy mailed to pro se party) (jdb) (Entered: 05/20/2024) |
| 05/21/2024 | 187 | RESPONSE to 182 MOTION to Compel *Document Preservation Discovery* filed by Brian Vukadinovich. (nhc) (Entered: 05/21/2024) |
| 05/22/2024 | 188 | Second MOTION for Extension of Time to Complete Discovery *and for Expedited Briefing* by Defendant Richard A. Posner. (Attachments: # 1 Affidavit of Justin M. Ellis, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Ellis, Justin) (Entered: 05/22/2024) |
| 05/22/2024 | 189 | REPLY to Response to Motion re 182 MOTION to Compel *Document Preservation Discovery* filed by Richard A. Posner. (Ellis, Justin) (Entered: 05/22/2024) |
| 05/24/2024 | 190 | ORDER denying 172 Motion to Compel. Signed by Magistrate Judge John E Martin on 5/24/2024. (Copy mailed to pro se party)(rmf) (Entered: 05/24/2024) |
| 05/24/2024 | 191 | ORDER: The Court GRANTS Defendant's Motion to Compel Document Preservation Discovery 182 and Defendant's Second Motion to Extend the First Phase of Discovery and for Expedited Briefing 167 and ORDERS Plaintiff must comply with his discovery obligations and provide discovery responsive to Defendants current requests by 6/10/2024, Defendant may serve Plaintiff with discovery requests with respect to his document retention by 6/10/2024, with any responses to be provided on or before 7/1/2024, Plaintiff's deposition should be scheduled for a date after 7/10/2024, to allow time for Defendant to review the discovery prior to the deposition, which may include questions about Plaintiff's document retention, In addition to the ESI that the special master has already been directed to collect, the special master is also to collect and produce forensic material relating to Plaintiff's document preservation, The deadline for completing discovery on the first phase of discovery addressing statute of limitations and statute of frauds, including Plaintiff's document retention, must be completed by 8/2/2024, The Court SETS a deadline of 8/30/2024, for Defendant to file any motion with respect to whether the breach of contract and/or unjust enrichment claims are barred by the applicable statute of limitations. The Court REMINDS Plaintiff Vukadinovich of the need to comply with Court Orders and deadlines and to participate fully in the discovery process in accordance with the Federal and Local Rules. If he cannot meet these deadlines for provision of his discovery responses to Defendant, the Court will |

| | | |
|---|---|---|
| | | be amenable to further extensions. Signed by Magistrate Judge John E Martin on 5/24/2024. (Copy mailed to pro se party) (rmf) (Entered: 05/24/2024) |
| 05/28/2024 | 192 | AMENDED ORDER: The Court hereby GRANTS Defendant's Motion to Compel Document Preservation Discovery 182 and Defendant's Second Motion to Extend the First Phase of Discovery and for Expedited Briefing 188 and ORDERS: Plaintiff must comply with his discovery obligations and provide discovery responsive to Defendant's current requests by 06/10/2024; Defendant may serve Plaintiff with discovery requests with respect to his document retention by 06/10/2024, with any responses to be provided on or before 07/01/2024; Plaintiff's deposition should be scheduled for a date after 07/10/2024. The deadline for completing discovery on the first phase of discovery addressing statute of limitations and statute of frauds, including Plaintiff's document retention, must be completed by 08/02/2024. The Court SETS a deadline of 08/30/2024, for Defendant to file any motion with respect to whether the breach of contract and/or unjust enrichment claims are barred by the applicable statute of limitations. The Court REMINDS Plaintiff Vukadinovich of the need to comply with Court Orders and deadlines and to participate fully in the discovery process in accordance with the Federal and Local Rules. Signed by Magistrate Judge John E Martin on 05/28/2024. (Copy mailed to pro se party) (jdb) (Entered: 05/28/2024) |
| 05/30/2024 | 193 | TELEPHONE CONFERENCE held 5/30/2024 before Magistrate Judge John E Martin. Pla Brian Vukadinovich appeared pro se. Dft appeared by attys David Beach, Justin Ellis. Pla to comply with discovery obligations and provide discovery responsive to Dft's current requests by 6/24/2024. Pla deposition should be set for date after 7/24/2024; Deadline for completing discovery on the first phase of discovery addressing statute of limitations and statute of frauds, including Plaintiffs document retention, must be completed by 8/16/2024; Deft shall have to 9/13/2024 to file any motion with respect to whether the breach of contract and/or unjust enrichment claims are barred by the applicable statue of limitations. (#FTR.) (See Minute Order attached) (copy to Pla pro se) (smb) Modified on 5/31/2024 to correct 8/15/2024 to 8/16/2024; change made to pro se copy before mailing (smb). (Entered: 05/31/2024) |
| 05/30/2024 | 194 | MEMORANDUM OF LAW in Support of Retaining Defendant's "Exhibit D" 184 Sealed Document Under Seal and Not Be Placed on the Public Docket by Brian Vukadinovich. (Attachments: # 1 Envelope) (rmf) (Entered: 05/31/2024) |
| 06/12/2024 | 195 | Plaintiff's MOTION to Compel Document Preservation Discovery by Plaintiff Brian Vukadinovich. (Attachments: # 1 Cover Letter, # 2 Envelope). (nhc) (Entered: 06/13/2024) |
| 06/12/2024 | 196 | MEMORANDUM of Law in Support of 195 Plaintiff's MOTION to Compel Document Preservation Discovery filed by Brian Vukadinovich. (nhc) (Entered: 06/13/2024) |
| 06/24/2024 | 197 | RESPONSE to Motion re 195 MOTION to Compel filed by Richard A. Posner. (Attachments: # 1 Affidavit of Justin M. Ellis)(Ellis, Justin) (Entered: 06/24/2024) |
| 06/28/2024 | 198 | ORDER: The Court DENIES Defendant's Motion to File Exhibit D under Seal 185 and DIRECTS the Clerk of Court to place the document at 184 on the public docket. Signed by Magistrate Judge John E Martin on 6/28/2024. (Copy mailed to pro se party)(ash) (Entered: 07/01/2024) |
| 07/08/2024 | 199 | |

| | | |
|---|---|---|
| | | PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY TO DEFENDANT'S RESPONSE BEYOND DEADLINE DATE by Plaintiff Brian Vukadinovich. (Attachments: # 1 Cover Letter, # 2 Reply, # 3 Envelope)(mlc) (Entered: 07/09/2024) |
| 07/10/2024 | 200 | ORDER granting 199 Motion for Leave to File Reply to Defendant's Response Beyond Deadline Date, EXTENDS the time for Plaintiff to file his reply to 7/10/2024, and ACCEPTS the reply at 199 −2 as filed within the new deadline. Signed by Magistrate Judge John E Martin on 7/10/2024. (Copy mailed to pro se party). (nhc) (Entered: 07/10/2024) |
| 07/12/2024 | 201 | OPINION AND ORDER: The Court GRANTS in part and DENIES in part the Defendant's Motion for Sanctions Against Plaintiff 128 as follows: The Court GRANTS the Defendant's request for sanctions for the Plaintiff's statements involving allegations that the Defendant fraudulently concealed his Alzheimer's disease diagnosis; The Court DENIES the Defendant's request for sanctions for the following allegedly frivolous filings by the Plaintiff: (1) Motion for Sanctions for Perjury Committed by Defendant's Attorney Justin M. Ellis; (2) Objection to Magistrate Judge Kolar's Rulings as to Phased Discovery; (3) Motion to Stay Discovery Proceedings; and (4) Response to Defendant's Supplemental Memorandum in Support of Phased Discovery; The Court DENIES the Defendant's request for sanctions for the Plaintiff's statements about Attorney Justin Ellis and perjury and Judge Kolar failing to follow precedent; The Court DENIES the Defendant's request for the sanctions of dismissal with prejudice, a significant monetary sanction, and a filing bar; Instead, the Court SANCTIONS the Plaintiff for his misconduct by STRIKING from the record his statements about the Defendant fraudulently concealing his Alzheimer's disease diagnosis. See ECF Nos. 30 paragraphs 29, 20; 36 pp. 5, 6, 8; 37 paragraphs 11, 12; 61 −2 paragraphs 29, 30; 67 pp. 2, 3, 8−9, 10; 80 p. 5; 96 p. 9; The Court CAUTIONS the Plaintiff that if he files a document with statements similar to the sanctioned statements related to the Defendant fraudulently concealing his Alzheimers disease diagnosis after this Order is entered, the entire document will be stricken, the Plaintiff will be fined $100 per filing, and the Court may order a filing bar until the Plaintiff pays any such fines; Because there has been no finding by the Court that Attorney Ellis committed perjury, the Court WARNS the Plaintiff that any future filings that contain unfounded accusations that Attorney Ellis committed perjury may be sanctionable; and Also, because consideration of Sakina Carbide's declaration was not necessary for this ruling, the Court DENIES as moot the Plaintiff's Motion to Strike Conclusory Statements within Declaration of Sakina Carbide 142 and the Plaintiffs corresponding Motion for Evidentiary Hearing 144 . Signed by Judge Theresa L Springmann on 7/12/2024. (Copy mailed to pro se party)(ash) (Entered: 07/12/2024) |
| 08/07/2024 | 203 | MOTION for Disqualification and Recusal of Magistrate Judge John E. Martin by Plaintiff Brian Vukadinovich. (nhc) (Entered: 08/07/2024) |
| 08/07/2024 | 204 | AFFIDAVIT of Brian Vukadinovich by Brian Vukadinovich. (nhc) (Entered: 08/07/2024) |
| 08/07/2024 | 205 | CERTIFICATE of Good Faith. (nhc) (Entered: 08/07/2024) |
| 08/07/2024 | 206 | MEMORANDUM of Law in Support of 203 MOTION for Disqualification and Recusal of Magistrate Judge John E. Martin filed by Brian Vukadinovich. (nhc) (Entered: 08/07/2024) |
| 08/29/2024 | 207 | |

| | | |
|---|---|---|
| | | MOTION for Leave to Temporarily File "Exhibit A" Under Seal and to Temporarily FIle "Memorandum of Law in Support of Motion to Compel Discovery as to Information Contained Within "Exhibit A" Under Seal by Plaintiff Brian Vukadinovich. (Attachment: # 1 Proposed Order)(jdb) (Entered: 08/29/2024) |
| 08/29/2024 | 208 | Sealed Exhibit A re 207 MOTION for Leave to File. (jdb) Modified on 4/28/2025 to edit docket text (efc). (Entered: 08/29/2024) |
| 08/29/2024 | 209 | MOTION for Leave to: Compel Discovery, Reopen and Extend Discovery Deadline Date with Strict Limitations on Discovery as to Information Contained in "Exhibit A", Allow Plaintiff to File an Amended Complaint Following his Receipt of the Information from "Exhibit A" by Plaintiff Brian Vukadinovich. (jdb) (Entered: 08/29/2024) |
| 08/30/2024 | 210 | MOTION for Extension of Time to File *Motion for Summary Judgment* by Defendant Richard A. Posner. (Attachments: # 1 Affidavit of Justin M. Ellis, # 2 Exhibit A, # 3 Exhibit B)(Ellis, Justin) (Entered: 08/30/2024) |
| 09/04/2024 | 211 | ORDER denying without prejudice and with leave to refile on or before 9/11/2024, 209 MOTION for Leave to Compel Discovery, Reopen and Extend Discovery Deadline Date, in accordance with the attached order. Signed by Magistrate Judge John E Martin on 9/4/2024. (Copy mailed to pro se party)(smb) (Entered: 09/04/2024) |
| 09/04/2024 | 212 | ORDER: The Court GRANTS the motion to seal 207 to the extent that it requests that the documents be retained under seal and DENIES it to the extent that it requests any of the information be placed on the public docket at any time. The Court DIRECTS the Clerk of Court to RETAIN AS SEALED the documents at 208 . Signed by Magistrate Judge John E Martin on 9/4/2024. (Copy mailed to pro se party)(sej) (Entered: 09/05/2024) |
| 09/04/2024 | 213 | ORDER: The Court GRANTS, for relief different than requested, Defendants Motion to Extend the Summary Judgment Deadline Pending Resolution of Plaintiffs Motions 210 , and ORDERS that the deadline to file any motion with respect to whether the breach of contract and/or unjust enrichment claims are barred by the applicable statute of limitations is extended until 9/25/2024. Signed by Magistrate Judge John E Martin on 9/4/2024. (Copy mailed to pro se party)(sej) (Entered: 09/05/2024) |
| 09/11/2024 | 214 | ***WITHDRAWN Per 225 Order*** Emergency MOTION to Seal *Plaintiff's Forthcoming Filings* by Defendant Richard A. Posner. (Attachments: # 1 Affidavit of Justin M. Ellis, # 2 Exhibit A, # 3 Exhibit B)(Ellis, Justin) Modified on 9/18/2024 to show withdrawn (jdb). (Entered: 09/11/2024) |
| 09/11/2024 | 215 | ORDER: The Court hereby GRANTS Defendants Emergency Motion to Temporarily Seal Plaintiffs Threatened Filings Containing Confidential Information 214 and DIRECTS the Clerk of Court to RETAIN AS SEALED any forthcoming documents from Plaintiff received on or before approximately September 11, 2024. The Court ORDERS Defendant to file a fully−supported motion to seal any of the documents that he believes should not be on the public docket on or before 09/25/2024, with Plaintiff to file any response by 10/02/2024.Signed by Magistrate Judge John E Martin on 9/11/2024. (Copy mailed to pro se party)(rs) (Entered: 09/11/2024) |
| 09/11/2024 | 216 | MOTION to Amend 30 Amended Complaint by Plaintiff Brian Vukadinovich. (Attachment: # 1 Amended Complaint)(jdb) (Entered: 09/11/2024) |

| 09/11/2024 | 217 | MOTION for Ruling as to Previously Filed 203 MOTION to Disqualify Judge by Plaintiff Brian Vukadinovich. (jdb) (Entered: 09/11/2024) |
|---|---|---|
| 09/11/2024 | 218 | MEMORANDUM in Support of 217 MOTION for Ruling as to Previously Filed Motion for Disqualification and Recusal of Magistrate Judge John E. Martin re 203 MOTION to Disqualify Judge filed by Brian Vukadinovich. (jdb) (Entered: 09/11/2024) |
| 09/11/2024 | 219 | MEMORANDUM OF LAW re 211 Order titled Plaintiff's Memorandum Response to Magistrate Judge John E. Martin's Order Regarding Discovery Issues by Brian Vukadinovich. (jdb) (Entered: 09/11/2024) |
| 09/11/2024 | 220 | OBJECTION by Brian Vukadinovich to 212 Order on Motion for Leave to File. (jdb) (Entered: 09/11/2024) |
| 09/12/2024 | 221 | ORDER: The Court DIRECTS the Clerk of Court to place the documents filed by Plaintiff at [DE 217 , 218 , 220 ] on the public docket. The Court REAFFIRMS the deadline of 9/25/2024, for Defendant to file a fully−supported motion to seal the documents at [DE 216 , 219 ]. Signed by Magistrate Judge John E Martin on 9/12/2024. (Copy mailed to pro se party)(ash) (Entered: 09/13/2024) |
| 09/16/2024 | 222 | MOTION for Review of Magistrate Judge Decision by a District Judge re 215 Order on Motion to Seal titled as Plaintiff's OBJECTION to Magistrate Judge John E Martin's Order of September 11, 2024 by Plaintiff Brian Vukadinovich. (Attachments: # 1 Cover Letter, # 2 Envelope). (nhc) (Entered: 09/16/2024) |
| 09/16/2024 | 223 | ORDER: Any motion to extend time or motion to compel previously−requested information from Defendant must be filed with the Court by 9/25/2024. Because there is uncertainty as to whether the first phase of discovery has been completed, the Court sua sponte ORDERS that the deadline for Defendant to file a dispositive motion is extended to 10/4/2024, with leave for Defendant to request an additional extension if Plaintiff files a renewed motion(s) in accordance with this Order. Signed by Magistrate Judge John E Martin on 9/16/2024. (Copy mailed to pro se party) (sej) (Entered: 09/17/2024) |
| 09/17/2024 | 224 | MOTION to Withdraw 214 Emergency MOTION to Seal *Plaintiff's Forthcoming Filings* by Defendant Richard A. Posner. (Attachments: # 1 Affidavit of Justin M. Ellis)(Ellis, Justin) (Entered: 09/17/2024) |
| 09/17/2024 | 225 | ORDER: The Court GRANTS Defendant's Motion to Withdraw Emergency Motion to Temporarily Seal Plaintiff's Threatened Filings Containing Confidential Information 224 and ORDERS that Defendant's Emergency Motion to Temporarily Seal Plaintiff's Threatened Filings Containing Confidential Information 214 is hereby WITHDRAWN. The Court DIRECTS the Clerk of Court to place the documents filed by Plaintiff at 216 and 219 on the public docket. Signed by Magistrate Judge John E Martin on 09/17/2024. (Copy mailed to pro se party) (jdb) (Entered: 09/18/2024) |
| 09/18/2024 | 226 | SEALED MOTION for Leave to File Substitute for Previously Tendered Amended Complaint by Plaintiff Brian Vukadinovich. (rmf) (Additional attachment(s) added on 10/24/2024: # 1 DE 246−3 Redacted Version) (jdb) Modified on 4/28/2025 to edit docket text (efc). (Entered: 09/19/2024) |
| 09/18/2024 | 227 | Sealed Proposed Second Amended Complaint. (rmf) (Additional attachment(s) added on 10/24/2024: # 1 DE 246−4 Redacted Version) (jdb) Modified on 4/28/2025 to |

| | | |
|---|---|---|
| | | edit docket text (efc). (Entered: 09/19/2024) |
| 09/23/2024 | 228 | MOTION for Extension of Time to File Response/Reply as to 226 SEALED MOTION by Defendant Richard A. Posner. (Attachments: # 1 Affidavit of Justin M. Ellis, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Ellis, Justin) (Entered: 09/23/2024) |
| 09/23/2024 | 231 | Sealed Plaintiff's Memorandum of Law in Support of Motion to Reopen Discovery. (rmf) (Additional attachment(s) added on 10/25/2024: # 1 DE 239−2 Redated Version) (jdb). Modified on 4/28/2025 to edit docket text (efc). (Entered: 09/24/2024) |
| 09/23/2024 | 232 | MOTION to Reopen Phase One Discovery by Plaintiff Brian Vukadinovich. (rmf) (Entered: 09/24/2024) |
| 09/23/2024 | 233 | MEMORANDUM of Additional Authority in Support of 203 MOTION for Disqualification and Recusal of Magistrate Judge John E. Martin filed by Brian Vukadinovich. (rmf) (Entered: 09/24/2024) |
| 09/24/2024 | 229 | RESPONSE by Richard A. Posner to 220 Objection . (Ellis, Justin) (Entered: 09/24/2024) |
| 09/24/2024 | 230 | ORDER: The Court GRANTS Defendants Motion to Extend Time to Respond to Motion for Leave to File Substitute Second Amended Complaint 228 and ORDERS that the deadline for Defendant to respond to the pending motion to amend complaint 226 is extended to 10/11/2024, along with any argument as to whether any of the information in the documents filed by Vukadinovich at ( 226 and 227 ) should remain under seal. Signed by Magistrate Judge John E Martin on 9/24/2024. (Copy mailed to pro se party)(sej) (Entered: 09/24/2024) |
| 09/27/2024 | 234 | (WITHDRAWN by Order DE 243 ) MOTION for Order Certifying an Interlocutory Appeal as to this Court's Failure to Disqualify Magistrate Judge John E. Martin by Plaintiff Brian Vukadinovich. (rmf) Modified on 10/9/2024 (efc). (Entered: 09/30/2024) |
| 09/27/2024 | 235 | MEMORANDUM of Law in Support of 234 MOTION for Order Certifying an Interlocutory Appeal as to this Court's Failure to Disqualify Magistrate Judge John E. Martin filed by Brian Vukadinovich. (rmf) (Entered: 09/30/2024) |
| 09/27/2024 | 236 | SEALED REPLY to Defendant's Response in Opposition to Plaintiff's Objection to Directing the Clerk to Retain Exhibit A Under Seal (rmf) Modified on 10/24/2024 to unseal per 257 Order (jdb). Modified on 10/25/2024 to seal per 258 Amended Order(jdb). Modified on 4/28/2025 to edit docket text (efc). (Entered: 09/30/2024) |
| 10/04/2024 | 237 | MOTION for Summary Judgment by Defendant Richard A. Posner. (Attachments: # 1 Memorandum in Support, # 2 Statement of Material Undisputed Facts, # 3 Notice of Summary Judgment Motion, # 4 Exhibit Index, # 5 Affidavit of Justin M. Ellis, # 6 Exhibit 1, # 7 Exhibit 2, # 8 Exhibit 3, # 9 Exhibit 4, # 10 Exhibit 5, # 11 Exhibit 6, # 12 Exhibit 7, # 13 Exhibit 8, # 14 Exhibit 9, # 15 Exhibit 10, # 16 Exhibit 11, # 17 Exhibit 12, # 18 Exhibit 13, # 19 Exhibit 14, # 20 Exhibit 15, # 21 Exhibit 16, # 22 Exhibit 17, # 23 Exhibit 18, # 24 Exhibit 19, # 25 Exhibit 20, # 26 Exhibit 21, # 27 Exhibit 22, # 28 Exhibit 23, # 29 Exhibit 24, # 30 Exhibit 25, # 31 Exhibit 26, # 32 Exhibit 27, # 33 Exhibit 28, # 34 Exhibit 29, # 35 Exhibit 30, # 36 Exhibit 31, # 37 Exhibit 32, # 38 Exhibit 33, # 39 Exhibit 34, # 40 Exhibit 35, # 41 Exhibit 36, # 42 Exhibit 37, # 43 Exhibit 38)(Ellis, Justin) (Entered: 10/04/2024) |
| 10/04/2024 | 238 | |

| | | |
|---|---|---|
| | | NOTICE by Richard A. Posner re 237 MOTION for Summary Judgment *Requesting Oral Argument* (Ellis, Justin) (Entered: 10/04/2024) |
| 10/04/2024 | 239 | RESPONSE to Motion re 232 MOTION filed by Richard A. Posner. (Attachments: # 1 Affidavit Justin M. Ellis, # 2 Exhibit A)(Ellis, Justin) (Entered: 10/04/2024) |
| 10/07/2024 | 240 | Plaintiff's Withdrawal of Previously filed 234 Motion for Order Certifying an Interlocutory Appeal as to the Court's Failure to Disqualify Magistrate Judge John E. Martin by Brian Vukadinovich. (Attachments: # 1 Cover Letter, # 2 Envelope). (nhc) (Entered: 10/07/2024) |
| 10/07/2024 | 241 | EMERGENCY MOTION for Ruling as to Previously Filed Motion for Disqualification and Recusal of Magistrate Judge John E. Martin by Plaintiff Brian Vukadinovich. (rmf) (Entered: 10/07/2024) |
| 10/07/2024 | 242 | MEMORANDUM of Law in Support of 241 EMERGENCY MOTION for Ruling as to Previously Filed Motion for Disqualification and Recusal of Magistrate Judge John E. Martin filed by Brian Vukadinovich. (rmf) (Entered: 10/07/2024) |
| 10/08/2024 | 243 | ORDER (text entry only): The Court construes DE 240 Plaintiffs Withdrawal of Previously Filed Motion for Order Certifying an Interlocutory Appeal [DE 234] as a motion to withdraw, GRANTS DE 240 and shows DE 234 as withdrawn. Also, the Court advises that the three motions to disqualify DE 203 , DE 217 , DE 241 are taken under advisement with a ruling forthcoming. Approved by Judge Theresa L Springmann on 10/8/24. (Copy mailed to pro se party)(efc) (Entered: 10/09/2024) |
| 10/09/2024 | | Motions Taken Under Advisement: Motions to Disqualify DE's 203 , 217 , 241 (efc) (Entered: 10/09/2024) |
| 10/11/2024 | 244 | RESPONSE in Opposition to Defendant's Request for Oral Argument on Motion for Summary Judgment Against Plaintiff by Brian Vukadinovich to 238 Notice. (Attachments: # 1 Cover Letter, # 2 Envelope)(jdb) (Entered: 10/11/2024) |
| 10/11/2024 | 245 | REPLY to Response to Motion re 232 MOTION filed by Brian Vukadinovich. (Attachments: # 1 Cover Letter, # 2 Envelope)(jdb) (Entered: 10/11/2024) |
| 10/11/2024 | 246 | RESPONSE to Motion re 226 SEALED MOTION filed by Richard A. Posner. (Attachments: # 1 Affidavit of Justin M. Ellis, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Ellis, Justin) (Entered: 10/11/2024) |
| 10/16/2024 | 247 | OPINION AND ORDER, The Court hereby DENIES the Plaintiffs Motion for Disqualification and Recusal of Magistrate Judge John E. Martin 203 , DENIES the Motion for Ruling as to Previously Filed Motion for Disqualification and Recusal of Magistrate Judge John E. Martin 217 , and DENIES the Emergency Motion for Ruling as to Previously filed Motion for Disqualification and Recusal of Magistrate Judge John E. Martin 241 . Signed by Judge Theresa L Springmann on 10/16/2024. (Copy mailed to pro se party)(rs) (Entered: 10/17/2024) |
| 10/18/2024 | 248 | REPLY to Defendant's Response in Opposition to Plaintiff's 226 Motion for Leave to File Substitute for Previously Tendered Amended Complaint filed by Brian Vukadinovich. (rmf) (Entered: 10/21/2024) |
| 10/22/2024 | 249 | EMERGENCY MOTION for Protective Order Against Harassments Perpetrated by Murderer William Bond and Order for Preserving Evidence of Communications Between Murderer William Bond and Defendant's Attorneys and Other Persons by Plaintiff Brian Vukadinovich. (mlc) (Entered: 10/22/2024) |

| 10/22/2024 | 250 | MEMORANDUM in Support of 249 EMERGENCY MOTION for Protective Order Against Harassments Perpetrated by Murderer William Bond and Order for Preserving Evidence of Communications Between Murderer William Bond and Defendant's Attorneys and Other Persons filed by Brian Vukadinovich. (mlc) (Entered: 10/22/2024) |
| --- | --- | --- |
| 10/22/2024 | 251 | MOTION for Order Requiring Defendant to File the Omitted Parts of Deposition Transcript Pursuant to Fed.R.Civ.P 32 (A)(6) by Plaintiff Brian Vukadinovich. (mlc) (Entered: 10/22/2024) |
| 10/22/2024 | 252 | MOTION to Hold Summary Judgment Procedure in Abeyance by Plaintiff Brian Vukadinovich. (jdb) (Entered: 10/23/2024) |
| 10/23/2024 | 253 | RESPONSE to Motion re 249 MOTION for Protective Order filed by Richard A. Posner. (Attachments: # 1 Affidavit of Justin M. Ellis, # 2 Exhibit A)(Ellis, Justin) (Entered: 10/23/2024) |
| 10/24/2024 | 254 | ORDER DENYING 251 Motion for Order Requiring Defendant to File the Omitted Parts of Deposition Transcript Pursuant to Fed.R.Civ.P 32 (A)(6) by Pla Brian Vukadinovich. Signed by Judge Theresa L Springmann on 10/24/2024. (Copy mailed to pro se party)(lns) (Entered: 10/24/2024) |
| 10/24/2024 | 255 | OPINION AND ORDER OVERRULING Pla's 220 Objection to Magistrate Judge John E Martin's 212 Order. Signed by Judge Theresa L Springmann on 10/24/2024. (Copy mailed to pro se party) (lns) (Entered: 10/24/2024) |
| 10/24/2024 | 256 | ORDER: The Court DENIES as moot the Motion for Leave to File Amended Complaint 216 . Signed by Magistrate Judge John E Martin on 10/24/2024. (Copy mailed to pro se party) (jdb) (Entered: 10/24/2024) |
| 10/24/2024 | 257 | ORDER: The Court ORDERS that the documents at 226 , 227 , and 231 be RETAINED UNDER SEAL under further order of Court. The Court DIRECTS the Clerk of Court to place the document at 236 on the public docket. The Court DIRECTS the Clerk of Court to place the document at [DE 246−3] on the docket as a redacted version of Plaintiff's motion to amend the complaint, under seal at 226 , and to place the document at [DE 246−4] on the docket as the redacted version of the proposed amended complaint retained under seal at 227 . Signed by Magistrate Judge John E Martin on 10/24/2024. (Copy mailed to pro se party) (jdb) (Entered: 10/24/2024) |
| 10/25/2024 | 258 | AMENDED ORDER: The Court ORDERS that the documents at 226 , 227 , 231 , and 236 be RETAINED UNDER SEAL under further order of Court. The Court DIRECTS the Clerk of Court to Place the document at [DE 239−2] on the docket as a redacted version of Plaintiff's memorandum in support of motion to reopen discovery, under seal at 231 ; place the document at [DE 246−3] on the docket as a redacted version of Plaintiff's motion to amend the complaint, under seal at 226 ; and place the document at [DE 246−4] on the docket as the redacted version of the proposed amended complaint retained under seal at 227 . Signed by Magistrate Judge John E Martin on 10/25/2024. (Copy mailed to pro se party) (jdb) (Entered: 10/25/2024) |
| 10/25/2024 | 260 | ORDER: The Court will place the emails on the record and grants the parties up to and including 11/06/2024, to file a response, if any, to the communications. Signed by Judge Theresa L Springmann on 10/25/2024. (Attachments: # 1 October 9, 2024 Email, # 2 October 22, 2024 Email) (Copy mailed to pro se party) (jdb) (Entered: |

| | | |
|---|---|---|
| | | 10/28/2024) |
| 10/28/2024 | 259 | RESPONSE to Motion re 252 MOTION to Hold Summary Judgment Procedure in Abeyance filed by Richard A. Posner. (Ellis, Justin) (Entered: 10/28/2024) |
| 10/28/2024 | 261 | ORDER: The Court hereby OVERRULES as moot the Plaintiff's Objection to Magistrate Judge John E. Martin's Order of September 11, 2024 22 . Signed by Judge Theresa L Springmann on 10/28/2024. (Copy mailed to pro se party) (jdb) (Entered: 10/28/2024) |
| 10/28/2024 | 262 | MOTION for Extension of Time to File Response to 237 Defendant's Motion for Summary Judgment by Plaintiff Brian Vukadinovich. (rmf) (Entered: 10/29/2024) |
| 10/28/2024 | 263 | REPLY to Defendant's Response in Opposition to Plaintiff's 249 Emergency MOTION for Protective Order filed by Brian Vukadinovich. (rmf) (Entered: 10/29/2024) |
| 10/28/2024 | 264 | Sealed Motion to Reconsider the Ruling Overruling the Plaintiff's Objection to Magistrate Judge John E. Martin's Order Directing the Clerk to Retain Exhibit A Under Seal by Plaintiff Brian Vukadinovich. (rmf) Modified on 4/28/2025 to edit docket text (efc). (Entered: 10/29/2024) |
| 10/30/2024 | 265 | STATEMENT re 260 Order,, Set Deadlines, filed by Richard A. Posner. (Ellis, Justin) (Entered: 10/30/2024) |
| 10/30/2024 | 266 | ORDER denying 232 Motion to Reopen Phase One Discovery. Signed by Magistrate Judge John E Martin on 10/30/2024. (Copy mailed to pro se party)(smb) (Entered: 10/30/2024) |
| 10/30/2024 | 267 | ORDER granting 262 MOTION for Extension of Time to File Response to Defendant's Motion for Summary Judgment; denying as moot 252 Motion to Hold Summary Judgment Procedure in Abeyance. Plaintiff is given an extension of time until 12/2/2024 to file a response to 237 motion for summary judgment. Signed by Magistrate Judge John E Martin on 10/30/2024. (Copy mailed to pro se party)(smb) Modified on 10/31/2024 to correct text/term motion 262.(smb). (Entered: 10/30/2024) |
| 10/31/2024 | 268 | ORDER DENYING 226 MOTION for Leave to File Substitute for Previously Tendered Amended Complaint. Signed by Magistrate Judge John E Martin on 10/31/2024. (Copy mailed to pro se party)(smb) (Entered: 10/31/2024) |
| 10/31/2024 | 269 | ORDER denying 249 Motion for Protective Order. Signed by Judge Theresa L Springmann on 10/31/2024. (Copy mailed to pro se party)(smb) (Entered: 10/31/2024) |
| 10/31/2024 | 270 | ORDER DENYING the relief requested in the Plaintiffs Motion to Reconsider the Overruling Plaintiffs Objection to Magistrate Judge John E. Martins Order Directing the Clerk to Retain Exhibit A Under Seal 264 . The Court DIRECTS the Clerk of Court to maintain the Plaintiffs Motion to Reconsider 264 under seal. Signed by Judge Theresa L Springmann on 10/31/2024. (Copy mailed to pro se party)(smb) (Entered: 11/01/2024) |
| 11/05/2024 | 271 | MOTION for Extension of Time to File Response/Reply as to 237 MOTION for Summary Judgment by Defendant Richard A. Posner. (Ellis, Justin) (Entered: 11/05/2024) |

| 11/05/2024 | 273 | ORDER: The Court GRANTS Defendant's Unopposed Motion to Extend the Time to File his Reply in Support of his Summary Judgment Motion 271 and ORDERS that the deadline for Defendant to file his reply in support of the pending motion for summary judgment 237 is extended to 1/15/2025. Signed by Magistrate Judge John E Martin on 11/5/2024. (Copy mailed to pro se party)(ash) (Entered: 11/07/2024) |
| 11/06/2024 | 272 | Sealed Objection to Magistrate Judge's Order Denying Plaintiff's Motion for Leave to File Substitute for Previously Tendered Amended Complaint by Plaintiff Brian Vukadinovich. (rmf) Modified on 4/28/2025 to edit docket text and event type (efc). (Entered: 11/06/2024) |
| 11/12/2024 | 274 | Sealed Objection to Magistrate Judge's Order Denying Plaintiff's Motion to Reopen Phase One Discovery (Attachments: # 1 Envelope)(rmf) Modified on 4/28/2025 to edit docket text and event type (efc). (Entered: 11/13/2024) |
| 11/12/2024 | 275 | Plaintiff's Objection to Magistrate Judge John E. Martin's 267 Order Denying as Moot Plaintiff's Motion to Hold Summary Judgment Procedure in Abeyance by Plaintiff Brian Vukadinovich. (rmf) (Entered: 11/13/2024) |
| 11/18/2024 | 276 | The Court TAKES UNDER ADVISEMENT (1) the Plaintiffs Objection to Magistrate Judges Order Denying Plaintiffs Motion for Leave to File Substitute for Previously Tendered Amended Complaint [ECF No. 272] and (2) the Plaintiffs Objection to Magistrate Judges Order Denying Plaintiffs Motion to Reopen Phase One Discovery [ECF No. 274] as the Court will rule on these objections in the Courts order on the Defendants Motion for Summary Judgment [ECF No. 237]. The Court OVERRULES the Plaintiffs Objection to Magistrate Judge John E. Martins Order Denying as Moot Plaintiffs Motion to Hold Summary Judgment Procedure in Abeyance [ECF No. 275] in light of the Court now taking under advisement the other two objections [ECF Nos. 272, 274]. Further analysis of this ruling will be provided in the Courts summary judgment ruling. The Court REAFFIRMS the deadline of 12/2/2024 for the Plaintiff to file a response to the Defendants Motion for Summary Judgment [ECF No. 237] and the deadline of 1/15/2025 for the Defendant to file a reply in support of his Motion for Summary Judgment [ECF No. 237]. Approved by Judge Theresa L Springmann on 11/18/24. (Copy mailed to pro se party)(efc) (Entered: 11/18/2024) |
| 11/19/2024 | 277 | RESPONSE by Richard A. Posner to 272 Sealed Document . (Attachments: # 1 Affidavit of Justin M. Ellis, # 2 Exhibit A)(Ellis, Justin) (Entered: 11/19/2024) |
| 11/21/2024 | 278 | RESPONSE by Richard A. Posner to 274 Sealed Document . (Attachments: # 1 Affidavit of Justin M. Ellis, # 2 Exhibit A)(Ellis, Justin) (Entered: 11/21/2024) |
| 11/25/2024 | 279 | REPLY to Defendant's 277 Response in Opposition to Plaintiff's Objection to Order Denying Motion for Leave to File Substitute Amended Complaint by Brian Vukadinovich. (rmf) Modified on 11/25/2024 to add text (rmf) (Entered: 11/25/2024) |
| 11/25/2024 | 280 | REPLY to Defendant's 278 Response in Opposition to Plaintiff's Objection to Order Denying the Reopening of Discovery by Brian Vukadinovich. (rmf) Modified on 11/25/2024 to add text (rmf). (Entered: 11/25/2024) |
| 12/02/2024 | 281 | MOTION for Extension of Time to File Response to Defendant's Statement of Material Facts by Plaintiff Brian Vukadinovich. (rmf) (Entered: 12/02/2024) |
| 12/02/2024 | 282 | Plaintiff's RESPONSE to 237 MOTION for Summary Judgment filed by Brian Vukadinovich. (rmf) (Entered: 12/02/2024) |

| 12/03/2024 | 283 | ORDER granting 281 Motion for Extension of Time to File Response to Defendants Statement of Material Facts and ORDERS that the deadline for Plaintiff to file his response to Defendants statement of material facts is extended to 12/9/2024. Signed by Magistrate Judge John E Martin on 12/3/2024. (copy to pro se party) (smb) (Entered: 12/03/2024) |
|---|---|---|
| 12/11/2024 | 284 | MOTION for Leave to File Instanter Plaintiff's Response to Defendant's Statement of Material Facts by Plaintiff Brian Vukadinovich. (nhc) (Entered: 12/11/2024) |
| 12/11/2024 | 285 | Sealed Plaintiff's Response to Defendant's Statement of Material Facts by Brian Vukadinovich. (nhc) Modified on 4/28/2025 to edit docket text (efc). (Entered: 12/11/2024) |
| 12/12/2024 | 286 | ORDER: The Court GRANTS the Motion for Leave to File Instanter Plaintiffs Response to Defendants Statement of Material Facts 284 and ACCEPTS Plaintiffs response to Defendants statement of material facts 285 as timely filed. Signed by Magistrate Judge John E Martin on 12/12/24. (Copy mailed to pro se party). (nhc) (Entered: 12/13/2024) |
| 01/15/2025 | 287 | REPLY to Response to Motion re 237 MOTION for Summary Judgment filed by Richard A. Posner. (Attachments: # 1 Reply Statement of Material Fact, # 2 Affidavit of Justin M. Ellis, # 3 Exhibit A)(Ellis, Justin) (Entered: 01/15/2025) |
| 05/05/2025 | 288 | MOTION for Obstruction of Justice Determination Against Murderer William Bond Pursuant to 18 U.S. Code 1503 and Order for Preservation of Evidence by Plaintiff Brian Vukadinovich. (Attachments: # 1 Exhibit, # 2 Cover Letter, # 3 Envelope). (nhc) (Entered: 05/05/2025) |
| 05/05/2025 | 289 | MEMORANDUM in Support of 288 MOTION for Obstruction of Justice Determination Against Murderer William Bond Pursuant to 18 U.S. Code 1503 and Order for Preservation of Evidence filed by Brian Vukadinovich. (nhc) (Entered: 05/05/2025) |
| 05/12/2025 | 290 | RESPONSE to Motion re 288 MOTION filed by Richard A. Posner. (Attachments: # 1 Affidavit of Justin M. Ellis, # 2 Exhibit A)(Ellis, Justin) (Entered: 05/12/2025) |
| 05/19/2025 | 291 | OPINION AND ORDER: The Court GRANTS 237 Dft's Motion for Summary Judgment as to the Pla's remaining claims of breach of contract (Count I) and unjust enrichment (Count III). The Court DENIES as moot 238 Dft's Request for Oral Argument on Motion for Summary Judgment. The Court DIRECTS the Clerk of Court to enter judgment in favor of the Dft Richard A. Posner and against the Pla Brian Vukadinovich on the remaining Counts I and III of the Amended Complaint. The Court OVERRULES 272 the Pla's Sealed Objection to Magistrate Judge's Order. The Court DIRECTS the Clerk of Court to place on the docket the redacted Objection, which is currently found at ECF No. 277−2. The Court also OVERRULES 274 Pla's Sealed Objection to Magistrate Judges Order Denying Pla's Motion to Reopen Phase One Discovery. The Court DIRECTS the Clerk of Court to place on the docket the redacted Objection, which is currently found at ECF No. 278−2. Signed by Judge Theresa L Springmann on 5/19/2025. (Copy mailed to pro se party via cert # 9589 0710 5270 0189 1015 57)(ash) (Entered: 05/19/2025) |
| 05/19/2025 | 292 | Redacted OBJECTION to Magistrate Judge's Order Denying Plaintiffs Motion for Leave to File Substitute for Previously Tendered Amended Complaint by Brian Vukadinovich. (ash) (Entered: 05/19/2025) |

| 05/19/2025 | 293 | Redacted OBJECTION to Magistrate Judge's Order Denying Plaintiff's Motion to Reopen Phase One Discovery by Brian Vukadinovich. (ash) (Entered: 05/19/2025) |
|---|---|---|
| 05/19/2025 | 294 | CLERK'S ENTRY OF JUDGMENT. (Copy mailed to pro se party via cert # 9589 0710 5270 0189 1015 57) (ash) (Entered: 05/19/2025) |
| 05/19/2025 | 295 | REPLY to Response to Motion re 288 MOTION for Obstruction Determination and Preservation of Evidence filed by Brian Vukadinovich. (Attachments: # 1 Cover Letter, # 2 Envelope). (nhc) (Entered: 05/19/2025) |
| 05/20/2025 | 296 | ORDER DENYING 288 Motion for Obstruction of Justice Determination filed by Brian Vukadinovich as outlined. Signed by Judge Theresa L Springmann on 5/20/2025. (Attachments: # 1 1, # 2 2)(Copy mailed to pro se party)(mrm) (Entered: 05/20/2025) |
| 05/27/2025 | 297 | PROOF OF SERVICE Executed as to 291 Opinion and Order and 294 Clerks Judgment. (ash) (Entered: 05/28/2025) |
| 05/28/2025 | 298 | MOTION for Extension of Time to File *Motion for Costs* by Defendant Richard A. Posner. (Ellis, Justin) (Entered: 05/28/2025) |
| 06/02/2025 | 299 | BILL OF COSTS *Excluding Special Master Costs* by Richard A. Posner. (Attachments: # 1 Affidavit of Justin M. Ellis, # 2 Exhibit A)(Ellis, Justin) (Entered: 06/02/2025) |
| 06/03/2025 | 300 | Pursuant to * 299 Bill of Costs filed by Richard A. Posner *, costs in the amount of $ *3501.10* will be taxed by the Clerk on *6/17/2025*. (rmf) (Entered: 06/03/2025) |
| 06/03/2025 | 301 | MOTION for Bill of Costs *to Include Special Master Costs* by Defendant Richard A. Posner. (Attachments: # 1 Affidavit of Justin M. Ellis, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Ellis, Justin) (Entered: 06/03/2025) |
| 06/03/2025 | 302 | BILL OF COSTS *Revised to Include Special Master Costs* by Richard A. Posner. (Ellis, Justin) (Entered: 06/03/2025) |
| 06/16/2025 | 303 | OBJECTION to Defendant's Bill of Cost by Brian Vukadinovich. (rmf) (Entered: 06/17/2025) |
| 06/16/2025 | 304 | NOTICE OF APPEAL as to 294 Clerks Judgment, 291 Opinion and Order by Brian Vukadinovich. Filing fee $ 605, receipt number 4464. (rmf) (Entered: 06/17/2025) |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

**FILED**
JUN 16 2025
At _____ Chanda J. Berta, Clerk _____ M
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

BRIAN VUKADINOVICH,          )
                             )
              Plaintiff,     )
                             )
        v.                   )       CASE NO. 2:22-CV-0118-TLS-JEM
                             )
                             )
RICHARD A. POSNER            )
                             )
              Defendant.     )

## NOTICE OF APPEAL

Notice is hereby given that Plaintiff, Brian Vukadinovich, pro se, hereby appeals to the United States Court of Appeals for the Seventh Circuit from all issues from the final judgment order entered in this action on the 19th day of May, 2025 whereby the District Court granted Defendant's motion for summary judgment.

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. (219) 956-2462

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on June 16, 2025, the foregoing was served via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the Defendant's below listed counsel of record per agreement to receive such papers via email.

Justin M. Ellis
jellis@mololamken.com

Kenneth Notter
knotter@mololamken.com

Steven F. Molo
smolo@mololamken.com

David Beach
dbeach@eichhorn-law.com

Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, IN 46392
Tel. (219) 956-2462

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BRIAN VUKADINOVICH,

               Plaintiff,

               v.                                 CAUSE NO.: 2:22-CV-118-TLS-JEM

RICHARD A. POSNER,

               Defendant.

**OPINION AND ORDER**

     This case arises out of an alleged breach of an oral employment agreement between the Plaintiff Brian Vukadinovich and the Defendant Richard A. Posner, in which the Plaintiff seeks to recover $170,000 plus related fees, interests, and costs, for services he allegedly rendered on the Defendant's behalf from February 25, 2018, through July 23, 2019. After some initial email correspondence, the parties' relationship began in October 2017 when the Plaintiff—a retired teacher living in Wheatfield, Indiana—agreed to work as a volunteer with the title of Regional Director for the Defendant's—a retired U.S. Court of Appeals for the Seventh Circuit judge living in Chicago, Illinois—Posner Center of Justice for Pro Se's (the Posner Center), which was a nonprofit corporation whose purpose was to provide pro bono education and advocacy for pro se litigants.

     In a February 25, 2018 email, the Defendant suggested a new role for the Plaintiff at the Posner Center as executive director envisioning a substantial salary but explaining that he could not specify a salary yet because the Posner Center had no money. The Defendant also said that he hoped that he could raise money for the Posner Center through donations to the point where he could pay the Plaintiff a salary of $80,000 per year. The Plaintiff replied to the email that

same day agreeing to take on the new role. However, the Plaintiff alleges that the February 2018 agreement was amended orally in March 2018 at a lunch meeting in Chicago, Illinois, to include a salary of $120,000 per year. The second agreement is at the center of this lawsuit.

This matter is before the Court on: (1) the the Defendant's Motion for Summary Judgment Against the Plaintiff [ECF No. 237]; (2) the Plaintiff's Sealed Objection to Magistrate Judge's Order Denying Plaintiff's Motion for Leave to File Substitute for Previously Tendered Amended Complaint [ECF No. 272]; and (3) the Plaintiff's Sealed Objection to Magistrate Judge's Order Denying Plaintiff's Motion to Reopen Phase One Discovery [ECF No. 274]. These are briefed and ripe for ruling.

## PROCEDURAL BACKGROUND

On May 5, 2022, the Plaintiff, acting pro se, filed his Verified Complaint for Breach of Contract [ECF No. 1]. On July 11, 2022, the Defendant filed a Motion to Dismiss for Failure to State a Claim [ECF No. 21]. On August 1, 2022, the Plaintiff filed the operative Amended Complaint [ECF No. 30], alleging claims of breach of contract (Count I), fraud (Count II), and unjust enrichment (Count III). On August 8, 2022, the Court entered an Order [ECF No. 32] denying the Defendant's motion to dismiss as moot based on the Plaintiff's filing of the Amended Complaint.

On August 22, 2022, the Defendant filed a Motion to Dismiss the Amended Complaint for Failure to State a Claim [ECF No. 33] under Federal Rule of Civil Procedure 12(b)(6), arguing that all three claims should be dismissed. The Plaintiff filed a response [ECF No. 36] on September 12, 2022, requesting leave to amend the operative complaint among other things, and the Defendant filed a reply [ECF No. 39] on September 26, 2022.

On May 10, 2023, the undersigned entered an Order [ECF No. 50] referring the Defendant's motion to dismiss to Magistrate Judge Joshua Kolar for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b).

On June 21, 2023, Judge Kolar issued his Findings, Report and Recommendation of United States Magistrate Judge Pursuant to 28 U.S.C. § 636(b)(1)(B) & (C) [ECF No. 62], recommending that the Court grant in part and deny in part the Defendant's Motion to Dismiss and dismiss the Plaintiff's Count II fraud claim. Judge Kolar recommended dismissing the fraud claim, which was based on alleged misrepresentations by the Defendant, because "the amended complaint's allegations are insufficient to allege a fraud claim that is separate and distinct from the breach of contract claim" as "the only consequence of those misrepresentations was that Plaintiff did not get paid for his services," which is the breach of contract injury. R. & R. 49–50, ECF No. 62.

In his response to the Defendant's Motion to Dismiss, the Plaintiff requested leave to amend his fraud claim based on the assertion that "[t]he Defendant's fraud created havoc for Plaintiff causing Plaintiff to be subjected to emotional distress and headaches as he was bombarded with questions about the closing of the Posner Center." Pl. Mot. Dismiss Resp. 13–14, ECF No. 36. As to the Plaintiff's request, Judge Kolar stated, "[R]ather than act on a request imbedded in a response brief, the Court will reserve decision on the leave to amend issue until Plaintiff has brought a motion to file an amended complaint to which he attaches the proposed second amended complaint, so that the parties may properly brief the relevant issues." R. & R. 57, ECF No. 62. But Judge Kolar also said, "[The] assertion [about emotional distress and

headaches] appears to allege a new injury, different from the injury Plaintiff suffered from the breach of contract." *Id*., p. 55.

For the breach of contract and unjust enrichment claims, Judge Kolar concluded that "the two-year limitations period [for oral employment contracts specified in Indiana Code § 34-11-2-1] applies not only to Plaintiff's breach of contract claim, but his unjust enrichment claim as well." *Id*., pp. 29–30. He also concluded that "the date on which Plaintiff's claims for breach of contract and unjust enrichment accrued cannot be resolved on the allegations of the amended complaint." *Id*., p. 35. Judge Kolar highlighted that "the accrual question cannot be decided without factual development of the record." *Id*., p. 36.

For the unjust enrichment claim, Judge Kolar determined that "Plaintiff has sufficiently alleged both a benefit to Defendant (Plaintiff's services) and detriment to him (the provision of services without compensation)." *Id*., p. 58.

Additionally, Judge Kolar noted that the Court "has broad discretion to structure discovery, including ordering that discovery proceed under a phased approach." *Id*. p. 36. He recommended that the parties be "prepared to discuss at the first scheduling conference in this matter whether such an approach would be appropriate in this case, with phase one limited to the potentially dispositive issue of when Plaintiff's claims for breach of contract and unjust enrichment accrued." *Id*.

On July 5, 2023, the Defendant filed his Partial Objection to Magistrate Judge Kolar's Report and Recommendation [ECF No. 65]. The Plaintiff filed a response [ECF No. 68] on July 19, 2023. On July 12, 2023, the Plaintiff filed his Partial Objection to Magistrate Judge Kolar's Report and Recommendation [ECF No. 67]. The Defendant filed a response [ECF No. 69] on July 24, 2023.

On September 25, 2023, the Court entered an Opinion and Order [ECF No. 74], overruling the Defendant's Objections [ECF No. 65], overruling the Plaintiff's Objections [ECF No. 67], and accepting the Report and Recommendation [ECF No. 62] with a modification. Among other things, as to the breach of contract claim and accrual, the Court explained:

> The Plaintiff has thus not sufficiently alleged the date when the injury of the Defendant's nonpayment caused ascertainable damage to the Plaintiff. As a result, because the Plaintiff's Amended Complaint does not contain the necessary facts to establish the date of the injury, the Defendant cannot meet his burden on his statute of limitations affirmative defense on the instant motion, as Judge Kolar found.

Sept. 25, 2023 Op. & Ord. 10, ECF No. 74.

On October 2, 2023, Judge Kolar set a Rule 16 telephonic preliminary pretrial conference for November 2, 2023, and set a deadline for the parties to file their Rule 26(f) report of parties planning meeting. ECF No. 75. On October 25, 2023, the parties filed a Rule 26(f) report. ECF No. 82.

On November 2, 2023, Judge Kolar held a status conference with the parties, directing them to file contemporaneous briefs on the issues of bifurcation by November 16, 2023, and indicating the Rule 16 conference would be reset by separate order. On November 3, 2023, Judge Kolar reset the Rule 16 conference for December 14, 2023. ECF No 85. On November 15, 2024, the Plaintiff filed his brief on bifurcation [ECF No. 87], and on November 16, 2023, the Defendant filed his brief on bifurcation [ECF No. 86].

On December 11, 2023, the parties filed a new Report of Parties' Planning Meeting [ECF No. 89], with the Defendant proposing the completion of discovery in two phases.

On December 14, 2023, Judge Kolar held the Rule 16 preliminary pretrial conference. *See* ECF No. 90. He adopted the Report of the Parties' Planning Meeting [ECF No. 89] as set forth in the Court's Order, with some additional provisions. *See id*. For example, Judge Kolar

ordered "[i]nterim discovery limited to the Defendant's statute of limitations and statute of fraud affirmative defenses to begin immediately, with the Court to issue a written opinion and order on the bifurcation issue following the parties' supplemental filings." *Id*.

On December 27, 2023, the Plaintiff filed Plaintiff's Objection to Magistrate Judge Kolar's Rulings as to Phased Discovery [ECF No. 96]. On January 5, 2024, the Plaintiff filed Plaintiff's Memo to Court Regarding Typos of Dates Submitted Within Previously Filed Document [ECF No. 107], referencing his Objection to Magistrate Judge Kolar's Rulings [ECF No. 96]. On January 23, 2024, the Defendant filed a Response in Opposition to Plaintiff's Objection to Phased Discovery [ECF No. 118]. On January 31, 2024, the Plaintiff filed his reply [ECF No. 123].

On February 2, 2024, Magistrate Judge John E. Martin was added to the case, and Magistrate Judge Joshua P. Kolar was no longer assigned to case.

On February 7, 2024, the Plaintiff filed a Motion for a Scheduling Order, Vacating the Magistrate Judge's Discovery Rulings, and Setting of a Trial Date [ECF No. 126]. The Defendant filed a response [ECF No. 134], on February 20, 2024, and the Plaintiff filed a reply [ECF No. 136] on February 26, 2024.

On March 14, 2024, Judge Martin held a status conference with the parties, ordering that discovery be bifurcated. ECF No. 150. He also entered an Order [ECF No. 151], denying as moot the Plaintiff's Motion for a Scheduling Order [ECF No. 126]; ordering that discovery on the first phase of discovery addressing statute of limitations and statute of frauds be completed by May 13, 2024; setting a deadline of June 14, 2024, for the Defendant to file any motion with respect to whether the breach of contract and/or unjust enrichment claims are barred by the

6

39

applicable statute of limitations; and reminding the Plaintiff that documents and evidence may be presented along with motions.

On April 5, 2024, the Plaintiff filed a Partial Objections to Magistrate Judge John E. Martin's Order as to Phased Discovery, Judicial Notice, and Request for Scheduling Order [ECF No. 159]. The Defendant filed a response [ECF No. 161] on April 19, 2024, and the Plaintiff filed a reply [ECF No. 162] on April 23, 2024.

On May 2, 2024, the Court entered an Opinion and Order [ECF No. 177], overruling the Plaintiff's Partial Objections [ECF No. 159].

Earlier on April 26, 2024, the Plaintiff filed a Motion to Compel [ECF No. 172], requesting that the Court enter an order to compel the Defendant to produce certain documents including the Defendant's medical records. The Defendant filed a response [ECF No. 180] on May 10, 2024, and the Plaintiff filed a reply [ECF No. 181] on May 14, 2024.

On May 5, 2024, Judge Martin entered an Opinion and Order [ECF No. 190] denying the Plaintiff's Motion to Compel [ECF No. 172].

On August 7, 2024, the Plaintiff filed a Motion for Disqualification and Recusal of Magistrate Judge John E. Martin [ECF No. 203] along with a 25-page Memorandum of Law [ECF No. 206].

On October 16, 2024, the Court entered an Opinion and Order [ECF No. 247] denying among other things the Plaintiff's Motion for Disqualification and Recusal of Magistrate Judge John E. Martin [ECF No. 203].

On September 18, 2024, the Plaintiff filed a Sealed Motion for Leave to File Substitute for Previously Tendered Amended Complaint [ECF No. 226], and he also filed a Sealed

[Proposed] Second Amended Complaint [ECF No. 227]. The Defendant filed a response [ECF No. 246] on October 11, 2024, and the Plaintiff filed a reply [ECF No. 248] on October 18, 2024.

On October 31, 2024, Judge Martin entered an Opinion and Order [ECF No. 268]. denying the Plaintiff's Motion for Leave to File Substitute for Previously Tendered Amended Complaint [ECF No. 226].

On November 6, 2024, the Plaintiff filed a Sealed Objection to Magistrate Judge's Order Denying Plaintiff's Motion for Leave to File Substitute for Previously Tendered Amended Complaint [ECF No. 272]. The Defendant filed a response [ECF No. 277] on November 19, 2024, and the Plaintiff filed a reply [ECF No. 279] on November 25, 2024.

Earlier on September 23, 2024, the Plaintiff filed a Motion to Reopen Phase One Discovery [ECF No. 232]. The Defendant filed a response [ECF No. 239] on October 4, 2024, and the Plaintiff filed a reply [ECF No. 245] on October 11, 2024.

On October 30, 2024, Judge Martin entered an Opinion and Order [ECF No. 266] denying the Plaintiff's Motion to Reopen Phase One Discovery [ECF No. 232].

On November 12, 2024, the Plaintiff filed a Sealed Objection to Magistrate Judge's Order Denying Plaintiff's Motion to Reopen Phase One Discovery [ECF No. 274]. The Defendant filed a response [ECF No. 278] on November 21, 2024, and the Plaintiff filed a reply [ECF No. 280] on November 25, 2024.

Earlier on October 4, 2024, the Defendant filed a Motion for Summary Judgment Against Plaintiff [ECF No. 237]. The Defendant also filed a Request for Oral Argument on Motion for Summary Judgment Against Plaintiff [ECF No. 238]. The Plaintiff filed a response [ECF No. 282] on December 2, 2024, and the Defendant filed a reply [ECF No. 287] on January 15, 2025.

Earlier on October 22, 2024, the Plaintiff filed a Motion to Hold Summary Judgment in Abeyance [ECF No. 252]. The Defendant filed a response [ECF No. 259] on October 28, 2024. On October 30, 2024, Judge Martin entered an Order [ECF No. 267], denying as moot the Plaintiff's Motion to Hold Summary Judgment in Abeyance [ECF No. 252]. On November 12, 2024, the Plaintiff filed an Objection to Magistrate Judge John E. Martin's Order Denying as Moot Plaintiff's Motion to Hold Summary Judgment in Abeyance [ECF No. 275]. On November 18, 2024, the Court entered an Order [ECF No. 276], overruling the Plaintiff's Objection to Magistrate Judge John E. Martins Order Denying as Moot Plaintiff's Motion to Hold Summary Judgment in Abeyance [ECF No. 275]. The Court stated that it would provide further analysis of the ruling in the Court's summary judgment ruling.

## BACKGROUND AND MATERIAL FACTS[1]

The Plaintiff and the Defendant entered into an employment agreement through an exchange of emails later orally amended, and the Defendant has not paid the Plaintiff the $170,000 owed under the amended agreement. Am. Compl. ¶¶ 5–7, 10–12, 24, ECF No. 30; Def. Ex. 6, ECF No. 237-11; ECF No. 30-1, p. 2.[2] On February 25, 2018, by email, the Defendant offered the Plaintiff a job as the executive director of the Posner Center. Am. Compl. ¶ 5; Def. Ex. 6, RP0000037; ECF No. 30-1, p. 2. On March 19, 2018, the Plaintiff, the Defendant, and Sakina Carbide (a Posner Center volunteer) met in person in Chicago, Illinois, and the Defendant requested (when Ms. Carbide was not present) that the February 25, 2018 agreement be amended to add that the Plaintiff would also provide advisory services to the Defendant in his personal capacity, regarding his personal ventures. Am. Compl. ¶ 7; Def. Ex. 1, pp. 41:23–42:15, ECF

---

[1] The Court disregards substantive arguments and characterization of evidence in the fact statements and considers the facts only as supported by the cited evidence of record.

[2] The Plaintiff signed the Amended Complaint under penalty of perjury. *See* Am. Compl., ECF No. 30.

No. 237-6; ECF No. 131-9 ¶¶ 2, 16, 19. These personal ventures would not involve the Posner Center. Am. Compl. ¶ 7.

Under the amended agreement, the salary was for $120,000 per year to be paid by the Defendant, and the salary would continue to roll over after a year's time unless either party rescinded the agreement. *Id*. ¶¶ 8, 10. At the same time, the Defendant told the Plaintiff that the Plaintiff would have to wait at least a year before the Defendant could pay his salary in one lump sum. *Id*. ¶ 12. The Defendant also said, "[The Plaintiff] should trust him. That the contract was a valid and enforceable contract. [The Plaintiff] [doesn't] need to worry about statute of limitations problems or any other problems. It was a legally enforceable contract. I'm a judge. I'm a federal judge. I know the law. Def. Ex. 1, p. 128:4–8. The Plaintiff agreed to the amendments, and the Plaintiff and the Defendant shook hands. Am. Compl. ¶¶ 9, 14.

From February 25, 2018, through July 23, 2019, the Plaintiff provided the Defendant with various services, including services to the Center and separate advisory services to the Defendant for his personal ventures. *Id*. ¶ 15; Def. Ex. 1, p. 149:20–24. During this time, the Plaintiff received emails containing the following communication pertaining to the performance of his services for the Defendant at the Posner Center:

- "I wish to announce an important step in the maturation of our company, [the Posner Center]. Brian Vukadinovich, one of the brightest stars in our firmament, has at my [the Defendant] urging agreed to share with me the difficult, time consuming, but essential task of monitoring the activities, present and prospective of our company in every state in which it is represented. . . . And under my new regime Mr. Vukadinovich and I will be sharing responsibilities for that direction, . . . I am confident that the measures I have described, given the contribution that Mr. Vukadinovich will make, will constitute a giant step forward for our company," P1. Ex. 1, ECF No. 282, p. 33 of 69;[3]

---

[3] This email was sent by the Defendant to Theresa Yuan, the Defendant's research assistant, with the Defendant's instructions for Ms. Yuan to send the email to everyone at the Posner Center; as the email indicates that Ms. Yuan was going to send the email, the Court presumes that the Plaintiff received it.

- "I [Sakina Carbide] have cc'd Mr. Vukadinovich on this email since you mentioned he is also handling it [a rough draft of a petition]," Pl. Ex. 2, ECF No. 282, p. 36 of 69;
- "The higher tier, involving review of the reports of the Regional Directors, will be administered jointly by Brian Vukadinovich and me [the Defendant], and will involve close contact between us and the Regional Directors, and also a numbering of the regions. . . . The nine regions are just a beginning, as is the monitoring of them by Mr. Vukadinovich and me," Pl. Ex. 3, ECF No. 282, p. 39 of 69;
- "Brian [the Plaintiff], I [the Defendant] said yesterday that I would email the entire company about your new role, forgetting however that I can't force my computer to distribute an identical email to a large number of persons even though I give the correct email addresses for each one," Pl. Ex. 4, ECF No. 282, p. 41 of 69;
- "Brian Vukadinovich the star member of my company and I [the Defendant] recently prepared a response to Ted's draft or drafts," Pl. Ex. 5, ECF No. 282, p. 44 of 69;
- "[D]o you have any idea what she's [Sakina Carbide] doing? . . . I [the Defendant] hope . . . you'll . . . save the day for Ted [by helping with his petition]," Pl. Ex. 6, ECF No. 282, p. 46 of 69;
- "Dear Ms. Graves. Brian Vukadinovich shared with me [the Defendant] his correspondence with you, and I share his enthusiasm for you. . . . The breadth of your experience suggests to me that you would be an excellent regional director for a region of your choice," Pl. Ex. 7, ECF No. 282, p. 48 of 69;
- "Brian [the Plaintiff]. I [the Defendant] just sent you a significantly revised draft of my amicus curiae brief. The changes that you suggest in the email are excellent; could I trouble you to make these changes in my new draft?" Pl. Ex. 8, ECF No. 282, p. 50 of 69;
- "Thanks for pointing me to these [Supreme Court] rules, Brian [the Plaintiff]; I [the Defendant] will comply," Pl. Ex. 9, ECF No. 282, p. 53 of 69;
- "Brian [the Plaintiff], here is a revised draft incorporating the Rule 37 issue. Feel free to amend the draft. Dick [the Defendant]," Pl. Ex. 10, ECF No. 282, p. 55 of 69;
- "Brian [the Plaintiff], you obviously know more about the Supreme Court than I [the Defendant] do – I never heard of Supreme Court Rule 37(b)(2)," Pl. Ex. 11, ECF No. 282, p. 57 of 69;
- "I'd [the Defendant] be grateful if you'd [the Plaintiff] take a look at draft (below) and let me know whether there's anything you think should be added or subtracted, as it is not too late to make changes in it," Pl. Ex. 12, ECF No. 282, p. 59 of 69;
- "We're getting near the end of March, so we [the Defendant and the Plaintiff] should think about notifying the regional directors to render reports to you or me," Pl. Ex. 13, ECF No. 282, p. 61 of 69;
- "Brian [the Plaintiff], is there any day this week in which you could comfortably come to Chicago for lunch with me [the Defendant] and Joyce Hutchens? Joyce is the woman I just hired to be the research director for the firm," Pl. Ex. 14, ECF No. 282, p. 63 of 69;
- "Brian [the Plaintiff], have you seen the recent note from Zell purporting to terminate the Posner Center in part because he says I [the Defendant] am 100 percent retired, which is totally false. . . . Any thoughts?" Pl. Ex. 15, ECF No. 282, p. 65 of 69; and

11

- "F--K JONA, HE'S NOT IN CHARGE AND I [the Defendant] WILL NOT LET YOU [the Plaintiff] LEAVE THE POSNER CENTER. YOU'RE OUR BIGGEST STAR!" Pl. Ex. 16, ECF No. 282, p. 67 of 69.

The Plaintiff demanded payment for his services performed for the Defendant as executive director of the Posner Center and for his advisory services. Am. Compl. ¶ 16; Def. Ex. 33, ECF No. 237-38; Def. Ex. 34, ECF No. 237-39. The Plaintiff testified that the payment due date was July 19, 2020. Def. Ex. 1, p. 116:1–4. Still, the Defendant has not paid the Plaintiff. Am. Compl. ¶ 17. As of July 23, 2019, the Plaintiff alleges that the Defendant owes the Plaintiff at least $170,000. *Id*. ¶ 24. The Plaintiff testified that he was going to use the salary to go to law school and that his income sources while working for the Defendant were from a teacher's pension and Social Security. Def. Ex. 1, pp. 11:3, 77:22.

## REVIEW OF MAGISTRATE JUDGE MARTIN'S DECISIONS

### A.    Legal Standard

Pursuant to Civil Rule of Procedure 72(a), a party may file an objection to a magistrate judge's decision on a non-dispositive pretrial matter within fourteen days. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997); *see also* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943.

### B.    Plaintiff's Objection to Magistrate Judge's Order Denying Plaintiffs Motion for Leave to File Substitute for Previously Tendered Amended Complaint

The first issue before this Court is whether the Magistrate Judge's order denying the Plaintiff's Motion for Leave to File Substitute for Previously Tendered Amended Complaint was

12

clearly erroneous or contrary to law. The Plaintiff argues that Judge Martin erred by: (1) cherry picking; (2) not making a specific finding; (3) determining that the Plaintiff had not pled a distinct injury; (4) determining that Indiana law does not allow punitive damages in a breach of contract action; and (5) finding that the Plaintiff's allegations about the Defendant's purported legal and health misrepresentations are insufficient for stating a claim for fraud. The Court addresses each argument in turn.

1.    *Cherry Picking*

The Plaintiff argues that Judge Martin erred by cherry picking from *Campbell v. Ingersoll Milling Machine Co.*, 893 F.2d 925, 927 (7th Cir. 1990), and *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991). The Plaintiff misconstrues Judge Martin's citations to *Campbell* and *Villa*. Judge Martin cited these cases for statements of law because they are binding legal authority containing the Seventh Circuit Court of Appeals' legal standard for leave to amend a complaint. There is no clear error.

2.    *Specific Finding*

Next, the Plaintiff argues that Judge Martin erred by not providing specific findings. Not so. His specific finding was that "the Court finds that the proposed amended complaint is futile," and the explanation for that ruling was provided in the preceding paragraphs. Oct. 31, 2024 Op. & Ord. 4, ECF No. 268. Also, the Plaintiff is correct in that Judge Martin further stated, "Defendant also argues that the motion should be denied as untimely . . . [b]ecause the Court finds that the proposed amended complaint is futile, it will not address the timeliness argument." Pl. Nov. 6, 2024 Obj. Br. 3, ECF No. 272 (quoting Oct. 31, 2024 Op. & Ord. 4, ECF No. 268). However, there is no clear error in Judge Martin basing a ruling on one ground raised by the

13

Defendant (futility) and then not addressing another ground (untimeliness) that the Defendant also raised.

3.    *Distinct Injury*

The Plaintiff asserts that Judge Martin erred in determining that, to the extent that in the proposed deception claim (Count II) the Plaintiff was re-alleging a claim for fraud, the allegation of emotional distress and headaches was not an injury distinct from the breach of contract. However, as argued by the Defendant, the Plaintiff did not make an argument about emotional distress and headaches as a distinct injury in support of a fraud claim to Judge Martin. "[A]rguments not made before a magistrate judge are normally waived." *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000). "That waiver extends to arguments raised for the first time in objections to the magistrate's ruling." *Huizar v. Experian Info. Sols., Inc.*, No. 4:22-CV-85, 2025 WL 830540, at *3 (N.D. Ind. Mar. 17, 2025) (citing *Haywood v. Baylor*, 804 F. App'x 401, 403 (7th Cir. 2020); *Maxwell v. South Bend Work Release Ctr.*, No. 3:09-CV-008, 2010 WL 4318800, at *2 (N.D. Ind. Oct. 25, 2010)).

Even if the Plaintiff had not waived the argument, the Plaintiff has still failed to allege a distinct injury. The Plaintiff now contends that the following allege distinct injuries: "Because of the aggregated wrongful actions of the Defendant, Plaintiff has experienced emotional distress and headaches as a proximate cause of Defendant's wrongful conduct against Plaintiff as heretofore alleged," and "Plaintiff was thereby injured by Defendant's deceitful misrepresentations." Prop. Sec. Am. Compl. ¶¶ 51, 56, ECF No. 227. However, the "aggregated wrongful actions of the Defendant" includes the alleged breach of contract. This is because, under the proposed deception claim (proposed Count II), each alleged misrepresentation purportedly led to the Plaintiff working for the Defendant without pay, which combined are the

14

aggregated wrongful actions, *see id.* ¶¶ 44–51, 56; and not paying the Plaintiff for his work for the Defendant is the alleged breach of contract (proposed Count I), *see id.* ¶¶ 35–36. Thus, the Plaintiff's purported emotional distress and headaches still arise out of the alleged breach of contract and are, therefore, not injuries distinct from the breach of contract. *See Mauger v. Metro. Life Ins. Co.*, 589 F. Supp. 3d 954, 963 (N.D. Ind. 2022) (explaining that under Indiana law an injury that "still arise[s] out of the breach of contract" is not an injury distinct from the breach of contract). Consequently, there would still be no clear error by Judge Martin had the Plaintiff made the "distinct injuries" argument.[4]

### 4.    Punitive Damages Claim

The Plaintiff contends that "[t]he magistrate judge very erroneously determined that under no circumstances does Indiana law allow punitive damages in a breach of contract action that involves fraud." Pl. Nov. 6, 2024 Obj. Br. 6. The Plaintiff's contention misconstrues Judge Martin's decision, which pertains to the Plaintiff's separate claim for punitive damages contained in Count V of the proposed amended complaint. Judge Martin's decision was that a separate claim for punitive damages was futile because punitive damages are a remedy not a cause of action under Indiana law. *See* Oct. 31, 2024 Op. & Ord. 3–4, ECF No. 268. He did not make a

---

[4] To the extent that the Plaintiff raises two additional arguments for why he has alleged a distinct injury in footnotes 3 and 4 of his Objection, the Court finds that neither shows a clear error by Judge Martin. First, the Plaintiff argues that the emotional distress and headaches are a distinct injury because of a prior ruling in this case by Judge Kolar. This argument is waived because the Plaintiff did not make it to Judge Martin in the Objection. *See Melgar*, 227 F.3d at 1040; *Huizar*, 2025 WL 830540, at *3 (citing *Haywood*, 804 F. App'x at 403; *Maxwell*, 2010 WL 4318800, at *2). Even if the "Judge Kolar" argument had not been waived, the Plaintiff misconstrues the ruling because Judge Kolar did not make a decision on the emotional distress and headaches. At most, Judge Kolar commented on allegations raised for the first time in the Plaintiff's response to the Defendant's Motion to Dismiss with a request for leave to amend, which differ from the allegations raised here and on which Judge Kolar did not rule. *See* R. & R. 54–57, ECF No. 62. Second, the Plaintiff argues that another distinct injury is in his allegation in the proposed second amended complaint that the money he was owed by the Defendant—the unpaid salary—for his services was going to be used to pay for law school. However, this is not a distinct injury because the unpaid salary is the breach of contract injury no matter how the Plaintiff was going to use the money.

decision about punitive damages as a remedy for a cause of action founded on a breach of contract claim when a plaintiff also pleads fraud. Therefore, Judge Martin made no clear error in his decision on the Plaintiff's separate punitive damages claim.

5.    *Legal and Health Misrepresentations*

The Plaintiff argues that "it is clear that the magistrate judge erroneously determined that Plaintiff's proposed amended complaint fails to sufficiently plead a cause of action for fraud." Pl. Br. 7, ECF No. 272. In support, the Plaintiff cites *Scott v. Bodor, Inc.*, 571 N.E.2d 313, 319 (Ind. Ct. App. 1991), for the proposition that "Indiana case laws expressly supports an action for fraud where the party making the misrepresentation is an attorney or professes some knowledge in legal matters and induces a person to act in reliance on his misstatement of law." *Id*. at 6. However, the Plaintiff did not make an argument about the alleged legal misrepresentations as the basis for a fraud claim to Judge Martin. Again, "arguments not made before a magistrate judge are normally waived," *Melgar*, 227 F.3d at 1040, which "extends to arguments raised for the first time in objections to the magistrate's ruling," *Huizar*, 2025 WL 830540, at *3 (citing *Haywood*, 804 F. App'x at 403; *Maxwell*, 2010 WL 4318800, at *2).

Even if the Plaintiff had not waived the argument, the Plaintiff misconstrues Judge Martin's ruling because Judge Martin did not determine that the allegations for a fraud claim based on legal misrepresentations in the proposed second amended complaint were insufficient. Judge Martin acknowledged that the Plaintiff alleged additional misrepresentations, but he ruled that the Plaintiff did not allege an injury distinct from the breach of contract comporting with Indiana law, as discussed above.

And, *Scott* is inapposite because although that case involved a fraud claim based on a legal misrepresentation, there was no breach of contract claim at issue. *See* 571 N.E.2d at 319–

16

20. Because there is a breach of contract claim in this case, and the Plaintiff did not allege a distinct injury, the Court concludes that Judge Martin made no clear error in his ruling; and this same reasoning applies to the Plaintiff's similar argument that Judge Martin erred because, according to the Plaintiff, the allegations about health misrepresentations in the proposed second amended complaint suffice for a fraud claim.

*6.    Conclusion*

Accordingly, the Court overrules the Plaintiff's objections. The Court will also direct the Clerk of Court to place a redacted copy of the Plaintiff's Sealed Objection to Magistrate Judge's Order Denying Plaintiffs Motion for Leave to File Substitute for Previously Tendered Amended Complaint [ECF No. 277-2] on the docket because the Objection contains the Defendant's highly sensitive medical information and the redacted copy blacks out that information.

**C.    Plaintiff's Objection to Magistrate Judge's Order Denying Plaintiff's Motion to Reopen Phase One Discovery**

The second issue before this Court is whether the Magistrate Judge's order denying the Plaintiff's Motion to Reopen Phase One Discovery was clearly erroneous or contrary to law. The Plaintiff argues that Judge Martin erred by: (1) interjecting technicalities; and (2) applying a heightened standard for the Plaintiff. The Court addresses each in turn.

*1.    Interjecting Technicalities*

The Plaintiff first argues that Judge Martin erred by interjecting technicalities because he did not find excusable neglect for the Plaintiff's request to extend the first phase discovery deadline, which was made after the discovery deadline had passed. The Plaintiff contends that his excuse that he had other discovery matters that took all his time, including reviewing thousands of emails, was sufficient. As Judge Martin already determined, "Although this explains why Plaintiff would have liked additional time to complete discovery, it also indicates

17

that he knew long before the close of discovery that he would need additional time." Oct. 30, 2024 Op. & Ord. 1–2, ECF No. 266. The Plaintiff interprets this as Judge Martin expecting the Plaintiff to "drop everything." In support, the Plaintiff's cites *Novak v. State Parkway Condominium Association*, No. 13 C 08861, 2015 WL 1058014, at *4 (N.D. Ill. Mar. 6, 2015), for the proposition that Judge Martin erred in his ruling because the Plaintiff had a lot of other discovery work to do. *Novak* is inapposite because the "excusable neglect" standard was not at issue.[5]

The Plaintiff additionally argues he was not afforded due process because Judge Martin interjected his displeasure with the Plaintiff filing the Motion for Disqualification and Recusal of Magistrate Judge John E. Martin. The Plaintiff misconstrues Judge Martin's explanation. Judge Martin explained:

> Instead, on August 7, 2024, he filed a twenty-five page motion to disqualify the undersigned magistrate judge, and did not file any indication to the Court that he desired an extension of time to complete discovery until August 29, 2024, two weeks after the deadline expired. His ability to file motions unrelated to discovery during this time period suggests that he was not solely focused on discovery during this time and would have been able to also file a brief motion requesting additional time for discovery.

Oct. 30, 2024 Op. & Ord. 2,   The Plaintiff further highlights how Judge Martin previously granted three of the Defendant's requests for the extension of the first phase discovery deadline complaining about unfairness. However, the Plaintiff provides no context, such as whether the requests were made before the deadline, the Defendant's reasons for the requests, or whether the

---

[5] As highlighted by the Defendant, the Plaintiff presumably meant to cite *Novak v. State Parkway Condominium Association*, No. 13-CV-8861, 2017 WL 1086767, at *4 (N.D. Ill. Mar. 20, 2017) (*Novak II*). Excusable neglect for filing a request for an extension of time after the deadline was not at issue there either. At issue in *Novak II* was the production of discovery documents without redaction (that should have been redacted) and "whether Defendants should have dropped everything and immediately focused on identifying the inadvertently produced documents." *Id*. Thus, *Novak II* is also inapposite.

Plaintiff objected and if so, on what grounds. The Court finds no inherent unfairness in granting

three extensions for the Defendant and not granting the Plaintiff's request for an extension.

Accordingly, the Court finds Judge Martin made no clear error in finding that the

Plaintiff had not shown excusable neglect.

2.    *Heightened Standard*

Judge Martin determined:

> Plaintiff also has not shown that additional discovery is warranted. He reports that
> at his deposition, Defendant questioned him extensively about information in a
> medical document and represents that he would like to seek discovery related to the
> source of the information in the medical document. He has not identified any
> particular discovery requests he has drafted to which he needs responses. Defendant
> argues that the medical information itself is not relevant to this stage of the
> proceedings, since the relevant question is what Plaintiff knew about Defendant's
> health, particularly his Alzheimer's diagnosis. The Court agrees that Plaintiff has
> failed to identify how additional information about Defendant's medical history is
> relevant to the statute of limitations and statute of frauds.

Oct. 30, 2024 Op. & Ord. 2–3, ECF No. 266. The Plaintiff argues that Judge Martin erred by

applying a "heightened standard" to the Plaintiff's request to extend the first phase discovery

because Judge Martin "relied on a fraudulent argument by Defendant and his lawyers." Pl. Nov.

12, 2024 Obj. Br. 6, 11, ECF No. 274.

According to the Plaintiff, the Defendant's argument is fraudulent because the

"Defendant in fact has stated to this Court in 'Defendant's Responses and Objections to

Plaintiff's Requests for Production' that '[] Plaintiff's knowledge of Defendant's mental

condition may be relevant to the statute-of limitation and statute-of-frauds defenses.'" *Id*. 6–7.

To the contrary, the referenced filing by the Defendant states, "Plaintiff provides no meaningful

argument why [all medical records related to the Defendant's Alzheimer's] should be

discoverable." Def. Mot. Compel Resp. 5, ECF No. 180. And, it also states, "Given that Plaintiff

19

has repeatedly (and falsely) denied that Defendant suffers from Alzheimer's disease, Defendant produced Defendant's original 2018 diagnosis of that condition." *Id*. 3.

Also, on the Plaintiff's Motion to Compel, Judge Martin previously held, "Request number three seeks Defendant's medical records. Although the medical information known by Plaintiff during the time at issue is relevant, that is not what is being sought in this question. The rest of Defendant's medical history is not relevant to phase one discovery." May 5, 2024 Order 4, ECF No. 190.

Nevertheless, neither in the Plaintiff's Motion to Reopen Phase One Discovery nor in the Plaintiff's Objection did the Plaintiff explain how the additional information about the Defendant's medical history relates to the Plaintiff's knowledge of the Defendant's mental condition. Also, the Plaintiff does not otherwise explain why he requires the Defendant's medical history other than the conclusory "for the statute of limitations and statute of frauds defenses," which is not a sufficient explanation.

The Plaintiff also complains that Judge Martin stated that the Plaintiff did not identify any discovery requests he has drafted to which he needs responses. According to the Plaintiff, he stated in his Motion to Reopen Phase One Discovery memorandum that "Plaintiff submitted a discovery request to Defendant's attorney via email . . . that there was a need for Defendant to produce certain documents that were discussed in the medical document," which the Plaintiff attached to the memorandum. Pl. Nov. 12, 2024 Obj. Br. 8 (citing ECF No. 231, pp. 2–3). The Plaintiff is correct in that he made that statement. However, the Plaintiff did not include in the body of his memorandum the list of requested documents contained in the email. *See* ECF No. 231. Also, the Plaintiff admits that the requested documents were discussed in the medical document obtained *during discovery*. However, the Plaintiff does not explain how the documents

20

contain medical information known by the Plaintiff during the time at issue rather than the rest of the Defendant's medical history or otherwise sufficiently explain why he needs the documents (as discussed above). *See* May 5, 2024 Order 4, ECF No. 190.

Thus, the Court finds no clear error by Judge Martin.

*3.    Conclusion*

Accordingly, the Court overrules the Plaintiff's objections. The Court will also direct the Clerk of Court to place a redacted copy of the Plaintiff's Sealed Objection to Magistrate Judge's Order Denying Plaintiff's Motion to Reopen Phase One Discovery [ECF No. 278-2] on the docket because the Objection contains the Defendant's highly sensitive medical information and the redacted copy blacks out that information.

**D.    Further Analysis of the Court's Overruling the Plaintiff's Objection to Magistrate Judge's Order Denying as Moot Plaintiff's Motion to Hold Summary Judgment Procedure in Abeyance**

In the Court's November 18, 2024 Order, the Court overruled the Plaintiff's Objection to Magistrate Judge's Order Denying as Moot the Plaintiff's Motion to Hold Summary Judgment Procedure in Abeyance stating that the Court would provide further analysis of the ruling at the time that the Court rules on the Defendant's Motion for Summary Judgment. That further analysis is set forth as follows.

In the Plaintiff's Objection to Magistrate Judge's Order Denying as Moot the Plaintiff's Motion to Hold Summary Judgment Procedure in Abeyance, the Plaintiff argued that Judge Martin made a clear error by ruling on the Motion to Hold Summary Judgment Procedure in Abeyance before the Plaintiff's reply was due because the Plaintiff was not given the opportunity to argue that he needed more time for discovery as to the Defendant's medical history and to litigate the allegations in the proposed second amended complaint. Although the Plaintiff is

correct in that Judge Martin ruled before the Plaintiff's reply was due, the Court finds no clear

error by Judge Martin because the proposed second amended complaint and the medical history

of the Defendant sought by the Plaintiff in discovery were not related to the Motion for Summary

Judgment, as is indicated by the Court's analysis overruling objections above and as is also

indicated by Judge Martin's orders on these issues.

**SUMMARY JUDGMENT**

The Defendant seeks summary judgment on the Plaintiff's remaining claims for breach of

contract (Count I) and unjust enrichment (Count III).

**A.      Legal Standard**

Summary judgment is warranted when "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). The movant may discharge this burden by "either: (1) showing that there is an

absence of evidence supporting an essential element of the non-moving party's claim; or

(2) presenting affirmative evidence that negates an essential element of the non-moving party's

claim." *Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016)

(citation omitted). In response, the non-movant "must make a sufficient showing on every

element of his case on which he bears the burden of proof; if he fails to do so, there is no issue

for trial." *Yeatts v. Zimmer Biomet Holdings, Inc.*, 940 F.3d 354, 358 (7th Cir. 2019) (citing

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In ruling on a motion for summary

judgment, a court must construe all facts and draw all reasonable inferences in the light most

favorable to the nonmoving party. *Id.* (citation omitted). A court's role "is not to sift through the

evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has

one task and one task only: to decide, based on the evidence of record, whether there is any

22

material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citations omitted). Also, when, as here, a plaintiff proceeds pro se, the courts "construe his filings liberally, but pro se litigants are subject to the same substantive legal rules as represented parties." *Balle v. Kennedy*, 73 F.4th 545, 553–54 (7th Cir. 2023) (cleaned up).

**B.    Breach of Contract Claim (Count I)**

The Amended Complaint alleges that, on March 19, 2018, the Defendant orally agreed to pay the Plaintiff a yearly salary of $120,000.00 for services as Executive Director of the Posner Center and advisory services to the Defendant in his personal ventures, which would roll over after a year's time and would be paid in a lump sum at least a year after the Plaintiff began his employment. The Plaintiff contends that the Defendant breached this agreement by failing to pay him $170,000.00 by July 19, 2020 for his alleged employment with the Defendant from February 25, 2018, to July 23, 2019. The Defendant responds that he is entitled to summary judgment on the breach of contract claim based on the Statute of Frauds, as defined by Indiana Code § 32-21-1-1(b)(5). The Court agrees with the Defendant for the reasons set forth below.

*1.    Application of the Statute of Frauds*

To succeed on a breach of contract claim, the plaintiff must prove among other things the existence of an enforceable contract. *Haegert v. Univ. of Evansville*, 977 N.E.2d 924, 937 (Ind. 2012) ("To prevail on a claim for breach of contract, the plaintiff must prove the existence of a contract, the defendant's breach of that contract, and damages resulting from the breach."); *Fresh Cut, Inc. v. Fazli*, 650 N.E.2d 1126, 1130 (Ind. 1995) ("Despite this very strong presumption of enforceability, courts have refused to enforce private agreements that contravene statute, clearly

23

tend to injure the public in some way, or are otherwise contrary to the declared public policy of Indiana.").[6] Section 32-21-1-1(b)(5) of the Indiana Code provides:

> (b) A person may not bring any of the following actions unless the promise, contract, or agreement on which the action is based, or a memorandum or note describing the promise, contract, or agreement on which the action is based, is in writing and signed by the party against whom the action is brought or by the party's authorized agent:
>
> . . .
>
> (5) An action involving any agreement that is not to be performed within one (1) year from the making of the agreement.

Ind. Code § 32-21-1-1(b)(5).

Here, the Plaintiff does not dispute that because the payment for the Plaintiff's salary was due in a lump sum after the first year of employment, it could not be performed in a year; nor does he dispute that the agreement is consequently governed by the Indiana Statute of Frauds, Indiana Code § 32-21-1-1(b)(5). *See Rodts v. Heart City Auto., Inc.*, 933 N.E.2d 548, 553 (Ind. Ct. App. 2010) ("Because the term of Rodts' employment was not to be performed in one year but, instead, five years, the Statute of Frauds applies to Rodts' action for breach of contract." (citing Ind. Code § 32–21–1–1(b)(5))). The Plaintiff also does not dispute that there is no evidence of a writing establishing the March 19, 2018 agreement between the parties. Thus, the alleged March 19, 2018 oral agreement does not satisfy the Indiana Statute of Frauds and is unenforceable. *See Wallem v. CLS Indus., Inc.*, 725 N.E.2d 880, 887 (Ind. Ct. App. 2000) ("[B]ecause the purported oral bonus resignation agreement could not be fully performed within one year, the agreement is governed by the Statute of Frauds, and is unenforceable.").

---

[6] As neither party argues otherwise, the Court applies Indiana substantive law to this contract dispute brought under the Court's diversity jurisdiction. *See Jeffords v. BP Prods. N. Am., Inc.*, 963 F.3d 658, 661 (7th Cir. 2020) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Wood v. Mid-Valley Inc.*, 942 F.2d 425, 426–27 (7th Cir. 1991)).

24

Accordingly, the Plaintiff cannot enforce the alleged oral agreement for his employment by the Defendant with his salary to be paid in a lump sum after a year unless there remains a genuine dispute of material fact regarding an exception to the statute. *See Coca-Cola Co. v. Babyback's Int'l, Inc.*, 841 N.E.2d 557, 565 (Ind. 2006) ("This writing does not satisfy the Statute of Frauds, and thus, unless there remains a genuine issue of determinative fact regarding an exception to the statute, Babyback's may not bring an action involving the alleged multi-year national co-marketing agreement." (citing Ind. Code § 32–21–1–1(b)(5))).

2.    *Exceptions to the Statute of Frauds*

"The purpose of a Statute of Frauds is to preclude fraudulent claims which would probably arise when one person's word is pitted against another's so as to open wide those ubiquitous flood-gates of litigation." *Ohio Valley Plastics, Inc. v. Nat'l City Bank*, 687 N.E.2d 260, 263 (Ind. Ct. App. 1997) (citing *Summerlot v. Summerlot*, 408 N.E.2d 820, 828 (Ind. Ct. App. 1980)). In this case, the Plaintiff argues that part performance, promissory estoppel, constructive fraud, and unjust enrichment remove this action from the Indiana Statute of Frauds. Although it is true that certain conditions may remove an action from the Indiana Statute of Frauds, none asserted by the Plaintiff apply here for the reasons set forth below.

a.    Part Performance

The Plaintiff argues that, under Indiana law, part performance removes the oral promise at issue from the Indiana Statute of Frauds. In support, the Plaintiff cites the Indiana Court of Appeals decision of *Tolliver v. Mathas* for the proposition that "where one party to an oral agreement has partially performed in reliance on the contract and it would be perpetrating a fraud upon him to allow the other party to repudiate the contract, equity removes the agreement from the Statute of Frauds and enforces the contract." 538 N.E.2d 971, 976 (Ind. Ct. App. 1989).

However, as argued by the Defendant in his reply, after *Tolliver*, the Indiana Supreme Court held that "the doctrine of part performance is not applicable to exempt oral contracts that cannot be performed within one year" because to hold otherwise would "invite persons to concoct and seek enforcement of fictitious contracts on grounds that the existence of an agreement would provide the only possible explanation for such persons' conduct." *Coca-Cola Co.*, 841 N.E.2d at 567. Thus, the Court concludes that part performance cannot remove an oral agreement that is not to be performed in one year from the making of the agreement, such as the oral employment agreement at issue here, from the Indiana Statute of Frauds as a matter of law. *See id*.

      b.     Promissory Estoppel

Equity acts to render the Indiana Statute of Frauds inoperative where enforcing the statute amounts to a defendant using it as an instrument to perpetrate fraud. *Starkey v. Galloway*, 84 N.E.2d 731, 734 (1949) ("[T]he generally recognized rule [is] that the statute of frauds, being designed to prevent and not encourage fraud, may not be used as an instrument for the perpetration of fraud, and so the statute may under certain circumstances be rendered inoperative by an estoppel in pais."); *Whiteco Indus., Inc. v. Kopani*, 514 N.E.2d 840, 844 (Ind. Ct. App. 1987) ("[E]quity will not permit the statute [of frauds] to be used to perpetrate fraud."). Here, the Plaintiff asserts the equity-based exception to the Indiana Statute of Frauds known as promissory estoppel.

Under such an equity-based exception, there is no fraud in:

a mere breach or violation by one of the parties of an oral agreement which is within the statute of frauds, or his denial of the agreement or refusal to perform it, is not of itself a fraud, either in equity or at law from which the courts will give relief or which will enable the other party to assert either rights or defenses based on the contract.

26

*Kavanaugh v. England*, 110 N.E.2d 329, 331 (1953). "Were this not the rule the statute [of frauds] would be rendered virtually meaningless because the frustrated [plaintiff] would always assert an oral promise/agreement to defeat by means of estoppel the statute's requirement for a written one." *Whiteco Indus., Inc.*, 514 N.E.2d at 844.

Consequently, a plaintiff's presentation of evidence demonstrating "routine expectancy injuries" is insufficient for establishing an equity-based exception to the Indiana Statute of Frauds. *Akin v. Simons*, 180 N.E.3d 366, 382 (Ind. Ct. App. 2021). Routine expectancy injuries include the loss of "the benefit of the bargain" that the plaintiff would have obtained had the defendant performed the promise, which is the loss of "the expected profit from performing a contract." *Classic Cheesecake Co., Inc. v. JPMorgan Chase Bank, N.A.*, 546 F.3d 839, 845 (7th Cir. 2008). If the Indiana Statute of Frauds did not bar damages from routine expectancy injuries, "[t]he contest would then concern the credibility of the evidence of an oral promise or agreement. That, of course, is precisely what the statute seeks to avoid." *Whiteco Indus., Inc.*, 514 N.E.2d at 844.

Nevertheless, the Indiana Statute of Frauds makes an exception for a certain type of injury incurred by a plaintiff:

> [I]n order to establish an estoppel to remove the case from the operation of the Statute of Frauds, the party must show [ ] that the other party's refusal to carry out the terms of the agreement has resulted not merely in a denial of the rights which the agreement was intended to confer, but the infliction of an unjust and unconscionable injury and loss.
>
> In other words, neither the benefit of the bargain itself, nor mere inconvenience, incidental expenses, etc. short of a reliance injury so substantial and independent as to constitute an unjust and unconscionable injury and loss are sufficient to remove the claim from the operation of the Statute of Frauds.

*Coca-Cola Co.*, 841 N.E.2d at 569 (citations omitted); *see Whiteco Indus., Inc.*, 514 N.E.2d at 845 ("In other words, neither the benefit of the bargain itself, nor mere inconvenience, incidental

27

expenses, etc. short of a reliance injury so substantial and independent as to constitute an unjust and unconscionable injury and loss are sufficient to remove the claim from the operation of the Statute of Frauds."). The burden is on the plaintiff to establish a "substantial and independent" and an "unjust and unconscionable injury and loss" from his reliance on a promise by the defendant, which is "a heavy burden." *Brown v. Branch*, 758 N.E.2d 48, 52 (Ind. 2001) (citation omitted).

The Seventh Circuit Court of Appeals has summarized this Indiana standard as requiring the plaintiff to establish "enhanced" reliance, in that the plaintiff must "prov[e] a kind or amount of reliance unlikely to have been incurred had the plaintiff not had a good-faith belief [in what] he had been promised []." *Classic Cheesecake Co., Inc.*, 546 F.3d at 845. This means that "the whole weight of the doctrine of 'unjust and unconscionable injury and loss' falls on the gravity of the injury." *Id*.

Here, to defeat summary judgment on the breach of contract claim, the Plaintiff must present evidence that he suffered an enhanced reliance injury from a promise by the Defendant that is substantial and independent from the benefit of the bargain and that caused the Plaintiff an unjust and unconscionable injury and loss. *See id*.; *Coca-Cola Co.*, 841 N.E.2d at 569; *Brown*, 758 N.E.2d at 51; *Akin*, 180 N.E.3d at 381. In this case, the alleged oral employment agreement includes a promise by the Defendant to pay the Plaintiff a salary of $120,000.00 per year for his advisory services to the Defendant and service as executive director of the Posner Center to be mostly performed at the Plaintiff's home in Indiana. Thus, for the alleged promise to be enforced based on the doctrine of promissory estoppel, the Plaintiff must show that the Defendant's refusal to pay the Plaintiff's $120,000.00 yearly salary, which here is the benefit of the bargain, inflicted an injury to the Plaintiff that is: (1) substantial and independent from the loss of salary;

and (2) an unjust and unconscionable injury and loss. *See Brown*, 758 N.E.2d at 51; *Akin*, 180 N.E.3d at 381.

The Plaintiff argues that promissory estoppel applies because of three injuries that, according to him, constitute the infliction of an unjust and unconscionable injury and loss: (1) lost salary to add funds to his retirement income from his pension and Social Security payments; (2) lost salary to fund his potential law school attendance; and (3) emotional distress and headaches from answering questions about the Posner Center's dissolution. In reply, the Defendant asserts that the Plaintiff's injuries are not reliance injuries that defeat the Indiana Statute of Frauds.

In this case, the Plaintiff has not established an enhanced reliance injury. The Plaintiff's two "lost salary" injuries for more retirement funds and funds for his potential law school attendance are not enhanced reliance injuries because here the salary is the precise benefit of the bargain rendered unenforceable by the Indiana Statute of Frauds no matter the Plaintiff's stated reason for how he would have used the money. *See Brown*, 758 N.E.2d at 51; *Akin*, 180 N.E.3d at 381; *Spring Hill Devs., Inc. v. Arthur*, 879 N.E.2d 1095, 1103 (Ind. Ct. App. 2008) ("The itemized injuries fall into two categories, reliance injuries . . . and expectancy injuries . . . . Regarding the latter, because the test in *Babyback's* addresses reliance injuries only, these expectancy injuries are excluded from the unconscionability analysis."). Also, as argued by the Defendant, the Plaintiff has not established emotional distress and headaches with admissible evidence because he only points to his briefs with his unsupported statements that he incurred these purported injuries, *see* Pl. Summ. J. Resp. 5, ECF No. 282 (citing ECF No. 36, p. 13; ECF No. 62, p. 7). *Cf. Locke v. Haessig*, 788 F.3d 662, 665 n.1 (7th Cir. 2015) (explaining that the

Seventh Circuit Court of Appeals "rel[ied] on facts in his memorandum opposing summary judgment that he swore to under penalty of perjury and were based on his personal knowledge").

Nevertheless, the Plaintiff attempts to stave off summary judgment with the following assertions. Without providing context, the Plaintiff mentions a discussion in this case by Judge Kolar about the Plaintiff's assertion of emotional distress and headaches: "This assertion appears to allege a new injury, different from the injury Plaintiff suffered from the breach of contract." R. & R. 55, ECF No. 62. However, the Plaintiff's argument ignores his burden at summary judgment:

> a grant of summary judgment is based on a determination that dispositive facts alleged by the prevailing party are not or cannot reasonably be disputed, it can be challenged (other than by showing that the opponent's claim or defense is groundless as a matter of law even if all its factual allegations are conceded) only by showing that some or all of those alleged facts are disputed, and this requires evidence, and allegations [or assertions] are not evidence.

*BPI Energy Holdings, Inc. v. IEC (Montgomery), LLC*, 664 F.3d 131, 135 (7th Cir. 2011) (citations omitted).

The Plaintiff also highlights how Judge Kolar acknowledged in this case that the Plaintiff alleged: (1) a harm because the Plaintiff said he was not paid; and (2) a benefit to the Defendant (the Plaintiff's services) and a detriment to the Plaintiff (non-payment). Again, "allegations are not evidence." *Id*. Besides, these statements do not allege an injury to the Plaintiff that is substantial and independent from the loss of salary and an unjust and unconscionable injury and loss because all that the Plaintiff alleges is a loss of salary.

Additionally, without providing any analysis, the Plaintiff cites *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998), for the proposition that the Court should send the issue of promissory estoppel to the jury, which does not suffice for establishing a genuine dispute of material fact on the issue of promissory estoppel. *See Mahaffey v. Ramos*, 588 F.3d 1142, 1146

(7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived."); *BPI Energy Holdings, Inc.*, 664 F.3d at 135.

Accordingly, the Court concludes that the Plaintiff has not established that lost salary and emotional distress and headaches show the kind or amount of reliance unlikely to have been incurred unless the Plaintiff had a good-faith belief in what he had been promised by the Defendant. *See Classic Cheesecake Co., Inc.*, 546 F.3d at 845. Thus, the Court finds that the Plaintiff has not established a substantial and independent and an unjust and unconscionable injury and loss from his reliance on a promise by the Defendant and that, consequently, he has not established a genuine dispute of material fact on the issue of promissory estoppel.

c.    Constructive Fraud

The Plaintiff also asserts constructive fraud as a defense to the Indiana statute of frauds because, according to the Plaintiff, at formation, the Defendant—as a former federal judge—allegedly orally promised the Plaintiff that he could trust the Defendant in that the alleged oral employment agreement was valid and enforceable. Constructive fraud consists of the following five elements:

> (i) a duty owing by the party to be charged to the complaining party due to their relationship; (ii) violation of that duty by the making of deceptive material misrepresentations of past or existing facts or remaining silent when a duty to speak exists; (iii) reliance thereon by the complaining party; (iv) injury to the complaining party as a proximate result thereof; and (v) the gaining of an advantage by the party to be charged at the expense of the complaining party.

*Kapoor v. Dybwad*, 49 N.E.3d 108, 124 (Ind. Ct. App. 2015) (quoting *Rice v. Strunk*, 670 N.E.2d 1280, 1284 (Ind. 1996)).

As to the second element of a misrepresentation, the Plaintiff's position is that in making his oral promise, the Defendant misrepresented to the Plaintiff that the alleged oral employment agreement was not required to be in writing to be enforceable, which induced the Plaintiff to

work for the Defendant without pay. In support, the Plaintiff cites *Scott*, 571 N.E.2d at 319, for the proposition that "Indiana case laws expressly support an action for fraud where the party making the misrepresentation is an attorney or professes some knowledge in legal matters and induces a person to act in reliance on his misstatement of the law." Pl. Summ. J. Resp. 6, ECF No. 282.

 *Scott* involved an argument by the defendants "that under Indiana law misstatements as to the law can never form the basis of fraud since everyone is presumed to know the law and, consequently, the allegedly defrauded party cannot justifiably have relied on the misstatements." 571 N.E.2d at 319. The *Scott* court held that "[m]isrepresentations of domestic law will support an action for fraud where the party making the misrepresentation is an attorney or professes some knowledge in legal matters and induces a less experienced person to act in reliance on his misstatement of the law." *Id*. The court explained that this "properly applies whenever a party claims a special knowledge or expertise in the law and induces another to rely on the claimed knowledge or expertise." *Id*. at 320. Although the misrepresentation at issue in *Scott* was analyzed in the context of a stand-alone fraud claim—not in the context of constructive fraud as an exception to the Indiana statute frauds as is the case here, the Court sees no reason not to allow a legal misrepresentation such as the one at issue in *Scott* to be applied in the context of constructive fraud. And, the Defendant does not raise a dispute as to the misrepresentation element of the five-part test.

 This case turns on the first element—the relationship element. As asserted by the Plaintiff, in Indiana, a confidential or fiduciary relationship between the parties is not essential to the finding of constructive fraud, and the Plaintiff does not argue that a confidential or fiduciary

relationship exists here. *See id.* at 324.[7] Instead, the Plaintiff highlights the *Scott* statement that "[i]n Indiana constructive fraud also includes what other jurisdictions have termed 'legal fraud' or 'fraud in law.' This species of constructive fraud recognizes that certain conduct should be prohibited because it is inherently likely to create an injustice." *Id.*

In this case, the Plaintiff has not established conduct by the Defendant that is likely to create an injustice. Notably, "[c]onduct is likely to create an injustice when actions or statements mislead the complaining party, and the actions or statements are of a character which would prevent inquiry." *McDaniel v. Shepherd*, 577 N.E.2d 239, 242 (Ind. Ct. App. 1991) (citing *Paramo v. Edwards*, 563 N.E.2d 595, 599 (Ind. 1990)). Here, the Court finds that, even if the Plaintiff has established that the Defendant's statements misled him, there is still no indication in the evidence presented by the Plaintiff that the Defendant's statements are of a character that would prevent inquiry into the enforceability of the alleged oral employment agreement. And, as highlighted by the Defendant, the "Defendant's purported claims about whether the contract was 'legally binding' were legal statements [the] Plaintiff could have verified himself." Def. Summ. J. Reply 4, ECF No. 287. Thus, the Court concludes that the Plaintiff has failed to set forth facts showing any affirmative action by the Defendant to prevent inquiry into the legal requirements for the parties' oral agreement to be valid and fully enforceable. *See Paramo*, 563 N.E.2d at 601.

The Plaintiff additionally contends that he has established an unjust and unconscionable injury. When a misrepresentation of law has been asserted as a defense to the application of the Statute of Frauds, Indiana courts require the plaintiff to establish "that the other party's refusal to carry out the terms of the agreement has resulted not merely in a denial of the rights which the agreement was intended to confer, but the infliction of an unjust and unconscionable injury and

---

[7] Thus, the Court need not address the Defendant's argument raised in his summary judgment brief that a fiduciary relationship does not exist in this case.

loss." *Starkey*, 84 N.E.2d at 734. However, here, the only injuries that the Plaintiff sets forth are lost salary, part performance, emotional distress, and headaches, which are insufficient for the reasons set forth above.

Accordingly, the Court finds that the Plaintiff has not established a genuine dispute of material fact on the issue of constructive fraud.

    d.    Unjust Enrichment

The Plaintiff also argues that under the doctrine of unjust enrichment the Court should enforce the oral employment agreement. "Also referred to as quantum meruit or quasi-contract, unjust enrichment requires a party who has been unjustly enriched at another's expense to make restitution to the aggrieved party." *Neibert v. Perdomo*, 54 N.E.3d 1046, 1051 (Ind. Ct. App. 2016) (quoting *Reed v. Reid*, 980 N.E.2d 277, 296 (Ind. 2012)). "To recover for unjust enrichment, the plaintiff must show that (1) he rendered a *measurable benefit* to the defendant at the defendant's express or implied request; (2) he expected payment from the defendant; and (3) allowing the defendant to retain the benefit without restitution would be unjust." *Id*. (emphasis added). "The measure of recovery for services furnished . . . [is] the benefit realized and retained by the defendant as a result of the" plaintiff's services. *Lash v. Kreigh*, 202 N.E.3d 1098, 1103 (Ind. Ct. App. 2023). The remedy then is the "defendant's unjust enrichment rather than plaintiff's loss[,]" which "measures the remedy by the defendant's gain and seeks to force disgorgement of that gain." *Rollings v. Smith*, 716 N.E.2d 502, 507 (Ind. Ct. App. 1999).

Here, as argued by the Defendant, the Plaintiff has not established a measurable benefit. Instead, the Plaintiff cites some emails he received. Although a few of the emails indicate that the Plaintiff did some very minimal work for the Defendant, most of the emails merely speculate about the possibility that the Plaintiff would perform services for the Defendant in the future.

34

The emails that indicate that the Plaintiff performed some very minimal work for the Defendant include: (1) the Plaintiff sharing with the Defendant his correspondence with a potential Regional Director for the Posner Center; (2) the Plaintiff pointing out some rules to the Defendant; (3) the Defendant complementing the Plaintiff on the Plaintiff's knowledge of Supreme Court rules; and (4) the Plaintiff suggesting some changes to a draft by the Defendant. Additionally, the Plaintiff pointed to an email from the Defendant saying that the Defendant would not let the Plaintiff leave (resign from) the Posner Center.

Also, the Plaintiff points to eleven "speculative" emails where the Defendant said that: (1) he would email the company (the Posner Center) about the Plaintiff's new role; (2) the Plaintiff agreed to share with the Defendant the task of monitoring the activities of the Posner Center; (3) he and the Plaintiff would review the reports of Regional Directors; (4) he and the Plaintiff should think about notifying the regional directors to render reports; (5) he would like the Plaintiff to take a look at a draft, make changes to a draft, and amend a draft; (6) the Plaintiff was also handling a draft petition (as was Posner Center volunteer Sakina Carbide and presumably for a pro se litigant); (7) he hoped the Plaintiff would save the day by helping with a draft of a petition (presumably for a pro se litigant); (8) he would like the Plaintiff come to Chicago for lunch; and (9) he would like the Plaintiff to provide his thoughts about the termination of the Posner Center. However, the Plaintiff does not point to anything in the record establishing that the Plaintiff actually monitored the activities of the Posner Center, reviewed the reports of the Regional Directors, or notified the Regional Directors about rendering the reports. Nor does he do so for the Defendant's requests about drafts, handling the draft petition, saving the day by helping with the draft petition, coming to Chicago for lunch, or providing thoughts on the termination of the Posner Center.

Plus, none of the emails indicate the amount of time that the tasks would have taken the Plaintiff to complete or what the value of the Plaintiff's services (such as the fair market value) would have been. Nor does the Plaintiff point to anything in the record containing such information. Thus, to the extent that the Plaintiff seeks $170,000.00, the Plaintiff has not established that the Defendant retained and realized a $170,000.00 benefit from the Plaintiff's furnishing of his services to the Defendant. *See Lash*, 202 N.E.3d at 1103. Therefore, even if unjust enrichment could remove the action from the Indiana Statute of Frauds, the doctrine is inapplicable here because the Plaintiff has not met his evidentiary burden of establishing that he rendered a measurable benefit to the Defendant.

*3.    Conclusion*

"[S]ummary judgment is [the] moment in a lawsuit, when a party must show what evidence [he] has that would convince a trier of fact to accept [his] version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (quoting *Schacht v. Wis*. *Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999)) (cleaned up). In this case, the Plaintiff has not offered evidence of an exception that removes this action from the Indiana Statute of Frauds. Accordingly, the Court concludes that there is no genuine dispute of material fact that an exception to the Indiana Statute of Frauds applies to remove the oral agreement at issue from the statute. *See Griffin v. Sisters of St. Francis*, No. 1:02-CV-329, 2006 WL 2135793, at *10 (S.D. Ind. July 28, 2006) (granting summary judgment in favor of the defendant and against the plaintiff on the breach of contract claim because "[the plaintiff] ha[d] not shown the type of injury required to enforce an oral employment agreement" that would not be performed within one year falling under the Indiana Statute of Frauds). Therefore, the Court grants the Defendant's motion for summary judgment on the Plaintiff's breach of contract claim (Count I) because the

alleged oral employment agreement is unenforceable under the Indiana Statute of Frauds. Thus, the Court need not address the parties' arguments on whether the statute of limitations bars the breach of contract claim or their related arguments on whether fraudulent concealment tolls the statute of limitations.

**C.    Unjust Enrichment (Count III)**

Without an unenforceable contract, such as here, "a plaintiff may sometimes recover under the theory of unjust enrichment," known also by several other names. *Kelly v. Levandoski*, 825 N.E.2d 850, 860 (Ind. Ct. App. 2005) (citing *Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind.1 991)). Unjust enrichment is "defined as the retention of a benefit conferred by another, without offering compensation, in circumstances where compensation is reasonably expected." *Truck City of Gary, Inc. v. Schneider Nat'l Leasing*, 814 N.E.2d 273, 280 n.3 (Ind. Ct. App. 2004) (cleaned up). Again, "[t]o prevail on a claim of unjust enrichment, a plaintiff must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust." *Bayh*, 573 N.E.2d at 408.

In this case, the Defendant argues that the Plaintiff's unjust enrichment claim is barred by the statute of limitations. A court may grant summary judgment on a statute of limitations defense if:

> (1) the statute of limitations has run, thereby barring the plaintiff's claim as a matter of law, and (2) there exist no genuine issues of material fact regarding the time at which plaintiff's claim has accrued and the application of the statute to plaintiff's claim which may be resolved in plaintiff's favor.

*Massey v. United States*, 312 F.3d 272, 276 (7th Cir. 2002) (citing *Green v. United States*, 765 F.2d 105, 107 (7th Cir. 1985) (quoting *Yorger v. Pittsburgh Corning Corp.*, 733 F.2d 1215, 1219 (7th Cir. 1984))); *see Deibel v. Hoeg*, No. 1:18-CV-379, 2020 WL 6681574, at *8 (S.D. Ind.

37

Nov. 12, 2020) (applying *Massey* to a statute of limitations defense under Indiana law).[8] Considering the parties' arguments in this case, the Court finds that there is no genuine dispute of material fact as to when the Plaintiff's claim accrued and the Plaintiff's claim is barred by the statute of limitations.

1. *The Defendant's Arguments that the Statute of Limitations Bars the Unjust Enrichment Claim*

The Defendant identifies the relevant statute of limitations as two years based on Indiana's statute of limitations for actions relating to an employment relationship with an alleged oral employment contract, Indiana Code § 34-11-2-1. *See Knutson v. UGS*, No. 1:05-CV-1319, 2007 WL 2122192, at *5 (S.D. Ind. July 19, 2007) ("As for [plaintiff's] unjust enrichment claims based on the same three transactions, these too are subject to a two-year statute of limitations for actions arising from an oral employment agreement, Ind. Code § 34-11-2-1." (citing *Peake v. Int'l Harvester Co.*, 489 N.E.2d 102, 105–06 (Ind. Ct. App. 1986)).[9] The Defendant then identifies May 5, 2022, as the date the instant action was brought in this Court. The Plaintiff does not dispute the two-year statute of limitations or the filing date of this action.

The parties' dispute the date on which the Plaintiff's cause of action for his unjust enrichment claim began to accrue. The Defendant identifies the accrual date as July 23, 2019—

---

[8] As neither party argues otherwise, the Court applies Indiana law on the statute of limitations. *See Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 110 (1945).

[9] Section 34-11-2-1 of the Indiana Code provides:

> An action relating to the terms, conditions, and privileges of employment except actions based upon a written contract (including, but not limited to, hiring or the failure to hire, suspension, discharge, discipline, promotion, demotion, retirement, wages, or salary) must be brought within two (2) years of the date of the act or omission complained of.

Ind. Code § 34-11-2-1. "This statute provides a two year limitation upon all actions *relating* to the employment relationship except where there is a written employment contract." *Kemper v. Warren Petroleum Corp.*, 451 N.E.2d 1115, 1117 (Ind. Ct. App. 1983). The reason that the statute of limitations for oral employment contracts is two years "is that it is too easy for an employee to make claims against his employer based on alleged oral understandings and too hard for the employer to disprove these claims when they relate to the remote past." *Miller v. Int'l Harvester Co.*, 811 F.2d 1150, 1152 (7th Cir. 1987).

38

the last possible date that the Plaintiff provided services to the Defendant. In support, the Defendant cites *Estate of Hann v. Hann*, for the proposition that in an action for "services rendered . . . the limitations period begins to run at the time the services cease." 614 N.E.2d 973, 976 (Ind. Ct. App. 1993).[10] Based on the accrual date of July 23, 2019, the Defendant identifies July 23, 2021, as the date on which the statute of limitations ran on the Plaintiff's unjust enrichment claim, such that the Plaintiff's May 5, 2022 filing of the complaint was untimely.

Accordingly, the Court concludes that the Defendant has shown that the Plaintiff's unjust enrichment claim is barred by the statute of limitations unless the Plaintiff establishes a genuine dispute of material fact as to the claim's accrual date.

2.    *The Plaintiff's Arguments that the Statute of Limitations Does Not Bar the Unjust Enrichment Claim*

To the extent that the Plaintiff contends that the September 25, 2023 Opinion and Order already determined that the unjust enrichment claim began to accrue when the lump sum payment of the salary was allegedly due on July 19, 2020, the Court made no such a determination. At that time, there was no argument before the Court about the accrual date for the unjust enrichment claim based on the date that the Defendant realized the benefit of the Defendant's services; the arguments before the Court related to the accrual of the breach of contract claim; the Court had not yet ruled that the breach of contract claim was subject to the Indiana Statute of Frauds; and the breach of contract claim had not yet been resolved in the

---

[10] "If state law governs the statute of limitations defense, as it normally will in a diversity case, it makes sense to defer to the state law's determination of when a claim accrues and when a suit is commenced, for those are the dates that determine whether the suit is barred." *Springman v. AIG Mktg., Inc.*, 523 F.3d 685, 688 (7th Cir. 2008); *see Hollander v. Brown*, 457 F.3d 688, 694 (7th Cir. 2006) ("Like the statute of limitations itself, rules that are an 'integral part of the statute of limitations,' such as tolling and equitable estoppel, are treated as substantive for purposes of the *Erie* doctrine." (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751–53 (1980); *Wade v. Danek Med., Inc.*, 182 F.3d 281, 289 (4th Cir. 1999))). As neither party argues otherwise, the Court applies Indiana law to the determination of when the unjust enrichment claim in this case accrues.

Defendant's favor as set forth in Section A above. Thus, the Court finds the Plaintiff's contention unpersuasive.

Even still, the Plaintiff offers no facts to show that the unjust enrichment claim began to accrue at a time other than July 23, 2019. Instead, the Plaintiff asserts that he "reincorporates here his previously stated statute of limitations arguments as to this issue" (referring to his statute of limitations arguments on the breach of contract claim) without addressing the Defendant's unjust enrichment arguments directly or providing evidence establishing an alternative accrual date to the Defendant's July 23, 2019 date. Pl. Summ. J. Resp. 22, ECF No. 282. Acknowledging without discussion the Defendant's citation of *Estate of Hann*, the Plaintiff then cites *Matter of Carroll's Estate*, for this statement of law:

> Quantum meruit has come to be identified with quasi-contract, or a contract implied in law, where there is no contract in the true sense but where, to avoid an unjust enrichment, the courts permit recovery of the value of the services rendered just as if there had been a true contract.

436 N.E.2d 864, 866 (Ind. Ct. App. 1982) (quoting *In re Widau*, 378 N.E.2d 936, 941 (Ind. Ct. App. 1978)). The Plaintiff concludes, "Thus, Plaintiff's unjust-enrichment claim should proceed as timely under the statute of limitations and also under *quantum meruit*." Pl. Summ. J. Resp. 23, ECF No. 282. The Court finds that the Plaintiff has not established a genuine dispute of material fact as to the accrual date for the unjust enrichment claim because he fails to make a substantive argument on the issue or identify any relevant facts.

Even if the Plaintiff had meant to establish July 19, 2020, as the date his unjust enrichment claim began to accrue because that was the date he believes that the breach of contract claim began to accrue, he fails to do so. "It is well established that in order to withstand summary judgment, the non-movant must allege *specific* facts creating a genuine issue for trial and may not rely on vague, conclusory allegations." *Gabrielle M. v. Park Forest-Chi. Heights,*

40

*Ill. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) (citations omitted); *see Bordelon v. Bd. of Educ. of the City of Chi.*, 811 F.3d 984, 989 (7th Cir. 2016) ("[C]onclusory statements, not grounded in specific facts, are not sufficient to avoid summary judgment." (citations omitted)).

Here, the Plaintiff mainly attempts to establish the July 19, 2020 date based on the date that he believes that the lump sum salary payment was due with his deposition testimony that the due date was "July 19, 2020." As argued by the Defendant, the Plaintiff's July 19, 2020 payment date statement is conclusory. The Plaintiff's testimony contains only the "bald assertion of the general truth" of the payment due date and fails to include "specific concrete facts establishing the existence of the truth of the matter asserted," *Hadley v. Du Page Cnty.*, 715 F.2d 1238, 1243 (7th Cir. 1983), such as "concrete facts showing the parties agreed [that] payment would be due" at that time, Def. Summ. J. Br. 20, ECF No. 237-1. Thus, the Court concludes that the Plaintiff's testimony fails to meet the Plaintiff's burden on summary judgment.

To the extent that, in a footnote, the Plaintiff also references his answers to the Defendant's interrogatories containing information about the July 19, 2020 payment due date (Interrogatory Nos. 1 & 8), *see* Def. Ex. 38, ECF No. 237-43, the answers do not comply with 28 U.S.C. § 1746. This is because although the Plaintiff "attest[ed] that the foregoing statements are true and correct to the best of my knowledge, information and belief," *see* Def. Ex. 38, he did not subscribe the statements as true under penalty of perjury, *see* 28 U.S.C. § 1746. Thus, the Court concludes that the Plaintiff's answers to the interrogatories on the payment due date cannot be considered by the Court. *See DeBruyne v. Equitable Life Assur. Soc'y of U.S.*, 920 F.2d 457, 471 (7th Cir. 1990) (explaining that an unsworn statement is "not within the range of evidence that the district court could consider" on summary judgment); *Barker v. Quick Test, Inc.*, No. 13 C 4369, 2016 WL 1019708, at *3 (N.D. Ill. Mar. 15, 2016) ("Because Plaintiffs' interrogatory

answers do not comply with § 1746, Plaintiffs may not rely on them in opposing summary judgment." (citing *DeBruyne*, 920 F.2d at 471)).

Against these conclusions, the Plaintiff argues that "[t]he Court must review all of the evidence in the record," citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* for the proposition that "[o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." 475 U.S. 574, 587–88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). However, there is no such inference available when the fact put forth by the non-moving party is a conclusory statement or an unsworn statement, as is the case here with the Plaintiff's testimony and answers to interrogatories about the July 19, 2020 payment due date. *See Bordelon*, 811 F.3d at 989; *DeBruyne*, 920 F.2d at 471.

The Plaintiff additionally highlights his testimony that the Defendant said at formation that the Plaintiff "did not have to worry about the statute of limitations." The Plaintiff argues that the Court must review this testimony because it must review all the evidence of record. The Court has reviewed the testimony. However, the Plaintiff does not cite any pertinent legal authority standing for the proposition that such a statement suffices to make a statute of limitations defense unavailable to a party let alone raise that argument or any other argument about the testimony. Thus, the Court finds any such argument on the Plaintiff's "statute of limitations" testimony waived. *See id*.

Therefore, the Court finds that the Plaintiff has not met his burden to establish a genuine dispute of material fact as to when the unjust enrichment claim began to accrue.

*3.     Conclusion*

Accordingly, the Court concludes that there is no genuine dispute of material fact that the statute of limitations bars the Plaintiff's unjust enrichment claim (Count III). *See Massey*, 312 F.3d at 276. Thus, the Court grants summary judgment in favor of the Defendant and against the Plaintiff on the Plaintiff's unjust enrichment claim (Count III).

## CONCLUSION

For the forgoing reasons, the Court hereby GRANTS the Defendant's Motion for Summary Judgment Against the Plaintiff [ECF No. 237], granting the motion as to the Plaintiff's remaining claims of breach of contract (Count I) and unjust enrichment (Count III). The Court DENIES as moot the Defendant's Request for Oral Argument on Motion for Summary Judgment Against Plaintiff [ECF No. 238]. The Court DIRECTS the Clerk of Court to enter judgment in favor of the Defendant Richard A. Posner and against the Plaintiff Brian Vukadinovich on the remaining Counts I and III of the Amended Complaint.[11] The Plaintiff takes nothing by his Amended Complaint.

The Court OVERRULES the Plaintiff's Sealed Objection to Magistrate Judge's Order Denying Plaintiff's Motion for Leave to File Substitute for Previously Tendered Amended Complaint [ECF No. 272]. The Court DIRECTS the Clerk of Court to place on the docket the redacted Objection, which is currently found at ECF No. 277-2, and to describe it as Redacted Objection to Magistrate Judge's Order Denying Plaintiffs Motion for Leave to File Substitute for Previously Tendered Amended Complaint.

The Court also OVERRULES the Plaintiff's Sealed Objection to Magistrate Judge's Order Denying Plaintiff's Motion to Reopen Phase One Discovery [ECF No. 274]. The Court

---

[11] Count II of the Amended Complaint was previously dismissed. *See* Sept. 25, 2023 Op. & Ord, ECF No. 74.

DIRECTS the Clerk of Court to place on the docket the redacted Objection, which is currently found at ECF No. 278-2, and to describe it as Redacted Objection to Magistrate Judge's Order Denying Plaintiff's Motion to Reopen Phase One Discovery.

      SO ORDERED on May 19, 2025.

                                               s/ Theresa L. Springmann
                                             JUDGE THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT

AO 450 (Rev. 01/09)  Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Indiana

BRIAN VUKADINOVICH

       Plaintiff

    v.

                            Civil Action No.  2:22-cv-118

RICHARD A. POSNER

       Defendant

## JUDGMENT IN A CIVIL ACTION

The court has ordered that (*check one*):

\_\_\_ the plaintiff_____
recover from the defendant _____ the amount of_____
dollars $_____, which includes prejudgment interest at the rate of _____% plus post-
Judgment interest at the rate of _____ % along with costs.

\_\_\_ the plaintiff recover nothing, the action is dismissed on the merits, and the defendant_____
recover costs from the plaintiff _____.

_X_  Other:  Judgment ENTERED in favor of the defendant Richard A. Posner and against plaintiff
Brian Vukadinovich on Count I breach of contract and Count III unjust enrichment of the Amended
Complaint.

This action was (*check one*):

\_\_\_ tried to a jury with Judge _____ presiding, and the jury has
rendered a verdict.

\_\_\_ tried by Judge _____ without a jury and the above decision was
reached.

_X_  decided by Judge Theresa L Springmann on Motion for Summary Judgment.

DATE: 5/19/2025               CHANDA J. BERTA, CLERK OF COURT

                                 by   s/A. Highlen_____
                                 *Signature of Clerk or Deputy Clerk*