**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

BRIAN VUKADINOVICH,

     Plaintiff,

     v.                           CAUSE NO.: 2:22-CV-118-TLS-JEM

RICHARD A. POSNER,

     Defendant.

**OPINION AND ORDER**

This matter is before the Court on pro se Plaintiff Brian Vukadinovich's Objection to

Findings, Report, and Recommendation of United States Magistrate Judge [ECF No. 318], and

the Defendant's Motion to Apportion Special Master Costs and Include Plaintiff's Portion in

Defendant's Bill of Costs [ECF No. 301]. For the reasons set forth below, the Court overrules the

Objection as to the costs for transcripts, subpoenas, and copies and sustains the Objection as to

the Special Master's costs and adopts the Findings, Report and Recommendation of United

States Magistrate Judge Pursuant to 28 U.S.C. § 636(b)(1)(B) & (C) [ECF No. 317] with

modifications. As a result, the Court denies the Defendant's Motion to Apportion Special Master

Costs and Include Plaintiff's Portion in Defendant's Bill of Costs [ECF No. 301] and allocates

costs to the Plaintiff for transcripts ($2,380.10), subpoenas ($389.00), and copies ($444.00)

totaling $3,213.10.

**PROCEDURAL BACKGROUND**

On May 5, 2022, the Plaintiff, acting pro se, filed his Verified Complaint for Breach of

Contract [ECF No. 1]. On July 11, 2022, the Defendant filed a Motion to Dismiss for Failure to

State a Claim [ECF No. 21]. On August 1, 2022, the Plaintiff filed the operative Amended

Complaint [ECF No. 30], alleging claims of breach of contract (Count I), fraud (Count II), and unjust enrichment (Count III). On August 8, 2022, the Court entered an Order [ECF No. 32] denying the Defendant's motion to dismiss as moot based on the Plaintiff's filing of the Amended Complaint.

On August 22, 2022, the Defendant filed a Motion to Dismiss the Amended Complaint for Failure to State a Claim [ECF No. 33] under Federal Rule of Civil Procedure 12(b)(6), arguing that all three claims should be dismissed. The Plaintiff filed a response [ECF No. 36] on September 12, 2022, requesting leave to amend the operative complaint among other things, and the Defendant filed a reply [ECF No. 39] on September 26, 2022.

On May 10, 2023, the undersigned entered an Order [ECF No. 50] referring the Defendant's motion to dismiss to Magistrate Judge Joshua Kolar for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b).

On June 21, 2023, Judge Kolar issued his Findings, Report and Recommendation of United States Magistrate Judge Pursuant to 28 U.S.C. § 636(b)(1)(B) & (C) [ECF No. 62], recommending that the Court grant in part and deny in part the Defendant's Motion to Dismiss and dismiss the Plaintiff's Count II fraud claim. Additionally, Judge Kolar noted that the Court "has broad discretion to structure discovery, including ordering that discovery proceed under a phased approach." June 21, 2023 R. & R. 36, ECF No. 62. He recommended that the parties be "prepared to discuss at the first scheduling conference in this matter whether such an approach would be appropriate in this case, with phase one limited to the potentially dispositive issue of when Plaintiff's claims for breach of contract and unjust enrichment accrued." *Id*.

On July 5, 2023, the Defendant filed his Partial Objection to Magistrate Judge Kolar's Report and Recommendation [ECF No. 65]. The Plaintiff filed a response [ECF No. 68] on July 19, 2023. On July 12, 2023, the Plaintiff filed his Partial Objection to Magistrate Judge Kolar's Report and Recommendation [ECF No. 67]. The Defendant filed a response [ECF No. 69] on July 24, 2023.

On September 25, 2023, the Court entered an Opinion and Order [ECF No. 74], overruling the Defendant's Objections [ECF No. 65], overruling the Plaintiff's Objections [ECF No. 67], and accepting the Report and Recommendation [ECF No. 62] with a modification.

On October 2, 2023, Judge Kolar set a Rule 16 telephonic preliminary pretrial conference for November 2, 2023, and set a deadline for the parties to file their Rule 26(f) report of parties planning meeting. ECF No. 75. On October 25, 2023, the parties filed a Rule 26(f) report. ECF No. 82.

On November 2, 2023, Judge Kolar held a status conference with the parties, directing them to file contemporaneous briefs on the issues of bifurcation by November 16, 2023, and indicating the Rule 16 conference would be reset by separate order. On November 3, 2023, Judge Kolar reset the Rule 16 conference for December 14, 2023. ECF No 85. On November 15, 2024, the Plaintiff filed his brief on bifurcation [ECF No. 87], and on November 16, 2023, the Defendant filed his brief on bifurcation [ECF No. 86].

On December 11, 2023, the parties filed a new Report of Parties' Planning Meeting [ECF No. 89], with the Defendant proposing the completion of discovery in two phases.

On December 14, 2023, Judge Kolar held the Rule 16 preliminary pretrial conference. *See* ECF No. 90. He adopted the Report of the Parties' Planning Meeting [ECF No. 89] as set forth in the Court's Order, with some additional provisions. *See id*. For example, Judge Kolar

ordered "[i]nterim discovery limited to the Defendant's statute of limitations and statute of fraud affirmative defenses to begin immediately, with the Court to issue a written opinion and order on the bifurcation issue following the parties' supplemental filings." *Id.*

At the conference, the Court also discussed the issue of electronic discovery with the parties. ECF No. 104, pp. 15–18. The Plaintiff stated that he was "not very well versed at all with digging into a computer" or with "metadata stuff." *Id.* at 16. He also said, "I cannot, when they send a request to me, just do it. I'm going to have to have somebody, some business, that does this type of thing do that type of thing." *Id.* at 17.

Defendant's counsel, Mr. Ellis, estimated that "it would cost perhaps a couple of thousand dollars to have someone go out to [the Plaintiff's] house, to get the [forensic] image [of the Plaintiff's computer], to set up a platform where either a neutral person will review it or [the Plaintiff] will have an opportunity to review it." *Id.* at 18. Mr. Ellis also said that "[the Defendant] can front that cost in the first instance. We may seek recoupment of that as a taxable cost if we win, but for now we could front that." *Id.* He added, "There will be the separate issue of dealing with metadata in his e-mail account, and there are other ways to do that, third-party subpoena practice perhaps." *Id.*

Judge Kolar said, "To be clear, defense is going to be entitled to have a third party examine any devices remotely or in person as worked out." *Id.* at 20. And he held, "As to the manner and form of ESI production by Plaintiff, the parties appeared to reach an agreement during the hearing regarding the use of a third-party vendor, the costs of which would be borne by Defendant (reserving the right to seek reimbursement as an element of costs should he prevail in the case)." ECF No. 90. Judge Kolar additionally approved and adopted that agreement. *Id.*

On February 2, 2024, Magistrate Judge John E. Martin was added to the case, and Magistrate Judge Joshua P. Kolar was no longer assigned to case.

On January 30, 2024, the parties filed a Joint Statement Regarding Ediscovery [ECF No. 121], stating among other things that "[t]he parties agree that ESI from Plaintiff shall be collected by a third-party vendor and that Defendant shall bear the cost of that collection . . . [and] the Court should appoint an appropriate employee of the third-party vendor as a special master under Fed. R. Civ. P. 53." ECF No. 121, p. 1 (cleaned up).

On March 14, 2024, Judge Martin held a status conference with the parties, ordering that discovery be bifurcated. ECF No. 150. He also entered an Order [ECF No. 151], ordering that discovery on the first phase of discovery addressing statute of limitations and statute of frauds be completed by May 13, 2024; setting a deadline of June 14, 2024, for the Defendant to file any motion with respect to whether the breach of contract and/or unjust enrichment claims are barred by the applicable statute of limitations; setting a deadline of March 21, 2024 for the Defendant to provide a list of three third-party electronic discovery vendors and a deadline of March 28, 2024 for the Plaintiff to choose which shall be the special master by; and reminding the Plaintiff that documents and evidence may be presented along with motions.

On April 1, 2024, the Defendant filed a Notice Regarding Special Master Selection [ECF No. 157], stating that the Defendant provided the Plaintiff with a list of three third-party electronic discovery vendors on March 18, 2024, and on March 29, 2024, the Plaintiff notified the Defendant that the Plaintiff selected Cimplifi as the special master. The Defendant also filed a Supplemental Joint Statement Regarding Ediscovery [ECF No. 156].

On April 2, 2024, the Defendant filed a Corrected Supplemental Joint Statement on Ediscovery [ECF No. 158-1] with a Joint Motion to Correct Supplemental Joint Statement on

Ediscovery [ECF No. 158], which Judge Martin granted in an April 24, 2024 Order [ECF No. 166].

On April 25, 2024, Judge Martin entered a Special Master Order [ECF No. 168] appointing Cimplifi as special master "under Federal Rule of Civil Procedure 53 to collect electronically stored information ("ESI") in Plaintiff's possession, make the ESI available to Plaintiff for Plaintiff's review, and produce ESI to Defendant that Plaintiff permits or the Court orders the special master to produce." Apr. 25, 2024 Ord. 1, ECF No. 168.

On October 4, 2024, the Defendant filed a Motion for Summary Judgment Against Plaintiff [ECF No. 237]. The Plaintiff filed a response [ECF No. 282] on December 2, 2024, and the Defendant filed a reply [ECF No. 287] on January 15, 2025.

On May 19, 2025, the Court entered an Opinion and Order [ECF No. 291] granting the Defendant's Motion for Summary Judgment as to the Plaintiff's remaining claims of breach of contract (Count I) and unjust enrichment (Count III). Also on that date, the Clerk of Court entered judgment [ECF No. 294] in favor of the Defendant and against the Plaintiff on the Amended Complaint's remaining claims for breach of contract and unjust enrichment.

On May 28, 2025, the Defendant filed an Unopposed Motion to Extend the Time to Move for Costs [ECF No. 298].

On June 2, 2025, the Defendant filed a Bill of Costs [ECF No. 299].

On June 3, 2025, the Defendant filed a Motion to Apportion Special Master Costs and Include Plaintiff's Portion in Defendant's Bill of Costs [ECF No. 301]. He also filed a revised Bill of Costs [ECF No. 302], which included the Special Master's costs.

On June 16, 2025, the Plaintiff filed an Objection to the Defendant's Bill of Costs [ECF No. 303]. The Defendant filed a response [ECF No. 310] on June 23, 2025.

On August 8, 2025, Judge Martin entered an Order [ECF No. 315] granting the Defendant's Unopposed Motion to Extend Time to Move for Costs and accepting as timely the Bill of Costs [ECF No. 299] and Motion to Apportion Special Master Costs and Include Plaintiff's Portion in Defendant's Bill of Costs [ECF No. 301].

On August 11, 2025, the Court entered an Order [ECF No. 316] referring the Defendant's Motion to Apportion Special Master Costs and Include Plaintiff's Portion in Defendant's Bill of Costs and any dispositive matters that may arise in that Motion to Judge Martin pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b).

On August 19, 2025, Judge Martin issued his Findings, Report and Recommendation of United States Magistrate Judge Pursuant to 28 U.S.C. § 636(b)(1)(B) & (C) [ECF No. 317], recommending that the Court grant in part the Defendant's Motion to Apportion Special Master Costs and Include Plaintiff's Portion in Defendant's Bill of Costs and allocate to Plaintiff 60% of the costs incurred by the Special Master in the amount of $16,467.04, as well as the rest of the costs in Defendant's Bill of Costs [ECF No. 302], for a total of $19,680.14.

On September 3, 2025, the Plaintiff filed his Objection to Findings, Report, and Recommendation of United States Magistrate Judge [ECF No. 318]. The Defendant filed a response [ECF No. 319] on September 11, 2025, and the Plaintiff filed a reply [ECF No. 320] on September 24, 2025.

These matters are now ripe for ruling.

## STANDARD OF REVIEW

The Court's review of Judge Martin's Report and Recommendation is governed by 28 U.S.C. § 636(b)(1)(C), which provides as follows:

Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). Portions of a recommendation to which no party objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Judge Martin gave the parties notice that they had fourteen days to file objections to his Report and Recommendation, and the Plaintiff filed a timely objection.

## ANALYSIS

### A.    Legal Standard

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920 (listing recoverable costs). "Rule 54(d)(1) provides a presumption that costs are awarded to the prevailing party, and the burden is on the non-prevailing party to overcome this presumption." *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006). "The presumption applies only to those costs that are enumerated in 28 U.S.C. § 1920, however." *Lane v. Person*, 40 F.4th 813, 815 (7th Cir. 2022). Here, the Court granted the Defendant's Motion for Summary Judgment, directing the Clerk of Court to enter judgment in favor of the Defendant and against the Plaintiff. *See* ECF Nos. 291, 294. Because the Defendant is the prevailing party, there is a presumption that his

costs that are enumerated in 28 U.S.C. § 1920 are awarded unless the Plaintiff meets his burden

to overcome the presumption.

> Allowable costs enumerated in 28 U.S.C. § 1920 include:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; *see Crawford Fitting Co. v. J. T. Gibbons, Inc*., 482 U.S. 437, 441–42 (1987)

("Section 1920 enumerates expenses that a federal court may tax as a cost under the

discretionary authority found in Rule 54(d)."). "[I]n addition to being authorized by statute, a

cost must be both reasonable and necessary to the litigation for a prevailing party to recover it."

*Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (citing *Cengr v.*

*Fusibond Piping Sys., Inc.*, 135 F.3d 445, 454 (7th Cir. 1998); *McIlveen v. Stone Container*

*Corp.*, 910 F.2d 1581, 1582–83 (7th Cir. 1990)). And the Seventh Circuit has "recognized only

two situations in which the denial of costs might be warranted: the first involves misconduct of

the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or

reduce a costs order if the losing party is indigent." *Mother & Father v. Cassid*y, 338 F.3d 704,

708 (7th Cir. 2003) (citations omitted).

**B.      No Objection**

The Plaintiff did not object to the finding in Judge Martin's Report and Recommendation

as to the Defendant's cost for the Plaintiff's deposition transcript. The Court has reviewed this

finding and analysis in the Report and Recommendation and does not find any clear error.

Accordingly, the Court agrees with Judge Martin and adopts as its own Judge Martin's finding and analysis as to the Plaintiff's deposition transcript cost.

**C.        The Plaintiff's Objections**

The Plaintiff objects to the Report and Recommendation on five grounds. The Plaintiff argues that the Report and Recommendation improperly determined costs: (1) not related to the Special Master; (2) for expedited and 3-day transcripts; (3) for subpoenas; (4) for copies; and (5) for the Special Master. The Court addresses each objection in turn.

*1.        Costs Not Related to the Special Master*

The Plaintiff objects generally to the costs requested by the Defendant that were not related to the Special Master. According to the Plaintiff, this is because Judge Martin's August 8, 2025 Order on the Defendant's Unopposed Motion to Extend Time to Move for Costs was "strictly limited to 'apportion special master costs as part of the bill of costs filed on June 3, 2024.'" Pl. Obj. 6, ECF No. 318. The Court finds that the Plaintiff has mischaracterized the August 8, 2025 Order, which contained no such limitation. *See* Aug. 8, 2025 Ord., ECF No. 315. Thus, the Court overrules the Plaintiff's general objection to costs not related to the Special Master.

*2.        Transcripts*

The Plaintiff objects to the costs for the expedited and 3-day transcripts because, according to the Plaintiff, the Defendant did not show the necessity of those transcripts because he did not include any details about how he used the transcripts.

The Defendant listed $2,380.10 in transcript cost including $192.60 for an expedited transcript and $216.00 for a 3-day transcript. *See* ECF Nos. 299-1, p. 2, 299-2, pp. 7–8. The

remainder of the transcript cost—$1,971.50—was for the Plaintiff's deposition transcript, *see* ECF Nos. 299-1, p. 2, 299-2, pp. 9–12, which the Court addressed in Part B above.

In the affidavit attached to the Bill of Costs, the Defendant's counsel explained that the expedited transcript was for the "[t]ranscript of December 14, 2023, Rule 16 hearing (Dkt. 104) used as evidence in motions practice (*e.g.*, Dkt. 108)." ECF No. 299-1, p. 2. He also explained that the 3-day transcript was for the "[t]ranscript of March 14, 2024, status conference (Dkt. 160) used as evidence in motions practice (*e.g.*, Dkt. 180)." *Id.*

In the Defendant's response to the Plaintiff's original objection, he additionally explained:

> For the first transcript, Plaintiff argues only that it was unnecessary to get an "expedited" transcript. Dkt. 303 at 16. He is mistaken. Counsel needed the transcript for a filing due January 10 but the Courtroom Deputy for then-Magistrate Judge Kolar was unable to connect counsel with the court reporter until December 28. *See* Dkt. 108 (Jan. 10 filing citing transcript). An expedited 7-day transcript was thus the cheapest option for counsel to receive the transcript in time.
> For the second transcript, Plaintiff does not explain what exactly he objects to. Dkt. 303 at 16–17. Such a "conclusory" objection is insufficient. *Lin*, 2024 WL 2764462, at *2. Regardless, Defendant needed that transcript to respond to Plaintiff's untimely objections to oral rulings Judge Martin made during the March status conference. *See* Dkt. 161 (citing transcript). A slower option would have prevented Defendant from meaningfully and accurately responding to Plaintiff's objections, which were denied. *See* Dkt. 177.

ECF No. 310, p. 5.

Thus, the Court finds that the Defendant has established that the expedited and 3-day transcripts were necessary, and there is no indication that the cost was unreasonable. The Plaintiff has not provided any evidence to the contrary. Accordingly, the Court overrules the Plaintiff's objection as to the Defendant's cost for the expedited and 3-day transcripts.

3.    *Subpoenas*

The Plaintiff argues that the cost for the subpoenas was unnecessary because the subpoenas were related to the Defendant's concern that the Plaintiff had deleted emails from his account, and the Defendant did not find evidence establishing such.

The Defendant listed $389.00 in subpoena cost. In support, the Defendant provided invoices for $250.00 for subpoena of Microsoft Corporation and $139.00 for subpoena of Jonathan Zell. ECF No. 299-2, pp. 5–6; *see* ECF No. 299-1, p. 2. He also stated:

> Both subpoenas were necessary because Plaintiff deleted roughly 1,400 potentially relevant emails from his Hotmail and Gmail accounts. *See* Dkt. 183 at 4 (recounting events). And the materials Defendant subpoenaed proved relevant: Defendant relied on the non-content information obtained from Microsoft and emails between Plaintiff and Mr. Zell in his summary-judgment motion. *See* Dkt. 237-1 at 5–6 & n.6; Dkt. 237-2 ¶ 34. Plaintiff does not challenge the $389 total as unreasonable. *See* Dkt. 303 at 15–16; *cf.* 28 C.F.R. §0.114(a)(3) (U.S. Marshals charge "$65 per person per hour for each item served, plus travel costs and any other out-of-pocket expenses").

ECF No. 310, p. 4.

Thus, the Court finds that the Defendant has also established that the cost for the subpoenas was necessary, and there is no indication that the cost was unreasonable. The Plaintiff has not provided any evidence to the contrary. Accordingly, the Court overrules the Plaintiff's objection as to the Defendant's cost for the subpoenas.

4.    *Copies*

The Plaintiff objects to the cost for copies of $444.00. The Plaintiff argues that there is no question that the copies of court records from the Plaintiff's prior litigation had no relevance to the Defendant's Motion for Summary Judgment. He also argues that the necessity of those copies defies logic because there was never an evidentiary hearing scheduled or a trial.

The Defendant provided the invoice for the $444.00 spent on copies, ECF No. 299-2, p. 13, and his counsel explained that the "[f]ee for obtaining copies of court records from Plaintiff's prior litigation not available electronically for use as evidence in Defendant's motion for sanctions (Dkt. 128)," ECF No. 299-1, p. 2. In response to the Plaintiff's original objection, the Defendant further explained:

> Defendant incurred $444 to obtain court records from Plaintiff's prior litigation, which were not available electronically. Dkt. 301-5 at 10 (invoice). Plaintiff does not dispute that expense is taxable. Dkt. 303 at 19–20; *see Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000) ("exemplification" means copies of "a public record"). He argues that the records were not "necessary" for summary judgment or "the issues of summary judgment." Dkt. 303 at 19–20. However, costs need only relate to materials "obtained for use in the case." 28 U.S.C. §1920(4); *see* 10 Wright & Miller, Federal Practice and Procedure §2677 (4th ed. rev. 2025) ("for use in the case" means "'necessary' to counsel's effective performance"). The records from Plaintiff's prior litigation were necessary for use as exhibits to Defendant's sanctions motion. Dkt. 129 at 4–5. They were also necessary for any potential evidentiary hearing or trial as impeachment material. *See Finchum*, 57 F.3d at 534 ("necessity" judged at the time cost incurred).

ECF No. 310, p. 6.

Thus, the Court finds that the Defendant has established that the cost for the copies was necessary, and there is no indication that the cost was unreasonable. The Plaintiff's arguments are not well taken because the Defendant has shown that the copies were used in support of the Defendant's Sanctions Motion, *see* Def. Ex. L, ECF No. 129, and the Plaintiff has not established anything to the contrary. Accordingly, the Court overrules the Plaintiff's objection as to the Defendant's cost for the copies.

*5.* *Special Master*

The Plaintiff objects to the Defendant's request for 75% of $27,455.07 ($20,591.30), the cost incurred by the Special Master Cimplifi because the Defendant did not establish the necessity of the cost.

In support of the request for the Special Master's cost, the Defendant provided invoices including the following charges:

- Hosting & Technical Bill for 5/1/2024–5/31/2024 Totaling $12,476.48: (1) Expenses: $117.51; (2) Technical Engineer: $1,687.50; (3) Project Manager: $5,125.00; (4) Forensics: $8,850.00; (5) Concession: -$4,158.83; (6) User Licenses: $85.00; and (7) Active Data Hosting: $770.30;
- Hosting & Technical Bill for 6/1/2024–6/30/2024 Totaling $5,427.94: (1) Technical Engineer: $312.50; (2) Project Manager: $3,187.50; (3) Forensics: $2,876.25; (4) Concession: -$1,809.31; (5) User Licenses: $85.00; and (6) Active Data Hosting: $776.00;
- Hosting & Technical Bill for 7/1/2024–7/31/2024 Totaling $5,273.30: (1) Technical Engineer: $562.50; (2) Project Manager: $875.00; (3) Forensics: $2,950.00; (4) User Licenses: $85.00; and (5) Active Data Hosting: $800.80;
- Hosting & Technical Bill for 8/1/2024–8/31/2024 Totaling $2,379.95: (1) Technical Engineer: $500.00; (2) Project Manager: $625.00; (3) Forensics: $368.75; (4) User Licenses: $85.00; and (5) Active Data Hosting: $801.20;
- Hosting & Technical Bill for 9/1/2024–9/30/2024 Totaling $886.20: (1) User Licenses: $85.00; and (2) Active Data Hosting: $801.20; and
- Hosting & Technical Bill for 10/1/2024–10/31/2024 Totaling $1,011.20: (1) Project Manager: $125.00; (2) User Licenses: $85.00; and (3) Active Data Hosting: $801.20.

*See* ECF 301-5, pp. 11–16.

The Defendant's counsel stated in his affidavit that, as to all the requested expenses, "[t]he expenses are correct and were necessarily incurred in the above-captioned action, and the services described for which fees were charged were actually and necessarily performed." ECF No. 301-1, p. 1. In the motion, the Defendant stated, "Plaintiff offered no reasonable alternative that would allow for electronic discovery." ECF No. 301, p. 4. And in response to the Plaintiff's original objection, the Defendant stated:

> As Plaintiff himself put it, the "ESI process with the special master" lasted several months, "required numerous meetings with the special master to cure problems," and involved collection of "thousands and thousands of emails." Dkt. 231 at 5–6. Indeed, according to Plaintiff, the special master spent "countless hours" helping Plaintiff navigate electronic discovery. Dkt. 187 at 14. Given the work involved, the amounts the special master charged are reasonable – particularly when counsel for Defendant negotiated a substantial discount for the special master's fees. *See* Dkt. 301-5 at 11–16 (invoices). Nor is there any dispute that special master costs

are taxable under § 1920. *See* 28 U.S.C. § 1920(6) (costs for "court appointed experts" taxable); *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02-cv-5893, 2014 WL 1097471, at *4 (N.D. Ill. Mar. 20, 2014) (§1920(6) "expressly" allows for special master costs).

ECF No. 310, pp. 6–7.

However, the Court finds that these explanations for why the Special Master was generally necessary do not establish the necessity of the specific charges for the costs attributed to the Special Master including the expenses, technical engineer, project manager, forensics, user licenses, and active housing data, which, contrary to the Defendant's assertion, is the Defendant's burden. *See Little*, 514 F.3d at 702. Moreover, the Defendant's request for 75% of $27,455.07 ($20,591.30) in Special Master's costs is not well taken as Defendant's counsel originally estimated that the cost for the electronic discovery would be $2,000.00 at the December 14, 2023 Rule 16 preliminary pretrial conference with Judge Kolar, and there is no indication that Defendant's counsel provided another update as to the estimate for the Special Master's cost to the Court or the Plaintiff until the revised Bill of Costs was submitted on June 3, 2025.

Accordingly, the Court modifies the Report and Recommendation by denying the Defendant's Motion to Apportion Special Master Costs and Include Plaintiff's Portion in Defendant's Bill of Costs and eliminating from the costs that Judge Martin recommended awarding to the Defendant the allocation to the Plaintiff 60% of the costs incurred by the Special Master in the amount of $16,467.04. Thus, the Court need not address the Plaintiff's objection based on the purported deficiencies in the Order appointing the Special Master or the Defendant's argument that the Plaintiff has not shown that the charges were caused by the Defendant's misconduct.

6.    *Conclusion*

As a result, the Court overrules the Plaintiff's objections to the Defendant's costs not related to the Special Master, for expedited and 3-day transcripts, for subpoenas, and for copies. The Court sustains the Plaintiff's objection to the Defendant's cost for the Special Master. Accordingly, the Court agrees with Judge Martin and adopts as its own Judge Martin's findings and analyses as to the costs for transcripts, subpoenas, and copies; and the Court modifies Judge Martin's finding and analysis as to the cost for the Special Master by eliminating from the costs the allocation to the Plaintiff of 60% of the cost incurred by the Special Master in the amount of $16,467.04. Thus, the Court denies the Defendant's Motion to Apportion Special Master Costs and Include Plaintiff's Portion in Defendant's Bill of Costs and allocates costs to the Plaintiff for transcripts ($2,380.10), subpoenas ($389.00), and copies ($444.00) totaling $3,213.10. *See* ECF Nos. 299, 302.

## CONCLUSION

Therefore, the Court hereby SUSTAINS in part and OVERRULES in part the Plaintiff's Objections [ECF No. 318], and ACCEPTS the Report and Recommendation [ECF No. 317] with modifications. As a result, the Court hereby DENIES the Defendant's Motion to Apportion Special Master Costs and Include Plaintiff's Portion in Defendant's Bill of Costs [ECF No. 301] and allocates to the Plaintiff the costs [ECF Nos. 299, 302] for transcripts, subpoenas, and copies for a total of $3,213.10.

SO ORDERED on January 5, 2026.

  s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT