**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| BRIAN VUKADINOVICH,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD A. POSNER,<br><br>Defendant. | CAUSE NO.: 2:22-CV-118-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on pro se Plaintiff Brian Vukadinovich's Motion for Review and Reconsideration of Parts of the Court's January 5, 2026 Order [ECF No. 337], filed on August 10, 2026, which is fully brief and ripe for ruling. ECF Nos. 338–40. The Court's January 5, 2026 Order, *see* ECF No. 321, addressed the Plaintiff's Objection to the Findings, Report, and Recommendation of United States Magistrate Judge [ECF No. 318], and the Defendant's Motion to Apportion Special Master Costs and Include Plaintiff's Portion in Defendant's Bill of Costs [ECF No. 301]. In that Order, as is relevant to the instant motion, the Court stated that "[t]he Plaintiff did not object to the finding in Judge Martin's Report and Recommendation as to the Defendant's cost for the Plaintiff's deposition transcript. The Court has reviewed this finding and analysis in the Report and Recommendation and does not find any clear error." ECF No. 321, p. 9. The Court also addressed the Plaintiff's objections to the Report and Recommendation on the grounds that "the Report and Recommendation improperly determined costs: (1) not related to the Special Master; (2) for expedited and 3-day transcripts; (3) for subpoenas; (4) for copies; and (5) for the Special Master." *Id.*, pp. 10–16. However, with regard to the determinations by the Court on those issues as identified by the Plaintiff in the

instant motion, as highlighted by the Defendant, the Plaintiff does not identify any manifest errors of law or fact or present newly discovered evidence. The Seventh Circuit Court of Appeals has cautioned that "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res. Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (citation omitted); *see also Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted).

Based on the above, the Court DENIES the Plaintiff's Motion for Review and Reconsideration of Parts of the Court's January 5, 2026 Order [ECF No. 337].

SO ORDERED on November 9, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT